# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>　　　　Defendants,<br><br>　and<br><br>THE AMVONA FUND, LP,<br><br>　　　　Relief Defendant | Civil Action No. 1:18-cv-11926-PBS<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' MOTION TO DISMISS

Defendants Rev. Fr. Emmanuel Lemelson (identified in the Complaint as "Gregory Lemelson") ("Lemelson") and Lemelson Capital Management, LLC ("LCM"), along with Relief Defendant The Amvona Fund, LP ("Amvona"), move to dismiss the Complaint of the Securities and Exchange Commission ("SEC") pursuant to Fed. R. Civ. P. 12(b)(6).

The SEC alleges Lemelson and LCM violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, through allegedly false and misleading statements concerning Ligand Pharmaceuticals, Inc. ("Ligand"), a public company in which LCM, through Amvona, had taken, and very publicly disclosed, a "short" position.  The SEC's 10(b) claim fails as a matter of law because: (1) at least four of the allegedly false statements were demonstrably true; (2) several others constitute constitutionally protected opinions that the SEC fails (fatally) to allege Lemelson did not actually hold; and (3) to

the extent that the lone remaining challenged statement can be deemed false or misleading at the motion to dismiss stage, it—like *all* the statements at issue—was immaterial as a matter of law.

The SEC also alleges Lemelson and LCM violated Section 206(4) of the Investment Advisers Act, 15 U.S.C. § 80b-6, and Rule 206(4)-8 thereunder, 17 C.F.R. 275.206(4)-8, by sharing the allegedly false and misleading statements about Ligand with Amvona's investors and by failing to disclose that the profitability of the fund depended on the alleged manipulation of Ligand's stock. The SEC fails to state a viable claim under 206(4) because: (1) Section 206(4) targets misleading statements that fund managers make about *the fund or the manager himself*, and not a fund manager's statements concerning a publicly traded stock; and (2) Lemelson and LCM did not manipulate Ligand's stock.

WHEREFORE, because the SEC cannot establish either its Section 10(b) or 206(4) claims as a matter of law, Defendants request that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**REQUEST FOR ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)**

Defendants believe that oral argument may assist the Court and wish to be heard.

Respectfully submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT, LLC,
and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
LIBBYHOOPES, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617) 338-9300
dbrooks@libbyhoopes.com

Dated:  October 25, 2018

### **LOCAL RULE 7.1(a) CERTFICATE OF COMPLIANCE**

I hereby certify that counsel for Defendants conferred with counsel for the SEC in a good-faith effort to resolve or narrow the issues raised by this Motion pursuant to Local Rule 7.1(a).

*/s/ Douglas S. Brooks*
Douglas S. Brooks

### **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on October 25, 2018.

*/s/ Douglas S. Brooks*
Douglas S. Brooks