# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant | Civil Action No. 1:18-cv-11926-PBS |

## DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants respectfully move this Court for leave to file a reply memorandum in support of their motion to dismiss. Defendants believe that a reply memorandum will help narrow the issues and assist the Court in resolving the motion. Defendants particularly wish to address several arguments raised in the SEC's Opposition that Defendants could not have anticipated at the time they submitted the motion to dismiss, including the following:

*First*, in its Opposition, the SEC completely changes course with respect to two statements that it alleged were categorically false in its Complaint. The SEC now tacitly concedes that these two statements are demonstrably true (based on the documents incorporated by reference in the Complaint), yet maintains they are nonetheless somehow misleading and therefore actionable under securities laws.

*Second*, in claiming it accurately quoted Lemelson in support of an allegation in the Complaint, the SEC erroneously relies upon a ***rough draft*** of one of Lemelson's reports that was never publicly disseminated (and fails to disclose to the Court that it cited to a private draft never provided to any investor).  Notably, the final, publicly available report did *not* contain the quotation upon which the SEC rests its argument.  Indeed, Lemelson made substantial changes to the rough draft that the SEC attaches to its Opposition—including changes to the specific language quoted by the SEC—prior to publication.[1]

*Third*, consistent with the plethora of factual errors and misstatements in the Complaint, the Opposition attributes *additional* statements to Lemelson, including a purported direct quotation, that he never said.[2]  These erroneous statements form the crux of the SEC's argument as to why the challenged statements are allegedly material and are thus critical to the Court's determination on the motion to dismiss.

*Fourth*, the SEC relies upon materials outside the four corners of the Complaint (and not incorporated by reference therein)—notwithstanding that these materials have no relevance whatsoever to the issue of the legal viability of the SEC's Complaint.

WHEREFORE, Defendants respectfully request that the Court allow this Motion and permit them to file a reply memorandum in support of their motion to dismiss the Complaint.

---

[1] Indeed, outside of Lemelson, his counsel, and his editor, the only people who had ever seen the rough draft prior to the SEC filing it as part of its Opposition were SEC personnel, who obtained it when Lemelson voluntarily provided essentially his entire hard drive—including attorney-client privileged material—to the SEC in order to demonstrate full transparency.

[2] This quotation also comes from a rough draft of a report and was not included in the final publication.

        Respectfully submitted,

        REV. FR. EMMANUEL LEMELSON,
        LEMELSON CAPITAL MANAGEMENT, LLC,
        and THE AMVONA FUND, LP

        By: */s/ Douglas S. Brooks*
        Douglas S. Brooks (BBO No. 636697)
        LIBBYHOOPES, P.C.
        399 Boylston Street
        Boston, MA 02116
        Tel.: (617) 338-9300
        dbrooks@libbyhoopes.com

Dated: November 13, 2018

## **LOCAL RULE 7.1(a) CERTFICATE OF COMPLIANCE**

      I hereby certify that counsel for Defendants conferred with counsel for the SEC in a good-faith effort to resolve or narrow the issues raised by this Motion pursuant to Local Rule 7.1(a). Counsel for the SEC does not object to Defendants' request to file a reply memorandum.

        */s/ Douglas S. Brooks*
        Douglas S. Brooks

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on November 13, 2018.

        */s/ Douglas S. Brooks*
        Douglas S. Brooks