UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>　　Defendants,<br><br>　　and<br><br>THE AMVONA FUND, LP,<br><br>　　Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**STIPULATION AND ORDER REGARDING
DISCOVERY MATERIALS**

This Stipulation and Order Regarding Confidentiality of Discovery Materials ("Stipulation and Order") is entered pursuant to Federal Rule of Civil Procedure 26(c) to facilitate discovery by the parties to the above-entitled case and protect from public disclosure certain information produced in discovery in this action.

　　1.　　All documents and other information (including transcripts and recordings of depositions or their foreign equivalent) (together, "Discovery Materials") produced (i) in connection with the parties' initial disclosures and/or (ii) in response to requests for discovery in this litigation shall be treated as confidential, meaning that such Discovery Materials shall be

used solely for the purpose of the prosecution or defense of this litigation, except as provided in Paragraph 6 below.

2.  Notwithstanding Paragraph 1 above, any document or information that is otherwise publicly available, including without limitation any document that is publicly filed with a regulatory entity such as the Commission, or otherwise already known to the party to whom it is produced, is not subject to this Stipulation and Order.

3.  Any Discovery Materials filed with the Court shall be redacted in accordance with Rule 5.2 of the Federal Rules of Civil Procedure ("Rule 5.2").  In addition to the information required to be redacted under Rule 5.2, personally identifiable information shall be redacted in any Discovery Materials filed with the Court, including without limitation:

   a.  An individual's passport number;

   b.  An individual's telephone number;

   c.  An individual's address; and

   d.  An individual's financial account balance.

If any party believes, in good faith, that additional categories of information should be redacted in any Discovery Materials that have been filed with the Court, the parties agree to meet and confer and, if unable to reach an agreement, submit their dispute to the Court for resolution.

4.  No person subject to this Order other than the producing person shall disclose any Discovery Material, other than Discovery Material excepted by Paragraph 2 above, to any other person whomsoever, except to:

   a.  the parties to this action;

   b.  counsel (including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter) retained for this action;

   c.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action; provided such disclosure be made only to the witness by counsel (including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter);

    e. any person retained by a party to serve as an expert witness (including support personnel working with such expert witness, if any) or otherwise provide specialized advice to counsel in connection with this action, provided such disclosure be made only to the witness by counsel (including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter);

    f. stenographers engaged to transcribe depositions conducted in this action;

    g. interpreters engaged to translate any Discovery Material;

    h. as to the Commission only, to governmental entities (including but not limited to domestic and foreign criminal authorities) in a manner consistent with the Commission's duties and authorities pursuant to any applicable laws, regulations, or international agreements, including as delineated in the Commission's Form 1662 (available here: https://www.sec.gov/about/forms/sec1662.pdf); and,

    i. this Court.

5. Each person who has access to Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event of an inadvertent disclosure of Discovery Material, the disclosing party and/or their counsel shall use reasonable efforts to secure the return or destruction of the inadvertently produced Discovery Material.

6. Nothing in this Stipulation and Order shall apply to or in any manner condition, limit, or infringe the Commission's congressionally-mandated and authorized obligation to cooperate with other federal, state, local, or foreign law enforcement or regulatory agencies, including without limitation sharing Discovery Materials with other federal, state, local, or foreign law enforcement and/or regulatory agencies, including as delineated in the Commission's Form 1662.

7. The protections conferred by this Order cover not only Discovery Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel to or in court or in other settings that might reveal Discovery Material.

8. The parties to the above-captioned matter, through their respective counsel, expressly agree to the terms of this Stipulation and Order and consent to its form and entry.

9. This Stipulation and Order may be executed and filed by the parties, through their counsel, in counterparts.

10. The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the above-entitled action.

11. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

12. The parties agree promptly to submit this Stipulation and Order to the Court for approval and further agree that, pending approval by the Court, the parties agree to abide by the terms of this Stipulation and Order.  In the event the Court declines to approve the Stipulation and Order, the parties agree that this Stipulation and Order shall be of no further force and effect.

Dated: December 5, 2018

Respectfully submitted,
**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

/s/   Marc J. Jones
Marc J. Jones  (Mass. Bar #645910)
Alfred A. Day (BBO#654436)

Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-8947 (Jones direct)
(617) 573-4590 (fax)
JonesMarc@sec.gov


**REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND**

By their Attorney,

/s/ __Douglas S. Brooks_____
Douglas S. Brooks (BBO No. 636697)
LIBBYHOOPES, P.C.
399 Boylston Street
Boston, MA
(617) 338-9300
dbrooks@libbyhoopes.com


So Ordered:


_____
Hon. Patti B. Saris
United States District Court
Date:

5