**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | Civil Action No. 1:18-cv-11926-PBS |
| Defendants, | |
| and | |
| THE AMVONA FUND, LP, | |
| Relief Defendant. | |

**FIRST AMENDED JOINT STATEMENT AND PROPOSED PRETRIAL SCHEDULE**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, counsel for the plaintiff Securities and Exchange Commission (the "Commission"), and counsel for defendants Rev. Fr. Emmanuel Lemelson (f/k/a Gregory Lemelson), Lemelson Capital Management and relief defendant the Amvona Fund, LP (collectively, "Lemelson") submit this First Amended Joint Statement and Proposed Pretrial Schedule reflecting the Court's rulings at the scheduling conference held on December 6, 2018.  The parties respectfully request that the Court adopt the proposed pretrial schedule set forth in Section V, below.

**I.      Statements Regarding Liability and Relief Sought**

**a. Plaintiff**

Plaintiff alleges that Gregory Lemelson and Lemelson Capital Management LLC issued false information about Ligand after Lemelson took a short position in Ligand in May 2014 on

1

behalf of The Amvona Fund, a hedge fund he advised and partly owned.  Short-sellers profit when the price of stock declines.  Ligand's stock lost more than one-third of its value during the course of Lemelson's alleged scheme.  After establishing his short position, Lemelson made a series of false statements to shake investor confidence in Ligand, lower its stock price, and increase the value of his position.  Lemelson allegedly used written reports, interviews, and social media to spread untrue claims, including that Ligand was "teetering on the brink of bankruptcy" and that Ligand's investor relations firm agreed with his view that its flagship Hepatitis C drug, Promacta, was going to become obsolete.  Lemelson also allegedly misled investors by citing a European doctor's negative views on the same Ligand drug without revealing the doctor was Amvona's largest investor and had a significant financial interest in seeing Ligand's stock price decline.

Through their conduct, Defendants allegedly committed fraud in connection with the purchase and sale of securities, and, while acting as investment advisers to a pooled investment vehicle, have engaged in fraudulent, deceptive, or manipulative acts or practices which operated as a fraud on the investors in the Amvona Fund, the pooled investment vehicle advised by the Defendants.  By doing so, Defendants have violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].  Relief defendant The Amvona Fund received money from the unlawful acts or practices of the Defendants, and should disgorge that money.

The Commission seeks:

a. entry of appropriate permanent injunctions, including  an injunction prohibiting Defendants from further violations of the relevant provisions of the federal securities laws;

    b.   disgorgement of Defendants' ill-gotten gains, plus pre-judgment interest; and,

    c.   imposition of civil penalties due to the egregious nature of Defendants' violations.

### b. Defendants

Lemelson denies making any false statements and denies any violation of federal securities laws.  Accordingly, the Commission is not entitled to any relief in this action.

Beginning in 2014, Lemelson published five research reports, issued 16 articles/press releases, posted 66 tweets, gave 13 interviews, and wrote two letters to Congress concerning what he views as accounting and securities fraud perpetrated by Ligand Pharmaceuticals, Inc., a publicly traded company.  In all, Lemelson publicly made nearly 1,000 distinct allegations about Ligand, both during and after the period he held a well-disclosed short position (for four months, a time during which he exposed himself and his Fund to the risk of tremendous loss) in the company.  The Commission challenges only *four* of Lemelson's statements, less than one-half of one percent of the total number of statements Lemelson made regarding Ligand.

Lemelson maintains all four challenged statements are true.  Of the four statements, three are demonstrably true based upon a plain reading of the very documents the Commission relies in its Complaint.  All four statements are immaterial as a matter of law.

Moreover, the Commission's claim that Lemelson should disgorge the profits he made from covering his short position in Ligand fails because, as even a cursory review of Ligand's historical stock prices and the dates upon which Lemelson covered his short position reveals, Lemelson's profit bears no relation to the four challenged statements.

