UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>　　　　　　　　　　Defendants,<br><br>　and<br><br>THE AMVONA FUND, LP,<br><br>　　　　　　　　　　Relief Defendant. | Civil Action No.  1:18-cv-11926-PBS |

**JOINT MOTION FOR ENTRY OF A SUPPLEMENTAL STIPULATION AND ORDER GOVERNING THE PRODUCTION OF DISCOVERY MATERIAL**

　　　　　Plaintiff Securities and Exchange Commission; Defendants Lemelson, Lemelson Capital Management, LLC, and The Amvona Fund, LP; and non-parties Ligand Pharmaceuticals, Inc.; Viking Therapeutics, Inc.; and LHA Investor Relations jointly move pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of the Supplemental Stipulation and [Proposed] Order Governing the Production of Discovery Material ("Supplemental Stipulation and Order") filed herewith, to supplement the previous Stipulation and Order Regarding Discovery Materials entered on December 7, 2018 ("Stipulation and Order").  (ECF No. 25).  Together with the previous Stipulation and Order, this Supplemental Stipulation and Order will govern the use and handling of documents, data, electronically stored information, and any other information or material produced, given, or exchanged in response to any subpoena, or any other formal or informal means.

- 2 -

Dated:   October 17, 2019

SECURITIES AND EXCHANGE COMMISSION

By: */s/ Alfred A. Day*
    Marc J. Jones (Mass. Bar #645910)
    Alfred A. Day (BBO #654436)
    Boston Regional Office
    33 Arch Street
    Boston, MA 02110
    Tel: 617.573.8947 (Jones direct)
    Fax: 617.573.4590
    JonesMarc@sec.gov

**LIBBYHOOPES, P.C.**

By: */s/ Douglas S. Brooks*
    Douglas S. Brooks (BBO No. 636697)
    399 Boylston Street
    Boston, MA
    Tel: 617.338.9300
    dbrooks@libbyhoopes.com

*Attorney for Rev. Fr. Emmanuel Lemelson, Lemelson Capital Management, LLC, and The Amvona Fund*

**CAHILL GORDON & REINDEL LLP**

By: */s/ Bradley J. Bondi*
    Bradley J. Bondi
    Sean P. Tonolli
    Andrea Abarca (BBO #703151)
    1990 K Street N.W., Suite 950
    Washington, D.C. 20006
    Tel: 202.862.8910
    Fax: 866.836.0501
    bbondi@cahill.com

*Attorneys for non-parties Ligand Pharmaceuticals, Inc.; Viking Therapeutics, Inc.; and LHA Investor Relations*

- 3 -

## Local Rule 7.1 Certification

Undersigned counsel certifies that counsel for the parties have conferred and agree to the filing of this motion.

Dated:  October 17, 2019                          By: */s/ Alfred A. Day*

## Certificate of Service

I certify that on October 17, 2019, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.  I further certify that an as-filed electronic copy of the foregoing was served on all non-party signatories hereto via email.

Dated: October 17, 2019                            */s/ Alfred A Day*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No.  1:18-cv-11926-PBS |

**SUPPLEMENTAL STIPULATION AND [PROPOSED] ORDER GOVERNING THE PRODUCTION OF DISCOVERY MATERIALS**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26(c), by and among Plaintiff and Defendants (collectively with Plaintiff, the "Parties," and each individually, a "Party"), and non-parties Ligand Pharmaceuticals, Inc.; Viking Therapeutics, Inc.; and LHA Investor Relations (collectively, the "Non-Parties"), through their undersigned counsel, that the following provisions of this Supplemental Stipulation and Order Governing The Production of Discovery Materials (the "Supplemental Stipulation and Order"), together with the previous Stipulation and Order Regarding Discovery Materials entered on December 7, 2018 ("Stipulation and Order") (ECF No. 25), govern the use and handling of all documents, including but not limited to electronically stored information ("ESI"), testimony, depositions, exhibits, and any other materials and information produced or provided (all

"Discovery Material") in the above-referenced action (the "Action") by or among the Parties or any non-party providing Discovery Material (a "Producing Party") in this Action.

1. All Discovery Material shall be used solely for the purpose of prosecuting or defending the Action, including in connection with any appeals taken by either Party, and shall not be disclosed to any person or entity other than in accordance with the terms of this Supplemental Stipulation and Order.

2. During the pendency of this Litigation, any Party (an "Objecting Party") may make an objection to the designation of Discovery Material as "Confidential" or "Highly Confidential" by the Producing Party, and may make a motion for an order permitting the use of the Discovery Material in this Action, without limitation.

3. Prior to the submission of any such motion to the Court, the Objecting Party shall provide written notice to the Producing Party of its disagreement with the designation, and the parties to the disagreement shall first try to resolve such a dispute in good faith. Following the provision of notice, the Objecting Party must wait three (3) business days before making a motion under seal to the Court concerning the designation in dispute. While such a motion is pending, the Discovery Material in question shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Supplemental Stipulation and Order. A Party shall not be obligated to challenge the propriety of information designated as Confidential or Highly Confidential at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto.

