# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

v.

GREGORY LEMELSON and LEMELSON CAPITAL
MANAGEMENT, LLC,

               Defendants,

    and

THE AMVONA FUND, LP,

               Relief Defendant.

Civil Action No. 1:18-cv-11926-PBS

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
## MOTION FOR PROTECTIVE ORDER TO PREVENT RULE 30(b)(6) DEPOSITION

Defendants seek a Rule 30(b)(6) deposition of the Commission on three improper testimony topics.  The first seeks irrelevant information that would intrude on the work product and mental impressions of the Commission's attorneys.  The other two are unrelated to the claims or defenses in this case and thus outside the permitted scope of discovery.  Pursuant to Fed. R. Civ. P. 26(c), plaintiff Securities and Exchange Commission submits this memorandum in support of its motion for a protective order to prevent this deposition.

### THE 30(b)(6) DEPOSITION NOTICE

On November 19, 2019, Defendants served an amended Notice of 30(b)(6) Deposition (attached here as Exhibit A),[1] with three testimony topics:

1) "The SEC's analysis and mathematical calculations of Ligand's debt-to-tangible

---

[1] In the parties' Local Rule 7.1 conference, the parties agreed to handle several of the topics from the initial Rule 30(b)(6) Notice through other discovery methods.  The amended Notice followed.

equity ratio."

2) "Communications between the SEC and media sources concerning its non-public investigation of Defendants."

3) "Pre-litigation communications between the SEC and Ligand regarding Defendants, including but not limited to meetings between Ligand and the SEC, how such meetings were arranged, and the relationships between SEC and Ligand's counsel."

The parties have postponed this deposition until the Court rules on this motion.

## ARGUMENT

### A.  Defendants Improperly Seek to Depose the Commission's Attorneys about Privileged Communications and Work Product

The court should prevent the Defendants from conducting a Rule 30(b)(6) deposition of the Commission because the deposition would necessarily involve the testimony of attorneys assigned to the case, or require those attorneys to prepare other witnesses to testify about the attorneys' work product and privileged communications.  In either scenario, the deposition would improperly enable the Defendants to probe the mental processes and strategies of the Commission's attorneys.  *See, e.g.*, *SEC v. Nacchio*, 614 F. Supp. 2d 1164 (D. Colo. 2009); *SEC v. Buntrock*, 2004 WL 1470278 (N.D. Ill. June 29, 2004); *SEC v. Rosenfeld*, 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997); *SEC v. Morelli*, 143 F.R.D. 42 (S.D.N.Y. 1992); *In re Bilzerian*, 258 B.R. 846 (Bankr. M.D. Fla. 2001).

The Commission staff who conduct investigations are attorneys, so the deposition Defendants seek would necessarily require a deposition of the Commission's attorneys.  A "Rule 30(b)(6) deposition of an SEC official with knowledge of the extent of that investigative effort, amounts to the equivalent of an attempt to depose the attorney for the other side."  *Rosenfeld*, 1997 WL 576021 at *1.  Of course, "[t]aking depositions of opposing trial counsel is generally disfavored and discouraged."  *Avid Tech., Inc. v. Media Gobbler, Inc*., 2016 WL 696092, at *5

(D. Mass. Feb. 19, 2016) (citing *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir.

2003)).  As a result, "barring the deposition of the SEC is a result that accords with the negative

light in which depositions of opposing counsel are held."  *Morelli*, 143 F.R.D. at 47.

While the Commission could theoretically designate a non-attorney as its Rule 30(b)(6)

witness, that step would not solve the problem, because the Commission's attorneys would have

to teach the witness about the case:

> Thus the witness designated would have to have been prepared by those
> who conducted the investigation and, since the investigation was
> conducted by the SEC attorneys, preparation of the witnesses would
> include disclosure of the SEC attorneys' legal and factual theories …
> and their opinions as to the significance of documents, credibility of
> witnesses, and other matters constituting attorney work product.

*Rosenfeld*, 1997 WL 576021 at *2-*3.

In addition, unlike the ordinary corporate litigant, the Commission's staff has no first-

hand, contemporaneous knowledge of the events giving rise to the lawsuit.  *See Buntrock*, 2004

WL 1470278 at *3 ("No one at the SEC has any firsthand knowledge of the facts at issue in this

case.").  Like other law enforcement agencies, the Commission acquires knowledge of what

happened through after-the-fact investigation by its enforcement staff.  Defendants' request for

testimony (particularly concerning the calculation of Ligand's debt-to-tangible equity ratio)

would require some Commission staffer to testify about events beyond any firsthand knowledge

of the underlying facts.

