**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | Civil Action No. 1:18-cv-11926-PBS |
| Defendants, | |
| and | |
| THE AMVONA FUND, LP, | |
| Relief Defendant. | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO**
**MOTION FOR PROTECTIVE ORDER TO PREVENT RULE 30(b)(6) DEPOSITION**

Plaintiff replies to Defendants' Opposition (ECF No. 45) to the Commission's Motion for Protective Order to Prevent Rule 30(b)(6) Deposition (ECF No. 40).  Defendants do not seek facts related to the claims and defenses in this case.  Rather, they think this case is a novel one and want to know why the Commission brought it.  Defendants admit that they designed their deposition topics to find out what the Commission was thinking when it decided to bring this case and what credence it gave to communications and presentations from counsel for one of Defendants' victims—a sideshow beyond the scope of Fed. R. Civ. P. 26(b).

Defendants nevertheless claim that each of their three Rule 30(b)(6) topics are proper because they inquire about (a) bias and (b) an as-yet unasserted selective enforcement defense.  *See* Opp. at 4 (Topic 1 is about whether the Commission "fell . . . for" one of the claims of victim's counsel); *id.* at 16 ("Topics 2 and 3 Related to the Defenses of Bias and Selective

Enforcement").  But there is no general defense of "bias" entitling a party to probe an opposing

party's mindset—and particularly the thoughts and mental impressions of the Commission and

its staff, which are protected work product.  And there is no claim of selective enforcement

asserted in this case, it is too late to assert one now, and there are no specifics for that claim even

if it were timely.  Defendants cannot justify this Rule 30(b)(6) deposition on these grounds.

## I.     "Bias" of an Opposing Party Is Not a Defense, So There Is No Discovery about It

Defendants claim they are entitled to probe for unspecified "bias" by the Commission.

*See* Opp. at 17.  This is an odd claim, without any legal support or outer bound of discovery.  In

fact, the only case Defendants cite in their entire "bias" section stands for the uncontroversial

point that a testifying expert must disclose his fee because from the fee a jury could conclude the

expert is biased.  *See First Choice Armor & Equip., Inc. v. Toboyo Am., Inc.*, 273 F.R.D. 360,

361 (D. Mass. 2011).  The claim only becomes more odd when Defendants add specifics.  They

say they are entitled to know why the Commission staff took meetings with counsel for Ligand

Pharmaceuticals (one of the victims in this case) and what the staff thought about the material

presented—in other words, Defendants seek classic, protected work product in the form of the

Commission staff's thoughts, mental impressions, and opinions.  *See* Opp. at 17.  They also want

to know whether anyone at the Commission spoke to the press about this matter, a baseless

allegation that has nothing to do with the parties' claims and defenses.

In this case, the Commission has sued the Defendants for engaging in securities fraud.

As constituted by Defendants, a defense of "bias" could be alleged by anyone the Commission

has, after determining that evidence of securities fraud existed, charged with violations of the

securities laws.  It cannot be the case that every defendant in a Commission case is entitled to

discovery about what the staff thought about the case and whether that played into their decision

to recommend to the Commission that charges be brought.  The Commission's supposed "bias"

2

has no relevance in the determination by the jury whether Defendants engaged in securities

fraud.  Defendants provide no other support for discovery about "bias" or for "bias" as a defense

to a securities fraud action, and they are not entitled to a Rule 30(b)(6) deposition on the subject.

## II.   Defendants Cannot Get Discovery about a Selective Enforcement Defense They Have Never Asserted and Have No Evidence to Assert

Selective enforcement is an affirmative defense, an "assertion of facts and arguments

that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true."

*Black's Law Dictionary* 509 (10th ed. 2014).  Fed. R. Civ. P. 8(b) requires defendants to "state in

short and plain terms" any defenses in their Answer.  Fed. R. Civ. P. 8(c) states that the Answer

"must affirmatively state any avoidance or affirmative defense  . . . ."  Defendants failed to do so.

Their Answer (ECF No. 34) does not include selective enforcement as one of their defenses.

Their initial disclosures list no witness who would testify concerning alleged selective

enforcement and no documents pertaining to that topic.  Defendants have been entirely silent

about a claim of selective enforcement until now—fourteen months after the complaint was filed,

nine months after they filed their answer, and one month after the close of fact discovery.  Even

if Defendants could have pled a selective enforcement defense in good faith, they are precluded

from raising it now.  *See Davignon v. Clemmey* 322 F.3d 1, 15 (1st Cir. 2003) (abuse of

discretion to permit assertion of res judicata affirmative defense "at the eleventh hour"); *United

States v. Smithfield Foods*, 969 F. Supp. 975, 984 (E.D. Va. 1997) (precluding selective

enforcement defense because defendants never properly raised it).  To let them do so now would

be unfair to the Commission, which completed the discovery process preparing for defenses that

*were* asserted.

