UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | ) ) ) ) | Civil Action No. 1:18-cv-11926-PBS |
| Defendants, | ) ) ) | |
| and | ) ) | |
| THE AMVONA FUND, LP, | ) ) ) | |
| Relief Defendant | ) ) | |

**MOTION FOR LEAVE TO RE-OPEN FACT
DISCOVERY TO DEPOSE BRADLEY BONDI**

Now comes the undersigned and hereby respectfully request that this Honorable Court grant leave for Defendants to re-open fact discovery for the limited purpose of deposing Bradley Bondi, counsel for Ligand Pharmaceuticals, Inc. ("Ligand")—the public company whose stock is at issue in this so-called "short and distort" case. This request is reasonable in light of Ligand's late production of certain materials and its assertion of privilege concerning relevant documents and testimony related to Ligand's written presentations to, and meetings with, the SEC in which Ligand urged the SEC to bring this action.

In support whereof, Defendants state as follows:

1. Fact discovery in this matter ended on December 18, 2019. However, there is a pending motion in which the SEC is seeking a protective order in connection with Defendants' timely-served deposition notice pursuant to Fed. R. Civ. P. 30(b)(6), Dkt. No. 40. In addition,

the parties agreed among themselves that Requests for Admissions could be served after the discovery deadline.

2. Expert discovery is ongoing, with a deadline of March 18, 2020.

3. No trial date has been scheduled in this matter.

4. The SEC served Ligand with a subpoena for documents on June 19, 2019. Defendants served Ligand with a subpoena for documents on July 3, 2019.

5. In early August 2019, Defendants' counsel began identifying Ligand deposition witnesses and discussing the scheduling of such depositions with counsel for Ligand and the SEC.

6. After Defendants conducted extended negotiations with Ligand over a Supplemental Protective Order, which this Court entered on October 18, 2019, Ligand produced documents on that date. Ligand's production as of that time included some drafts of a 2014 PowerPoint presentation that Ligand presented to the SEC. The production did not include a PowerPoint presentation that Ligand made to the SEC in 2015, of which Defendants did not learn until December 2019 (discussed further below). The PowerPoint presentations are critical documents that show, *inter alia,* (i) what the alleged victims of the alleged securities violations in this case thought were material misstatements, (ii) what they did not consider to be material, and (iii) errors made in their presentation to the SEC. Further, these documents were drafted by critical witnesses and may help to demonstrate bias in their trial testimony, as well as in the inception of the SEC's investigation. Such discovery is crucial here, especially where one of the alleged false statements that form the basis of the alleged securities violations is essentially a "he said – he said" between two participants of the relevant conversation with two different accounts of what was communicated.

7. On November 15, 2019, counsel for Defendants served Ligand with subpoenas to depose Ligand employees, John Higgins, Matt Foehr, and Todd Pettingill, as well as Ligand pursuant to Fed. R. Civ. P. 30(b)(6). On that same day, counsel for Defendants also served subpoenas to depose Viking Therapeutics, Inc. (the company about which Defendants made two of the four challenged statements at issue in this case) along with its principal Brian Lian, and Bruce Voss from LHA (Ligand's investor relations firm). As set forth above, counsel for Defendants had been in communication with counsel for Ligand regarding the scheduling of these depositions and the witnesses to be deposed more than three months earlier.

8. Ultimately, the parties agreed to schedule the depositions in California the weeks of December 2, 2019 and December 9, 2019. For efficiency's sake, the parties agreed that the individuals being deposed for Ligand would be simultaneously deposed on the topics for which they were designated as the corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).

9. On December 3 and 5, 2019, Defendants deposed Bruce Voss and Matt Foehr, respectively. During the course of these depositions, counsel for Ligand objected to the use of a draft of the 2014 PowerPoint presentation that Ligand made to the SEC, even though counsel for Defendants diligently searched the database to ensure that the document used was the most updated version that Ligand produced. During the course of these depositions, the witnesses also revealed for the first time that there was a separate PowerPoint presentation that Ligand used at its presentation to the SEC the following year, during a meeting attended by Attorney Bondi.

10. After this first week of depositions, on Friday, December 6, 2019, at 9:54 p.m. ET, Ligand's counsel produced for the first time in this litigation (i) the final version of Ligand's 2014 presentation to the SEC and (ii) Ligand's 2015 presentation to the SEC.

11.     Following this late production, the only remaining Ligand witness that was designated to be deposed for any topics pursuant to Fed. R. Civ. P. 30(b)(6) was Ligand's CEO, John Higgins.  At Mr. Higgins' deposition on December 11, 2019, counsel instructed Mr. Higgins not to testify about the discussions concerning what to include in the presentations to the SEC, as well as the reasons for including certain information, on the grounds that it was protected by the attorney-client privilege and the attorney work product doctrine.[1]

12.     Further, Ligand's counsel engaged in a number of direct communications with the SEC regarding the investigation about which Ligand witnesses were unable to testify because they apparently only learned of such communications through their own privileged communications with counsel.

13.     In addition, on the last day of discovery, December 18, 2019, counsel for Ligand sent a letter seeking to claw back a number of documents that had been produced relating to Ligand's presentation to the SEC.

14.     Meanwhile, the SEC continues to object to being deposed regarding its communications with Ligand and its counsel during the investigation that led to this action—notwithstanding Ligand's active role.  *See* Plaintiff's Motion for Protective Order to Prevent Rule 30(b)(6) Deposition, Dkt. No. 40, filed Dec. 17, 2019.

---

[1] Ligand's position in this case that it can withhold documents and testimony based on the attorney work product doctrine is erroneous, as the documents were prepared for the purpose of and ultimately presented to the SEC, a federal agency.  *See* Fed. R. Evid. 502(a);  *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003) (documents that client authorized to be sent to SEC were not entitled to work product protection in litigation against third party); *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 302-06 (6th Cir. 2002) (client could not selectively waive attorney-client privilege and attorney work product by releasing certain documents to government during investigation but continue to assert privilege as to other parties); *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993) (finding work product protection waived as to other private litigants by voluntary submission to SEC).  Accordingly, Attorney Bondi will be able to testify concerning his meetings with the SEC and the preparation of the PowerPoint presentations.

15. In light of the late production of the presentations from Ligand to the SEC, the invocation of privilege and the work product doctrine regarding what was included in the presentations to the SEC, the last-minute effort to claw back documents relating to the presentation by Ligand to the SEC, and the SEC's continued opposition to being deposed about its communications with Ligand, Defendants are seeking leave to re-open fact discovery to depose Mr. Bondi, counsel for Ligand, about his non-privileged communications with the SEC and his relationship with SEC Enforcement staff involved in this litigation. This discovery is highly relevant to key considerations in this litigation, including the materiality of the statements at issue and the credibility of witnesses.

**WHEREFORE**, Defendants respectfully request that this Court grant leave to re-open fact discovery for the limited purpose of permitting Defendants depose counsel for Ligand.

Dated:  January 24, 2020

Respectfully submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT, LLC,
and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
LIBBYHOOPES, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617) 338-9300
dbrooks@libbyhoopes.com
bsullivan@libbyhoopes.com

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

      I hereby certify that the parties have previously conferred with respect to the relief requested in this motion and have attempted in good faith to resolve or narrow the issue, but have been unable to do so.

                                    */s/ Douglas S. Brooks*
                                    Douglas S. Brooks

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on January 24, 2020.

                                    */s/ Douglas S. Brooks*
                                  Douglas S. Brooks