UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br> v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>      Defendants,<br><br> and<br><br>THE AMVONA FUND, LP,<br><br>      Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO REOPEN FACT DISCOVERY**

Six weeks after the close of fact discovery Defendants request something extraordinary: to reopen fact discovery to take the deposition of the *attorney* for one of the *victims* of Defendants' fraud (Ligand Pharmaceuticals, Inc. ("Ligand"), the issuer of the stock Defendants sought to manipulate) about subjects *unrelated* to any of the claims and defenses in this case. Plaintiff opposes this motion as the information Defendants say they seek does not relate to any claim or defense; mischaracterizes how that information could be used; and ignores the obvious and complete impediment that the attorney-client privilege and work product doctrine would bar answering the questions Defendants say they want to ask.  The discovery sought would produce nothing usable in this case, and thus would be disproportionate and beyond the scope of Fed. R. Civ. P. 26(b).  *U.S. v. Sayer*, 450 F.3d 82, 90 (in considering—and rejecting—reopening discovery in civil case, courts consider whether reason for needing more time has "force" and

"whether further discovery is likely to lead anywhere productive").

As an initial matter, and as Defendants concede, they have already taken extensive discovery from Ligand and its personnel, including obtaining approximately 84,000 pages of documents, a Rule 30(b)(6) deposition of Ligand, three depositions of senior Ligand personnel, and a deposition of Ligand's investor relations firm and one of its principals.  The primary basis for Defendants' purported "need" to depose Ligand's counsel is the "late production" of two PowerPoints that Ligand presented to the Commission in late 2014 and 2015—both of which postdate the conduct challenged in this case and both of which are substantially similar to draft versions previously produced.  Defendants questioned Ligand deponents about the 2014 and 2015 presentations to the Commission, and have not explained how their ample opportunity to do so was somehow insufficient.  In any event, whatever Ligand presented or said to the Commission (much less what Ligand personnel discussed with the company's lawyer) has no bearing on whether Defendants engaged in fraud in 2014, as the Commission alleges.  And, even if it were somehow tangentially relevant (which it is not), Defendants identify nothing in the two "late produced" presentations that has any bearing on any claim or defense in this case.

Defendants' motion makes clear their desire to ask about topics unrelated to claims and defenses asserted in this case.  Fed. R. Civ. P. 26(b) (discovery scope limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the need of the case").  They state in the last paragraph of their motion that they want to ask about victim's counsel's "communications with the SEC and his relationship with SEC Enforcement staff involved in this litigation." Mot., ¶ 15.  Nothing about purported after-the-fact "communications" and any "relationship" between Ligand's counsel and the Commission staff who investigated this matter has any bearing on whether Defendant Lemelson made false and

misleading statements as part of his unlawful scheme to profit from his short position in Ligand in 2014. Nor do those topics probe any of the defenses asserted by Defendants. These lines of inquiry are irrelevant and appear designed to delay this litigation and harass the victim of Defendants' fraud.

These topics also echo those Defendants wanted to ask the Commission in a proposed 30(b)(6) deposition related to their unasserted "potential" affirmative defense of selective enforcement, which is the subject of the Commission's Motion for Protective Order. The Commission has briefed this topic in its Reply in Support of its Motion for Protective Order (ECF No. 51), which it incorporates by reference here.

Defendants also state that their proposed deposition of the victim's lawyer is "highly relevant to key considerations in this litigation, including the materiality of the statements at issue and the credibility of witnesses." Mot., ¶ 15. It's not. First, Defendants seem to miss the nature of materiality: "a substantial likelihood that the [information] would have been viewed by the ***reasonable investor*** as having significantly altered the 'total mix' of information made available." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 450 (1976) (emphasis supplied). Materiality is thus an objective standard focused on the perspective of a "reasonable investor." *Id.* at 445 ("The question of materiality, it is universally agreed, is an objective one."). Yet Defendants want to ask the victim-issuer's attorney (not any investor) what the victim-issuer thought was relevant in the false and misleading reports and interviews that formed part of the Defendants' fraudulent conduct.[1] The discussions and deliberations between the victim's personnel and their attorney about which of Defendants' false and/or misleading statements to highlight in presentations to the Commission have no connection to the objective standard of

---

[1] Defendants have stated their intention to ask about this topic in the parties' Local Rule 7.1 conference.

materiality, which focuses on a hypothetical "reasonable investor."

What is more, the only way that victim's counsel could know what Ligand thought was important and/or should be highlighted in a presentation to the Commission is through the counsel's communications with the victim and its personnel—which are, of course, attorney-client privileged in the most bedrock of ways.  It is no more appropriate to depose victim's counsel about what the victim of Defendants' fraud thought was materially false and/or misleading in Defendants' reports and interviews than it would be to depose Defendants' counsel about Defendants' reasons for making those statements or to depose the Commission's counsel about what they thought about Defendants' fraudulent conduct.  In other words, like their request to depose the Commission, Defendants have asked to reopen discovery to ask deposition questions that can result only in an assertion of privilege and/or work product protection.  Defendants provide no reason for the parties to go through such a futile exercise, delaying this case beyond its already extended schedule.[2]

Finally, Defendants request to reopen discovery would cause undue prejudice and delay in this case.  Plaintiff has completed its discovery.  For Defendants now to open a whole new area of inquiry about irrelevant topics and un-asserted defenses would be unfair and would cause undue delay.  Indeed, it would take months.  After the resolution of this motion, Defendants would have to subpoena victim's counsel.  Counsel would presumably move to quash the subpoena.  That motion briefing would take a month or more, and then, if Defendants were successful, they would need to schedule the deposition, causing a few more weeks to a couple of months delay.  Reopening fact discovery for another 2-4 months so Defendants can try to probe

---

[2] The Court previously granted a joint motion to extend the fact discovery deadline from October 4, 2019 to December 18, 2019.  ECF No. 36.  This case was originally filed September 12, 2018 (ECF No. 1) and concerns claims related to events in the summer of 2014.

irrelevant attorney-client communications makes no sense. *Vineberg v. Bissonnette*, 548 F.3d 50, 55 (1st Cir. 2008) (potential delay of proceedings weighs against reopening discovery).

## CONCLUSION

Defendants request is a thinly-veiled attempt to harass and intimidate the victim of their fraud through improper discovery tactics that go far beyond the scope of Rule 26. Defendants' motion to reopen fact discovery should be denied.

Dated: January 28, 2020

Respectfully submitted,

/s/ Marc J. Jones
Marc J. Jones (BBO #645910)
Alfred A. Day (BBO #654436)
Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA 02110
617-573-8947 (Jones)
617-573-4537 (Day)
JonesMarc@sec.gov
DayA@sec.gov
Attorneys for Plaintiff

Virginia M. Rosado Desilets
Sonia G. Torrico
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

## CERTIFICATE OF SERVICE

I certify that on January 28, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

/s/ Marc J. Jones