UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**[PROPOSED] ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING PROTECTIVE ORDERS**

THIS MATTER came before the Court on the motion of Plaintiff, the United States Securities and Exchange Commission (the "Commission"). Having considered the pleadings in this matter, Plaintiff's motion and all materials filed in support of and opposition thereto, and finding that the requested relief is warranted in fact and law, it is hereby:

(1)   **ORDERED** that the parties shall appear before the Court at _____ on _____, 2020 for a show-cause hearing; and it is further

(2)   **ORDERED** that Defendants and any persons acting on their behalf or at their direction are preliminarily enjoined from communicating directly or indirectly with any person other than their counsel about discovery material (or information referenced in discovery material) in this case; and it is further

1

(3)     **ORDERED** that Defendants shall show cause if any exists why they should not be held in contempt for violating the Court's protective orders; and it is further

(4)     **ORDERED** that Defendants shall show cause if any exists why the Court should not impose discovery sanctions including but not limited to an order prohibiting Defendants from using, or making any arguments based upon, any discovery materials disclosed in violation of the Court's protective orders; and it is further

(5)     **ORDERED** that Defendants shall show cause if any exists why the Court should not permanently enjoin Defendants and any persons acting on their behalf or at their direction from communicating directly or indirectly with any person other than their counsel about discovery material (or information referenced in discovery material) in this case; and it is further

(6)     **ORDERED** that Defendants shall produce to the Commission the following materials five (5) days prior to any show-cause hearing:

    a. All documents and communications between Defendants or their agents and any person (other than counsel) comprising or concerning contacts with the press or media, including without limitation records, notes, or recordings of telephonic or VOIP communications (such as Skype or FaceTime communications), telephone bills or logs, text messages, text message bills or logs, emails, other electronic communications (such as communications through WhatsApp, Facebook Messenger, website forms, or similar means), or other communications in any form with members of the press or media (including without limitation print news organizations, publishers of electronic newsletters, internet news or commentary sites, and blogs) from September 2018 to present;

2

b. A statement under oath by Defendant Lemelson concerning whether he transmitted any discovery materials or information derived therefrom to any person other than his counsel between September 2018 and present; and

c. Any and all documents detailing any trading in, or trading related to, Ligand securities, including without limitation any short positions, long positions, or options trading, from September 2018 to present.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2020.

_____
The Hon. Patti B. Saris, U.S.D.J.