UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREGORY LEMELSON and LEMELSON CAPITAL ) <br> MANAGEMENT, LLC, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> THE AMVONA FUND, LP, ) <br> ) <br> Relief Defendant ) <br> ) | Civil Action No. 1:18-cv-11926-PBS <br><br> **LEAVE TO FILE GRANTED ON FEBRUARY 13, 2020** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AND
TO COMPEL GREEK ORTHODOX METROPOLIS OF BOSTON
TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA**

The Commission's Opposition is an improper attempt to prevent Defendants from obtaining discovery to disprove false accusations concerning Fr. Emmanuel's status as a Greek Orthodox priest that the Commission itself injected into this litigation and has now indicated it may use at trial. The Court should not countenance the Commission's attempt to have its cake and eat it too. Notwithstanding its own affirmative role concerning these issues, in order to prevent Defendants from obtaining documents responsive to the Subpoena, the Commission claims that Fr. Emmanuel seeks the third-party discovery solely to address alleged animosity he has with the Greek Orthodox Metropolis of Boston (the "Metropolis")—not for any issue relevant to the trial. That is nonsense. Defendants only served the Subpoena *after* the Commission informed his counsel that ***the Commission*** intended to send its own subpoena to the Metropolis. Through their motion to compel, Defendants simply seek the production of

responsive documents that the Metropolis has wrongfully withheld as privileged and for sanctions as a result of the Metropolis's intentional non-compliance.

> 1. **The Commission Affirmatively Raised the Issue of Fr. Emmanuel's Status as a Greek Orthodox Priest and Whether he had Unsuccessfully Applied to be Ordained With the Metropolis.**

The Commission's argument that the discovery was served so Fr. Emmanuel can address some alleged feud with the Metropolis is baseless and contradicted by the factual chronology. First, Defendants had no intention of serving a subpoena on the Metropolis until counsel for the Commission, shortly after Fr. Emmanuel's November 12, 2019 deposition, told Defendants' counsel that they had been informed Fr. Emmanuel was not a Greek Orthodox priest and that he had unsuccessfully applied to be ordained as a priest through the Metropolis. Dkt. No. 60 at ¶ 3. Counsel for the *Commission* further stated they intended to subpoena the Metropolis to acquire information about these issues, which they claimed was relevant to Fr. Emmanuel's credibility at trial. *Id.* Only then did Defendants' counsel first consider serving their own subpoena on the Metropolis, which it did on December 4, 2019. *See* Dkt. No. 60 at ¶ 5; Dkt. No. 60-1.

Second, the email communications between the Commission and Rev. Barbas refute the Commission's argument that Fr. Emmanuel seeks this discovery for matters outside this litigation. Those communications reflect that the Commission (i) spoke with Rev. Barbas on October 23, 2019 (receiving false information that Fr. Emmanuel was not and never had been affiliated with the Metropolis and that he unsuccessfully applied to be ordained by the Metropolis) (ii) attempted to confirm that information from Rev. Barbas in writing on both October 23 and October 25, 2019, and (iii) did not receive a response from Rev. Barbas until December 4, 2019 at 2:44 p.m. Dkt. No. 60-2. Notably, the return of service on the Subpoena

indicates it was served at 1:44 p.m. on December 4, 2019—just an hour before Rev. Barbas responded to the Commission's email.  *Compare* Dkt. No. 60-2 at 2 *with* Dkt. No. 60-1 at 6.[1]

Third, while the Commission argues in its Opposition that it "did not further pursue third party discovery on the subject and instead asked Lemelson's counsel for clarification," the Commission *never* informed Defendants' counsel that it no longer intended to pursue this issue through discovery or at trial.  Indeed, the Commission's Opposition explicitly states that it *is* reserving the right to pursue this issue.  Dkt. No. 64 at 1 n.1.  Moreover, on December 9, 2019, five days after Defendants served the Subpoena, the Commission forwarded Defendants' counsel the email it received from Rev. Barbas, in which Rev. Barbas partially retracted his prior statements concerning Fr. Emmanuel.  Dkt. No. 60-2 at 1.  Notably absent from the Commission's email is any indication that it no longer planned to pursue these issues at trial.  *Id.*

2. **Rev. Barbas Made False Statements to Defendants' Counsel and has Apparently Made Similarly False Statements to the Commission.**

During conversations with Commission counsel, Defendants' counsel assured them that, contrary to Rev. Barbas' misstatements, Fr. Emmanuel was an ordained Greek Orthodox priest and never applied to be ordained by the Metropolis. Dkt. No. 60 at ¶ 4.  Counsel for the Commission responded that either Fr. Emmanuel or the person with whom they communicated at the Metropolis (which we now know to be Rev. Barbas) was lying, and they doubted a non-party would commit a violation of 18 U.S.C. § 1001 (a federal process crime) by lying to a government investigator.  *Id.*  However, it appears that is exactly what happened.[2]

---

[1] This is not a coincidence.  It appears Rev. Barbas only corrected certain of his misstatements to the Commission *after* receiving the Subpoena and realizing he was effectively being forced to corroborate such misstatements.

