# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br> v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>   Defendants,<br><br> and<br><br>THE AMVONA FUND, LP,<br><br>   Relief Defendant | Civil Action No. 1:18-cv-11926-PBS |

## DEFENDANTS' OPPOSITION TO THE
## SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR LEAVE TO FILE THE DECLARATION OF ALFRED A. DAY UNDER SEAL

   In seeking to seal a ***six-year old email*** concerning a product whose rights Ligand Pharmaceuticals ***no longer owns***, the Securities and Exchange Commission (the "Commission") is yet again improperly doing the bidding of Ligand, a multi-billion dollar pharmaceutical company, in that company's six-year campaign to silence Fr. Emmanuel Lemelson, f/k/a Gregory Lemelson ("Fr. Emmanuel"), a vocal critic of the company's business practices. Indeed, at this point it seems the line between Ligand and the Commission has been erased, and the two act as one. To be clear, in any other context in this case, no party ever should or could have reasonably sought to file this document under seal.

   The Commission's attempt to seal a document containing no sensitive information whatsoever (personal or commercial) is a thinly-veiled attempt to bolster its corresponding

motion to show cause why Fr. Emmanuel should not be held in contempt for violating the protective order governing discovery in this case. As will be explained in full detail in Defendants' response to that motion, Fr. Emmanuel acknowledges violating the protective order by providing a reporter from Barron's with material which had not yet been made public. <u>Fr. Emmanuel takes full responsibility for his actions.</u> However, the *nature* of this particular document is relevant to the Court's determination of whether sanctions are appropriate for this violation and if so, the type of sanctions to impose. No doubt recognizing this, the Commission asks this Court to seal the document, thus attempting to cloak it in an aura of confidentiality that is entirely unwarranted. No legitimate justification exists here for sealing.

## **FACTUAL BACKGROUND**

On Wednesday, February 12, 2020, **Ligand's** counsel reached out to counsel for Defendants and the Commission to discuss a potential violation of the supplemental protective order in this case (the "Protective Order"), Dkt. No. 39. Among other things, the Protective Order prevents parties from using non-public discovery materials for purposes other than this litigation. (Ligand apparently discovered the issue when a journalist from Barron's writing a story about this litigation contacted the company looking for comment.) *See* Sullivan Aff. at ¶ 2. Unsurprisingly, during the above-referenced call, **Ligand's** counsel disclosed to counsel for Defendants that it had already spoken about the issue with the **Commission**. Sullivan Aff. at ¶ 2. On the call, **Ligand's** counsel indicated that Ligand intended to file a motion for sanctions against Fr. Emmanuel for violating the Protective Order. Sullivan Aff. at ¶ 2.

Yet, two days later, on February 14, 2020, the **Commission**, <u>not Ligand</u>, filed a Motion for Order to Show Cause. Dkt. Nos. 68.[1] In conjunction with that motion, the Commission moved this Court for leave to file the declaration of Alfred Day in support of the Motion for Order to Show Cause under seal. Dkt. No. 70.[2] The declaration, a copy of which has not been provided to Defendants' counsel, appears to include one document that Ligand produced in this litigation (LGND_0019421-LGND_0019422), along with an email exchange between Ligand and an individual from Barron's (a copy of which was forwarded to Defendants' counsel). The document is a six-year old email that has ***nothing*** to do with Ligand's current business.

On February 19, 2020, Barron's.com ran a story entitled, "*Hedge Fund Alleges SEC Bias in Short-Selling Case*." Bill Alpert, *Hedge Fund Alleges SEC Bias in Short-Selling Case*, Barron's, Feb. 19, 2020, https://www.barrons.com/articles/hedge-fund-manager-alleges-sec-bias-in-short-selling-case-51582111800. The article principally focused on Defendants' ***public*** allegations of (i) improper collusion between Ligand and the Commission that Defendants claim led the Commission to wrongfully bring this unprecedented and meritless action (detailed most prominently in Defendants' Opposition to the Commission's Motion for Protective Order seeking to prevent a Rule 30(b)(6) deposition, Dkt. No. 45); (ii) Magistrate Judge Cabell's related decision allowing Defendants to depose the Commission concerning, *inter alia*, its communications with Ligand and its counsel (Dkt. No. 55); and (iii) the fact that this case lacks the hallmarks present in all true short-and-distort schemes.[3] At the end of the article, the author

---

[1] Subsequently, Ligand filed a notice of joinder adopting and incorporating the Commission's Motion for Order to Show Cause. Dkt. No. 74.

[2] The motion failed to include the required certification pursuant to Local Rule 7.1. The Commission sent an email to Defendants' counsel at 9:23 a.m. on February 14, 2020, and, without giving Defendants' counsel the opportunity to respond, filed the motion for leave to file the documents under seal at 11:00 a.m. *See* Sullivan Aff. Ex. 1; Dkt. No. 70. In any event, for the reasons stated herein, Defendants would not have assented to the motion.

