# Brian Sullivan

| | |
|---|---|
| **From:** | Bondi, Bradley J. <bbondi@cahill.com> |
| **Sent:** | Wednesday, February 19, 2020 8:35 PM |
| **To:** | Brian Sullivan |
| **Cc:** | Tonolli, Sean P.; McCaughey, William C.; Jones, Marc; Day, Alfred; Douglas Brooks |
| **Subject:** | Re: SEC v. Lemelson, et al., Civil Action No. 1:18-cv-11926-PBS |

We are still going through the documents and evaluating.

_____

**Bradley J. Bondi | Partner**
**Cahill Gordon & Reindel LLP**
1990 K Street, N.W., Suite 950, Washington, D.C. 20006
80 Pine Street, New York, NY 10005
**t**: +1.202.862.8910 | **t**: +1.212.701.3710| **f**: +1.866.836.0501 | bbondi@cahill.com
www.cahill.com

On Feb 19, 2020, at 3:48 PM, Brian Sullivan <BSullivan@libbyhoopes.com> wrote:

Brad:

We have not received a response to this email.  Accordingly, we have proceeded with drafting a motion.  If a motion is not necessary, then please let us know as soon as possible.

Also, as alluded to in our initial email, there are some documents that Ligand has marked confidential, and that have not already been attached to filings, that we will plan to submit as exhibits here.  Pursuant to the Protective Order, please let us know whether you plan to seek a protective order or object to the submission of these documents.  The Bates numbers/deposition transcript pages for those documents are listed below.

- Excerpts of Matthew Foehr's deposition on pages 107-109 and 115-167;
- LGND_0047390-LGND_0047429;
- LGND_0047737-LGND_0047795;
- LGND_0047804-LGND_0047864;
- LGND_0047875-LGND_0047935;
- LGND_0047972-LGND_0048033; and
- LGND_0048069-LGND_0048129.

Pursuant to the Protective Order, your response to whether you object to the filing of these documents is due in five business days, which would be Tuesday, February 25, 2020.  If a motion is necessary, we will plan to file our motion on Wednesday (or earlier depending on if and when we receive your response).

Thanks.

Brian J. Sullivan
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116
Tel: (617) 338-9300 x 310
Fax: (617) 338-9911
bsullivan@libbyhoopes.com
www.libbyhoopes.com

---

**From:** Brian Sullivan
**Sent:** Wednesday, February 12, 2020 6:12 PM
**To:** 'Bondi, Bradley J.' <bbondi@cahill.com>; 'Tonolli, Sean P.' <STonolli@cahill.com>; 'WMcCaughey@cahill.com' <WMcCaughey@cahill.com>
**Cc:** 'Jones, Marc' <JonesMarc@SEC.gov>; 'Day, Alfred' <DayA@SEC.GOV>; Douglas Brooks <dbrooks@libbyhoopes.com>
**Subject:** SEC v. Lemelson, et al., Civil Action No. 1:18-cv-11926-PBS

Brad:

We are sending this email to follow up regarding Monday's telephone conference pursuant to Local Rule 7.1 to attempt to narrow or resolve the motion to compel documents that Ligand previously produced and now seeks to claw back.

First, as an initial matter, we noticed that there are a number of documents that were produced, that are not listed in your claw back request, but are listed in your Supplemental Privilege Log, dated December 18, 2019. Could you please clarify whether Ligand is actually asserting privilege over those documents? Please note that if Ligand intends to add these documents to its claw back request, then we will challenge those documents as well, as those documents are of the same nature of the documents Ligand has listed in its claw back request and the same arguments we have discussed would apply.

Second, with regard to the issue you asked us to clarify on yesterday's call, we do believe that Ligand may be obligated to produce additional documents that it previously withheld as privileged. We would emphasize and reiterate that we do not want any direct attorney-client communications nor are we seeking any analyses of claims that Ligand was considering pursuing itself. That being said, we maintain our position that drafts of presentations that were being created for the sole purpose of meeting with the SEC in an attempt to convince the SEC to engage in litigation against a third-party is not attorney work product. And, to the extent it was ever attorney work product, such protections were waived both by Ligand electing to move forward with its presentations to the SEC and by the disclosure of the documents in this case. Further, we would maintain that while we are not seeking any attorney-client communications, merely copying in-house counsel, Charles Berkman, on drafts of presentations that were designed to go to the SEC and not asking for any legal analysis does not constitute attorney work product. Further, as was done in the initial production, we maintain that the proper treatment for such documents reflecting legal advice from Mr. Berkman with regard to the draft presentations would be to redact those statements (as was done with LGND_0052232-33).

Finally, assuming Ligand can agree to the production of the materials we outlined above, we understand that all parties still reserve their rights to assert any objections with regard to the relevance and admissibility at trial for any of the documents. Also, while we maintain that any work product privilege for these documents has been waived, we would agree not to assert that the agreement between the parties to avoid motion practice here constitutes an additional waiver.

Let us know if this is agreeable to you, in part or in whole, to resolve or narrow the motion. If a motion is necessary, then we will provide a list of proposed exhibits that have been identified as Confidential as required by the Protective

Order, before filing.  We would appreciate if Ligand would provide an expedited response to the handling of the materials marked Confidential so we can get the motion on file as soon as possible, if the motion is necessary.  Thanks.

Brian J. Sullivan
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116
Tel: (617) 338-9300 x 310
Fax: (617) 338-9911
bsullivan@libbyhoopes.com
www.libbyhoopes.com


* * * * * * * * * * * * * * * * * * * *

The information contained in this e-mail message is confidential and may be privileged.  If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you believe you have received this communication in error, please notify the sender immediately by replying to this email and then delete this email from your system.  Thank you.