UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, <br><br> Defendants, <br><br> and <br><br> THE AMVONA FUND, LP, <br><br> Relief Defendant | Civil Action No. 1:18-cv-11926-PBS |

**AFFIDAVIT OF FATHER EMMANUEL LEMELSON IN SUPPORT OF DEFENDANTS' RESPONSE TO THE SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING PROTECTIVE ORDERS**

I, Father Emmanuel Lemelson, hereby swear and declare as follows:

1. I am a canonically ordained priest in the Greek Orthodox Church and have been identified in the Complaint to this action as Gregory Lemelson. I also serve as the Chief Investment Officer of Lemelson Capital Management, LLC. I am an activist investor. Lemelson Capital Management, LLC is the general partner to the Amvona Fund, LP, a pooled investment vehicle.

2. I violated the Protective Orders entered in this case by providing certain documents that were produced by Ligand in this matter, to a journalist at Barron's.

3. I apologize to the Court for violating the Protective Orders and I take full responsibility for my actions.

4.   I have not provided discovery materials produced in this litigation to anyone else or otherwise violated the Protective Orders.

5.   I will not violate the Protective Orders again during the remainder of this litigation.

6.   I was first contacted by the journalist of Barron's in the Fall of 2018, shortly after the original Complaint was filed in this action. This journalist briefly discussed this litigation in an article in October 2018. I communicated with this same journalist again in January 2020.

7.   Prior to being contacted by Barron's, multiple media outlets had written about this litigation, with the majority of the articles simply parroting the allegations made by the Securities and Exchange Commission.

8.   By January 2020, I held a firm conviction that the present enforcement action and Ligand's role in it was demonstrably unfair.

9.   On January 23, 2020, I improperly acted by providing an assortment of 50 pages that Ligand produced in this litigation to Barron's because I believed a fair and objective investigative journalist could help counter the existing false public narrative about this litigation.

10.  The 50 pages Ligand produced in this litigation that I provided to the journalist at Barron's are identified by Bates-page number in the table below:

| LGND_0010818 | LGND_0048124 |
| LGND_0010837 | LGND_0048125 |
| LGND_0010838 | LGND_0048126 |
| LGND_0010839 | LGND_0048127 |
| LGND_0018523 | LGND_0048128 |
| LGND_0018524 | LGND_0048129 |
| LGND_0019421 | LGND_0052230 |
| LGND_0019422 | LGND_0052231 |
| LGND_0020052 | LGND_0056231 |
| LGND_0020054 | LGND_0056234 |
| LGND_0020055 | LGND_0056235 |
| LGND_0020056 | LGND_0056236 |

| LGND_0020057 | LGND_0056237 |
| --- | --- |
| LGND_0020061 | LGND_0056270 |
| LGND_0022923 | LGND_0056271 |
| LGND_0022924 | LGND_0056272 |
| LGND_0022932 | LGND_0056273 |
| LGND_0048070 | LGND_0056274 |
| LGND_0048091 | LGND_0056275 |
| LGND_0048113 | LGND_0057394 |
| LGND_0048118 | LGND_0057402 |
| LGND_0048119 | LGND_0061987 |
| LGND_0048120 | LGND_0061988 |
| LGND_0048122 | LGND_0062003 |
| LGND_0048123 | LGND_0062004 |

11.   In addition to these 50 pages that Ligand produced, I also provided the journalist at Barron's with letters from Ligand's counsel, dated December 18, 2019 and January 13, 2020, a New York Post article, and a portion of the June 16, 2014 report I published.

12.   I did not realize that some of the materials I sent had been subject to clawback requests from Ligand for containing attorney-client communications or attorney work product. However, I was present at the deposition when Ligand's counsel clawed back some of these pages and I have been provided notice of Ligand's written clawback request.

13.   I am in the process of destroying all electronic copies of the materials subject to the clawback request from my computer. As I am currently traveling, I have been unable to destroy all hard copies of these documents that I may possess, but I will do so no later than March 2, 2020.

14.   I started the Amvona Fund in 2012. Since that time, we have had a growing number of investors. I am not aware of any Amvona Fund's investors submitting any complaints about the Amvona Fund, Lemelson Capital Management, or myself to the Securities and Exchange Commission or any other regulatory body.

15. The Amvona Fund has focused on long-term commitments in common stocks, but has also occasionally shorted companies I believed were overvalued, exercised poor corporate governance, or engaged in fraud.

16. Since 2010, preceding the launch of the Amvona Fund, I have published approximately 200 pieces of research and commentary discussing amongst other things, economics, securitization fraud, and high-level security analysis of various common stocks. Of all my published materials and public commentary regarding stocks, the Securities and Exchange Commission has only sought charges related to my statements concerning Ligand.

17. In 2014, I identified Ligand as a company that in my opinion was overvalued in the stock market and had engaged in fraud.

18. I have consistently published materials regarding my positions (and the positions taken by the Amvona Fund) in various securities in an effort to be open, transparent, and to allow my analysis to be subject to public scrutiny. Consistent with my practice when publishing reports, all of my reports regarding Ligand disclosed that the Amvona Fund had taken a short position in Ligand's stock and that it contained my opinion commentary.

19. Since the short report published by Empire Asset Management on August 5, 2014, at least five other entities have published reports criticizing Ligand, and in most cases, also disclosed short positions in Ligand, or referenced sources that had short positions in Ligand. On the date one of those reports was issued, January 16, 2019, Ligand's stock price dropped as much as 25% intra-day.

20. The Amvona Fund did not have a short position in Viking on July 3, 2014.

21. I covered a small portion of the Amvona Fund's short position in Ligand on June 19, 2014. I covered the bulk of the Amvona Fund's short position on August 22, 2014 and October 10 and 13, 2014.

22. Under my direction, the Amvona Fund had over 150% net return on investments in 2019 alone.

23. None of the investors in the Amvona Fund are or ever have been one of my parishioners.

24. All of the investors in the Amvona Fund are accredited investors, and by definition are "sophisticated."

25. In the initial 24 months that the Amvona Fund was launched, the Amvona Fund experienced a 257% gain overall.

26. Full annual reports from 2012-2016, which include audited financial statements for the Amvona Fund are publicly available on the website for Lemelson Capital Management, available at *https://lemelsoncapital.com/reports*.

27. Following the March 18, 2016 article from Bloomberg that reported the Securities and Exchange Commission was investigating me and the Amvona Fund, a number of current and prospective service providers either stopped conducting business or declined to do business with Lemelson Capital Management, The Amvona Fund, myself, and members of my family. In some instances, favorable business terms were reversed and in other instances, restrictions on capital allocation decisions were put in place. These effects cost the Amvona Fund and its investors millions of dollars.

28. I covered my profitable Ligand and Viking short positions, on February 13 and 14, 2020.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

Executed: __02-27-20__   _____
Father Emmanuel Lemelson

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on February 28, 2020.

                                                      */s/ Douglas S. Brooks*
                                                      Douglas S. Brooks