UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | Civil Action No. 1:18-cv-11926-PBS |
| Defendants, | LEAVE TO FILE GRANTED ON MARCH 2, 2020 (ECF NO. 89) |
| and | |
| THE AMVONA FUND, LP, | |
| Relief Defendant. | |

**NOTICE OF WITHDRAWAL OF MOTION FOR LEAVE TO FILE
THE DECLARATION OF ALFRED A. DAY UNDER SEAL**

In connection with its motion for contempt (ECF No. 68), the Commission moved to file

under seal a confidential discovery document counsel strongly suspected that Defendant

Lemelson had disclosed to a Barron's reporter in violation of the Court's protective orders (ECF

Nos. 24 & 70).  The Commission sought to provide this document under seal to enable a

comparison by the Court of the confidential discovery document to the Barron's reporter's

inquiry to Ligand's investor relations firm—a comparison that led to the inescapable conclusion

that the Barron's reporter had received a confidential discovery document in violation of the

Court's protective orders.  At the time, Defendant Lemelson had not yet admitted, as he now

does, that he willfully violated the Court's protective orders by disclosing 50 pages of

confidential discovery materials to the Barron's reporter, including the document the

Commission sought to seal (ECF No. 88 (Lemelson Aff.) at ¶¶ 2-3, 9-12)—a far worse violation

of the Court's protective orders than the Commission initially suspected.

Defendant Lemelson's admission that he violated the Court's protective orders as to 50 pages of confidential discovery obviates the need to file any confidential discovery materials under seal to prove that there was a violation.  **The Commission therefore withdraws its motion to seal (ECF No. 70),** and the Court may disregard references to the Declaration of Alfred A. Day in the Commission's contempt motion (ECF No. 69 at 6-7).

The Commission notes that Defendants' opposition to the Commission's motion to seal was substantively flawed, and indicative of Defendant Lemelson's attempts to use discovery in this matter for improper purposes.  Defendant Lemelson ignored the circumstances giving rise to the Commission's motion to seal:  his calculated leak to the press 50 pages of confidential discovery materials—including documents Ligand sought to claw back as attorney-client privileged—in deliberate violation of this Court's protective orders.  On the heels of this violation, Defendant Lemelson wanted the confidential discovery materials he agreed and was ordered to hold in confidence to be made public.  In effect, Lemelson asked this Court to reward his bad behavior and make public documents that would not now have been presented to the Court, much less publicly filed or disclosed, but for his contempt.  *Cf. Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-36 (1984) (no public right of access to unfiled discovery materials).

Under these circumstances, there was not just good cause, but compelling reason to file under seal.  *Cf. Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes . . . [such as] gratify[ing] private spite or promot[ing] public scandal[.]").  If this Court's protective orders are to have any meaning, it cannot be the case that to seek relief for Lemelson's contempt the Commission would be

compelled to file publicly the leaked confidential discovery documents.  Indeed, that would both

eviscerate the Court's orders and reward Lemelson for his admitted violations.

The Commission withdraws its motion to file under seal (ECF No. 70).

Dated: March 4, 2020                                        Respectfully submitted,

                                                           **SECURITIES AND EXCHANGE**
                                                           **COMMISSION**

                                                           By its Attorneys,

                                                           */s/ Alfred A. Day*
                                                           Marc J. Jones (Mass. Bar #645910)
                                                           Alfred A. Day (Mass. Bar #654436)
                                                           Boston Regional Office
                                                           33 Arch Street
                                                           Boston, MA  02110
                                                           (617) 573-4537 (Day direct)
                                                           (617) 573-4590 (fax)

## CERTIFICATE OF SERVICE

I certify that on March 4, 2020, a copy of the foregoing was electronically filed through
the ECF system and will be sent electronically to all persons identified in the Notice of
Electronic Filing and that paper copies will be sent to those indicated as non-registered
participants.

Dated: March 4, 2020                                        */s/ Alfred A. Day*