UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**MEMORANDUM IN SUPPORT OF
MOTION FOR A MORE DEFINITE STATEMENT OF
DEFENDANTS' UNPLED SELECTIVE ENFORCEMENT DEFENSE**

In their Opposition to the Commission's Motion for Protective Order to prevent the Rule 30(b)(6) deposition of the Commission, Defendants—for the first and only time—argued that they were seeking discovery for a "potential selective enforcement defense." (ECF No. 45 at 17.) The Court, via the Magistrate Judge, then allowed the Rule 30(b)(6) deposition to proceed, holding that Defendants were "permitted to learn the facts underlying their selective enforcement defense." (ECF. No. 55 at 7.) But here is the problem: Defendants have never said what that "potential selective enforcement defense" is, leaving the Commission to defend itself against (and give a deposition about) a vague and provisional assertion of that defense. The Commission asks the Court to remedy that situation by requiring Defendants either to provide a more definite statement of their purported selective enforcement defense, pursuant to Fed. R. Civ. P. 12(e), or

to withdraw it.

A party may move for a more definite statement when the pleading "is so vague that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Here, there is no pleading from which to prepare a response or a defense. To assert a selective enforcement affirmative defense, a defendant must plead that 1) they were intentionally treated differently; 2) from others similarly situated; 3) without a rational basis for that difference in treatment; and 4) that the difference in treatment was because of malicious or bad faith intent to injure them. *Walsh v. Town of Lakeville*, 431 F. Supp. 2d 134, 145 (D. Mass. 2006). Defendants have not revealed who they believe was similarly situated and in what way; they have not explained how or why they were treated differently from those others; and they have not stated any lack of rational basis or bad faith. *See Freeman v. Town of Hudson*, 714 F.3d 29, 39-40 (1st Cir. 2013) (affirming dismissal for "failure to do more than conclusorily state that [plaintiffs] were both similarly situated to and treated differently than unspecified" others); *Barrington Cove Ltd. Partnership v. Rhode Island Housing and Mortg. Finance Corp.*, 246 F.3d 1, 9-10 (1st Cir. 2001) (affirming dismissal where selective prosecution claimant failed to allege, with "reasonable particularity," who was similarly situated, how they were similarly situated, or how government actor acted in bad faith).

The Commission's need for a more definite statement is made more acute by Defendants' choice to assert selective enforcement only *after* the close of discovery.[1] The Commission has had no opportunity to inquire about the parameters of the defense through interrogatories or

---

[1] Defendants were entirely silent about a claim of selective enforcement for fourteen months after the complaint was filed, nine months after they filed their answer, and one month after the close of fact discovery. The Commission's position is and has been that discovery on this selective enforcement defense is not justified at all, and it certainly should not proceed without the clarification sought herein.

depositions, including the defendants' depositions. Nor has the Commission been afforded the chance to develop other evidence to defend itself through discovery.[2] And the motion opposition (the only place where this potential defense is raised) does not contain any particulars about this claim. Because Defendant waited so long to (possibly) assert this defense, the Commission now faces dispositive motions and trial without knowing the basis of the claim and whether it is legally sufficient. In this situation, Rule 12(e) is appropriately applied, as "the challenged pleading [or lack thereof] is so vague or ambiguous that the party cannot reasonably prepare a response." C. Wright & A. Miller, 5C Fed. Prac. & Proc. Civ., § 1376 (3d ed.) (Motion for a More Definite Statement—Scope of Rule 12(e)).

In fact, ordering a more definite statement is one of two options prescribed by the Supreme Court, when a party "files a complaint against a public official alleging a claim that requires proof of wrongful motive" such as selective enforcement and "the trial court must exercise its discretion . . . so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *see Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 67–68 (1st Cir. 2004). This Court should therefor "insist that [Defendants] put forward specific, non-conclusory factual allegations that establish improper motive" and the other elements of Defendants' affirmative defense. *Crawford-El*, 523 U.S. at 598.

## CONCLUSION

The Commission should not have to proceed to trial without knowing the details of Defendants' selective enforcement affirmative defense. For the reasons stated above, the Court should grant Plaintiff's Motion for a More Definite Statement.

---

[2] The Commission reserves the right to petition this Court for discovery on Defendants' selective enforcement defense, to the extent they assert it.

Dated: March 10, 2020

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Marc Jones*
Marc J. Jones (Mass. Bar #645910)
Alfred A. Day (Mass. Bar #654436)
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-4537 (Day direct)
(617) 573-4590 (fax)

## CERTIFICATE OF SERVICE

I certify that on March 10, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

*/s/ Marc Jones*