# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, <br><br> Defendants, <br><br> and <br><br> THE AMVONA FUND, LP, <br><br> Relief Defendant | Civil Action No. 1:18-cv-11926-PBS |

## DEFENDANTS' OPPOSITION TO THE SECURTIES AND EXCHANGE COMMISSION'S MOTION FOR A MORE DEFINITE STATEMENT OF DEFENDANTS' UNPLED SELECTIVE ENFORCEMENT DEFENSE

As explained in Defendants' Opposition to Plaintiff Securities and Exchange Commission's Motion for Protective Order (Dkt. No. 45), during the course of discovery of this matter Defendants have uncovered facts that may support a selective enforcement defense to which they are entitled to seek discovery. Magistrate Judge Cabell agreed and ruled that Defendants could depose the Commission pursuant to Fed. R. Civ. P. 30(b)(6) regarding issues of selective enforcement and bias. Dkt. No. 55 at 7. Notably, Magistrate Judge Cabell acknowledged that the selective enforcement defense had not been raised in an answer, but stated that the application of the "raise-or-waive" rule was not warranted here. Dkt. No. 55 at 7 n.4 (citing *Shervin v. Partners Healthcare Sys., Inc.*, 804 F.3d 23, 52 (1st Cir. 2015) (affirming trial judge's decision to give jury instruction on an unpled statute of frauds defense) ("A district court

may relax the raise-or-waive rule when equity so dictates and there is no unfair prejudice to any opposing party..."). Magistrate Judge Cabell added that the "Commission has not demonstrated how prejudice will occur if Lemelson is allowed to pursue his selective enforcement [defense] at this still relatively early stage of the case." Dkt. No. 55 at 7 n.4.

Despite these rulings, the Commission now seeks to require Defendants to plead its selective enforcement defense prior to the deposition. Defendants respectfully submit that this request is premature and runs directly contrary to the plain language of Magistrate Judge Cabell's decision. *See* Dkt. No. 55 at 7-8.

Further, Defendants have adequately explained the basis of their selective enforcement defense in multiple pleadings, *see* Dkt. Nos. 45, 85,[1] thus providing adequate notice for the Commission to prepare its witness for a Rule 30(b)(6) deposition on the three topics noticed, as ruled by Magistrate Judge Cabell.

## **CONCLUSION**

For the foregoing reasons, the Commission's Motion for a More Definite Statement of Defendants' Unpled Selective Enforcement Defense should be denied.

---

[1] In essence, Defendants allege that they were treated differently by the Commission than other financial analysts because of Fr. Emmanuel's religious affiliation and because Ligand improperly convinced the Commission to pursue this meritless action to suppress Fr. Emmanuel's First Amendment right to free speech.

        Respectfully Submitted,

        REV. FR. EMMANUEL LEMELSON,
        LEMELSON CAPITAL MANAGEMENT,
        LLC, and THE AMVONA FUND, LP

        By: */s/ Douglas S. Brooks*
        Douglas S. Brooks (BBO No. 636697)
        Brian J. Sullivan (BBO No. 676186)
        LIBBYHOOPES, P.C.
        399 Boylston Street
        Boston, MA 02116
        Tel.: (617)-338-9300
        dbrooks@libbyhoopes.com
        bsullivan@libbyhoopes.com

Dated:  March 24, 2020

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on March 24, 2020.

        */s/ Douglas S. Brooks*
        Douglas S. Brooks