**EXHIBIT 3**

1  ERIN E. SCHNEIDER (Cal. Bar No. 216114)
   MONIQUE C. WINKLER (Cal. Bar No. 213031)
2    winklerm@sec.gov
   JASON H. LEE (Cal. Bar No. 253140)
3    leejh@sec.gov
   JOHN K. HAN (Cal. Bar No. 208086)
4    hanjo@sec.gov
   SUSAN F. LAMARCA (Cal. Bar No. 215231)
5    lamarcas@sec.gov
   FITZANN R. REID (NY Bar No. 5084751)
6    reidf@sec.gov

7  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
8  44 Montgomery Street, Suite 2800
   San Francisco, CA 94104
9  (415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| JASON C. NIELSEN, | |
| Defendant. | |

Plaintiff Securities and Exchange Commission (the "Commission") alleges:

**SUMMARY OF THE ACTION**

1.  During the COVID-19 pandemic, Defendant Jason C. Nielsen defrauded other investors for his personal profit.  Specifically, from at least on or about March 2, 2020 to on or about April 13, 2020, Defendant Nielsen engaged in a "pump and dump" scheme involving the stock of Arrayit Corporation ("Arrayit"), a biotechnology company.

2.  Defendant Nielsen, an individual investor who owned approximately 10% of the common stock of Arrayit, posted numerous false and misleading statements on an internet forum that were designed to encourage other investors to buy Arrayit stock and, thereby, drive up the price of

1  the stock.  Nielsen then sold his shares of Arrayit stock at the artificially-inflated price and reaped the

2  profit.

3        3.       Defendant Nielsen used several types of false and misleading statements and

4  omissions of material fact to "pump up" Arrayit stock, including: (A) statements that Arrayit had

5  developed a COVID-19 test; that Arrayit had an Emergency Use Authorization application for the

6  COVID-19 test pending with the U.S. Food and Drug Administration (FDA); and that Arrayit

7  received FDA approval for its COVID-19 test; (B) statements that Nielsen purchased, or intended to

8  purchase, large amounts of Arrayit stock; (C) statements that other investors purchased large amounts

9  of Arrayit stock; and (D) omissions of fact that he owned a substantial financial interest in Arrayit

10  stock and, despite his public promotion of the stock, that he actually intended to "dump" his Arrayit

11  shares.

12        4.       In addition, Nielsen employed a deceptive technique, known as "spoofing," in which

13  he placed – and subsequently cancelled – large orders of Arrayit stock to give the false appearance of

14  a high demand for the security.  Defendant Nielsen posted statements on an internet forum that

15  falsely attributed these purported large bids and purchases of Arrayit stock to other investors.

16        5.       Nielsen's deceptive promotional campaign of Arrayit stock was successful and he

17  received substantial monetary gains by duping other investors.

18        6.       Defendant Nielsen has violated, and unless restrained and enjoined will continue to

19  violate, the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange

20  Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of

21  the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77(q)(a)], as well as Section 9(a)(2) of the

22  Exchange Act [15 U.S.C. §§ 78i(a)(2)].

23                    **JURISDICTION AND VENUE**

24        7.       The Commission brings this action pursuant to Sections 21 and 27 of the Exchange

25  Act [15 U.S.C. §§ 78u and 78aa] and Sections 20 and 22 of the Securities Act [15 U.S.C. §§ 77t and

26  77v].

27

28

COMPLAINT                                    2

8.      This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa] and Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d) and 77v(a)].

9.      Defendant, directly or indirectly, made use of the means and instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, in connection with the acts, transactions, practices, and courses of business alleged in this complaint.

10.     Venue is proper in this District pursuant to Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)] and Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], since acts, practices, and courses of business that form the basis for the violations alleged in this complaint occurred in this District.

11.     Under Civil Local Rule 3-2(e), this civil action should be assigned to the San Jose Division, because a substantial part of the events or omissions which give rise to the claims alleged herein occurred in Santa Clara County.

### THE DEFENDANT

12.     **Jason C. Nielsen**, age 53, is a resident of Santa Cruz, California.

### OTHER RELEVANT ENTITIES

13.      **Arrayit Corporation** is a biotechnology company headquartered in Sunnyvale, California, which purports to focus on the discovery, development, and manufacture of proprietary life science technologies.  Prior to the period, April 14, 2020 through April 27, 2020, when trading in its shares was halted by Order of the Securities and Exchange Commission, Arrayit's common stock, listed as "ARYC," was quoted on OTC Link LLC (previously "Pink Sheets") operated by OTC Markets Group Inc.  Arrayit's shares are currently trading outside of an interdealer quotation system or in the "grey market."

