




**EXHIBIT 7**

SEARCH THE A

Home » News » Press Release

## BARRY MINKOW SENTENCED TO FIVE YEARS' IMPRISONMENT ON STOCK MANIPULATION CONSPIRACY

FOR IMMEDIATE RELEASE                                           July 21, 2011

Wifredo A. Ferrer, United States Attorney for the Southern District of Florida, and John V. Gillies, Special Agent in Charge, Federal Bureau of Investigation (FBI), Miami Field Office, announced that defendant **Barry Minkow**, 44, of San Diego, California, was sentenced today on one count of conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371, for his participation in a scheme to manipulate the stock price of Lennar Corporation (Lennar) through false and misleading statements about Lennar's business operations and management. At today's hearing, U.S. District Court Judge Patricia A. Seitz sentenced Minkow to five years in prison, to be followed by three years of supervised release. In addition, the Court ordered Minkow to pay $583,573,600 in restitution.

According to documents filed with the court, Minkow operated Fraud Discovery Institute, a for profit fraud investigation firm based in California. In this way, Minkow developed ties with federal law enforcement agencies as a purported fraud-finder. During his plea hearing, Minkow admitted making false and misleading statements alleging wide-spread improprieties in Lennar's financial reporting and business structure, and attacking the personal character of Lennar's management.

According to court documents, Minkow was hired to put economic pressure on Lennar to pay money demanded by a business partner in a prior land deal. To this end, beginning in January 2009, Minkow used the Internet, press releases, e-mail communications, Youtube.com videos, and the U.S. mail to broadcast false and misleading statements about Lennar, with the intent of artificially depressing Lennar's stock price. Minkow then used his relationship with federal law enforcement agencies to report false allegations of criminal conduct purportedly committed by Lennar and its management. Once Minkow confirmed that his allegations had successfully induced law enforcement to open a criminal investigation, Minkow used that knowledge and information to trade Lennar securities for his own benefit.

Mr. Ferrer commended the investigative efforts of the FBI and the cooperative efforts of the Miami Regional Office and the Washington DC Office of the Securities and Exchange Commission. This case is being handled by Assistant United States Attorney Cristina Perez Soto.

Return to Top

A copy of this press release may be found on the website of the United States Attorney's Office for the Southern District of Florida at http://www.usdoj.gov/usao/fls. Related court documents and information may be found on the website of the District Court for the Southern District of Florida at http://www.flsd.uscourts.gov or on http://pacer.flsd.uscourts.gov.

**Current Site**
- Department of Justice
  - U.S. Attorneys
    - Southern District of Florida

**Archives**
- Department of Justice
  - U.S. Attorneys
    - Southern District of Florida

USAO ARCHIVE HOME

JUSTICE.GOV/USAO

Accessibility          Justice.gov
FOIA                   USA.gov
Privacy Policy
Legal Policies & Disclaimers



United States Department of Justice

THE UNITED STATES ATTORNEY'S OFFICE
SOUTHERN DISTRICT of CALIFORNIA

U.S. Attorneys » Southern District of California » News

**Department of Justice**

U.S. Attorney's Office

Southern District of California

FOR IMMEDIATE RELEASE　　　　　　　　　　　　　　　　Wednesday, January 22, 2014

## Former Inmate Turned Pastor Barry Minkow Pleads Guilty To Bilking Congregation

United States Attorney Laura E. Duffy announced today that former convict, turned fraud investigator and pastor, Barry Minkow, admitted embezzling and defrauding the San Diego Community Bible Church ("SDCBC") and its congregation out of more than $3 million. Minkow, who is currently in custody after his conviction on unrelated securities fraud charges, entered a guilty plea today in federal court in San Diego before the Honorable William Gallo, United States Magistrate Judge.

As part of his guilty plea, Minkow admitted to a litany of improper conduct, including opening unauthorized bank accounts on behalf of the SDCBC, forging signatures on SDCBC checks, using funds drawn on legitimate church accounts for his personal benefit, and charging unauthorized personal expenses on church credit cards. In addition, Minkow confessed to diverting SDCBC member donations for his own benefit and embezzling money intended as church donations. In all, Minkow admitted purloining – and concealing from the IRS – at least $3 million from SDCBC's parishioners and lenders. As described in court documents, Minkow's conduct continued for over a decade.

U.S. Attorney Laura E. Duffy remarked: "Barry Minkow is again convicted of fraud, this time for stealing money from the parishioners of San Diego Community Bible Church. With our law enforcement partners, we stand vigilant against those who cheat and steal without regard to the consequences wrought on their victims and their communities." The U.S. Attorney observed that in the course of each fraudulent transaction, Minkow abused the position of trust bestowed upon him by SDCBC and its congregation.

Acting Special Agent in Charge of Internal Revenue Service Criminal Investigation for the Los Angeles Field Office, Joel P. Garland stated, "Barry Minkow pled guilty today to embezzling over $3.0 million in money intended as church donations (while employed as a pastor) and concealing it all from the IRS. Barry Minkow has admitted not only his fraud, but his omission of over $890,000 in unreported income and over $250,000 in tax. Today's court action reaffirms IRS Criminal Investigation's commitment to investigating crimes involving tax and other financial crimes."

