

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>And<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

## DECLARATION OF ALFRED A. DAY

I, Alfred A. Day, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. I am counsel of record for the Plaintiff, the Securities and Exchange Commission (the "Commission" or "SEC") in this matter. I make this declaration based upon my personal knowledge, except where indicated, and in support of the Commission's Motion for Partial Summary Judgment.

*The Wells Process*

2. On October 20, 2016, Defendants' prior counsel submitted a 36-page white paper (the "2016 White Paper") to staff of the Commission's Division of Enforcement setting out the reasons they believed they should not be charged.

3. On May 25, 2017, Defendants were given a Wells Notice, informing them of the charges the staff of the Commission's Division of Enforcement were prepared to recommend to the Commission and the factual basis underlying each of those charges.

4. On June 30, 2017, Defendants submitted a 40-page Wells response detailing their reasons why the staff should not recommend the charges detailed in the Wells notice.

5. On October 4, 2017, Defendants' prior counsel met with a Co-Director of the SEC's Division of Enforcement, Steven Peikin, as well as with Enforcement staff, to discuss the investigation and possible charges.

6. On April 26, 2018, Defendants were given a Supplemental Wells Notice, informing them of further charges the staff of the Commission's Division of Enforcement were prepared to recommend to the Commission and the factual basis underlying each of those charges. The additional charges concerned violations of the Investment Advisers Act of 1940 (the "Advisers Act").

7. On June 15, 2018, Lemelson submitted an eleven page supplemental Wells response detailing reasons why the staff should not recommend the Advisers Act charges. The same day, LCM and the Amvona Fund submitted a five page supplemental Wells response.

8. In their white paper and subsequent Wells submissions, Defendants did not raise or otherwise articulate selective enforcement as a reason the staff should not recommend charges to the Commission. While I did not attend October 4, 2017 meeting between Defendants' prior counsel, Co-Director Peiken, and Enforcement staff, I conferred with the Enforcement staff who did attend the meeting and confirmed that Defendants' prior counsel did not raise selective enforcement as a reason not to recommend charges to the Commission.

*The 30(b)(6) Deposition of the Commission*

9. Defendants noticed a 30(b)(6) deposition of the Commission which took place on August 6, 2020. The Commission's 30(b)(6) designee was David Becker, an Assistant Director in the SEC's Division of Enforcement.

10. There were no questions posed during the 30(b)(6) deposition of the Commission regarding Defendant Lemelson's exercise of First Amendment rights. I performed an electronic

search of all transcripts of investigative testimony and depositions taken in this matter and the phrases "First Amendment" and "free speech" do not appear in any of the transcripts.

11. I performed an electronic search of the transcript of the August 6, 2020 30(b)(6) deposition and there are no other instances of the following words and phrases in the transcript—"religion," religious," "priest," "church," or "Greek Orthodox."

12. Topic 3 of the March 2, 2020 30(b)(6) notice of deposition included "relationships between SEC and Ligand's counsel." [*See* SOF ¶30.] In preparing Mr. Becker to testify as the Commission's 30(b)(6) designee with respect to Topic 3, my co-counsel, Marc J. Jones, and I inquired of 29 current and former Commissioners, Commissioners' counsel, senior officers of the Division of Enforcement, and Division of Enforcement staff who were involved in investigating, recommending charges to the Commission, and/or authorizing this enforcement action. While Defendants' counsel did not ask, our inquiry revealed that none had anything more than a passing professional familiarity with any of Ligand's inside or outside counsel, including Mr. Bondi (with the exception of Commissioner Peirce [*see* SOF ¶39]).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge,

Executed on September 30, 2020, in Fayston, Vermont.

> */s/ Alfred A. Day*
> Alfred A. Day