

Home | Previous Page

## U.S. SECURITIES AND EXCHANGE COMMISSION

**Litigation Release No. 20998 / April 14, 2009**

*SEC v. Isaac I. Ovid, Aaron Riddle, J. Jonathan Coleman, Stephen Cina, Cory A. Martin, Timothy Smith, Robert J. Riddle, Jadis Capital, Inc., Jadis Investments, LLC, and Logos Multi-Strategy Hedge Fund I, LP*, Civil Action No. 09-1521 (EDNY)

### SEC Charges Seven Church Leaders in Fraudulent Investment Scheme that Targeted Parishioners

On April 14, 2009, the Securities and Exchange Commission (Commission) filed civil injunctive actions in the United States District Court for the Eastern District of New York charging seven leading members of a church in Queens, N.Y. for orchestrating a fraudulent investment scheme that targeted mostly elderly parishioners. The seven individuals defrauded scores of investors of more than $12 million by making numerous misrepresentations, including promises of returns as high as 75 percent, to encourage them to invest in two hedge funds - the Logos Fund and the Donum Fund. Instead of investing the money as promised, the defendants misappropriated millions of dollars to furnish their own lavish lifestyles with purchases of luxury cars, jewelry, clothing, meals, and expensive foreign travel.

According to the Commission's complaint, filed in federal court in Brooklyn, NY, the fraudulent scheme was orchestrated by seven individuals who were active members and leaders of the church: Isaac I. Ovid; Aaron Riddle; J. Jonathan Coleman; Stephen Cina; Cory A. Martin; Timothy Smith; and Robert J. Riddle. The Complaint alleges that these individuals used two entities to carry out the fraudulent scheme: Jadis Capital, Inc. - the hedge fund manager of the Logos Fund and the Donum Fund - and Jadis Capital's subsidiary, Jadis Investments, LLC, a registered investment adviser and the investment manager of the funds.

The SEC's complaint alleges that between January and November 2005, the defendants raised more than $12 million from more than 80 investors in the two funds by making material misrepresentations including promises of incredible returns. The defendants misrepresented the performance of the Logos Fund, the amount of assets under management, the identity and skill of the portfolio managers, and the level of supervision of the portfolio managers. The defendants also misrepresented the registration status of the Donum Fund by falsely claiming to investors that the fund was registered with the SEC.

The SEC's complaint further alleges that instead of investing the investor funds as promised, the defendants misappropriated investor funds almost as soon as they were obtained, using the money to buy luxury items including a Bentley automobile and expensive watches. They also used investor assets to pay for unauthorized operating expenses incurred by Jadis Capital and Jadis Investments, such as the construction of lavish offices, and to satisfy prior debts owed by Ovid.

The SEC's complaint charges each of the defendants (except Logos Fund) with violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of

1933, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and with aiding and abetting each other's violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. Further, the SEC's complaint charges Jadis Investments and Jadis Capital with violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940, and each of the defendants (except Logos Fund and Robert J. Riddle) with aiding and abetting Jadis Investments' and Jadis Capital's violation of Sections 206(1) and 206(2) of the Advisers Act. Finally, the complaint charges Jadis Investments with a violation of Section 203A of the Advisers Act, and Logos Fund with a violation of Section 7(a) of the Investment Company Act of 1940. The SEC's complaint seeks a final judgment permanently enjoining the defendants from future violations of the above provisions of the federal securities laws, ordering them to disgorge their ill-gotten gains plus prejudgment interest, and ordering them to pay civil monetary penalties.

➤ SEC Complaint in this matter

*http://www.sec.gov/litigation/litreleases/2009/lr20998.htm*

Home | Previous Page      Modified: 04/14/2009