


**U.S. SECURITIES AND EXCHANGE COMMISSION**

ABOUT    DIVISIONS & OFFICES    ENFORCEMENT    REGULATION    EDUCATION    FILINGS    NEWS

**ENFORCEMENT**

Accounting and Auditing Enforcement Releases

Administrative Proceedings

ALJ Initial Decisions

ALJ Orders

Amicus / Friend of the Court Briefs

Delinquent Filings

Fair Funds

Information for Harmed Investors

Litigation Releases

Opinions and Adjudicatory Orders

Receiverships

Stop Orders

Trading Suspensions

# SEC Settles with Operators of Investment Scheme Targeting the Orthodox Jewish Community in Chicago

Litigation Release No. 24848 / July 6, 2020

*SEC v. Zvi Feiner, et al.*, No. 19-CV-06269 (N.D. Ill., Sept. 19, 2019)

The Securities and Exchange Commission has obtained a consent judgment against Chicago resident Zvi Feiner and his company FNR Healthcare, LLC for operating a fraudulent scheme that targeted investors in the Orthodox Jewish community in the Chicago area.

The SEC's complaint, filed on September 19, 2019, alleged that Feiner, FNR, and Feiner's partner, Erez Baver, raised more than $10 million from at least 62 investors to acquire nursing homes and assisted living facilities throughout the Midwest. According to the complaint, the defendants falsely told investors that the investments were low-risk and would generate high returns, and also misappropriated investor funds to pay distributions to earlier investors and for their personal use. The complaint also named Feiner's company Netzach Investments LLC and Baver's company Cedarbrook Management, Inc. as relief defendants for the purposes of recovering investor funds that those companies received from the fraud.

On June 24, 2020, the U.S. District Court for the Northern District of Illinois entered a judgment that permanently enjoins Feiner and FNR from violating the antifraud provisions of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. Without admitting or denying the allegations in the complaint, Feiner, FNR, and Netzach consented to entry of the judgment ordering them to pay disgorgement and prejudgment interest. Baver and Cedarbrook previously settled the SEC's charges by agreeing to permanent injunctive relief and to pay a total of $2,253,734 in disgorgement and prejudgment interest. The amounts of disgorgement and prejudgment interest to be paid by all defendants and relief defendants, together with the appropriateness and amounts of any civil penalties imposed against Feiner, FNR, and Baver, will be determined by the court upon motion by the SEC.

► Final Judgment

*Modified: July 6, 2020*

Accessibility | Budget & Performance | Careers | Contact | Contracts | Data | FOIA | Inspector General | Investor.gov | No FEAR Act & EEO Data | Ombudsman | Plain Writing | Privacy & Security | Related Sites | Site Map | USA.gov | Votes | Whistleblower Protection

https://www.sec.gov/litigation/litreleases/2020/lr24848.htm    1/1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZVI FEINER,<br>FNR HEALTHCARE, LLC, and<br>EREZ BAVER,<br><br>Defendants,<br><br>and<br><br>NETZACH INVESTMENTS LLC, and<br>CEDARBROOK MANAGEMENT, INC.,<br><br>Relief Defendants. | Case No. 19-cv-6269 |

**COMPLAINT**

Plaintiff, the United States Securities and Exchange Commission, alleges the following against Defendants Zvi Feiner ("Feiner"), FNR Healthcare, LLC ("FNR Healthcare"), Erez Baver ("Baver"), and Relief Defendants Netzach Investments LLC ("Netzach") and Cedarbrook Management, Inc. ("Cedarbrook"):

**Nature of the Action**

1. From at least 2014 to 2017, Defendants Feiner and Baver operated a fraudulent scheme involving the misappropriation of proceeds raised through the offer and sale of membership interests in limited liability companies ("LLCs") that would purchase, own, and sell

nursing homes and assisted living facilities. Feiner and Baver ran the scheme primarily through Feiner's company, Defendant FNR Healthcare, where Feiner was the Chief Executive Officer and President, and Baver held the position of Executive Vice President. Since 2014, Feiner and FNR Healthcare raised more than $10 million from at least 62 investors for purported investments in four LLCs: (1) FNR Mountain Crest, LLC ("Mountain Crest"); (2) FNR NVP, LLC ("NVP"); (3) FNR Rosewood, LLC ("Rosewood"); and (4) North Capital Group, LLC ("North Capital"). During this same period, Baver also raised funds and solicited investors for Mountain Crest and Rosewood.

