## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITES AND EXCHANGE COMMISSION, )<br><br>Plaintiff )<br><br>v. )<br><br>GREGORY LEMELSON and LEMELSON CAPITAL )<br>MANAGEMENT, LLC, )<br><br>Defendants, )<br><br>and )<br><br>THE AMVONA FUND, LP, )<br><br>Relief Defendant )<br> ) | Civil Action No. 1:18-cv-11926-PBS |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendants Father Emmanuel Lemelson (identified in the Complaint as "Gregory Lemelson"), Lemelson Capital Management, LLC and the Amvona Fund, LP, move this Honorable Court to grant summary judgment in their favor on all claims asserted by Plaintiff Securities and Exchange Commission in this so-called "short-and-distort" case.

In support of this Motion, Defendants state that the Commission's case is based on four statements made by Fr. Emmanuel that (i) are each either demonstrably true or constitute opinion commentary protected by the First Amendment, (ii) had no impact on the subject company's stock price and therefore were immaterial as a matter of law; and (iii) were made without the requisite scienter.

1

The Commission has failed to present any evidence of any material impact to the stock price of Ligand (the subject of the alleged misstatements in this case).  In fact, the stock price for Ligand went up on all but one of the days of the challenged statement and the undisputed record shows that both parties agree the one day on which the stock price rose was not statistically significant.  This makes the statements immaterial as a matter of law and is fatal to the Commission's claims.

Additionally, the undisputed record shows that Fr. Emmanuel believed in the veracity of the four opinions being challenged: one based on a mathematically *correct* calculation, which the Commission charges was misleading because Fr. Emmanuel's chosen metric (of which it disapproves) made Ligand  "look[] really bad"; two statements about a *different company* than the one he shorted; and one statement based on a telephone call in which the other participant essentially conceded the truth of Fr. Emmanuel's statement and for which Fr. Emmanuel's *real-time* notes corroborate his statement.  And Fr. Emmanuel's actions were in direct opposition to the hallmarks of a typical "short-and-distort" case, as Fr. Emmanuel (1) published all his reports under his own name; (2) expressly disclosed at the beginning of each report that he had taken a short position in Ligand and that he was only expressing his opinions; (3) specifically cited all source materials giving rise to his commentary concerning Ligand; and (4) held on to his short position for months after he issued his reports.  Thus, the Commission has failed to prove scienter and cannot sustain a claim based on the four alleged misstatements as they are protected opinions under the First Amendment.

In addition, the Commission's novel attempt to use Rule 206 of the Investment Advisers Act in the context of an alleged market-manipulation case based on allegedly false statements

fails both because there was no fraud, and because the Commission has provided no evidence

that Fr. Emmanuel defrauded his *own* investors.

Defendants further rely on their Memorandum of Law in Support of Their Motion for

Summary Judgment and accompanying affidavits and exhibits.

WHEREFORE, Defendants respectfully request that the Court enter Summary Judgment

in favor of Defendants.

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com

Dated:  September 30, 2020

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I hereby certify that Defendants' counsel conferred with counsel for the Securities and
Exchange Commission in an attempt to resolve or narrow the issues but was unable to do so.

 */s/ Douglas S. Brooks*
Douglas S. Brooks

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Defendants request to be heard at oral argument on their Motion for Summary Judgment.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on September 30, 2020.

*/s/ Douglas S. Brooks*
Douglas S. Brooks