# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | )<br>) Civil Action No. 1:18-cv-11926-PBS<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| THE AMVONA FUND, LP, | )<br>) |
| Relief Defendant | )<br>) |

## AFFIDAVIT OF DOUGLAS S. BROOKS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Douglas S. Brooks, hereby swear and declare as follows:

1. I am a member in good standing of the Bar of the Commonwealth of Massachusetts and am counsel to Defendants Rev. Fr. Emmanuel Lemelson (identified in the Complaint as "Gregory Lemelson") and Lemelson Capital Management, LLC, and Relief Defendant The Amvona Fund, LP.

2. Attached hereto as Exhibit 1 is a true and correct copy of selected excerpts from the July 20, 2016 Deposition Transcript of Fr. Emmanuel Lemelson.

3. Attached hereto as Exhibit 2 is a true and correct copy of "Lemelson Capital Management announces 10 percent stake in Geospace Technologies (NASDAQ:GEOS), urges immediate share repurchase," published by Lemelson Capital Management on December 1, 2017.

4. Attached hereto as Exhibit 3 is a true and correct copy of "Lemelson Capital Management announces stake in World Wrestling Entertainment (WWE) and calls on Board to Pursue New Management or Ownership," published by Lemelson Capital Management on May 17, 2014.

5. Attached hereto as Exhibit 4 is a true and correct copy of "Update: The Short Case for World Wrestling Entertainment," published by Lemelson Capital Management on April 8, 2014.

6. Attached hereto as Exhibit 5 is a true and correct copy of selected excerpts from the October 16, 2019 Deposition Transcript of Fr. Emmanuel Lemelson.

7. Attached hereto as Exhibit 6 is a true and correct copy of "Ligand Pharmaceuticals (NASDAQ:LGND) – Severe competitive threat to key royalty program and 'going concern' risk drive 100 percent downside," published by Lemelson Capital Management on June 16, 2014.

8. Attached hereto as Exhibit 7 is a true and correct copy of Plaintiff's Amended Complaint, ECF No. 33.

9. Attached hereto as Exhibit 8 is a true and correct copy of Plaintiff's Opposition to Defendants' Motion to Dismiss Dkt. No. 16.

10. Attached hereto as Exhibit 9 is a true and correct copy of a June 17, 2014 email exchange between Bruce Voss, John Higgins, and Matt Foehr produced in this litigation at Bates-pages EPROD-SEC-LIT-E-000000940-42.

11. Attached hereto as Exhibit 10 is a true and correct copy of selected excerpts from the December 3, 2019 Deposition Transcript of Bruce Voss.

12. Attached hereto as Exhibit 11 is a true and correct copy of Bruce Voss' handwritten notes from the June 18, 2014 phone call between Mr. Voss and Fr. Emmanuel produced in this litigation at EPROD-SEC-LIT-E-00000085.

13. Attached hereto as Exhibit 12 is a true and accurate copy of Fr. Emmanuel's notes of his conversation with Ligand's IR firm representative, Bruce Voss, which were produced at EPROD-SEC-LIT-E-00589566-67, as well as a printout of the associated metadata with the document. The metadata reflects that the document was created on June 18, 2014.

14. Attached hereto as Exhibit 13 is a true and accurate copy of a June 20, 2014 email exchange between Bruce Voss, Matthew Foehr, and John Higgins produced in this litigation at Bates-pages EPROD-SEC-LIT-E-000000407-EPROD-SEC-LIT-E-000000408.

15. Father Emmanuel's June 19, 2014 pre-market interview with Benzinga is available at https://www.youtube.com/watch?v=P6ucSfDnO24. The entire length of the interview is 21 minutes, 40 seconds. The interview first mentions Father Emmanuel's short position in Ligand at the 14 minute, 40 second mark in the interview. At the 16-minute mark in the interview, Father Emmanuel initially stated that he spoke with Ligand and then he corrected himself to state that he had spoken to Ligand's IR firm the day before the interview and they "basically agreed" that they understood Promacta was going away. The discussion regarding Ligand ended at approximately the 19 minute, 30 second mark in the interview.

16. Attached hereto as Exhibit 14 is a true and accurate printout of the historical stock prices of Ligand Pharmaceuticals, Inc. (LGND) for 2014. This data was taken from the NASDAQ historical data available at https://www.nasdaq.com/market-activity/stocks/lgnd/historical.

