```
 1                UNITED STATES DISTRICT COURT
 2                 DISTRICT OF MASSACHUSETTS
 3   _____
                                    )
 4   SECURITIES AND EXCHANGE        )
     COMMISSION,                    )
 5                                  )
               Plaintiff,           )
 6                                  ) Civil Action No.
          v.                        ) 1:18-cv-11926-PBS
 7                                  )
     GREGORY LEMELSON and LEMELSON  )
 8   CAPITAL MANAGEMENT, LLC,       )
                                    )
 9             Defendants,          )
                                    )
10        and                       )
                                    )
11   THE AMVONA FUND, LP,           )
                                    )
12             Relief Defendant.    )
     _____)
13
14                       VOLUME 1
15      VIDEOTAPED DEPOSITION OF GREGORY (EMMANUEL)
16   LEMELSON, taken on behalf of the Plaintiff at the
17   U.S. Securities and Exchange Commission, 33 Arch
18   Street, Boston, Massachusetts, beginning at 9:35
19   a.m. and ending at 4:55 p.m., on Wednesday,
20   October 16, 2019, before Carol H. Kusinitz,
21   Registered Professional Reporter and Notary Public
22   in and for the Commonwealth of Massachusetts.
23
24
25   JOB No. 191016DWA
```

```
 1  APPEARANCES:
 2
    For Plaintiff:
 3
        U.S. Securities and Exchange Commission
 4      Boston Regional Office
        Division of Enforcement
 5      BY: Marc Jones, Esq.
            617.573.8947, JonesMarc@sec.gov
 6          Alfred A. Day, Esq.
            617.573.4537, DAYA@sec.gov
 7      33 Arch Street, Suite 2400
        Boston, MA  02110
 8
        - and -
 9
        U.S. Securities and Exchange Commission
10      Division of Enforcement
        BY: Sonia G. Torrico, Esq.
11          202.551.3515, torricos@sec.gov
        100 F Street, N.E.
12      Washington, DC 20549
13
    For Defendants and Relief Defendant:
14
        Libby Hoopes
15      BY: Douglas S. Brooks, Esq.
            617.338.9300, dbrooks@libbyhoopes.com
16          399 Boylston Street
            Boston, MA  02116
17
18  Also Present:  Elyse Elsenbrook
19
20  Videographer:  Garner Willis
21
22
23
24
25                      * * *
```

