**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                       )
Securities and Exchange Commission,    )
                                       )
                  Plaintiff,           )
                                       )
v.                                     )
                                       )
Gregory Lemelson and Lemelson          )        Civil Action
Capital Management, LLC,               )        No. 18-11926-PBS
                                       )
                  Defendants,          )
and                                    )
                                       )
The Amvona Fund, LP,                   )
                                       )
                  Relief Defendant.    )
_____)

**MEMORANDUM AND ORDER**

January 23, 2019

Saris, C.J.

**INTRODUCTION**

This case involves an alleged "short-and-distort" scheme.
The United States Securities and Exchange Commission (the "SEC")
alleges that Rev. Fr. Emmanuel Lemelson[1] and his private
investment firm Lemelson Capital Management, LLC (collectively,
"Lemelson") publicized false information about biopharmaceutical
company Ligand Pharmaceuticals ("Ligand") after Lemelson took a
short position in Ligand in May 2014 on behalf of The Amvona

---

[1] Defendant was formerly known as Gregory Lemelson.

Fund – a hedge fund Lemelson advises and partly owns. During 2014, Lemelson allegedly used written reports, interviews, and social media to spread false claims about the financial health of Ligand to drive down the price of Ligand's stock. Throughout this period, Lemelson publicly disclosed that he had taken a short position in Ligand. The SEC claims that Ligand's stock lost more than one-third of its value during Lemelson's scheme.

The SEC asserts that Lemelson violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder (Count I) and violated Section 206(4) of the Investment Advisers Act of 1940 and Rule 206(4)-8 thereunder (Count II). The SEC also brings a claim for unjust enrichment or other equitable relief against Relief Defendant The Amvona Fund, LP (Count III). See Docket No. 1 ("Compl.") at 17-19. After hearing, the Court **DENIES** the motion to dismiss (Docket No. 10) except with respect to one false statement.

## DISCUSSION

In a civil enforcement action under § 10(b), the SEC must sufficiently plead that Defendants "(1) made a false statement or omission (2) of material fact (3) with scienter (4) in connection with the purchase or sale of securities." McConville v. SEC, 465 F.3d 780, 786 (7th Cir. 2006). "Unlike private litigants, the SEC need not prove the additional

elements of reliance or loss causation." <u>SEC v. Pirate Inv'r</u>
<u>LLC</u>, 580 F.3d 233, 239 n.10 (4th Cir. 2009).

The SEC alleges that Lemelson intentionally or recklessly
made four material misstatements of fact about the company.
First, on June 19, 2014, Lemelson was interviewed on Benzinga's
"Pre-Market Prep" show, during which he stated: "I had
discussions with [Ligand] management just yesterday – excuse me,
their [Ligand's] IR [investor relations] firm. And they
basically agreed. They said, 'Look, we understand Promacta's
going away.'" Compl. ¶ 37 (alternations in original). Second, in
May 2014, Ligand and another company, Viking Therapeutics,
signed a Master License Agreement in which Ligand would become
the owner of 49.8% of Viking's common stock when Viking went
public. Lemelson stated that Viking had "yet to consult with
[its auditors] on any material issues" and that the "financial
statements provided in the [Form S-1] accordingly are
unaudited." Compl. ¶ 46 (first alteration in original). Third,
Lemelson asserted that "Viking does not intend to conduct any
preclinical studies or trials." Compl. ¶ 46. Fourth, in an
August 22, 2014 report, Lemelson asserted that Ligand had
"issued 245 million in new debt, against tangible equity of just
$21,000, giving rise to a debt to tangible equity ratio of
11,667 to 1 (that is $11,667 dollars [sic] in debt for every $1
in tangible common shareholder equity)" and that "shareholders

have only the protection of $21,000 in tangible equity to shield
them from $245 million in debt" (the "Tangible Equity
Statement"). Compl. ¶ 51.

For the reasons stated in Court, I hold the SEC has
plausibly alleged that the first three of the four statements
are materially false or misleading, and I deny the motion to
dismiss Count I. The only statement this Court addresses here is
the Tangible Equity Statement.

In the August 22, 2014 report, entitled "Ligand
Pharmaceuticals' (NASDAQ: LGND) – Institutional Holders waste no
time dumping stock in response to Insolvency and bankruptcy
risk," Lemelson asserted that Ligand was in critical financial
trouble. Compl. ¶ 28. To support this opinion, Lemelson made the
Tangible Equity Statement. The SEC argues that Lemelson
intentionally or recklessly misstated Ligand's debt-to-equity
ratio and that the statement is material because it goes to the
heart of Ligand's overall financial viability and supported
Lemelson's argument that Ligand's stock was worth $0. Compl. ¶
53. The Complaint focuses on how "Lemelson intentionally
misstated Ligand's debt-to-equity ratio." Compl. ¶ 52 (emphasis
added). Defendants argue that Lemelson's statement concerned the
debt-to-tangible-equity ratio and therefore is demonstrably
true. Pursuant to Federal Rule of Civil Procedure 9(b), the SEC
has failed to plead with particularity how a statement about

4

Ligand's debt-to-tangible-equity ratio is materially false or misleading to a reasonable investor.

Additionally, because the claimed violations of Section 206(4) and Rule 206(4)-8 and the claim of unjust enrichment depend on the viability of the Commission's § 10(b) claim, the Court denies Defendants' motion as to Counts II and III.

### ORDER

The Court **DENIES** Defendants' motion to dismiss except with respect to the Tangible Equity Statement (Docket No. 10). The Court will allow the SEC leave to amend its complaint as to the allegation. Any such amendment shall be made within 60 days.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge