```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MASSACHUSETTS


SECURITIES AND EXCHANGE            )
COMMISSION,                        )
                                   )
          Plaintiff                )
                                   )  CA No. 18-11926-PBS
       -VS-                        )  Pages 1 - 51
                                   )
GREGORY LEMELSON, et al,           )
                                   )
          Defendants               )
```

**MOTION HEARING/SCHEDULING CONFERENCE**

BEFORE THE HONORABLE PATTI B. SARIS
UNITED STATES CHIEF DISTRICT JUDGE

<div style="text-align:right">

United States District Court
1 Courthouse Way, Courtroom 19
Boston, Massachusetts 02210
December 6, 2018, 11:20 a.m.

</div>

LEE A. MARZILLI
OFFICIAL COURT REPORTER
United States District Court
1 Courthouse Way, Room 7200
Boston, MA 02210
(617)345-6787

```
 1   A P P E A R A N C E S:

 2       ALFRED A. DAY, ESQ. and MARC J. JONES, ESQ.,
     United States Securities and Exchange Commission,
 3   33 Arch Street, 23rd Floor, Boston, Massachusetts,
     02110-1424, for the Plaintiff.
 4
         DOUGLAS S. BROOKS, ESQ., Libby Hoopes, P.C.,
 5   399 Boylston Street Suite 200, Boston, Massachusetts, 02116,
     for the Defendants.
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
                      P R O C E E D I N G S
```

1
2      THE CLERK:  Court calls Civil Action 18-11926, SEC
3  v. Lemelson, et al.  Could counsel please identify
4  themselves.
5      MR. DAY:  Good morning, your Honor.  Alfred Day
6  for plaintiff, the Securities and Exchange Commission.  With
7  me is Marc Jones.
8      MR. JONES:  Good morning, your Honor.
9      THE COURT:  Good morning.
10     MR. BROOKS:  Good morning, your Honor.  Doug
11 Brooks for the defendants.
12     THE COURT:  Good morning.  So it's your motion.
13     MR. BROOKS:  Thank you, your Honor.  I want to be
14 clear, first, why we're here, and I want to take, as I
15 anticipate, what the SEC put in their opposition what
16 they're going to argue, but our arguments about why this
17 case should be dismissed on 12(b)(6), as to the four
18 statements that we now know are at issue, are based on the
19 four corners of the complaint and the documents incorporated
20 therein by reference.  I think it's important to keep in
21 mind that the SEC's entire scienter allegations, for
22 instance, are based on what they say is -- are based on the
23 documents that we have attached.  They say that the scienter
24 is obvious because Lemelson --
25     THE COURT:  Can I start off by asking the basic


```
 1   case.  Your Honor, the Commission alleges that the
 2   defendants engaged in a form of market manipulation called a
 3   "short and distort" scheme.  The four material
 4   misrepresentations that we're talking about here today are
 5   part of that scheme, but they're also independently
 6   actionable as material misrepresentations under Exchange Act
 7   Rule 10b5-B.  Defendant's motion doesn't address our
 8   allegation that this was a scheme under Exchange Act
 9   Rule 10b5-A and C.  So I just want to be clear at the outset
10   what we're talking about here today, which is the 10b5-B
11   allegations, and that's why I believe defendants have
12   focused on the elements of falsity and materiality.
13           THE COURT:  I don't understand what you just said.
14   So you're saying I can't just think about these four
15   statements because you're alleging a broader scheme?
16           MR. DAY:  Well, it's not that you can't think
17   about them, your Honor, obviously, but the --
18           THE COURT:  Even if I agree with him on every
19   single one of these points, you still have a cause of
20   action?
21           MR. DAY:  Not necessarily, but the point is that
22   the defendants haven't challenged -- if these statements, if
23   any of these statements stay in the case, they haven't
24   challenged the sufficiency of our scheme allegations under
25   10b5-A and C.  So I just want to be clear that this is not
```

```
 1   just a 10b5-B case.  It's also a 10b5-A and C case.
 2              THE COURT:  But you are saying, even if I agree
 3   with him on all of these, you still have a case?
 4              MR. DAY:  Not necessarily, your Honor.  I think,
 5   if all of the misstatements went away, there's not a lot of
 6   other conduct that we've alleged in the complaint, but I
 7   just want to be clear that there are multiple theories in
 8   this case.
 9              Addressing the misstatements that were discussed
10   previously, regarding Promacta, the misstatement about
11   Promacta, our argument is that that misstatement was
12   material because it suggested that the major source of
13   revenue for the company was about to become obsolete, was
14   about to go away.  A reasonable investor would necessarily
15   consider it material to know that 70 percent of the revenue
16   of a company was on the brink of obsolescence.
17              The argument that I'm hearing from the defense in
18   their reply brief and today is drawing a distinction without
19   a difference between the investor relations firm and the
20   company itself.  To the extent that there is a dispute
21   somewhere down the road about whether the investor relations
22   firm was authorized or was acting as an agent, that has to
23   await fact discovery and a decision on the merits.  That is
24   not something that can be decided at the motion to dismiss
25   stage.
```

C E R T I F I C A T E

UNITED STATES DISTRICT COURT  )
DISTRICT OF MASSACHUSETTS     ) ss.
CITY OF BOSTON                )

      I, Lee A. Marzilli, Official Federal Court Reporter, do hereby certify that the foregoing transcript, Pages 1 through 51 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 18-11926-PBS, SEC v. Gregory Lemelson, et al, and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

      Dated this 15th day of February, 2019.


/s/ Lee A. Marzilli
_____
LEE A. MARZILLI, CRR
OFFICIAL COURT REPORTER