| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| THE AMVONA FUND, LP, | ) ) |
| Relief Defendant | ) ) |

Civil Action No. 1:18-cv-11926-PBS

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO THE SECURITIES AND EXCHANGE COMMISSION

Defendants Rev. Fr. Emmanuel Lemelson (identified in the Complaint as "Gregory Lemelson") and Lemelson Capital Management, LLC, along with Relief Defendant The Amvona Fund, LP (collectively, "Defendants") propound the following Interrogatories pursuant to Fed. R. Civ. P. 33 to the United States Securities and Exchange Commission to be answered in writing within thirty (30) days and under oath.

## DEFINITIONS & INSTRUCTIONS

Defendants incorporate by reference the Uniform Definitions in Discovery Requests as set for in Local Rule 26.5 of the United States District Court for the District of Massachusetts. In addition, the following definitions and instructions shall apply:

A. The term "Action" shall refer to the above-captioned matter *Securities and Exchange Commission v. Gregory Lemelson, et al.,* Case No. 1: 18-cv-11926-PBS (D. Mass).

B. The term, "Amended Complaint" shall refer to the operative pleading filed on March 21, 2019 (Dkt. 33) with the U.S. District Court for the District of Massachusetts.

**Interrogatory No. 2:** Identify all fact witnesses You intend to call as witnesses at trial in the Action and provide a summary of the anticipated testimony of each such fact witness. In Your answer, include the following information:

  a. the name, address, and occupation of the witness; and
  b. the subject matter on which the witness is expected to testify

**Interrogatory No. 3:** State the basis for Your contention that Defendants' statements influenced or otherwise impacted the stock price for Ligand, including, but not limited to (i) a detailed description of all data sources and other materials You considered, and (ii) each alternative cause, influence, or reason for the decline in Ligand's stock price that You considered, analyzed, and/or reviewed with a detailed explanation for how you ruled out that alternative form of causation.

**Interrogatory No. 4:** Identify all documents that You intend to rely upon as part of Your case-in-chief at the trial of the Action.

**Interrogatory No. 5:** Do You disagree with the contention that as of June 16, 2014, Promacta was facing competitive pressure from Sovaldi, which would render Promacta obsolete; if so, please state the basis for this contention.

**Interrogatory No. 6:** Do You disagree with the contention that as of June 16, 2014, Ligand was concerned that Promacta was facing competitive pressure from Sovaldi, which would render Promacta obsolete; if so, please state the basis for this contention.

**Interrogatory No. 7:** Describe in detail all steps You took to verify Your contention, set forth in Paragraph 38 of the Amended Complaint, that the IR Representative never stated "Look, we understand Promacta's going away."

Respectfully submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT, LLC,
and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
LIBBYHOOPES, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617) 338-9300
dbrooks@libbyhoopes.com

Dated: June 13, 2019