# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | ) Civil Action No. 1:18-cv-11926-PBS<br>)<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| THE AMVONA FUND, LP, | )<br>) |
| Relief Defendant | )<br>) |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO THE SECURITIES AND EXCHANGE COMMISSION

### GENERAL RESPONSE AND OBJECTIONS

1. The following objections and qualifications are incorporated into the responses to specific interrogatories set forth below and are deemed continuing as to each, applying to each and every interrogatory. To the extent that the Commission responds individually to the specific interrogatories below, with the same, similar or additional objections, it does not waive these general objections nor limit them, nor concede that the information requested or provided is relevant to any claims asserted, or defenses that may be asserted, in this matter. These responses and objections are based on undersigned counsels' current knowledge and reasonable belief, and the information reasonably available to counsel at this time.

obligations (which we dispute), the Commission objects to Interrogatory No. 2 as premature, as discovery has just begun, and to date, no witnesses have been deposed – nor have Defendants served any deposition subpoenas. Finally, the Commission objects to Interrogatory No. 2 as disproportionately broad in scope.

The Commission does not intend to provide a further response to Interrogatory No. 2.

**Interrogatory No. 3:**

State the basis for Your contention that Defendants' statements influenced or otherwise impacted the stock price for Ligand, including, but not limited to (i) a detailed description of all data sources and other materials You considered, and (ii) each alternative cause, influence, or reason for the decline in Ligand's stock price that You considered, analyzed, and/or reviewed with a detailed explanation for how you ruled out that alternative form of causation.

**Response to Interrogatory No. 3:**

The Commission incorporates by reference its general objections to the First Interrogatories, and asserts the following specific objections. The Commission objects to Interrogatory No. 3 as vague, in its use of "influenced or otherwise impacted the stock price." The Commission further objects to Interrogatory 3 as a premature request for matter that may be the subject of expert testimony. The Commission further objects to Interrogatory No. 3 as a premature contention interrogatory served at the commencement of fact discovery, before substantial discovery has taken place. The Commission further objects to Interrogatory No. 3 as it attributes to the Commission a contention that has not been made by the Commission in its Complaint or elsewhere. While the Commission has contended that Defendants intended to drive down the price of the stock, and that the price of the stock did fall, the Commission does not need to prove causality between Defendants' efforts and the fall of the stock price. In a civil enforcement case, as opposed to a private action, the Commission is not required to show harm (or more precisely, actual damages). While private plaintiffs are obligated to plead and prove the

11

element of reliance in securities fraud cases, the Commission is not required to prove reliance by individual investors in an enforcement action. *See United States v. Tagliaferri*, 820 F.3d 568, 574 (2d Cir. 2016) (not necessary to prove intent to injure and/or actual injury to client under Section 206 of the Investment Advisers Act); *SEC v. Collins & Aikman Corp.*, 524 F.Supp.2d 477, 490 (S.D.N.Y. 2007) ("the SEC need not plead reliance"). Unlike private plaintiffs who must show that they relied on particular statements by defendants to their detriment, the Commission is not limited to seeking redress only when fraudulent schemes are successful in driving down stock prices. *See id.* Interrogatory No. 3 seeks to require the Commission to prove that investors and potential investors a) actually relied on Defendants' fraudulent statements and b) were harmed as a result of those statements. The Commission is not required to prove either. Without waiving its general and specific objections, the Commission responds to this interrogatory as follows:

The Commission states that in considering the decline of Ligand's stock price over the relevant time period, it reviewed press and analyst reports about Ligand's stock, Ligand's periodic SEC filings, news and industry articles about Ligand, general industry benchmarks, publicly available records of historical stock prices and volumes (such as Yahoo Finance) and conducted internal analyses at the direction of counsel. The Commission also considered the many statements by the Defendants to investors and prospective in admitting that they had, through their scheme, driven down to the stock price. Additionally, the Commission also relied, without limitation, on the following documents and testimony:

    SEC-Lemelson-E-0041922
    SEC-Lemelson-E-0384404
    SEC-Lemelson-E-0183999
    SEC-Lemelson-E-0366451
    Lemelson Inv. Test. 423:6-10
    SEC-Lemelson-E-0586481-0586523
    EPROD-SEC-LIT-E-001189577-001190117

Dated: July 24, 2019                                Respectfully submitted,


                                                    /s/ Alfred A. Day
                                                    Alfred A. Day (BBO #654436)
                                                    Marc J. Jones (BBO #645910)
                                                    Securities and Exchange Commission
                                                    Boston Regional Office
                                                    33 Arch Street, 24th Floor
                                                    Boston, MA 02110
                                                    617-573-4537 (Day)
                                                    617-573-8947 (Jones)
                                                    DayA@sec.gov
                                                    JonesMarc@sec.gov
                                                    Attorneys for Plaintiff

                                                    Virginia M. Rosado Desilets
                                                    Sonia G. Torrico
                                                    Securities and Exchange Commission
                                                    100 F Street, N.E.
                                                    Washington, DC 20549


As to answers:

    I, David Becker, declare under penalty of perjury under the laws of the United States of America that the foregoing factual answers are true and correct to the best of my knowledge, information, and belief.


                                                    _____
                                                    David Becker
                                                    Assistant Director
                                                    Securities and Exchange Commission

Dated: July 24, 2019                    Respectfully submitted,

                                                                                             _____
Alfred A. Day (BBO #654436)
Marc J. Jones (BBO #645910)
Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA 02110
617-573-4537 (Day)
617-573-8947 (Jones)
DayA@sec.gov
JonesMarc@sec.gov
Attorneys for Plaintiff

Virginia M. Rosado Desilets
Sonia G. Torrico
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

<u>As to answers</u>:

    I, David Becker, declare under penalty of perjury under the laws of the United States of America that the foregoing factual answers are true and correct to the best of my knowledge, information, and belief.

*[signature]*

David Becker
Assistant Director
Securities and Exchange Commission

31

## CERTIFICATE OF SERVICE

      I hereby certify that, on July 24, 2019, a true and correct copy of the foregoing document was sent by email to all counsel for all parties.

                                      /s/ Marc J. Jones
                                      Marc J. Jones