# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>      Plaintiff,<br><br>   v.<br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br>      Defendants,<br>  and<br>THE AMVONA FUND, LP,<br>      Relief Defendant | Civil Action No. 1:18-cv-11926-PBS |

## COMMISSION'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26 and 34 of the Local Rules of the United States District Court for the District of Massachusetts, plaintiff, the United States Securities and Exchange Commission ("SEC" or "Commission"), hereby provides responses and objections to Defendants' First Set of Requests for Production of Documents to the Securities and Exchange Commission ("First Requests") as follows:

### General Objections

All of the Commission's responses to specific document requests are given subject to and without waiver of the general objections that follow:

1. The Commission objects generally to Defendants' 82 requests as unreasonably cumulative, unduly burdensome, expensive, annoying or oppressive, and prohibited by Fed. R. Civ. P. 26(b). Because of the excessive number of individual requests in defendants' first set of requests for production of documents, the Commission will treat this request as satisfying defendants' two separate sets of requests for production under Local Rule 26.1.

**Response to Request No. 19**

The Commission reasserts and incorporates herein the above general objections. Subject to and without waiving these objections, the Commission has already produced all non-privileged responsive communications with third parties in its possession.

20. All Documents or Communications relating, concerning, or supporting the position that Fr. Lemelson's statements listed in paragraphs 36 through 43 of the Amended Complaint caused any changes in the price of Ligand's stock.

**Response to Request No. 20**

The Commission reasserts and incorporates herein the above general objections. The Commission further objects to this request as vague, in its use of "relating, concerning, or supporting the position" and "caused any changes." The Commission further objects to this Request as vague as to time period. The Commission further objects to this request to the extent it calls for material subject to the deliberative process, attorney-client or work product privileges. The Commission further objects to this request as a premature request for matter that may be the subject of expert testimony. The Commission further objects to this request as it attributes to the Commission a "position" that has not been made by the Commission in its Amended Complaint or elsewhere. Subject to and without waiving these objections, the Commission has already produced all non-privileged responsive documents in its possession.

21. All Documents or Communications relating, concerning, or supporting the position that Fr. Lemelson's statements listed in paragraphs 44 through 50 of the Amended Complaint caused any changes in the price of Ligand's stock.

**Response to Request No. 21**

The Commission reasserts and incorporates herein the above general objections and its response to Request No. 20. Subject to and without waiving these objections, the Commission has already produced all non-privileged responsive documents in its possession.

22. All Documents or Communications that support Your position and the claim that "Viking is engaged in the research, development, manufacturing and commercialization of pharmaceutical products."

**Response to Request No. 22**

The Commission reasserts and incorporates herein the above general objections. The Commission further objects to this request to the extent it calls for the production of publicly available documents or documents equally accessible by each party. The Commission incorporates here by reference its objections and response to Defendants' Interrogatories 9 and 10. Subject to and without waiving these objections, the Commission has already produced all non-privileged documents its possession.

23. All Documents or Communications that support or relate to the operations of Viking to develop drugs, including information relating to the equipment, office, and lab space used in support of those operations.

**Response to Request No. 23**

The Commission reasserts and incorporates herein the above general objections. The Commission further objects to this request to the extent it calls for the production of publicly available documents or documents equally accessible by each party. The Commission incorporates here by reference its objections and response to Defendants' Interrogatories 9 and 10. Subject to and without waiving these objections, the Commission has already produced all non-privileged documents its possession.

by the deliberative process privilege, investigative files privilege, attorney-client privilege, and the attorney work product doctrine. The Commission further objects to this Request as unrelated to the parties' claims and defenses in this action as is required by Fed. R. Civ. P. 26(b). The Commission will not be producing documents responsive to this Request.

**SECURITIES AND EXCHANGE COMMISSION**

*/s/ Alfred A. Day*
Alfred A. Day (BBO #654436)
Marc J. Jones (BBO #645910)
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA  02110
617-573-4537 (Day)
617-573-8947 (Jones)
DayA@sec.gov
JonesMarc@sec.gov
Attorneys for Plaintiff

Virginia M. Rosado Desilets
Sonia G. Torrico
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

Dated: July 24, 2018