```
 1            UNITED STATES DISTRICT COURT
 2              DISTRICT OF MASSACHUSETTS
 3  _____
                                   )
 4  SECURITIES AND EXCHANGE        )
    COMMISSION,                    )
 5                                 )
              Plaintiff,           )
 6                                 ) Civil Action No.
          v.                       ) 1:18-cv-11926-PBS
 7                                 )
    GREGORY LEMELSON and LEMELSON  )
 8  CAPITAL MANAGEMENT, LLC,       )
                                   )
 9            Defendants,          )
                                   )
10        and                      )
                                   )
11  THE AMVONA FUND, LP,           )
                                   )
12            Relief Defendant.    )
    _____ )
13
14
15                  VOLUME 2
16
                    VIDEOTAPED DEPOSITION OF GREGORY
17  (EMMANUEL) LEMELSON, taken on behalf of the
    plaintiff, at the U.S. Securities and Exchange
18  Commission, 33 Arch Street, Boston,
    Massachusetts, beginning at 9:19 a.m. and
19  ending at 5:42 p.m., on Tuesday,
    November 12, 2019, before Shannon M. Crowley,
20  Registered Professional Reporter and Notary
    Public in and for the Commonwealth of
21  Massachusetts.
22
23
24
25  JOB NO. 191112BLC

                                                    1
```

```
 1    APPEARANCES:
 2           For the Plaintiff:
 3           U.S. Securities and Exchange Commission
              BY: Marc Jones, Esq.
 4                Alfred A. Day, Esq.
              Boston Regional Office
 5            Division of Enforcement
              33 Arch Street, Suite 2400
 6            Boston, Massachusetts 02110
              Jonesmarc@sec.gov/617.573.8947
 7            Daya@sec.gov/617.573.4537
 8
              U.S. Securities and Exchange Commission
 9            BY: Sonia G. Torrico, Esq.
              100 F Street, N.E.
10            Washington, DC 20549
              Torricos@sec.gov
11            202.551.3515
12
              For the Defendant and Relief Defendant:
13
              Libby Hoopes
14            BY: Douglas S. Brooks, Esq.
              399 Boylston Street
15            Boston, Massachusetts 02116
              Dbrooks@libbyhoopes.com
16            617.338.9300
17
18    ALSO PRESENT:
19            David Woodford, legal video
              specialist
20
21
22
23
24
25
                                                    2
```

```
 1                      I N D E X

 2

 3    DEPOSITION OF:                                    PAGE

 4    GREGORY (EMMANUEL) LEMELSON

 5       EXAMINATION BY MR. JONES                          5

 6

 7                     E X H I B I T S

 8             (Exhibits Bound Separately)

 9    NO.           DESCRIPTION                         PAGE

10    Exhibit 28    Letter dated Sunday, March 27, 2016   20

11    Exhibit 29    Letter dated September 1, 2015        47

12    Exhibit 30    Letter dated May 25, 2016             47

13    Exhibit 31    Appellant's brief                     60

14    Exhibit 32    Amended complaint and jury demand     62

15    Exhibit 33    Plaintiffs' response in opposition to 79

16                  Defendants' motion to dismiss

17    Exhibit 34    Wells notice                          92

18    Exhibit 35    Notes of phone call with Bruce Voss  133

19                  dated June 18, 2014

20    Exhibit 36    Form 10-K/A Amendment No. 2          223

21    Exhibit 37    Form 10-Q                            255

22    Exhibit 38    Form 10-K                            320

23

24
```

