EXHIBIT 75

United States District Court

District of Massachusetts

| | |
|---|---|
| Securities and Exchange ) | |
| Commission, ) | |
|     Plaintiff, ) | 1:18-cv-11926-PBS |
|   v. ) | |
| Gregory Lemelson and Lemelson ) | |
| Capital Management, LLC, ) | |
|     Defendants, ) | |
|   and ) | |
| The Amvona Fund, LP, ) | |
|     Relief Defendant. ) | |

_____

30(b)(6) Video Deposition of VIKING THERAPEUTICS INC.

BRIAN LIAN, PH.D.

San Diego, California

December 12, 2019

Reported by:

Veronica S. Thompson

CSR 6056, RPR, CRR, CCRR

KEY Discovery

Page 2

United States District Court

District of Massachusetts

Securities and Exchange          )
Commission,                      )
           Plaintiff,            )  1:18-cv-11926-PBS
      v.                         )
Gregory Lemelson and Lemelson    )
Capital Management, LLC,         )
           Defendants,           )
      and                        )
The Amvona Fund, LP,             )
           Relief Defendant.     )
_____

30(b)(6) Video Deposition of VIKING THERAPEUTICS INC.

BRIAN LIAN, PH.D.,

was taken on behalf of Defendants at 600 West Broadway, Suite 300, San Diego, California 92101, commencing at 11:10 AM and ending at 3:50 PM, on Thursday, December 12, 2019, before Veronica S. Thompson, CSR 6056.

APPEARANCES

For Plaintiff:
    U.S. Securities and Exchange Commission
    By:  Alfred A. Day, Sr. Trial Counsel
    33 Arch Street
    Boston, Massachusetts 02110
    617-573-4537
    daya@sec.gov

For Defendants:
    Libby Hoopes
    By:  Douglas A. Brooks, Esq.
    399 Boylston Street
    Boston, Massachusetts 02116
    617-338-9300
    dbrooks@libbyhoopes.com

For Ligand Pharmaceuticals, John Higgins, and Viking Therapeutics:

    Cahill Gordon & Reindel LLP
    By:  Sean P. Tonolli, Esq.
    By:  Bradley J. Bondi, Esq.
    By:  William C. McCaughey, Esq.
    1990 K Street, N.W., Suite 950
    Washington, D.C. 20006
    202-862-8900
    stonolli@cahill.com
    bbondi@cahill.com
    wmccaughey@cahill.com

Also Present:
    Fr. Emmanuel Lemelson
Videographer:
    Daniel Bermudez, KEY Discovery

INDEX

| EXAMINATION | PAGE |
|---|---|
| By Mr. Brooks | 7 |
| Lunch recess | 52 |
| By Mr. Day | 136 |

EXHIBITS

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 159 | Subpoena to Viking Therapeutics Inc. | 9 |
| Exhibit 160 | Ligand-Viking Master License Agreement | 52 |
| Exhibit 161 | 06/18/14 email from Jeffrey Riedler, SEC, to Brian Lian; VKTX_0001058-0001064 | 94 |
| Exhibit 162 | 07/31/14 memo from Liang Zhao to Ligand Pharmaceuticals; LGND_0041028-0041031 | 102 |
| Exhibit 163 | Email string ending 04/20/17 from Steven Vertucci to Brian Lian; VKTX_0000386-0000387 | 109 |
| Exhibit 164 | Email string ending 04/08/14 from Steve Rapattoni to Brian Lian; VKTX_0000278-0000289 | 111 |

| | | | |
|---|---|---|---|
| Exhibit 165 | Email string ending 05/02/14 from Michael Morneau to Brian Lian; VKTX_0000422 | | 119 |
| Exhibit 166 | Email string ending 05/08/14 from Steve Brian Lian to Matt Foehr; LGND_0074148-0074149 | | 124 |

FIRST REFERENCE TO PREVIOUSLY MARKED EXHIBITS

| NUMBER | PAGE | LINE |
|---|---|---|
| Exhibit 117 | 97 | 23 |
| Exhibit 118 | 60 | 9 |
| Exhibit 119 | 108 | 22 |

   SAN DIEGO, CALIFORNIA, DECEMBER 12, 2019, 11:10 AM

     VIDEOGRAPHER:  We are now on the record. Today's date is December 12, 2019, and the time is 11:10 AM.  This is the video deposition of Brian Lian being taken in the matter of SEC versus Lemelson Capital Management LLC pending in the United States District Court, District of Massachusetts.

     We are at Aptus Court Reporting, San Diego. My name is Daniel Bermudez of Aptus Court Reporting located at 600 West Broadway, Suite 300, in San Diego, California 92101.

     Will counsel please identify yourselves and state whom you represent.

     MR. BROOKS:  Doug Brooks, Libby Hoopes, and I represent the defendants in this matter.

     MR. DAY:  Al Day for the plaintiff, the Securities and Exchange Commission.

     MR. McCAUGHEY:  William McCaughey, Cahill Gordon & Reindel, on behalf of Viking Therapeutics and the witness.

     MR. BONDI:  Brad Bondi, Cahill Gordon & Reindel, on behalf of Viking Pharmaceuticals and the witness.

     MR. TONOLLI:  Sean Tonolli of Cahill Gordon &

1    Reindel on behalf of Mr. Lian and Viking Therapeutics.

2            MR. BONDI:  Excuse me.  Viking Therapeutics.

3            VIDEOGRAPHER:  The court reporter is Veronica

4    Thompson, and she may now swear in the witness.

5                        BRIAN LIAN,

6       having been duly sworn, testified as follows:

7                         EXAMINATION

8    BY MR. BROOKS:

9       **Q.**   Can I ask you to state your name for the

10   record to make sure I pronounce it correctly.

