UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

### FED. R. CIV. P. 30(B)(6) NOTICE OF DEPOSITION

TO:    Securities and Exchange Commission
        32 Arch Street
        24th Floor
        Boston, MA 02110

       PLEASE TAKE NOTICE THAT commencing at 10:00 a.m. on November 21, 2019, at the offices of LibbyHoopes, P.C., 399 Boylston Street, 6th Floor, MA 02116, the Defendants in this action, by their attorney, will take the deposition upon oral examination of the Securities and Exchange Commission.  Pursuant to the provisions of Fed. R. Civ. P. 30(b)(6), the deponent is advised that examination will be conducted on the subject matters listed on **Schedule A**.  The deponent is further advised of its duty to designate one or more officers, directors, managing agents, or other persons to testify on its behalf before a Notary Public in and for the Commonwealth of Massachusetts, or before some other office authorized by law to administer oaths.

1

Pursuant to Fed. R. Civ. P. 30(b)(2) and 34, the Securities and Exchange Commission is directed to bring to the deposition all business and personal documents within its possession, access, or control that have not previously been produced (or even if previously produced, substantially relied upon in formulating responses to areas of inquiry) that relate to any of the subject matters listed in **Schedule A**.

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

Respectfully submitted,

*/s/ Douglas S. Brooks*
Douglas Brooks, Esq. (BBO No. 636697)
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617) 338-9300
dbrooks@libbyhoopes.com

Date: October 28, 2019

# SCHEDULE "A"
## 30(b)(6) DEPOSITION OF SECURITIES AND EXCHANGE COMMISSION

### DEFINITIONS AND INSTRUCTIONS

Defendants incorporate by reference the Uniform Definitions in Discovery Requests as set forth in Local Rule 26.5 of the United States District Court for the District of Massachusetts. In addition, the following definitions and instructions shall apply:

A. The term "Action" shall refer to the above-captioned matter *Securities and Exchange Commission v. Gregory Lemelson, et al.,* Case No. 1: 18-cv-11926-PBS (D. Mass);

B. The term, "Amended Complaint" shall refer to the pleading filed in this Action on March 21, 2019 (Dkt. 33) with the U.S. District Court for the District of Massachusetts;

C. The term "SEC" shall refer to the United States Securities and Exchange Commission and including its employees, agents, contractors, lawyers, accountants, and advisors;

D. The term "Ligand" shall refer to Ligand Pharmaceuticals, Inc. including its employees, agents, contractors, lawyers, accountants, and advisors;

E. The term "Viking" shall refer to Viking Therapeutics, Inc. including its employees, agents, contractors, lawyers, accountants, and advisors;

F. The term "Defendants" shall collectively refer to defendant parties named in the Action; and

G. The term "Filing" shall refer to all submissions, public and private, provided to the SEC.

### TOPICS

1. The SEC's mathematical calculation of Ligand's debt-to-tangible equity ratio.

2. The SEC's identification and valuation of Ligand's intangible assets in 2014.

3. The SEC's evaluation of the causes of any changes to Ligand's stock price in 2014, including information provided by any third-party expert to the SEC on the subject.

4. The SEC's calculation as to the level of illegal profit that it considers the Defendants gained based on the allegations and claims in the Amended Complaint.

5. The basis of knowledge for each person identified in the SEC's Second Amended Initial Disclosures.

6. The SEC's evaluation of the timing of any effect to the market caused by allegedly false statements, including but not limited to the challenged statements at issue, including any information provided by any third-party expert to the SEC on the subject.

7. The SEC's allegation that the challenged statements at issue "[took] time to propagate into the market" and that one would not "expect to see a stock price reaction immediately, especially when these statements were disseminated to the market over a period of time to different forums."

8. The SEC's communication with the media, anyone in the pharmaceuticals industry, or anyone in a pharmaceutical industry trade group, including but not limited to government lobbying firms, concerning Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served on all counsel of record via first-class mail and electronic mail on October 28, 2019.

/s/ *Douglas S. Brooks*