## II.    Rule 26(f) Conference

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, counsel for the Commission and counsel for the defendants conducted a Rule 26(f) conference on October 31, 2018, to discuss: (i)

the nature and basis for their claims and defenses; (ii) the possibility of a prompt settlement or resolution of this case; (iii) arrangements for the disclosures required by Rule 26(a)(1); (iv) a proposed pretrial plan for the case that includes a discovery plan; (v) whether any items needed to be addressed by the court at the scheduling conference; and (vi) whether they will consent to trial by magistrate judge.

### III. Topics to Discuss at Scheduling Conference

The parties discussed the proposed pretrial schedule with the Court at the scheduling conference held on December 6, 2018, and have amended the proposed pretrial schedule set forth in Section V, below, in accordance with the Court's rulings.

### IV. Pending Motions

A.    Defendants' Motion to Dismiss

### V. Proposed Schedule

The schedule below reflects the time periods discussed at the scheduling conference held on December 6, 2018:

| Timing | Event | Cutoff Date if No Stay Entered |
|---|---|---|
| 12/6/18 | Scheduling Conference | |
| + 10 months | Completion of fact discovery | October 4, 2019 |
| +1 month | Exchange of Plaintiff's and Defendants' expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) | November 4, 2019 |
| +1 month | Exchange of rebuttal expert reports | December 4, 2019 |
| +1 month | Completion of expert depositions | January 10, 2020 |
| +1 month | Motions for Summary Judgment pursuant to Fed. R. Civ. P. 56 due | February 10, 2020 |
| +1 month | Oppositions to Motions for Summary Judgment due | March 10, 2020 |
| +2 weeks | Reply Briefs in support of Summary Judgment Motions due | March 24, 2020 |

## VI.     Limitations on Discovery

The parties do not anticipate needing relief from the limitation on interrogatories,

requests for admission, and requests for production of documents set forth in Local Rule 26.1(c).

## VII.     Phased Discovery

The parties do not believe phased discovery is necessary except to conduct expert

discovery after fact discovery is completed.

## VIII.     Trial by Magistrate Judge

The parties do not consent to referring the case to the Magistrate Judge for purposes of a

jury trial.

## IX.     Use of Alternative Dispute Resolution Programs (LR 16.4)

The parties do not believe mediation would aid the parties in resolving this litigation.

The parties will continue to evaluate the value of mediation as discovery proceeds.

## X.     Local Rule 16.1(D)(3) Certifications

The Commission, through its undersigned counsel, certifies that it is aware of the

potential costs that may be associated with this litigation and the availability of alternative

dispute resolution procedures.  Counsel for the defendants certifies that he has conferred with his

clients or client representatives with respect to: (a) establishing a budget for the costs of

conducting the full course, and various alternative courses, of this litigation, and (b) the

resolution of this litigation through the use of alternative dispute resolution programs such as

those outlined in Local Rule 16.4.

Dated: December 12, 2018                    Respectfully submitted,

                                            By: */s/ Alfred A. Day*_____
                                            Alfred A. Day (BBO #654436)
                                            Marc J. Jones (BBO #645910)
                                            Securities and Exchange Commission
                                            Boston Regional Office
                                            33 Arch Street, 24th Floor
                                            Boston, MA  02110
                                            617-573-4537 (Day)
                                            617-573-8947 (Jones)
                                            DayA@sec.gov
                                            JonesMarc@sec.gov
                                            Attorneys for Plaintiff

                                            Virginia M. Rosado Desilets
                                            Sonia G. Torrico
                                            Securities and Exchange Commission
                                            100 F Street, N.E.
                                            Washington, DC 20549

                                            Respectfully submitted,

                                            REV. FR. EMMANUEL LEMELSON,
                                            LEMELSON CAPITAL MANAGEMENT, LLC,
                                            and THE AMVONA FUND, LP

                                            By: */s/ Douglas S. Brooks*_____
                                            Douglas S. Brooks (BBO No. 636697)
                                            LIBBYHOOPES, P.C.
                                            399 Boylston Street
                                            Boston, MA 02116
                                            Tel.: (617) 338-9300
                                            dbrooks@libbyhoopes.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on December 12, 2018.

*/s/ Alfred A. Day*