4. A Producing Party may designate any Discovery Materials as "Confidential" under the terms of this Supplemental Stipulation and Order if the Producing Party believes in good faith that such Discovery Material contains non-public, confidential, proprietary, personal,

or commercially sensitive information that requires the protections provided in this Supplemental Stipulation and Order ("Confidential Discovery Material"). A Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Supplemental Stipulation and Order if the Producing Party believes in good faith that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 8 of this Supplemental Stipulation and Order is substantially likely to cause injury to the Producing Party or its shareholders, including, but not limited to, Discovery Material that constitutes material, nonpublic information ("Highly Confidential Discovery Material"). Notwithstanding the above, nothing shall be considered "Confidential" or "Highly Confidential" that was already in the public domain. To the extent a Producing Party produces Discovery Material that is not designated as Confidential Discovery Material or Highly Confidential Discovery Material, then that Discovery Material will be governed by the Stipulation and Order.

     5.     The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery material shall be made in the following manner:

          a.  In the case of documents or other materials: (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Material; or (ii) in the case of ESI produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material, or by written notice.

      b. In the case of any other Discovery Material, by written notice that the Discovery Material constituted Confidential Discovery Material or Highly Confidential Discovery Material.

6. Inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected by providing written notice to the Party to whom the production has been made. Upon receiving such notice, the Party shall mark and treat the Discovery Material so designated as Confidential Discovery Material or Highly Confidential Discovery Material, and such Discovery Material shall be fully subject to this Supplemental Stipulation and Order.

7. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated and made available in whole or in part only to the following persons:

      a. The Parties to this action;

      b. Counsel who represent Parties in this Action, including the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel who are assisting with the Action for use in accordance with this Supplemental Stipulation and Order;

      c. Subject to Paragraph 9 of this Supplemental Stipulation and Order, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants who are assisting with the Action;

      d. Witnesses or deponents, and their counsel, only the extent necessary to conduct or prepare for depositions or testimony in this Action;

   e. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

   f. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Action or any appeal therefrom.

 8. Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   a. Counsel who represent Parties in this Action, including the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel who are assisting with the Action for use in accordance with this Supplemental Stipulation and Order;

   b. Subject to Paragraph 9 of this Supplemental Stipulation and Order, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants who are assisting with the Action;

   c. Witnesses or deponents, and their counsel, only the extent necessary to conduct or prepare for depositions or testimony in this Action;

   d. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

      e.   The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Action or any appeal therefrom.

      f.   In addition, counsel who represents a Party to this Action may describe the subject and general nature of the Highly Confidential Discovery Material to the Party in a manner that, without revealing the substance of the designated Highly Confidential information, will enable the Party to assess the designation and whether to challenge it.

9.    Notwithstanding Paragraph 7(c) and 8(b) above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion to prepare to testify, or to assist counsel in this Action, provided that such expert or consultant: (i) is not currently an employee or, or advising or discussing employment with, or consultant to, any Party or any competitor of any Producing Party, as far as the expert or consultant can reasonably determine; and (ii) is using said Discovery Material solely in connection with this Action; and further provided that such expert or consultant agrees to be bound by the terms of this Supplemental Stipulation and Order.  Under no circumstances, shall an expert or consultant who is a competitor or an employee of a competitor of a Producing Party, or who is providing services to any of the foregoing, be provided access to Highly Confidential Discovery Material absent further order of the Court or consent of the Producing Party.  A "Competitor" is any person or entity endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any person who are actually engaged in any of these activities.

10. To the extent testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition or in any pre-trial venue, any Party or Producing Party may exclude any person from the deposition or other venue during such testimony if the Discovery Material may not be disclosed to such person under the terms of this Supplemental Stipulation and Order.

11. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Supplemental Stipulation and Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-party after the date this Supplemental Stipulation and Order is signed by the Court shall enclose a copy of this Supplemental Stipulation and Order and notify the non-party that the protections of this Supplemental Stipulation and Order are available to such non-party.

12. In the event that a Party intends to file or move into evidence a Producing Party's Confidential Discovery Materials or Highly Confidential Discovery Materials with the Court, such Party will give the Producing Party five (5) business days' notice of its intent to file or one (1) business days' notice of its intent to move into evidence so that the Producing Party may decide whether to seek a protective order or object to the admission of the Discovery Material. Such notice will identify each document at issue by Bates-number.

13. This Supplemental Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose.

14. The protections conferred by this Supplemental Stipulation and Order cover not only Discovery Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel to or in court or in other settings that might reveal Discovery Material.  Subject to the requirements of Paragraph 12, this Supplemental Stipulation and Order shall not cover any Discovery Material filed publicly with the Court or admitted into evidence.

15. Each person who has access to Discovery Materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  In the event of an inadvertent disclosure of Discovery Material, the disclosing party and/or their counsel shall use reasonable efforts to secure the return or destruction of the inadvertently produced Discovery Material.

16. Entering into this Supplemental Stipulation and Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Supplemental Stipulation and Order, shall not operate as a waiver of any attorney-client, work product, or other privilege.

17. Nothing in this Supplemental Stipulation and Order shall apply to or in any manner condition, limit, or infringe the Securities and Exchange Commission's congressionally-mandated and authorized obligation to cooperate with other federal, state, local, or foreign law enforcement or regulatory agencies, including without limitation sharing Discovery Materials with other federal, state, local, or foreign law enforcement and/or regulatory agencies, including as delineated in the Commission's Form 1662.

18. The provisions of this Supplemental Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including, without limitation, any appeals therefrom.

19. The Parties agree to be bound by the terms set forth herein pending the entry by the Court of this Supplemental Stipulation and Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Supplemental Stipulation and Order had been entered by the Court.

20. The Parties agree that the production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Supplemental Stipulation and Order.