Defendants do not need a Rule 30(b)(6) deposition to learn about the evidence because

the Commission had produced its entire non-privileged investigative file, including its

correspondence with third parties.  It has also answered nineteen interrogatories and is in the

process of answering four more.  Any questions beyond those materials would necessarily ask

about the staff's mental impressions and intrude on its privileged opinions and litigation

strategies.

In the parties' Local Rule 7.1 conference, Defendants' counsel stated that Defendants wished to probe why this investigation led to an enforcement action.  In other words, the Defendants want the Commission to identify the factors the Commission's attorneys and the Commissioners themselves considered important in deciding whether to bring this case and the evidence that supported it.  Judgment about how the evidence applies to the law is the essence of attorney work product.  *See Morelli*, 143 F.R.D. at 47 (given SEC's production of its entire investigative file, "the Court is drawn inexorably to the conclusion that [the] Notice of Deposition is intended to ascertain how the SEC intends to marshal the facts, documents and testimony in its possession, and to discover the inferences that plaintiff believes properly can be drawn from the evidence it has accumulated.").

For all these reasons, the Rule 30(b)(6) deposition noticed by the Defendants would intrude on the work product of the Commission's attorneys.  As one court explained:

> [T]he taking of the deposition of the SEC – which would necessarily require the taking of the deposition of their lead counsel or someone with knowledge gained exclusively from the SEC's counsel – is not an appropriate use of Fed. R. Civ. Proc. 30(b)(6).  To allow the deposition would seriously impinge on the work product of the SEC's primary lawyer and would potentially allow unwarranted inquiries into the mental impressions of their attorney and would produce no non-privileged information.

*Bilzerian*, 258 B.R. at 849.  Indeed, "when inquiring as to how the SEC assembled the facts it had obtained in its investigation into the set of allegations set forth in the … Complaint, [the defendant] would almost certainly cross into territory protected by the work product privilege." *Nacchio*, 614 F. Supp. 2d at 1177; *see also Morelli*, 143 F.R.D. at 46-47 ("the touchstone of the work-product inquiry is whether the discovery demand is made with the precise goal of learning what the opposing attorney's thinking or strategy may be.").

The preceding analysis does not apply to the Commission alone.  Courts have prevented defendants from taking Rule 30(b)(6) depositions of other regulatory agencies that bring enforcement actions.  *See*, *e.g.*, *EEOC v. Texas Roadhouse, Inc.*, 2014 WL 4471521 (D. Mass. Sept. 9, 2014); *EEOC v. McCormick & Schmick's Seafood Restaurants, Inc.*, 2010 WL 2572809 (D. Md. June 22, 2010); *FTC v. U.S. Grant Resources, LLC*, 2004 WL 2238518 (E.D. La. June 25, 2004); *EEOC v. HBE Corp.*, 157 F.R.D. 465 (E.D. Mo. 1994).  Faced with a Rule 30(b)(6) deposition notice to the EEOC in *Texas Roadhouse*, the Court stated,

> This request seeks to depose a Rule 30(b)(6) witness concerning materials that the EEOC asserts have already been provided in discovery.  While the request is framed as one for "factual information" and "documents," the witness, in explaining why certain documents "support" or "rebut" the allegations, would necessarily be asked to interpret the facts and discuss how the EEOC decided to proceed in preparing the case.  This topic is not appropriate for a Rule 30(b)(6) deposition.

2014 WL 4471521 at *3.

The Commission does not claim that it is immune from Rule 30(b)(6), only that a defendant may not use Rule 30(b)(6) to do what Defendants are trying to do here—compel the Commission's attorneys to testify about its inner deliberations and thought processes about this case, laying bare their work product.

## B.  Topic 1 Specifically Seeks the Commission's Attorney Work Product

Deposition Topic 1 asks about the Commission's "analysis and mathematical calculations of Ligand's debt-to-tangible equity ratio."  As an initial matter, Defendants seek irrelevant testimony about an allegation in the Commission's original complaint that is no longer included in the Amended Complaint.  The Commission originally alleged that "[i]n calculating Ligand's 'debt to equity ratio of 11,667 to 1,' Lemelson included the new debt but not the proceeds of the

loan, which would have yielded a debt-to-equity ratio closer to 1:1."[2]  Compl. ¶ 52 (ECF # 1).

On January 23, 2019, the Court granted the Commission leave to amend its allegations

concerning the misleading nature of Lemelson's purported analysis of Ligand's financial

wherewithal.  In its Amended Complaint, the Commission did not include any "mathematical

calculation" of Ligand's debt-to-tangible equity ratio, and instead set forth the reasons why

Lemelson's purported analysis was, and is, misleading.  Am. Compl. ¶¶ 51-53 (ECF #33).  Thus,

Topic #1 is focused on a superseded allegation, and therefore irrelevant.