Besides, Defendants haven't really raised the affirmative defense of selective

enforcement even now.  *See* Opp. at 17 (claiming a right to seek discovery for a "*potential*

3

selective enforcement defense" [emphasis added]).  In a selective enforcement defense, a

defendant must plead that 1) they were intentionally treated differently; 2) from others similarly

situated; 3) without a rational basis for that difference in treatment; and 4) that the difference in

treatment was because of malicious or bad faith intent to injure them.  *Walsh v. Town of*

*Lakeville*, 431 F. Supp. 2d 134, 145 (D. Mass. 2006).  Defendants have not revealed who they

believe was similarly situated and in what way, or explained how they were treated differently

from those others, or even suggested a factual basis to assert a lack of rational basis and bad

faith.  The best Defendants can do is promise some supposed bombshell at an even later time.

*See* Opp. at 3 (claiming that all "will become clearer when Defendants file their motion for

summary judgment" and making vague and unsupported reference to the Commission's

supposed "brazen attack on . . . [Defendant's] free speech rights").  There's not enough there for

the Commission to figure out what's being claimed, let alone to defend itself against that claim

(even if there were still time left in the discovery process to do so).

       Even if there were a properly and timely asserted selective enforcement defense,

Defendants have not begun to make the evidentiary showing required to get discovery.  To

obtain discovery on a selective enforcement defense, Defendants must first make an evidentiary

showing of discriminatory effect and discriminatory intent.  *U.S. v. Lewis*, 517 F.3d 20, 25-26

(1st Cir. 2008); *Attorney General of the United States v. The Irish People, Inc.*, 684 F.2d 928,

932-33 (D.C. Cir. 1982) (same discovery showing must be made when selective prosecution is

raised in civil context).  The evidentiary threshold for this showing is "fairly high" requiring

"some evidence" *both* that "similarly situated individuals who do not share the protected

characteristic were not prosecuted" *and* that "the government chose to prosecute at least in part

because of, and not merely in spite of the defendant's protected characteristic."  *Lewis*, at 25-26

(quoting *Wayte v. United States*, 402 U.S. 598, 610 (1985)).  "The justifications for a rigorous

standard for the elements of a selective-prosecution claim . . . require a correspondingly rigorous

standard for discovery in aid of such a claim."  *United States v. Armstrong*, 517 U.S. 456, 468

(1996).  "Discovery will not be allowed unless the defendant's evidence supports each of the two

furcular of his selective prosecution theory; failure on one branch dooms the discovery motion as

a whole."  *Id.*  Defendants have not made the required evidentiary showing, and thus should not

get a Rule 30(b)(6) deposition on selective enforcement.

Finally, for all the Defendants' bluster and innuendo about how this case is novel and

unprecedented, they ignore the case law on new cases:

> "There is no right under the Constitution to have the law go
> unenforced against you, even if you are the first person against
> whom it is enforced, and even if you think (or can prove) that you
> are not as culpable as some others who have gone unpunished.
> The law does not need to be enforced everywhere to be
> legitimately enforced somewhere . . . ."

*U.S. v. Am. Elec. Power Serv. Corp.*, 258 F. Supp. 2d 804, 806 (S.D. Ohio 2003)

(quotation omitted).  Even if this case were "unprecedented," that is not a defense and

Defendants cannot exceed the limits of Fed. R. Civ. P. 26(b).

## CONCLUSION

Defendants' Opposition grasps at undefined and unasserted defenses to justify a

deposition designed to probe irrelevant work product of the Commission and its counsel and to

dig for dirt unrelated to any claim or defense.  For the reasons above, and in the Commission's

Memorandum in Support of its Motion, the Commission requests this Court grant its motion for

protective order to prevent this deposition.


Dated: January 13, 2020                    Respectfully submitted,

                                           */s/ Marc J. Jones*
                                           Marc J. Jones (BBO #645910)
                                           Alfred A. Day (BBO #654436)
                                           Securities and Exchange Commission
                                           Boston Regional Office
                                           33 Arch Street, 24th Floor
                                           Boston, MA 02110
                                           617-573-8947 (Jones)
                                           617-573-4537 (Day)
                                           JonesMarc@sec.gov
                                           DayA@sec.gov
                                           Attorneys for Plaintiff

                                           Virginia M. Rosado Desilets
                                           Sonia G. Torrico
                                           Securities and Exchange Commission
                                           100 F Street, N.E.
                                           Washington, DC 20549


## CERTIFICATE OF SERVICE

I certify that on January 13, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.


Dated: January 13, 2020                    */s/ Marc J. Jones*