[2] The Commission seems not to have taken the rather obvious step of discovering that Rev. Barbas indeed might have a motivation to provide false information about Fr. Emmanuel.  As detailed in the *Boston Globe,* several years ago Fr. Emmanuel was vocal in his public support of removing Rev. Barbas because of Rev. Barbas's alleged role in an incident involving the sexual abuse of a child by a priest in Maine.  *See* Travis Andersen, *Advocates call for removal of top Greek church official*, Boston Globe, Oct. 12, 2016 (*available at* https://www.bostonglobe.com/metro/2016/10/12/advocates-call-for-removal-top-greek-church-

First, as reflected in the Commission's email and in the conversation that the Commission later had with Defendants' counsel, it appears that Rev. Barbas told the Commission that Fr. Emmanuel "is not, and has never been, affiliated with the Greek Orthodox Metropolis of Boston and that you have no records relating or referring to him . . . I understand from our conversation that he applied to the Greek Orthodox Metropolis of Boston to be ordained, but that application was denied." *See* Dkt. No. 60 at ¶ 3; Dkt. No. 60-2 at 3.  Rev. Barbas later appeared to retract that statement in his email, which was sent six weeks after the Commission's initial email and, conspicuously, one hour after the Metropolis was served with the Subpoena.  Nonetheless, Rev. Barbas stood by the false statement that Fr. Emmanuel unsuccessfully applied to be ordained by the Metropolis.  *See* Dkt. No. 60-2 at 2.  Nothing in the Metropolis's production to date in response to the Subpoena substantiates that claim.  *See* Dkt. No. 60-3.

Second, in addition to these apparent false statements to the Commission, Rev. Barbas also made misrepresentations to Defendants' counsel—alleging that the Metropolis had counsel, but refusing to provide counsel's contact information.  *See* Dkt. No. 61-1.  As it turned out, the Greek Orthodox Metropolis of Boston did not have counsel for this matter that was "evaluat[ing]" the issue.  *See* Dkt. No. 61 at ¶ 3.[3]  These misrepresentations, the delay they caused, and the baseless assertion of privilege are the grounds on which Defendants are now seeking sanctions against the Metropolis.

---

official/9TfnKC22sD8ddMYTcIxbCJ/story.html?event=event12).  In short, perhaps the Commission's offensive commentary in its Opposition that "perhaps someone is dissembling" is accurate; but that person is not, as the Commission implies, Fr. Emmanuel.

[3] Despite not retaining counsel in connection with the Subpoena, the Metropolis has access to counsel as it has been involved in multiple lawsuits in recent years, including but not limited to (i) the above-referenced sexual abuse litigation and (ii) *Kastanas v. Greek Orthodox Metropolis of Boston, Inc.* No. 17-2312-L2 (Middlesex Superior Court), in which Father Kastanas has sued the Metropolis for wrongfully retaining his personal property.

### 3. The Commission is Not in a Position to Argue What is Responsive to the Subpoena.

That the Commission filed an Opposition to Defendants' motion to compel at all is curious, as the motion is directed to a third party. First, the Commission failed to move to quash the subpoena at the time it was served, despite receiving notice. *See* Advisory Committee Notes to Fed. R. Civ. P. 45 ("The purpose of such notice is to afford other parties an opportunity to object to the production or inspection"). Second, the Commission has no standing to argue (as it does) that the wrongfully withheld documents are not responsive to the Subpoena. *See Degrandis v. Children's Hospital of Boston*, 203 F. Supp. 3d 193, 198 (D. Mass. 2016) ("As a general rule, a party lacks standing to quash a subpoena issued to a nonparty unless the information sought is privileged or implicates the party's privacy interests"). Third, the Commission has not even seen the wrongfully withheld documents so as to assess their responsiveness. On the other hand, the Metropolis—which has seen them—did *not* take the position that the documents are unresponsive; indeed, if they were, there would have been no reason for the Metropolis to (wrongfully) claim privilege over them. By virtue of its position, the Metropolis waived any argument of responsiveness, an issue the Commission fails to address in its Opposition. *See Day v. Boston Edison Co.*, 150 F.R.D. 16, 21 (D. Mass. 1993).

Finally, the Commission argues that the Subpoena is just an attempt by Fr. Emmanuel to see "what senior members of the Greek Orthodox Church said to each other about Lemelson in December 2015." Opp. at 5. That argument is baseless. Defendants properly sought the materials requested in the Subpoena to establish that there is no support for Rev. Barbas's false statements to the Commission that Fr. Emmanuel is not an ordained Greek Orthodox priest and that he unsuccessfully applied to be ordained by the Metropolis—an issue the Commission reserved its right to pursue at trial. This is clearly within the acceptable bounds of discovery.

| | |
|---|---|
| Dated: February 19, 2020 | Respectfully submitted,<br><br>REV. FR. EMMANUEL LEMELSON,<br>LEMELSON CAPITAL MANAGEMENT, LLC,<br>and THE AMVONA FUND, LP<br><br>By: */s/ Douglas S. Brooks*<br>Douglas S. Brooks (BBO No. 636697)<br>Brian J. Sullivan (BBO No. 676186)<br>LIBBYHOOPES, P.C.<br>399 Boylston Street<br>Boston, MA 02116<br>Tel.: (617) 338-9300<br>dbrooks@libbyhoopes.com<br>bsullivan@libbyhoopes.com |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on February 19, 2020.

*/s/ Douglas S. Brooks*
Douglas S. Brooks