[3] The collaboration about which Defendants allege resulted in the Commission bringing this unprecedented action continues to be on full display. For example, not only did the Commission file the Motion to Show Cause, but the

quotes the document at issue to show that Ligand's years-long campaign urging the Commission to bring an action against Fr. Emmanuel might have been inconsistent with its own view of certain facts.

**ARGUMENT**

"'A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so.'" *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015) (quoting *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. 07-cv-11444, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008)). "This is because of the longstanding tradition of public access to trials and pre-trial motions in our judicial system—a tradition that is both protected by the common law and the First Amendment." *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 447 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *FTC v. Standard Fin. Mgmt.*, 830 F.2d 404, 408 n.4 (1st Cir. 1987)). "And, at a more practical level, it is driven by administrative concerns. The court expends considerable resources to process and maintain sealed documents." *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 447 (citing *Dunkin Donuts Franchised Restaurants, LLC*, 2008 WL 427290, at *1).

As principal support for its Motion, the Commission notes that Ligand stamped the document at issue "Confidential." The Protective Order provides: "A Producing Party may designate any Discovery Material as 'Confidential' under the terms of this Supplemental Stipulation and Order if the Producing Party believes ***in good faith*** that such Discovery Material contains non-public, confidential, proprietary, personal or commercially sensitive

---

**Commission** actually lodged an objection to Defendants' request to **Ligand**, made pursuant to specific protocols contained in the Protective Order, concerning the filing of the **Ligand** documents attached hereto. Sullivan Aff. Ex. 2. In addition, during counsels' various communications concerning an issue of Defendants challenging a claw back request from Ligand (a matter the parties are still attempting to resolve without need for court intervention), the **Commission** specifically asked the undersigned if he was going to answer a question posed by ***Ligand's*** counsel regarding the issues related to the motion to show cause. Sullivan Aff. Ex. 3.

4

information …" Dkt. No. 39 at ¶ 4 (emphasis added). In making its argument, the Commission fails to disclose to the Court that Ligand's application of this "good faith" requirement resulted in the company marking virtually all the 9,423 documents it produced in this litigation as "Confidential."[4] While the Protective Order provides a mechanism for parties to challenge the confidentiality designation of a Producing Party, challenging the designations of virtually all the 9,423 documents that Ligand produced would have been unnecessarily costly for Defendants and unnecessarily burdensome to this Court. Examples of some of the documents that Ligand marked Confidential in this matter include industry newsletters, Google Alerts received by Ligand employees, and automatic out-of-office notifications. *See* Sullivan Aff. Exs. 4-10. In short, the mere fact that Ligand designated this document as Confidential carries no weight.

Indeed, this Court has made clear that designating a document as confidential under a protective order does not constitute "good cause" to meet the heightened standard necessary to file under seal. *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 448. "Parties therefore may not rely solely on their designations under a discovery protective order to support sealing motions; they must show that each document they seek to seal should be sealed under the appropriate standard." *Id.* This is especially true here given Ligand's overly liberal designation of discovery materials as "Confidential." Because the Commission has not offered any justification for sealing these documents other than Ligand's designation pursuant to the Protective Order, its motion should fail.

The Commission has indicated it will argue that Defendants should have filed a separate motion challenging the confidentiality designation of this document instead of opposing their

---

[4] In fact, Ligand marked all but 20 of the 9,423 total documents it produced in this litigation as "Confidential."

5

motion to file the document under seal.  However, case precedent is clear that the designation of a document as "confidential" under the terms of a protective order and the filing of a document under seal are two distinct issues, subject to different standards.  *See id.*  Therefore, Defendants are following the correct procedures here.

To the extent that the Commission is also arguing that the document should be filed under seal because it relates to a "discovery matter," its argument still fails.  As an initial matter, allowing the motion to seal would unnecessarily add burden and expense to the Court to seal a document that will likely be made public shortly.  As noted in the Commission's Motion for Order to Show Cause, this document has already been used as a deposition exhibit, and this document is likely to be used as an exhibit to Defendants' forthcoming Motion for Summary Judgment.  The presumption of public access applies to such documents.  *See Standard Fin. Mgmt.*, 830 F.2d at 409 ("relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies").  Moreover, a Motion for Order to Show Cause is a non-discovery pre-trial matter for which the presumption of public access also applies.  *See Skyhook Wireless, Inc. v. Google, Inc.*, No. 10-11571, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("we hold there is a presumptive right to public access to all material filed in connection with non-discovery pretrial motions, whether these motions are case dispositive or not….")). "To seal such filings, the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Skyhook Wireless, Inc.*, 2015 WL 13675231,

at *2 (citing *Nixon*, 435 U.S. at 598). The Commission has failed to make such a demonstration here.

## CONCLUSION

For the foregoing reasons, the Commission's Motion for Leave to File the Declaration of Alfred A. Day Under Seal should be denied.

                                              Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON, LEMELSON CAPITAL MANAGEMENT, LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
LIBBYHOOPES, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@libbyhoopes.com
bsullivan@libbyhoopes.com

Dated: February 27, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on February 27, 2020.

                                              */s/ Douglas S. Brooks*
                                              Douglas S. Brooks