### FACTS

A.     **Defendant Nielsen**

14.     Defendant Nielsen is an individual who has purchased and sold Arrayit stock.  On March 2, 2020, Defendant Nielsen held 114,803,532 shares of Arrayit common stock, which represented 10.19% of Arrayit's total outstanding shares as of that date.  At that time, the total market

1  value of Nielsen's holdings in Arrayit was $1,998,051.26.  According to his brokerage account's

2  opening documents, no one other than Defendant Nielsen is authorized to trade in the account.

3      15.    During all relevant times, Defendant Nielsen used the anonymous username,

4  "PennyStock Alert," to post messages on the internet forum, Investors Hub.  Investors Hub (also

5  known as: Investors Hub.com, Inc.; Ihub; and investorshub.advfn.com) self-describes itself as an

6  internet forum in which investors can gather and share market insights.

7  **B.    Defendant Nielsen's Promotional Touts Regarding Arrayit's Purported**

8  **COVID-19 Test Were False and Misleading**

9      16.    In March and April 2020, the news cycle in America was saturated with reports and

10  commentary on the severity of the COVID-19 virus, the need for accurate and rapid COVID-19 tests,

11  the need for increased COVID-19 testing, and the downturn in the stock market and global economy

12  due to the COVID-19 pandemic.

13      17.    During this time, Defendant Nielsen posted numerous messages on Investors Hub that

14  promoted Arrayit stock claiming that Arrayit had a COVID-19 test; that Arrayit's COVID-19 test

15  was pending Emergency Use Authorization from the FDA; and that Arrayit had received approval for

16  its COVID-19 test.  Examples of such posts include the following:

17

| Date | Time | Post |
|---|---|---|
| 03/11/2020 | 8:55 AM | Opportunity is now ☺ Added more yesterday ☺ |
| | 7:08 PM | LabCorp does not have a Coronavirus test Arrayit has a CoronaVirus test |
| | 7:51 PM | Just trying to keep the facts straight here. Arrayit has a COVID 19 test .... other labs are working frenetically to create what ARYC already has |
| 03/13/2020 | 12:53 PM | They are there seven days a week. I have seen them on Saturdays and Sundays most weekends. |
| 03/14/2020 | 1:00 PM | ******* "Arrayit SARS-CoV-2 test is submitted and pending emergency approval" ******* Brutal for everyone who missed out on the .01's and .02's Looks like I will be adding in the .03's and higher this week and I am fine with it ☺ |
| | 5:45 PM | Thank goodness for undiscovered gems like ARYC. Global pandemic CoronaVirus will require more than 2 labs and that's why Arrayit's COVID 19 Test is being fast tracked for approval..... See you bright and early on Monday, I've got a bid in at .03 just to make sure it gets filled |

| Date | Time | Post |
|---|---|---|
| 03/15/2020 | 10:24 AM | Thank you. I have visited Arrayit on several occasions, received confirmation of the Arrayit CoronaVirus test submission via email, and would give ARYC a Fin of 10+ without hesitation |
| 03/16/2020 | 8:28 AM | The market is looking for another halt. Where should investors go? How about a company that has developed a CoronaVirus Test?? Arrayit! |
|  | 10:26 AM | Looks thin to .05 |
|  | 10:30 AM | I added 98,000 today. |
|  | 11:06 AM | Apparently some sold their shares too early. ….029's up! |
|  | 12:25 PM | Added 98,000 shares today.  I expect to hear an update after hours today or tomorrow. |
| 03/18/2020 | 9:50 AM | After hours news that hasn't even hit the general market. Buy before it does ☺ http://www.arrayit.com/SARS-CoV-2COVID-19TestInstructions.pdf |
|  | 10:31 AM | I'm on the phone with my Broker trying to transfer money into my account before tomorrow |
| 03/20/2020 | 10:08 AM | ARRAYIT [OTC: $ARYC] CoronaVirus Test Approved!! |
| 03/22/2020 | 10:10 AM | ARRAYIT [OTC: $ARYC ] CoronaVirus Test Approved!! http://www.arrayit.com/SARS-CoV-2COVID-19TestInstructions.pdf Order the COVID-19 Test now! covid-19@arrayit.com |
| 03/23/2020 | 12:02 AM | ARRAYIT CoronaVirus Test Approved |
| 03/29/2020 | 12:09 AM | ARRAYIT CoronaVirus Test Approved!! http://www.arrayit.com/SARS-CoV-2COVID-19TestInstructions.pdf |
| 04/05/2020 | 2:47 PM | Arrayit's CoronaVirus Test is FDA approved: https://vimeo.com/400954846 |
| 04/09/2020 | 10:18 AM | Arrayit's CoronaVirus test is EUA approved for home use! https://reviveaz.com/covid-19-testing |