The fraud on SDCBC is just the latest fraud perpetrated by Minkow. In December 1988, Minkow was convicted of running a Ponzi scheme related to his ZZZZ Best carpet cleaning enterprise, a NASDAQ-traded entity. In that case, Minkow bilked banks and investors of millions of dollars, for which he was sentenced to 25 years in prison. While incarcerated, Minkow became involved in the Christian ministry, and upon his

release in 1995 after having served approximately seven and a half years, he went to work at the Church at Rocky Peak in Chatsworth, California.

In 1997, Minkow became the pastor at SDCBC and soon thereafter founded the Fraud Discovery Institute ("FDI"), a for-profit entity, which allegedly was aimed at the detection and prevention of fraudulent business practices. Through the work of FDI, Minkow soon garnered national media attention as a fraud detection expert, and his turn-around story was profiled on 60 Minutes in August 2006.

Yet even while working through FDI to detect fraud, Minkow was engaged in manipulating the stock prices of the companies he was investigating. Most prominently in 2009, Minkow released a report accusing major homebuilder Lennar of massive accounting irregularities and fraud. In the wake of this report, Lennar's share price was sliced in half – from 11.57 a share to $6.55 a share. According to court records, unbeknownst to the public, Minkow shorted Lennar stock in advance of the issuance of his report. Based on these transactions, Minow was charged with conspiracy to commit securities fraud, and on March 30, 2009, he pled guilty in Miami to conspiring to manipulate Lennar's share price, for which he was sentenced to serve five years in prison and to pay $583.5 million in restitution to Lennar. Minkow is currently serving that sentence at the Federal Medical Center in Lexington, Kentucky.

After pleading guilty today, Minkow faces a maximum of five years in prison, a fine of up to $250,000, and the payment of restitution to his victims. Sentencing is scheduled for April 7, 2014 before U.S. District Court Judge Michael Anello.

U.S. Attorney Laura E. Duffy praised the exacting effort and close cooperation of the Federal Bureau of Investigation and IRS Criminal Investigations -- the investigative agencies on this case.

| **DEFENDANT** | **Case Number:** |
|---|---|
| Barry Minkow | 14CR0153-MMA |

**SUMMARY OF CHARGES**

Conspiracy To Commit Mail Fraud, Wire Fraud, Bank Fraud and To Defraud the United States, in violation of Title 18, United States Code, Section 371 - Maximum penalties: Five years in prison, $250,000 fine, term of supervised release of three years, restitution, and $100 special assessment.

**INVESTIGATING AGENCY**

Federal Bureau of Investigation
IRS Criminal Investigations

---

**Component(s):**
USAO - California, Southern

Updated July 23, 2015

**UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION**

**INVESTMENT ADVISERS ACT OF 1940**
Release No. 3320 / November 22, 2011

**ADMINISTRATIVE PROCEEDING**
File No. 3-14638

| | |
|---|---|
| **In the Matter of**<br><br>**BARRY J. MINKOW,**<br><br>Respondent. | **ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 203(f) OF THE INVESTMENT ADVISERS ACT OF 1940, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS** |

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act") against Barry J. Minkow ("Minkow" or "Respondent").

**II.**

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings, and the findings contained in Section III.3 below, which are admitted, Respondent consents to the entry of this Order Instituting Administrative Proceedings Pursuant to Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions ("Order"), as set forth below.

**III.**

1.  Minkow, age 45, is a resident of Crossville, Tennessee.

2.  From at least 2007 until 2011, Minkow was the founder and principal of Fraud Discovery Institute, Inc., an unregistered investment adviser.

3. On March 22, 2011, Minkow pled guilty to one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371 before the United States District Court for the Southern District of Florida in US v. Barry Minkow, Case No. 11-20209-CR-SEITZ.

4. The count of the criminal information to which Minkow pled guilty alleged, inter alia, that Minkow knowingly and intentionally conspired to execute a scheme and artifice to defraud in connection with Lennar Corporation ("Lennar") common stock and obtained, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of Lennar securities, that the purpose of the conspiracy was to artificially manipulate and depress Lennar's stock price to induce Lennar to make payments of cash and common stock to Minkow's co-conspirator, and that Minkow induced a law enforcement agency to open a criminal investigation against Lennar with a false and misleading report, and subsequently misappropriated that information by trading in Lennar securities for his own personal benefit.

5. On July 21, 2011, Minkow was sentenced to five years in prison, and ordered to pay restitution in the amount of $583,500,000.

### IV.

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanctions agreed to in Respondent Minkow's Offer.

Accordingly, it is hereby ORDERED:

Pursuant to Section 203(f) of the Advisers Act, that Respondent Minkow be, and hereby is barred from association with any investment adviser, broker, dealer, municipal securities dealer, or transfer agent.

Any reapplication for association by the Respondent will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, the satisfaction of any or all of the following: (a) any disgorgement ordered against the Respondent, whether or not the Commission has fully or partially waived payment of such disgorgement; (b) any arbitration award related to the conduct that served as the basis for the Commission order; (c) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission order; and (d) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order.

By the Commission.

Elizabeth M. Murphy
Secretary