2. Feiner is an ordained Orthodox Jewish rabbi and was a well-regarded figure in the Orthodox Jewish community on Chicago's north side and near north suburbs. As such, he exploited those relationships by soliciting members of the Orthodox Jewish community to invest in his scheme. Baver also solicited investors from this community.

3. The investment strategy promoted by Feiner and Baver involved creating LLCs that would pool together investor funds in exchange for membership interests in the LLCs. Since 2010, Feiner raised investor funds for approximately 20 LLCs, including the four LLCs—Mountain Crest, NVP, Rosewood, and North Capital—offered during 2014 through 2017. Baver began raising funds from investors for certain of these entities starting in 2014.

4. Through the distribution of offering memoranda and/or in oral conversations, the Defendants told investors that their funds would be used to purchase specific nursing home or assisted living facilities and that they would earn high returns from the performance of those investment properties. The Defendants typically represented that the previous owners of the facilities had not maximized the revenue that the facilities could generate and that the Defendants

would improve the operations of the facilities to generate the high returns that they promised to investors.

5. While the Defendants used some of the investor funds to purchase the facilities at issue, they frequently misappropriated investor funds upon receipt for various purposes, including to pay promised distributions to investors in other LLCs, to support other struggling facilities, to pay back loans taken out on other facilities, and for their own personal use. To accomplish this, the Defendants frequently transferred funds between the bank accounts of the numerous LLCs, including Mountain Crest, NVP, Rosewood, and North Capital. Frequent transfers were also made between FNR Healthcare and many of the investment LLCs.

6. During the relevant period, Feiner received at least $3 million from the various LLCs involved in the scheme, including the four LLCs that raised money since 2014, for his personal use. Netzach, an entity controlled by Feiner and owned by his family, also received at least $6 million from FNR Healthcare and from certain investment LLCs. Baver and his company, relief defendant Cedarbrook, received more than $2.5 million combined from the various LLCs, including the four aforementioned LLCs, for their personal use.

7. On at least three occasions since 2014, Feiner sold facilities owned by other LLCs, including FNR Vermilion, LLC ("Vermilion"), FNR Lakeview, LLC ("Lakeview") and FNR South Holland LLC ("South Holland"), without telling the investors, and misappropriated the sale proceeds to support his other projects, to pay money owed to other investors and lenders, and for personal use, rather than distributing a portion of the sales proceeds to investors as he had promised.

8. To date, none of the investors in Mountain Crest, NVP, Rosewood, or North Capital has had their investment principal returned to them. FNR Healthcare and the

approximately twenty LLCs involved in the investment scheme have little or no remaining assets, except, in some cases, the debt-encumbered properties.

## Jurisdiction and Venue

9. The Court has jurisdiction over this action pursuant to Sections 20 and 22 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t and 77v] and Sections 21 and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u and 78aa]. Defendants have, directly or indirectly, made use of the means and instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the acts, practices and courses of business alleged in this Complaint.

10. Venue is proper in this judicial district pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v] and Section 27 of the Exchange Act [15 U.S.C. § 78aa], because many of the acts, transactions and courses of business constituting the violations alleged in this Complaint occurred within the jurisdiction of this district.

## Defendants and Relief Defendants

11. **Zvi Feiner**, age 49, is a resident of Chicago, Illinois. Feiner is the sole owner and managing member of FNR Healthcare and was the managing member of the various LLCs that owned the underlying facilities.

12. **FNR Healthcare, LLC** is an Illinois limited liability company Feiner formed in 2007, with its principal place of business in Skokie, Illinois. FNR Healthcare received investor funds, either directly from investors or through transfers from other related entities.

13. **Erez Baver,** age 39, is a resident of Chicago, Illinois. Starting in 2012 and throughout the relevant period, Baver served as the Executive Vice President of FNR Healthcare.