17. Attached hereto as Exhibit 15 is a true and correct copy of "Ligand Pharmaceuticals (NASDAQ: LGND): Appendix Lemelson Capital further increases short stake and reaffirms100% downside risk in Ligand Pharmaceuticals (NASDAQ:LGND), ancillary applications for Promacta and Kyprolis not commercially viable, Duavee sales remain immaterial," published by Lemelson Capital Management on July 3, 2014.

18. Attached hereto as Exhibit 16 is a true and correct copy of Plaintiff's Original Complaint, ECF No. 1.

19. Attached hereto as Exhibit 17 is a true and correct copy of selected excerpts from the December 5, 2019 Deposition Transcript of Matthew Foehr.

20. Attached hereto as Exhibit 18 is a true and correct copy of selected excerpts from the December 12, 2019 Deposition Transcript of Todd Pettingill.

21. Attached hereto as Exhibit 19 is a true and correct copy of excerpts of Viking Therapeutics, Inc.'s Form S-1 Registration Statement filed with the United States Securities and Exchange Commission as filed on July 1, 2014.

22. The term "unaudited" appears 56 times in Viking's S-1, while the term "audited" appears seven times.

23. Attached hereto as Exhibit 20 is a true and correct copy of selected excerpts from the December 12, 2019 Deposition Transcript of Brian Lian.

24. Attached hereto as Exhibit 21 is a true and correct copy of selected excerpts from the December 11, 2019 Deposition Transcript of John Higgins.

25. Attached hereto as Exhibit 22 is a true and correct copy of "Update: Lemelson Capital Further Increases Short Stake in Ligand Pharmaceuticals (NASDAQ: LGND) as LGND

EPS Plunges 76 percent in Q2 2014," published by Lemelson Capital Management on August 4, 2014.

26. Attached hereto as Exhibit 23 is a true and correct copy of "Lemelson Capital Says Ligand Pharmaceuticals' (NASDAQ: LGND) $225M Debt Issuance Solidifies Company's Insolvency, Substantially Raises Specter of Bankruptcy," published by Lemelson Capital Management on August 14, 2014.

27. Attached hereto as Exhibit 24 is a true and correct copy of "Ligand Pharmaceuticals (NASDAQ: LGND): Institutional holders wasting no time dumping stock in response to mounting insolvency and bankruptcy risks," published by Lemelson Capital Management on August 22, 2014.

28. Attached hereto as Exhibit 25 is a true and correct copy of selected excerpts from the August 6, 2020 Deposition Transcript of David Becker, representative of the Securities and Exchange Commission Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

29. Attached hereto as Exhibit 26 is a true and correct copy of this Court's Memorandum and Order on Defendants' Motion to Dismiss, ECF No. 29.

30. Attached hereto as Exhibit 27 is a true and correct copy of a September 19, 2014 email exchange between Todd Pettingill and Nishan de Silva produced in this litigation at Bates-pages LGND_0047298-99.

31. Attached hereto as Exhibit 28 is a true and correct copy of "The Short Case for World Wrestling Entertainment," published on March 17, 2014.

32. Attached hereto as Exhibit 29 is a true and correct copy of "Excerpt From The Amvona Fund, LP's 2015 Annual Report On Geospace Technologies," published on March 26, 2016.

33. Attached hereto as Exhibit 30 is a true and correct copy of the report titled "Ligand Pharmaceuticals Incorporated (LGND) 'If something cannot go on forever, it will stop.' Initiating Coverage with a Sell, $16.00 Price Target" published by Empire Asset Management Company on July 22, 2014.

34. Attached hereto as Exhibit 31 is a true and correct copy of the report titled "Ligand Pharmaceuticals Incorporated (LGND) 2Q2014 Results: Maintain our $16.00 Price Target" published by Empire Asset Management Company on August 5, 2014.

35. Attached hereto as Exhibit 32 is a true and correct copy of an excerpt from the "Monetary Policy Report" published by the Board of Governors of the Federal Reserve System on July 15, 2014.

36. Attached hereto as Exhibit 33 is a true and correct copy of a July 7, 2014 to July 20, 2014 email exchange produced in this litigation at Bates-pages LGND_0000051-53.

37. Attached hereto as Exhibit 34 is a true and correct redacted copy of excerpts of BTIG Statements that include information on Fr. Emmanuel's short transactions regarding Ligand from June 2014 through October 2014.