I N D E X

| WITNESS | EXAMINATION | PAGE |
|---|---|---|
| GREGORY (EMMANUEL) LEMELSON | | |
| | BY MR. JONES | 8 |

* * *

E X H I B I T S

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | 13-page printout from Lemelson Capital Management website headed "Lemelson Capital - History" | 10 |
| Exhibit 2 | Answer of Defendants to Amended Complaint | 100 |
| Exhibit 3 | Tables and spreadsheets relating to The Amvona Fund, LP, Bates Nos. Amvona_00001-13 | 110 |
| Exhibit 4 | Multi-page Lemelson Capital Management document headed "Document 12-1, Ligand Pharmaceuticals (NASDAQ:LGND)" | 172 |
| Exhibit 5 | Multi-page Lemelson Capital Management document headed "Document 12-2 Ligand Pharmaceuticals (NASDAQ: LGND): Appendix" | 172 |
| Exhibit 6 | Multi-page Lemelson Capital Management document headed "Document 12-3, Update: Lemelson Capital Further Increases Short Stake in Ligand Pharmaceuticals (NASDAQ: LGND) as LGND EPS Plunges 76 percent in Q2 2014" | 172 |

```
 1                E X H I B I T S  (Continued)
 2   NO.                DESCRIPTION                      PAGE

 3   Exhibit 7    Multi-page Amvona document headed      172
                  "Document 12-4, Lemelson Capital
 4                Says Ligand Pharmaceuticals'
                  (NASDAQ: LGND) $225M Debt Issuance
 5                Solidifies Company's Insolvency,
                  Substantially Raises Specter of
 6                Bankruptcy"

 7   Exhibit 8    Six-page document headed "Document     172
                  12-5, Ligand Pharmaceuticals
 8                (NASDAQ: LGND): Institutional
                  holders wasting no time dumping
 9                stock in response to mounting
                  insolvency and bankruptcy risks"
10
     Exhibit 9    Multi-page GSK document headed         208
11                "Press Release, Second quarter 2014,
                  Issued:  Wednesday, 23 July 2014,
12                London U.K."

13   Exhibit 10   Multi-page GSK document headed         215
                  "Press release, First quarter 2014,
14                Issued: Wednesday, 30 April 2014,
                  London U.K."
15
     Exhibit 11   Multi-page GSK document headed         226
16                "Press Release, Fourth Quarter 2012,
                  Issued:  Wednesday, 6 February 2013,
17                London, U.K."

18   Exhibit 12   Four-page email to Jesse Perkins       261
                  from Emmanuel Lemelson dated
19                9/6/2014, with list of attachments

20   Exhibit 13   Four-page email to allanrudolf         265
                  @yahoo.com from Emmanuel Lemelson
21                dated 9/7/2014, with list of
                  attachments
22
     Exhibit 14   Four-page email to johnx99y            266
23                @yahoo.com from Emmanuel Lemelson
                  dated 9/7/2014, with list of
24                attachments

25
```

```
 1              E X H I B I T S (Continued)
 2    NO.               DESCRIPTION                    PAGE

 3    Exhibit 15   Three-page email to Dimitrios        269
                   Karakoutas from Emmanuel Lemelson
 4                 dated 9/17/2014, with list of
                   attachments
 5
      Exhibit 16   Three-page email to William Ware     272
 6                 from Emmanuel Lemelson dated
                   10/3/2014, with list of attachments
 7
      Exhibit 17   Five-page email to ruvent@gmail.com  276
 8                 from Emmanuel Lemelson dated
                   11/10/2014, with list of attachments
 9
      Exhibit 18   Email to Edward Gu from Emmanuel     279
10                 Lemelson dated 10/9/2014, Bates No.
                   SEC-Lemelson-E-0366451
11
      Exhibit 19   Email to el@lemelsoncapital.com and  286
12                 a long list of bcc's from Emmanuel
                   Lemelson dated 6/16/2014, Bates No.
13                 SEC-Lemelson-E-0184019

14    Exhibit 20   Email to el@lemelsoncapital.com and  290
                   a long list of bcc's from Emmanuel
15                 Lemelson dated 6/19/2014, Bates Nos.
                   SEC-Lemelson-E-0117738 - 7740
16
      Exhibit 21   Email chain, the top email to        296
17                 Jennifer Bloom from Emmanuel
                   Lemelson dated 7/2/2014, with list
18                 of attachments, Bates Nos.
                   SEC-Lemelson-E-0117738 - 7740
19
      Exhibit 22   Email chain, the top email to Lori   299
20                 Schumacher from Emmanuel Lemelson
                   dated 7/21/2014, Bates Nos.
21                 SEC-Lemelson-E-0042035 - 2039

22    Exhibit 23   Email to Emmanuel Lemelson from      304
                   Michael Johns dated 9/3/2014, Bates
23                 Nos. SEC-Lemelson-E-0073067 - 3071

24

25
                                                          5
```

 1              E X H I B I T S  (Continued)

 2   NO.                  DESCRIPTION                        PAGE

 3   Exhibit 24   Lemelson Capital Management letter          305
                  dated September 4, 2014, headed
 4                "Dear Partners," from Emmanuel
                  Lemelson, with Appendix, Bates Nos.
 5                SEC-Lemelson-E-0073131 - 3136

 6   Exhibit 25   Multi-page slide deck titled "The           312
                  Amvona Fund, LP, Long-biased US
 7                equity fund"

 8   Exhibit 26   Email chain, the top email to Lori          325
                  Schumacher from Emmanuel Lemelson
 9                dated 8/14/2014, Bates Nos.
                  SEC-Lemelson-E-0119248 - 250 with
10                attached document headed "Section
                  3 - Investor Signature Page"
11
     Exhibit 27   Objections and Responses to                 332
12                Plaintiff's First Set of
                  Interrogatories to Defendants
13
                           * * * *
14

15            EXHIBITS BOUND SEPARATELY

16

17

18

19

20

21

22

23

24

25

                                                              6

P R O C E E D I N G S

THE VIDEOGRAPHER: We are now recording and on the record. My name is Garner Willis. I'm a Legal Video Specialist on behalf of Gradillas Court Reporting.