1       THE VIDEOGRAPHER:  This is the
2  start of tape labeled No. 1 to the videotaped
3  deposition of Father Emmanuel in the matter of
4  Securities and Exchange Commission versus
5  Gregory Lemelson and Lemelson Capital
6  Management, LLC, and The Amvona Fund.
7       This deposition is being heard
8  before the United States District Court in the
9  District of Massachusetts.  The Civil Action
10 number is 1:18-cv-11926-PBS.
11      This deposition is taking place at
12 the office of the Securities and Exchange
13 Commission at 33 Arch Street, Boston,
14 Massachusetts, on November 12th, 2019,
15 beginning at 9:20 a.m.
16      My name is David Woodford, legal
17 video specialist from OTS Video.  The court
18 reporter is Shannon Crowley from Gradillas
19 Reporting.
20      Would counsel present please
21 introduce yourselves and your affiliations, and
22 the witness will be sworn.
23      MR. JONES:  Good morning.  I am
24 Marc Jones for the Securities and Exchange
25 Commission, plaintiff in this action.

4

```
 1                MR. DAY:  Al Day for the SEC.
 2                MS. TORRICO:  Sonia Torrico for the
 3     SEC.
 4                MR. BROOKS:  Doug Brooks, Libby
 5     Hoopes for the defendants.
 6
 7
 8
 9                GREGORY (EMMANUEL) LEMELSON,
10     Deponent, having first been satisfactorily
11     identified and duly sworn by the Notary Public,
12     deposes and states as follows:
13
14
15
16
17     EXAMINATION BY MR. JONES:
18          Q.   Good morning.
19          A.   Good morning.
20          Q.   Father, this is going to be the
21     resumption of testimony that we took a few
22     weeks back.  You recall being here?
23          A.   I do.
24          Q.   Actually in the same room.  The same
25     ground rules will apply.  I don't know if you
```

```
 1    electronic communication, or any document
 2    concerning any communication from Ligand."
 3         Q.   And that was No. 4?
 4         A.   Yes.
 5         Q.   And in No. 6 you were asked for all
 6    documents concerning any communication
 7    concerning buying, selling, or short-selling in
 8    the securities of LGND by any person?
 9         A.   That's the question.
10         Q.   Okay.  And did you produce documents
11    relating to all of those topics that we've just
12    discussed?
13         A.   I communicated actively with the SEC
14    at that time.  As I recall, we had moved back
15    from Switzerland.
16              My attorney, I believe, wrote a
17    letter to the SEC indicating a list of all the
18    devices I had or owned and computers I had,
19    what we did with them.
20              And rather than parse through at the
21    risk of losing anything or missing anything, we
22    decided to just give the SEC everything we had,
23    our entire hard drive.
24              The only thing we did not hand over
25    to the SEC, which we asked about, was personal
```

```
 1    family photos and videos that were on my hard
 2    drive.
 3         Q.   And you were aware of the topics that
 4    the SEC was asking about for documents,
 5    correct?
 6         A.   Yes.
 7         Q.   And you were aware at this time - at
 8    the time of September of 2015?
 9         A.   Yes.  I was optimistic when I
10    received this subpoena that the SEC would
11    intervene and stop the Ligand fraud, actually,
12    partly optimistic.
13         Q.   Father, you were interviewed by
14    telephone on October 15th, 2015.  Do you recall
15    that interview?
16         A.   Vaguely.
17         Q.   And during that interview, you were
18    asked about your trading in the securities of
19    Ligand, correct?
20         A.   I don't really recall now.  It's been
21    five years.
22         Q.   You don't recall?
23         A.   It's been five years.
24         Q.   What do you recall about that call -
25    about that telephone interview?
```

1    everything and to back it up.
2        Q.   Does that mean, Father, that in 2014
3    you had no paper files related to the work of
4    LCM?
5        A.   I don't recall.  I don't believe so.
6        Q.   What about in 2015?
7        A.   I don't recall.
8        Q.   So at the time that you received the
9    subpoena for documents in 2015, you don't know
10   whether you had paper files related to the work
11   of LCM?
12       A.   I remember thinking it was going to
13   be easy to respond to the subpoena requests, as
14   voluminous as it was, because we were very
15   organized.
16            And I remember discussing that with
17   my attorney, that putting it together would be
18   quick and easy, because I could organize the
19   files for the Commission.
20            And then we discussed simply just
21   providing the whole hard drive, because there
22   were so many e-mails that there was no reason
23   to go through them.
24            And that's what I recall.  I remember
25   thinking this is great.  We have everything