11      **A.**   Yes.  Brian Lian.

12      **Q.**   Mr. Lian, my name is Doug Brooks.  We met

13   briefly off the record.  I represent the defendants in

14   this matter.

15           Have you ever been deposed before?

16      **A.**   No.

17      **Q.**   Have you ever testified in any other

18   litigation?

19      **A.**   No.

20      **Q.**   Just a few ground rules since you've never

21   been deposed.

22           You and I should do our best, and I'll do my

23   best, not to talk over each other because it's hard for

24   the stenographer to get it down.  All responses should

1    corporate counsel, Paul Hastings, as well as the
2    drafting sessions with the investment banks, the
3    co-managers of the potential IPO.
4        Q.   Did you review this document before it was
5    filed?
6        A.   Yes.
7        Q.   Okay.  As far as you knew, everything was
8    accurate.  Correct?
9        A.   As far as I knew, everything was, yeah,
10   probably -- I -- I -- yes.
11       Q.   As -- on the five programs that you licensed
12   from Ligand pursuant to the master license agreement,
13   had Ligand conducted any preclinical studies or clinical
14   trials on those programs?
15       A.   Yes, yes.  So -- yeah -- the answer is yes.
16       Q.   Okay.  As to both preclinical studies and
17   clinical trials?
18       A.   Yes, that's right.  Yeah.
19       Q.   And is that the case for all five programs?
20       A.   No, it's not the case for all five programs.
21   I can go through program by program, but they had done
22   varying amounts of work depending on whether or not the
23   program originated at Ligand or Metabasis.
24       Q.   Okay.  Yeah, let's go program by program.  Can

1  manufacturing of drug product, it would be that

2  manufacturer.  If it's conducting some assay -- so

3  there's a -- I mean, it's a very large bucket of

4  vendors.

5       Q.    As of July 1, 2014, when this was filed, did

6  Viking intend to conduct any preclinical studies or

7  clinical trials in-house?

8            MR. DAY:  Objection.

9            THE WITNESS:  So the model of Viking, and

10  75 percent of the industry, is to hire third parties to

11  conduct their experiments.  We never intended to build

12  wet labs because we have vendors that can do that much

13  more cost effectively.  And we had discussions with

14  them, and we were moving forward with those plans.

15  BY MR. BROOKS:

16       Q.    Do you remember the names of any of those

17  vendors?

18       A.    The names that -- sure.  The -- WuXi had

19  manufactured drug.  Patheon had manufactured drug.

20  Charles River Labs had done some animal testing.  Yeah,

21  I mean, there's -- I don't know how -- very many

22  companies had been engaged previously, yes.

23       Q.    By whom?  Who had engaged them?

24       A.    Metabasis, Ligand.  We were -- upon funding,

Page 94

```
 1   keep it under 50 percent at some point?
 2       A.   That's correct, yeah.  They didn't want to
 3   have a more than 50 percent ownership.
 4       Q.   And I'm sorry if I missed this, but why was
 5   that, to your understanding?
 6       A.   My understanding is probably -- again, I'm not
 7   an accountant, but I think when you're over 50 percent
 8   you must recognize the expenses on a full basis rather
 9   than a prorated basis of the -- of the underlying -- or
10   the other company.
11       Q.   Okay.  And earlier you said that prior to
12   Malone Bailey being terminated they assisted with
13   Viking's financial statements.  Is that correct?
14       A.   They -- as far as I'm aware, they had
15   essentially completed an audit and then were terminated.
16   And then Marcum came in and did it again, you know.
17       Q.   Okay.  So Marcum basically did what Malone
18   Bailey did prior?
19       A.   Yeah, yeah.  They wouldn't take -- I mean
20   they -- they just did it.  Yeah, there was a second
21   audit.  Yeah, uh-huh.
22            (Exhibit 161 was marked.)
23   BY MR. BROOKS:
24       Q.   For the record, Mr. Lian, you've been handed
```

```
 1              I, the undersigned, a Certified Shorthand
 2   Reporter of the State of California, do hereby certify:
 3              That the foregoing proceedings were taken
 4   before me at the time and place herein set forth; that
 5   any witnesses in the foregoing proceedings, prior to
 6   testifying, were duly sworn; that a record of the
 7   proceedings was made by me using machine shorthand,
 8   which was thereafter transcribed by me; that the
 9   foregoing is a true record of the testimony given.
10              Further, that if the foregoing pertains to the
11   original transcript of a deposition in a federal case,
12   before completion of the proceedings, review of the
13   transcript [ X ] was [  ] was not requested.
14              I further certify I am neither financially
15   interested in the action nor a relative or employee of
16   any attorney or party to this action.
17              In witness whereof, I have this date
18   subscribed my name.
19
20   Dated:  December 27, 2019
21
22
23         _____
24         Veronica S. Thompson
           CSR 6056, RPR, CRR, CCRR
```

1          DECLARATION UNDER PENALTY OF PERJURY

2

3   Case Name:  SEC v. Lemelson

4   Date of Deposition:  12/12/19

5   KEY Discovery Job

6

7         I, BRIAN LIAN, PH.D., hereby certify under

8   penalty of perjury under the laws of the State of

9   _____ that the foregoing is true and correct.

10          Executed this _____ day of _____,

11  20_____, at _____.

12

13

14                                  _____

15                                  BRIAN LIAN, PH.D.

16

17

18

19

20

21

22

23

24