In addition, the Commission's analysis and calculations are attorney work product.

Questions on this topic would require the Commission's attorneys and staff to disclose how they

analyzed specific evidence, improperly invading work product.  Once questions about privileged

material are excluded, only questions about mathematical calculations would remain.

Defendants do not need an SEC witness to do math on the record, particularly when that witness

is not a trial witness and the allegation in question is no longer included in the Amended

Complaint

If Defendants believe the Commission is wrong about its calculation of Ligand's debt-to-

equity ratio, they can so argue and present contrary evidence based on the very same underlying

materials on which the Commission relied.  Deposition Topic #1 is therefore not proportional to

the needs of this case and exceeds the bounds of Fed. R. Civ. P. 26(b)(1) (requiring discovery

requests, including 30(b)(6) notices, to be proportional to the needs of the case and for the

burden of the proposed discovery to outweigh the benefit).

---

[2] The Commission stands by this allegation, but the basis for the Commission's calculation of Ligand's debt-to-equity ratio is irrelevant since the calculation was removed from the Amended Complaint.

**C.  Topics 2 and 3 Do Not Relate to Any Claim or Defense and Thus Are Beyond the Scope of Rule 26.**

Topic 2 asks about communications between the Commission and the media about the investigation.  Topic 3 asks about pre-litigation communications between the Commission and Ligand regarding the Defendants.  Both topics fail to relate to any claim or defense asserted here, and thus are outside the bounds of permissible discovery under Fed. R. Civ. P. 26.

Defendant Lemelson testified that he believes that the Commission was the source of a 2016 Bloomberg article written about him.  That article cited an unnamed source that claimed that the Defendant was under investigation by the Commission.  Defendant sued Bloomberg and the journalist for defamation, proclaiming that the statement that he was under investigation was completely false.  The United States District Court for the District of Massachusetts dismissed the case.  Defendant appealed to the First Circuit, continuing his claims of falsity despite having received notice from the Commission's staff that they intended to recommend that he be charged with violating the securities laws.  The First Circuit upheld the dismissal.

Now—without producing any evidence to suggest that any communications actually occurred—Defendants seek to have the Commission testify about any communications with the media.  Defendant is either fishing around for discovery material for his already dismissed defamation case or blindly seeking evidence that the Commission did not maintain the confidentiality of this investigation pursuant to 17 C.F.R. § 203.5.  Neither reason relates to a claim or defense in this action, and neither is proper under Rule 26.

Topic 3 fares no better.  Defendants already have the pre-litigation written communications between the Commission and Ligand, including presentations made by Ligand counsel to Commission staff and additional submitted materials.  The Defendants have also deposed three Ligand executives, both in their personal capacity and as Rule 30(b)(6) designees

for Ligand.  In fact, Defendants' first Ligand deposition topic was "Ligand's communications (including communications by Ligand's authorized representatives) with the SEC regarding this Action and/or Defendants."  Defendants already have the "who, what, where and when" of the interactions between the Commission and Ligand.  The only remaining questions to ask a Commission representative about these communications would be about the Commission's privileged mental impressions about and during these communications.  Defendants are not entitled to those answers.  *See SEC v. SBM Investment Certificates, Inc.,* 2009 WL 609888, at *23-24 (D. Md. Feb. 23, 2007) (finding 30(b)(6) notice demanding testimony on communications with third parties in anticipation of bringing enforcement proceedings invaded attorney work product).

Nor is this topic related to any claim or defense here.  Again, Defendants seek answers about why this case was brought by the Commission, not about the actual allegations in the Amended Complaint.  Instead of addressing the merits, they hope (again, without any evidence to support their supposition) to find some reason to challenge the Commission's filing of the case.  That effort falls well outside the bounds of Rule 26 discovery and the Court should enter a protective order preventing it.

## CONCLUSION

For the reasons set forth above, the Court should enter a protective order preventing Defendants from conducting the noticed Rule 30(b)(6) deposition of the Commission.

Dated: December 17, 2019                    Respectfully submitted,

                                            */s/ Marc J. Jones*
                                            Marc J. Jones (BBO #645910)
                                            Alfred A. Day (BBO #654436)
                                            Securities and Exchange Commission
                                            Boston Regional Office

8

33 Arch Street, 24th Floor
Boston, MA 02110
617-573-8947 (Jones)
617-573-4537 (Day)
JonesMarc@sec.gov
DayA@sec.gov
Attorneys for Plaintiff

Virginia M. Rosado Desilets
Sonia G. Torrico
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

## CERTIFICATE OF SERVICE

I certify that on December 17, 2019, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.


Dated: December 17, 2019                    */s/* Marc J. Jones_____