18.    Defendant Nielsen made the statements regarding a purported Arrayit COVID-19 test to generate interest in Arrayit stock.  Defendant Nielsen's use of these posts was deceptive and misleading because, as he promoted Arrayit stock to the investing public, he knew, or was reckless in

1  not knowing, that he failed to disclose the extent of his financial stake in the security and the fact that

2  he was actively selling off his shares.

3      19.    As discussed in more detail below, Defendant Nielsen's trading records reveal that he

4  was dumping his shares close in time to when he was posting messages touting Arrayit's stock.

5      20.    Moreover, Defendant Nielsen's statements that Arrayit's COVID-19 test was pending

6  Emergency Use Authorization and that the test was "approved" were false.  Arrayit did not submit an

7  application for Emergency Use Authorization to the FDA until on or about April 13, 2020.

8  Accordingly, Defendant Nielsen's statements regarding Arrayit's pending application were false at

9  the time they were made (before on or about April 13, 2020).   In addition, as of the filing of this

10  Complaint, Arrayit did not have a COVID-19 test that was approved by the FDA or any other entity.

11  With respect to his statements about Arrayit having an "approved" COVID-19 test, Defendant

12  Nielsen either knew, or was reckless in not knowing, that these statements were false and misleading.

13  **C.**    **Defendant Nielsen's Promotional Touts Regarding his Purchases of Arrayit**

14      **Stock Were False and Misleading**

15      21.    Defendant Nielsen also posted numerous messages on Investors Hub touting his

16  purchases, or intent to purchase, Arrayit stock, in an effort to entice other investors to do the same.

17  However, unbeknownst to the other investors, Defendant Nielsen quietly sold the stock when its

18  share price increased.

19      22.     For example, from on or about March 2, 2020, through on or about March 4, 2020,

20  Defendant Nielsen's public statements on Investors Hub included the following:

21

| Date | Time | Post |
|------|------|------|
| 03/02/2020 | 2:32 PM | My ARYC shares are locked up tight. Willing to wait ☺ ☺ ☺ no problem ☺ ☺ ☺. |
| | 3:46 PM | Keep hitting the ARYC ask ☺ ☺ ☺ ☺ It's not dropping ☺ ☺ ☺ No one is selling ☺ ☺ ☺☺ ☺ |
| | 4:02 PM | Another dark GREEN day! Glad I'm adding! |
| 03/03/2020 | 11:01 AM | Fake wall by someone who is still trying to buy under .2 HIT IT!!!!!! |
| | 8:48 PM | Happy to be adding. Picked up another 44k shares today !! |
| 03/04/2020 | 12:39 PM | I added yesterday and I am adding today. CEARYCform15 |

1    23.    Despite publically promoting the purchase of Arrayit stock, Defendant Nielsen's

2    trading records during this time reveal that the net effect of his trading activity was that he was

3    aggressively selling his shares of Arrayit stock.   From on or about March 2, 2020 through on or

4    about March 4, 2020, Defendant Nielsen executed only 2 purchase orders for 35,000 shares of

5    Arrayit stock, but he executed 20 transactions selling 953,364 shares of Arrayit stock, at an average

6    price of $0.021.

7    24.    Defendant Nielsen's statements are false and misleading because he knew, or was

8    reckless in not knowing, that he failed to disclose material facts, including his substantial financial

9    interest in the stock and the fact that he was planning to sell his shares of Arrayit at the same time that

10   he was recommending buying it to others.