38. Attached hereto as Exhibit 35 is a true and correct copy of NASDAQ Rule IM 5250-1. The rules are available publicly at https://listingcenter.nasdaq.com/rulebook/nasdaq/rules/nasdaq-5000#nasdaq-rule_5200.

39. Attached hereto as Exhibit 36 is a true and correct copy of Ligand's PowerPoint presentation to the Securities and Exchange Commission titled "Ligand Presentation to the SEC," dated September 25, 2014, produced in this litigation at Bates-pages LGND_0080678-737.

40. Attached hereto as Exhibit 37 is a true and correct copy of excerpts from Ligand Pharmaceuticals Incorporated's Form 10-Q filed with the United States Securities and Exchange Commission on August 5, 2014.

41. Attached hereto as Exhibit 38 is a true and correct copy of Bradley J. Bondi's Wikipedia page available at https://en.wikipedia.org/wiki/Bradley_J._Bondi. Under the section titled "Government Service" it states that Mr. Bondi "served three years on the executive staff of the Securities and Exchange Commission, working as counsel for enforcement actions and regulatory rule-making to Commissioners Paul S. Atkins and Troy Paredes, the former of whom Bondi has co-authored op-eds and journal articles on regulatory policy and securities law."

42. Attached hereto as Exhibit 39 is a true and correct copy of an email exchange between Bradley Bondi and Scott Friestad of the Securities and Exchange Commission between May 18, 2015 and May 21, 2015, produced in this litigation at Bates-pages EPROD-SEC-LIT-E-001189144-47.

43. Attached hereto as Exhibit 40 is a true and correct copy of a PowerPoint presentation titled "Ligand Presentation to the SEC," dated June 8, 2015, produced in this litigation at Bates-pages LGND_0080738 - LGND_0080799.

44. Attached hereto as Exhibit 41 is a true and correct copy of selected excerpts from the December 6, 2018 Transcript of Motion to Dismiss Hearing in the above-captioned matter.

45. Based on my review of all the materials the Commission has produced in discovery in this matter, it does not appear that the Commission interviewed any of Fr. Emmanuel's investors prior to filing its Complaint on September 12, 2018.

46. Attached hereto as Exhibit 42 is a true and correct copy of excerpts from Defendants' First Set of Interrogatories to the Commission, served on June 13, 2019.

47. Attached hereto as Exhibit 43 is a true and correct copy of excerpts from Defendants' First Set of Requests for Production of Documents to the Commission, served on June 13, 2019.

48. Attached hereto as Exhibit 44 is a true and correct copy of excerpts from the Commission's Responses and Objections to Defendants' First Set of Interrogatories to the Commission, served on July 24, 2019.

49. Attached hereto as Exhibit 45 is a true and correct copy of excerpts from the Commission's Responses and Objections to Defendants' First Set of Requests for Production of Documents to the Commission, served on July 24, 2019.

50. The Commission did not serve an affirmative expert report in this matter.

51. On January 17, 2020, Defendants served the Commission their expert report of Aaron Dolgoff.

52. On February 28, 2020, the Commission served the Defendants its rebuttal expert report of Erin Smith.

53. The experts agreed that Ligand traded in an efficient market.

54. The experts also agreed that there was no evidence that Fr. Emmanuel's statement about the debt to tangible equity ratio, which is the Commission's fourth alleged misstatement in this case, had any material impact on Ligand's stock price.

55. Attached hereto as Exhibit 46 is a true and correct copy of selected excerpts from the July 21, 2016 Deposition Transcript of Fr. Emmanuel Lemelson.

56. Attached hereto as Exhibit 47 is a true and correct copy of selected excerpts from the July 22, 2016 Deposition Transcript of Fr. Emmanuel Lemelson.

57. Attached hereto as Exhibit 48 is a true and correct copy of selected excerpts from the November 12, 2019 Deposition Transcript of Fr. Emmanuel Lemelson.

58. Attached hereto as Exhibit 49 is a true and correct copy of selected excerpts from the November 20, 2019 Deposition Transcript of Michael Johns.

59. Attached hereto as Exhibit 50 is a true and correct copy of selected excerpts from the November 18, 2019 Deposition Transcript of Nicolas Jabbour.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

Executed: September 30, 2020                  */s/ Douglas S. Brooks*
                                                                Douglas S. Brooks

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on September 30, 2020.

                                                                */s/ Douglas S. Brooks*
                                                                Douglas S. Brooks