Today's date is October 16, 2019, and the time is 9:35 a.m. This is the deposition of Gregory Lemelson in the matter of Securities and Exchange Commission, Plaintiff, versus Gregory Lemelson, et al., Defendant, in the U.S. District Court of Massachusetts, Case No. 1:18-cv-11926-PBS.

This deposition is being taken at 33 Arch Street, Boston, Mass. 02110, on behalf of the Plaintiff. The court reporter is Carol Kusinitz of Doris O. Wong and Associates.

Counsel will state their appearance, and the court reporter will administer the oath.

MR. JONES: Good morning. I'm Marc Jones for the Plaintiff Securities and Exchange Commission.

MR. DAY: Al Day for Plaintiff Securities and Exchange Commission.

MS. TORRICO: Sonia Torrico for Plaintiff Securities and Exchange Commission.

MR. BROOKS: Good morning. Doug Brooks,

1  counsel for Father Emmanuel Lemelson, Lemelson
2  Capital Management and The Amvona Fund.
3           GREGORY (EMMANUEL) LEMELSON
4  a witness called for examination by counsel for the
5  Plaintiff, having been satisfactorily identified by
6  the production of his driver's license and being
7  first duly sworn by the Notary Public, was examined
8  and testified as follows:
9                 DIRECT EXAMINATION
09:36:48 10  BY MR. JONES:
11     Q.   Good morning.
12     A.   Good morning.
13     Q.   My name is Marc Jones.  I'm a Plaintiff --
14  attorney for the Plaintiff, Securities and Exchange
09:37:01 15  Commission.
16          Are you appearing here today pursuant to a
17  subpoena in this litigation?
18     A.   It appears so.
19     Q.   Okay.  Is that a yes?
09:37:12 20     A.   To the best of my knowledge.
21     Q.   Okay.  And for the course of the day, I'm
22  only going to ask you to the best of your knowledge.
23  I can only ask you what you know, and if you don't
24  know, please tell me.
09:37:24 25          If you don't understand one of my

8

|  | 1 | Q. Okay. |
|---|---|---|
|  | 2 | A. -- fairly clearly. |
|  | 3 | Q. Do you know how risky it is that you would |
|  | 4 | have to return the shares before you're ready? |
| 10:14:51 | 5 | MR. BROOKS: Object to the form. |
|  | 6 | A. As I stated, it's my understanding that it |
|  | 7 | happens almost never. |
|  | 8 | Q. What's that basis of that understanding? |
|  | 9 | A. Speaking with the brokerage firms, |
| 10:15:05 | 10 | research, reading online. |
|  | 11 | Q. Okay. When you engaged in short selling, |
|  | 12 | you would ultimately make a decision to cover. |
|  | 13 | That's what you said? |
|  | 14 | A. Yes. |
| 10:15:21 | 15 | Q. Okay. What goes into a decision -- what |
|  | 16 | goes into your decision on when to cover a short |
|  | 17 | sale? |
|  | 18 | A. Well, it depends on the specific |
|  | 19 | investment. Each investment is different. |
| 10:15:36 | 20 | Q. Okay. Are there factors that you use to |
|  | 21 | make a determination of when to cover? |
|  | 22 | A. Not blanket factors. Each investment's |
|  | 23 | different. |
|  | 24 | Q. Okay. You engaged in a short sale in |
| 10:15:50 | 25 | Ligand in 2014, correct? |