1    organized.  We can give them exactly what they
2    want.
3            We will number it.  We will put them
4    in individual files, and we will give them the
5    whole hard drive.
6            And we even made a request to the
7    SEC, said, Is it okay if we just give you our
8    entire PST file, which is the Outlook e-mail
9    file.  And they, I believe, responded, Yes.
10       Q.   Father, my question is about paper
11   files in 2015 at the time that the subpoena
12   came.
13           Is it - do you believe that you had
14   no paper files at that time about the work of
15   LCM?
16       A.   I don't recall, as I answered.
17       Q.   But you are confident that those
18   paper files - let me rephrase that.
19           Do you know whether those paper files
20   were searched for responsive documents to the
21   Commission's subpoenas?
22       A.   My practice was that if any document
23   was important or responsive was to provide it
24   to the SEC.
25           But even before the SEC subpoena, if

154

```
 1                    C E R T I F I C A T E
 2        I, Gregory (Emmanuel) Lemelson, do hereby
 3    declare under penalty of perjury that I have read
 4    the foregoing transcript of my deposition; that I
 5    have made such corrections as noted herein, in ink,
 6    initialed by me, or attached hereto; that my
 7    testimony as contained herein, as corrected, is true
 8    and correct.
 9        _____ I have made corrections to my deposition.
10        _____ I have NOT made any changes to my deposition.
11
12       EXECUTED this _____ day of _____, 2019, at
13    _____,  _____.
14            (City)                    (State)
15
16                             _____
                               GREGORY (EMMANUEL) LEMELSON
17                             VOLUME 2
18
19
20
21
22
23
24
25
                                                        410
```

```
 1                    ERRATA SHEET
 2   Deposition of: GREGORY (EMMANUEL) LEMELSON, VOL. 2
     Date taken: November 12, 2019
 3   Case: SEC vs. LEMELSON, et al.
     PAGE LINE
 4   ____ ____     CHANGE: _____
                   REASON: _____
 5
                   CHANGE: _____
 6   ____ ____     REASON: _____
 7   ____ ____     CHANGE: _____
                   REASON: _____
 8
                   CHANGE: _____
 9   ____ ____     REASON: _____
10   ____ ____     CHANGE: _____
                   REASON: _____
11
                   CHANGE: _____
12   ____ ____     REASON: _____
13   ____ ____     CHANGE: _____
                   REASON: _____
14
                   CHANGE: _____
15   ____ ____     REASON: _____
16   ____ ____     CHANGE: _____
                   REASON: _____
17
                   CHANGE: _____
18   ____ ____     REASON: _____
19   ____ ____     CHANGE: _____
                   REASON: _____
20
                   CHANGE: _____
21   ____ ____     REASON: _____
22   ____ ____     CHANGE: _____
                   REASON: _____
23
24
         Signed    _____
25       Dated     _____

                                                       411
```

```
 1                    CERTIFICATE
 2    Commonwealth of Massachusetts
      Suffolk, ss.
 3
 4              I, Shannon M. Crowley, Registered
 5    Professional Reporter, and Notary Public in and
 6    for the Commonwealth of Massachusetts, do hereby
 7    certify:
 8
 9              That GREGORY (EMMANUEL) LEMELSON,
10    the witness whose deposition is hereinbefore set
11    forth, was duly sworn by me and that such
12    deposition is a true record of the testimony
13    given by the said witness.
14
15              IN WITNESS WHEREOF, I have hereunto
16    set my hand and notarial seal this 21st day of
17    November, 2019.
18
19
20
21                              _____
                                   SHANNON M. CROWLEY
22                                    Notary Public
23    My commission expires
      on March 2, 2023
24
25
```