11   25.    As another example, Defendant Nielsen used the same "pump and dump" strategy

12   from on or about March 17, 2020 through on or about March 26, 2020.   His public promotional

13   messages during this time included the following:

14

| Date | Time | Post |
|------|------|------|
| 03/17/2020 | 11:46 AM | It's much easier to buy ARYC, sit and hold, watch share price move up, than to relentlessly and without basis attack the company I'm buying |
|  | 4:39 PM | Where will my $1,000 check be going? More ARYC shares !! President Donald Trump wants the government to send checks to Americans in the next two weeks in an effort to curb the economic cost of the coronavirus outbreak, Treasury Secretary Steven Mnuchin said Tuesday. "The president has instructed me we have to do this now," he said at the White House briefing. |
| 03/18/2020 | 11:48 AM | .03's getting bought up Great news still hasn't hit the general marketplace. Buying before it does. ☺ |
| 03/23/2020 | 9:53 AM | I'm a buyer at this level |

27   26.    Once again, despite claiming to other investors that he was eager to purchase Arrayit

28   stock, the net effect of his trading activity shows that he was aggressively selling his shares.   From on

1  or about March 17, 2020 through on or about March 26, 2020, Defendant Nielsen executed only 1

2  purchase order for 5000 shares of Arrayit stock, but he executed approximately 90 transactions

3  selling 2,620,080 shares of Arrayit stock, at an average price of $0.029.

4     27.    Defendant Nielsen's statements are false and misleading because he knew, or was

5  reckless in not knowing, that he failed to disclose material facts, including his substantial financial

6  interest in the stock and the fact that he was planning to sell his shares of Arrayit at the same time that

7  he was recommending buying it to others.

8     28.    Overall, between on or about March 2, 2020 and on or about April 13, 2020,

9  Defendant Nielsen posted several hundred false and misleading messages on Investors Hub claiming

10 that he bought, or intended to buy, Arrayit stock when, in fact, the net effect of his trading activity

11 was that he aggressively sold those securities.  During this time period, Defendant Nielsen executed

12 only 36 transactions purchasing 2,478,484 shares of Arrayit stock, but he executed 193 transactions

13 selling 6,674,786 shares of Arrayit stock.

14     **D.    Defendant Nielsen Engaged in "Spoofing" to "Pump the Market"**

15     29.    During his promotional campaign, Defendant Nielsen placed large orders for Arrayit

16 stock, subsequently cancelled the orders before they were filled, and then posted messages on

17 Investors Hub falsely attributing these large orders to someone else (often a fictitious investor).  This

18 practice, known as "spoofing," was intended to create the false impression of a high demand for the

19 securities.  For example:

20     30.    On March 4, 2020, between 9:19 a.m. and 9:55 a.m., Defendant Nielsen placed—and

21 subsequently cancelled—three orders to purchase a total of three million shares of Arrayit securities.

22 At 10:08 a.m., he posted on Investors Hub: "Enter…the ARYC [Arrayit] Whales."  At 10:09 a.m., he

23 posted: "Who just bought 3 million shares of ARYC???!!!?????!!!!?????."  In fact, there was no

24 purchase of three million shares of Arrayit securities on March 4, 2020.

25     31.    On March 24, 2020, between 9:19 a.m. and 11:47 a.m., Defendant Nielsen placed—

26 and subsequently cancelled—3 bids for a total of 2.6 million shares.  At 11:49 a.m., he posted on

27 Investors Hub: "Two point five million share Bid!!"  At 11:50 a.m., he further posted: "Iconic on the

28 Bid with 2.5 million?????"  (Iconic Holdings LLC is one of ARYC's creditors).

32.     On March 27, 2020, at 3:40 p.m., Defendant Nielsen placed—and subsequently cancelled—one order to purchase two million shares of Arrayit securities.  At 3:41 p.m., he posted on Investors Hub: "Oh boy, lol…2 million share bid."

33.     On April 7, 2020, at 11:32 a.m., Nielsen placed—and subsequently canceled—one order to purchase two million shares of Arrayit securities.  At 12:16 p.m., he posted on Investors Hub: "Oh look!! A 2 million share Bid!!"

34.     From on or about March 1, 2020 through on or about April 13, 2020, Defendant Nielsen placed—and subsequently canceled— 64 orders for a total of 56,950,400 shares of Arrayit securities.  In numerous instances, Defendant Nielsen posted about a corresponding anonymous bidder or "whale" in the market who supposedly placed the buy orders at issue.

35.     Defendant Nielsen's statements about these large bids and purchases of Arrayit stock by other investors were false and misleading because he, surreptitiously, was the one who placed the purchase orders and subsequently cancelled them.