44

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | A.  Yes.                                                 |
|          | 2  | Q.  And you covered that sale also in 2014?              |
|          | 3  | A.  We covered the short on the Ligand fraud,            |
|          | 4  | yes, in 2014.                                            |
| 10:16:00 | 5  | Q.  You invested in a Ligand fraud?                      |
|          | 6  | A.  No, we sold short a Ligand fraud.  That's            |
|          | 7  | different than investing in --                           |
|          | 8  | Q.  I see.  And by "Ligand fraud," what are you          |
|          | 9  | referring to?                                            |
| 10:16:10 | 10 | A.  I'm referring to the fraud at Ligand                 |
|          | 11 | Pharmaceuticals.                                         |
|          | 12 | Q.  Okay.  What are the parameters of that               |
|          | 13 | fraud?                                                   |
|          | 14 | A.  Oh, there's many.  As you know, we've                |
| 10:16:23 | 15 | issued two letters to Congress about it and              |
|          | 16 | published 55 pages of research.  I think we've given     |
|          | 17 | 11 interviews on it, submitted three whistleblower       |
|          | 18 | reports to your agency.                                  |
|          | 19 | Q.  What were the factors that went into                 |
| 10:16:40 | 20 | deciding to cover your investment in Ligand?             |
|          | 21 | A.  Exposing the Ligand fraud was a lot of               |
|          | 22 | work, and it became clear eventually that there were     |
|          | 23 | a lot of structure around promoting that fraud.          |
|          | 24 | There was their investment banks and their what          |
| 10:17:05 | 25 | appeared to be paid shills, the participation of         |

45

```
10:18:24   1  new short sale of Ligand?
           2      A.  Well, I realized the company continued to
           3  engage in fraud and that the regulatory bodies like
           4  the SEC were not going to do anything about it, and
           5  since the company had done nothing to remediate
           6  their fraud, I decided to short the company again.
           7      Q.  Between 2014 and 2019, did you invest in
           8  Ligand?
           9      A.  No.
10:18:39  10      Q.  Between 2014 and 2019, did you invest in
          11  Viking Pharmaceuticals?
          12      A.  No.
          13      Q.  Or Viking Therapeutics, excuse me.
          14      A.  No.
10:18:54  15      Q.  Going back to 2014, you said that your
          16  decision to cover the stock was based on, at least
          17  in part, the work that you had done to expose the
          18  fraud at Ligand; is that correct?
          19      A.  Yes, the work I did to expose the fraud.
10:19:18  20      Q.  And that work -- so you decided that you
          21  had finished your work on exposing that fraud, and
          22  so it was time to cover?
          23      A.  Well, I realized that there was a
          24  tremendous amount of participants in promoting that
10:19:34  25  fraud, large entities who promoted other frauds, and
```

47

```
 1  actually.  I do.  And I think it's --
 2       Q.   You're saying -- what's how I deal with it?
 3       A.   -- borne out by the transcript.  I think
 4  when anybody reads that transcript, they can see the
 5  tremendous abuses.  I'm so glad it's there.  Not all
 6  of them, but the majority of it is.
 7       Q.   So what's the connection between you being
 8  a whistleblower and you having this securities fraud
 9  action brought against you?
10       A.   Well, you have to be more specific.
11       Q.   Well, you've alleged that there's a
12  connection between you being a whistleblower and
13  having a securities fraud action brought against
14  you.  What is it?
15       A.   I believe that that's your way of dealing
16  with it.  Rather than dealing with the actual fraud
17  at hand, you've chosen to go after the
18  whistleblower.
19            That whistleblower report was filed well in
20  advance of your decision not only to bring charges
21  but even to take my testimony.  Plus the fraud was
22  explained to you in no uncertain terms in my
23  testimony and all the documents I provided to you
24  and the Commission, including my entire hard drive,
25  which held nothing back.
```

106

|  | 1 | A. Yes. |
| --- | --- | --- |
|  | 2 | Q. Is this a document produced by you and your |
|  | 3 | business in the course of this litigation, |
|  | 4 | investigation and litigation? |
| 16:14:56 | 5 | A. I don't recall specifically producing this |
|  | 6 | email. |
|  | 7 | Q. All right. You don't know whether you did |
|  | 8 | or not? |
|  | 9 | A. I gave the SEC my entire hard drive -- |
| 16:15:00 | 10 | Q. Okay. |
|  | 11 | A. -- essentially. |
|  | 12 | Q. Did Mr. Griesemer sign up with The Amvona |
|  | 13 | Fund? |
|  | 14 | A. Yes, he did. |
| 16:15:07 | 15 | Q. Did you execute his subscription agreement? |
|  | 16 | A. I don't recall, but it appears I did if |
|  | 17 | this document is accurate. |
|  | 18 | Q. Looking at the last page of the document, |
|  | 19 | the subscription agreement investor signature page, |
| 16:15:24 | 20 | do you see a signature for you on this page? |
|  | 21 | A. I see a signature from the trustee, |
|  | 22 | Millennium Trust, and then I also see his Trustee ID |
|  | 23 | crossed out, and it appears to be the trust's -- the |
|  | 24 | tax idea of the trust company. |
| 16:15:36 | 25 | Q. Okay. |

```
 1                  C E R T I F I C A T E
 2       I, Gregory (Emmanuel) Lemelson, do hereby
 3   declare under penalty of perjury that I have read
 4   the foregoing transcript of my deposition; that I
 5   have made such corrections as noted herein, in ink,
 6   initialed by me, or attached hereto; that my
 7   testimony as contained herein, as corrected, is true
 8   and correct.
 9       _____ I have made corrections to my deposition.
10       _____ I have NOT made any changes to my deposition.
11
12       EXECUTED this _____ day of _____, 2019, at
13   _____,  _____.
14          (City)                      (State)
15
16                           _____
                             GREGORY (EMMANUEL) LEMELSON
17                           VOLUME 1
18
19
20
21
22
23
24
25
                                                        339
```

```
 1                     ERRATA SHEET

 2   Deposition of: GREGORY (EMMANUEL) LEMELSON, VOL. 1
     Date taken: October 16, 2019
 3   Case: SEC vs. LEMELSON, et al.
     PAGE LINE
 4   ____ ____    CHANGE: _____
                  REASON: _____
 5
                  CHANGE: _____
 6   ____ ____    REASON: _____

 7   ____ ____    CHANGE: _____
                  REASON: _____
 8
                  CHANGE: _____
 9   ____ ____    REASON: _____

10   ____ ____    CHANGE: _____
                  REASON: _____
11
                  CHANGE: _____
12   ____ ____    REASON: _____

13   ____ ____    CHANGE: _____
                  REASON: _____
14
                  CHANGE: _____
15   ____ ____    REASON: _____

16   ____ ____    CHANGE: _____
                  REASON: _____
17
                  CHANGE: _____
18   ____ ____    REASON: _____

19   ____ ____    CHANGE: _____
                  REASON: _____
20
                  CHANGE: _____
21   ____ ____    REASON: _____

22   ____ ____    CHANGE: _____
                  REASON: _____
23

24   Signed    _____
25   Dated     _____
```

340

```
 1   COMMONWEALTH OF MASSACHUSETTS)
 2   SUFFOLK, SS.                 )
 3        I, Carol H. Kusinitz, RPR and Notary Public in
 4   and for the Commonwealth of Massachusetts, do hereby
 5   certify that there came before me on the 16th day of
 6   October, 2019, at 9:35 a.m., the person hereinbefore
 7   named, who was by me duly sworn to testify to the
 8   truth and nothing but the truth of his knowledge
 9   touching and concerning the matters in controversy
10   in this cause; that he was thereupon examined upon
11   his oath, and his examination reduced to typewriting
12   under my direction; and that the deposition is a
13   true record of the testimony given by the witness.
14        I further certify that I am neither attorney or
15   counsel for, nor related to or employed by, any
16   attorney or counsel employed by the parties hereto
17   or financially interested in the action.
18
19        Under Federal Rule 30:
20             X  Reading and Signing was requested
21                Reading and Signing was waived
22                Reading and Signing was not requested.
23
24
25
```

```
     1      In witness whereof, I have hereunto set my hand
     2   and affixed my notarial seal this 23rd day of
     3   October, 2019.
     4   
         [Signature: Paul N. Kusinitz]
     5   
     6   Notary Public
     7    Commission expires 5/22/20
     8   
     9   
    10   
    11   
    12   
    13   
    14   
    15   
    16   
    17   
    18   
    19   
    20   
    21   
    22   
    23   
    24   
    25   
```