36.     These statements were also false and misleading because, when making posts encouraging other investors to purchase shares of Arrayit stock, Defendant Nielsen knew, or was reckless in not knowing, that he failed to disclose his substantial financial interest in the stock and that he was planning to sell his shares of Arrayit.

**E.     Defendant Nielsen Profited through his "Pump and Dump" Scheme**

37.     Between on or about March 2, 2020 and on or about April 13, 2020, as a result of Defendant Nielsen's "pump and dump" strategy with Arrayit stock, he realized a profit of approximately $137,000.

38.     On April 13, 2020, the Commission temporarily suspended trading in Arrayit stock, for the period April 14, 2020 through April 27, 2020, due to "questions regarding the accuracy and adequacy of publicly-available information concerning Arrayit Corporation, including: (a) its financial condition and its operations, if any, in light of the absence of any public disclosure by the Company since 2015, and (b) information in the marketplace since at least March 2, 2020, claiming the Company developed an approved COVID-19 blood test."

**FIRST CLAIM FOR RELIEF**

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder)**

39.  Paragraph numbers 1 through 38 are re-alleged and incorporated herein by reference.

40.  Defendant Nielsen, by engaging in the conduct set forth above, directly or indirectly, by use of means or instrumentalities of interstate commerce, or of the mails, or of a facility of a national security exchange, with scienter:  (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons, in connection with the purchase or sale of securities, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and unless restrained and enjoined will continue to violate these provisions.

**SECOND CLAIM FOR RELIEF**

**(Violations of Section 9(a)(2) of the Exchange Act)**

41.  Paragraph numbers 1 through 38 are re-alleged and incorporated herein by reference.

42.  Defendant Nielsen, by engaging in the conduct set forth above, directly or indirectly, by the use of means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, effected a series of transactions in Arrayit stock that created actual or apparent active trading in the stock, and raised the price of the stock, for the purpose of inducing the purchase or sale of such security by others, in violation of Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)], and unless restrained and enjoined will continue to violate this provision.

**THIRD CLAIM FOR RELIEF**

**(Violations of Section 17(a) of the Securities Act)**

43.  Paragraph numbers 1 through 38 are re-alleged and incorporated herein by reference.

44.  Defendant Nielsen, by engaging in the conduct set forth above, directly or indirectly, by use of means or instruments of transportation or communication in interstate commerce, or of the mails:  (a) with scienter, employed devices, schemes, or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements

1   made, in light of the circumstances under which they were made, not misleading; and (c) engaged in

2   transactions, practices, or courses of business which operated or would operate as a fraud or deceit

3   upon other purchasers, in the offer or sale of securities, in violation of Section 17(a) of the Securities

4   Act [15 U.S.C. § 77(q)(a)], and unless restrained and enjoined will continue to violate these

5   provisions.

6   **<u>PRAYER FOR RELIEF</u>**

7        WHEREFORE, the Commission respectfully requests that the Court:

8   I.

9        Enjoin Defendant Nielsen from directly or indirectly violating Sections 9(a)(2) and 10(b) of

10   the Exchange Act [15 U.S.C. §§ 76i(a)(2), 78j(b)], Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-

11   5], and Section 17(a) of the Securities Act [15 U.S.C. § 77(q)(a)].

12   II.

13        Enter an Order requiring Defendant Nielsen to disgorge ill-gotten gains according to proof,

14   plus prejudgment interest thereon.

15   III.

16        Enter an Order requiring Defendant Nielsen to pay civil money penalties pursuant to Section

17   21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. §

18   77t(d)].

19   IV.

20        Enter an Order barring Defendant Nielsen from participating in any offering of a penny stock

21   pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 20(g) of the

22   Securities Act [15 U.S.C. § 77t(g)].

23   **V.**

24        Retain jurisdiction of this action in accordance with the principles of equity and the Federal

25   Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that

26   may be entered, or to entertain any suitable application or motion for additional relief within the

27   jurisdiction of this Court.

28

VI.

Grant such other and further relief as this Court may determine to be just, equitable, and necessary.

Dated:  June 9, 2020

Respectfully submitted,

FITZANN
REID

Digitally signed by
FITZANN REID
Date: 2020.06.09
12:03:50 -07'00'

_____

FITZANN R. REID
Attorney for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION