MATTHEW FOEHR                 **ORIGINAL**                 December 5, 2019

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | ) | |
| COMMISSION, | ) | |
| | ) | |
|      Plaintiff, | ) | Case No. |
| | ) | 1:18-CU-11926-PBS |
| vs. | ) | |
| | ) | |
| GREGORY LEMELSON and | ) | |
| LEMELSON CAPITAL | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
|      Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE AMVONA FUND, LP, | ) | |
| | ) | |
|      Relief Defendant. | ) | |

Deposition of MATTHEW FOEHR
San Diego, California
December 5, 2019

Reported by:
Sheri L. Somers
CSR No. 9734
Job No. 10062971

MATTHEW FOEHR                                    December 5, 2019

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE          )
COMMISSION,                      )
                                 )
                Plaintiff,       )   Case No.
                                 )   1:18-CU-11926-PBS
vs.                              )
                                 )
GREGORY LEMELSON and             )
LEMELSON CAPITAL MANAGEMENT,     )
LLC,                             )
                                 )
                Defendants,      )
                                 )
and                              )
                                 )
THE AMVONA FUND, LP,             )
                                 )
                Relief Defendant. )

          Deposition of MATTHEW FOEHR, taken on behalf of
defendant, at 600 West Broadway, Suite 300, San Diego,
California, beginning at 8:59 a.m., and ending at
6:35 p.m., on Thursday, December 5, 2019, before
Sheri L. Somers, CSR No. 9734.

MATTHEW FOEHR                                    December 5, 2019

Page 3

APPEARANCES:

For Plaintiff:
        U.S. SECURITIES AND EXCHANGE COMMISSION
        BOSTON REGIONAL OFFICE
        33 Arch Street, 24th Floor
        Boston, Massachusetts 02110
        617.573.8947
        617.573.4590 fax
            By:  Marc Jones, Esq.
                 Jonesmarc@sec.gov

For Defendants:
        LIBBY HOOPES
        399 Boylston Street
        Boston, Massachusetts 02116
        617.338.9300
        617.338.9911 fax
            By:  Douglas S. Brooks, Esq.
                 Dbrooks@libbyhoopes.com

For LIGAND PHARMACEUTICALS and MATTHEW FOEHR:

        CAHILL GORDON & REINDEL LLP
        1900 K Street, Suite 950
        Washington, D.C., 20006
        202.862.8900
        202.862.8958 fax
            By:  Bradley J. Bondi, Esq.
                 Bbondi@cahill.com
                 William C. McCaughey, Esq.
                 Wmccaughey@cahill.com

The Videographer:
        Ryan Asanas and Mike Tisa
        Key Discovery
Also present:
        Gregory Lemelson

MATTHEW FOEHR                                    December 5, 2019

                                INDEX
WITNESS:  BRUCE VOSS

                                                          PAGE
EXAMINATION BY MR. BROOKS                                    9


                               EXHIBITS


DEFENDANT'S                                               PAGE

Exhibit 116    Subpoena to Testify at a             18
               Deposition in a Civil Action

Exhibit 117    E-mail string, top e-mail to         36
               various recipients from Olivia
               Holiday dated 3/12/2014, Bates
               Nos. LGND_0020049 to '061


Exhibit 118    Form S-1 Registration Statement      68
               for Viking Therapeutics, Inc.

Exhibit 119    Slide deck entitled, "Board of       73
               Directors Meeting, June 10,
               2015," Bates Nos. LGND_0056230
               to '268


Exhibit 120    E-mail string, top e-mail to         90
               Jeffrey Finnell from Scott
               Friestad dated 5/21/2015, Bates
               Nos. SEC-SEC-E-0000892 to '895

Exhibit 121    Document titled, "Overview of        106
               Event Study Analysis," Bates
               Nos. SEC-LIGAND-E-0000761 to
               '766


Exhibit 122    Slide deck entitled, "Meeting        108
               with SEC Enforcement Division
               Re: Emmanuel Lemelson," Bates
               Nos. LGND_0048070 to '129

MATTHEW FOEHR                                    December 5, 2019

Page 5

EXHIBITS

DEFENDANTS'                                                    PAGE

Exhibit 123   Document titled, "Ligand              165
              Pharmaceuticals Incorporated
              Going Concern Analysis," Bates
              Nos. LGND_0021095 to '098

Exhibit 124   Table of Contents, Item 1A. Risk      168
              Factors, Bates Nos. LGND_0009352
              to '361

Exhibit 125   E-mail string, top e-mail to          197
              Matt Foehr from Nishan De Silva
              dated 8/29/2013, Bates Nos.
              LGND_0010818, and attached slide
              deck entitled, "Shots-on-Goal
              Portfolio Review"

Exhibit 126   E-mail string, top e-mail to          208
              John Higgins, matt Foehr and
              Nishan De Silva from Jason Aryeh
              dated 12/6/2013, Bates Nos.
              LGND_0018514 to '516

Exhibit 127   E-mail string, top e-mail to          210
              undisclosed recipients from
              Robyn Karnauskas-Deutsche Bank
              dated 12/6/2013, Bates Nos.
              LGND_0018523 to '524

Exhibit 128   E-mail string, top e-mail to          212
              John Higgins from Matt Foehr
              dated 2/1/2014, Bates Nos.
              LGND_0019421 to '422

Exhibit 129   E-mail string, top e-mail to          224
              John Higgins from Matt Foehr
              dated 2/3/2014, Bates Nos.
              LGND_0019446 to '447

Exhibit 130   E-mail to Glenn Dourado from Lin      227
              Zhi dated 4/1/2014, Bates Nos.
              LGND_0022920 to '932

MATTHEW FOEHR                                    December 5, 2019

Page 6

EXHIBITS

DEFENDANTS'                                                  PAGE

Exhibit 131     E-mail to John Higgins from Matt     231
                Foehr dated 9/26/2014, Bates
                Nos. LGND_0061987 to '2010

Exhibit 132     E-mail string, top e-mail to         246
                Bruce Voss from Matt Foehr dated
                6/17/2014, Bates Nos.
                LCM_SEC0000849 to '851

Exhibit 133     E-mail string, top e-mail to         250
                Bruce Voss from Matt Foehr dated
                6/17/2014, Bates Nos.
                LCM_SEC0000857 to '859

Exhibit 134     E-mail string, top e-mail to         266
                Bruce Voss and John Higgins from
                Matt Foehr dated 6/25/2014,
                Bates Nos. LCM_SEC0000936 to
                '937

Exhibit 135     E-mail string, top e-mail to         271
                Bruce Voss from Matt Foehr dated
                9/26/2014, Bates Nos.
                LCM_SEC0001190 to '193

Exhibit 136     E-mail to John Higgins from Matt     272
                Foehr dated 10/6/2014, Bates No.
                LGND_000165

Exhibit 137     Document titled, "Pipeline           279
                Ligand Pipe Dream, Citron
                Publishes the Smoking Gun on
                Ligand Pharmaceuticals

MATTHEW FOEHR                                    December 5, 2019

PREVIOUSLY MARKED EXHIBITS

EXHIBIT NO.                PAGE

4                          236

79                         245

85                         261

99                         268

110                        270

MATTHEW FOEHR                                    December 5, 2019

                                                          Page 8

1       SAN DIEGO, CALIFORNIA; THURSDAY, DECEMBER 5, 2019

2                     8:59 A.M. - 6:35 P.M.

3

4

5       THE VIDEOGRAPHER:  We are now on the record.

6    Today's date is December 5, 2019, and the time is

7    8:59 a.m.  This begins the video-recorded deposition of

8    Matt Foehr being taken in the matter of SEC versus

9    Lemelson Capital Management, LLC, et al., on behalf of

10   the defendant, pending in the United States District

11   Court, District of Massachusetts, Civil Action

12   No. 1:18-CV-11926-PBS.

13            This deposition is taking place at Aptus

14   Court Reporting located at 600 West Broadway,

15   Suite 300, San Diego, California 92101.  My name is

16   Ryan Asanas, the videographer, of Key Discovery located

17   at 40 Court Street, Boston, Massachusetts 02108.

18            Will all counsel present identify yourselves

19   and state whom you represent starting with the taking

20   attorneys.

21       MR. BROOKS:  Doug Brooks from the law firm Libby

22   Hoopes and I represent the defendants in this matter.

23       MR. JONES:  Marc Jones, Securities and Exchange

24   Commission, representing the plaintiffs.

MATTHEW FOEHR                                    December 5, 2019

Page 9

1        MR. McCAUGHEY:  William McCaughey, Cahill Gordon &

2   Reindel, on behalf of Matt Foehr.

3        MR. BONDI:  Brad Bondi, Cahill Gordon & Reindel,

4   on behalf of Ligand Pharmaceuticals and the witness.

5        THE VIDEOGRAPHER:  Thank you.  The court reporter

6   today is Sheri Somers also with Key Discovery, and she

7   may now swear in or affirm the deponent.

8

9                      MATTHEW FOEHR,

10  having been administered an oath, was examined and

11  testified as follows:

12

13                      EXAMINATION

14  BY MR. BROOKS:

15      **Q.**   Good morning, Mr. Foehr.  My name is Doug

16  Brooks.  We met briefly off the record.  I represent

17  the defendants in this matter.

18           Have you ever been deposed before?

19      **A.**   I have.

20      **Q.**   How many times?

21      **A.**   Approximately five.  I'm not sure exactly.

22      **Q.**   When was the last time you were deposed?

23      **A.**   Within the last six months.

24      **Q.**   And what was the nature of that deposition,

MATTHEW FOEHR                                    December 5, 2019

                                                        Page 131

1      **Q.**   Finally under that it says, "Self-reported

2   160 percent net gain over 24-month life of fund, may be

3   too good to be true."

4           Do you see that?

5      **A.**   I see that.

6      **Q.**   Was any effort taken by Ligand to find out if

7   in fact that was too good to be true?

8      **A.**   I don't know.

9      **Q.**   Sitting here today, do you know whether or

10  not that's true?

11     **A.**   I don't know.

12     **Q.**   Have you ever read any of Father Lemelson's

13  annual reports which include audited financials?

14     MR. JONES:  Objection.  Compound.

15     THE WITNESS:  I've read annual reports that have

16  been posted on the Lemelson Capital website.  I don't

17  know if those were audited or not.

18  BY MR. BROOKS:

19     **Q.**   Meaning you don't recall whether those

20  reports were audited, correct?

21     **A.**   I don't recall.

22     **Q.**   "Dishonest Investment Practices" and under

23  that is, "Reverse pump-and-dump tactics used to quickly

24  drive down shorted stocks."

MATTHEW FOEHR                                      December 5, 2019

                                                      Page 137

1          THE WITNESS:  I don't know.

2     BY MR. BROOKS:

3          Q.   With respect to Father Lemelson's Wikipedia

4     page that we were talking about, did you ever edit

5     that?

6          A.   No.

7          Q.   Did you ever cause anyone else to edit it?

8          A.   No.

9          Q.   Do you know whether anyone at Ligand ever

10    edited it?

11         A.   I don't believe so.

12         Q.   Do you recall discussions with Ligand

13    personnel about potentially editing Father Lemelson's

14    or Lemelson Capital Management's Wikipedia page?

15         A.   I don't know.

16         Q.   If you could turn to slide 28, you'll see

17    that there's a number of quotes there from Lemelson

18    Capital Management's press release.  Do you see that?

19         A.   I see that.

20         Q.   And those quotes are about the -- strike

21    that.

22              Those claims, Ligand refers to them as

23    out-performance claims.  Do you see that?

24         A.   I see the title of the slide says, "Lemelson:

MATTHEW FOEHR                                    December 5, 2019

                                                      Page 138

 1   Out-performance claims."

 2       **Q.**   And they refer to quotes that Lemelson

 3   Capital Management made about outperforming various

 4   standards; is that correct?

 5       **A.**   Generally that's correct, yes.

 6       **Q.**   Why were those included in Ligand's

 7   presentation to the SEC?

 8       MR. BONDI:  Object to the form.  I think that

 9   calls for attorney work product.  I'm going to instruct

10   the witness not to get into why things were selected or

11   not selected to present to the SEC because that

12   involved direction of counsel.

13       THE WITNESS:  I don't know.

14   BY MR. BROOKS:

15       **Q.**   Did you do anything to verify the claims made

16   by Lemelson Capital Management that are contained on

17   slide 28 of this document?

18       MR. BONDI:  He personally?

19       MR. BROOKS:  Yes.

20       THE WITNESS:  I did not compose this slide.  This

21   slide was put together with input from counsel, as I

22   recall.

23   BY MR. BROOKS:

24       **Q.**   Are you aware of anyone at Ligand taking any

MATTHEW FOEHR                                December 5, 2019

                                                     Page 139

1    steps to verify the truth or falsity of the statements

2    set forth on slide 28?

3        **A.**   I don't know.

4        **Q.**   Sitting here today, do you know whether these

5    are true or false?

6        MR. JONES:  That these are actually quotes of his

7    or that the substance of the quotes is true?

8        MR. BROOKS:  The substance of the quotes.

9        MR. BONDI:  Object to the form.

10       THE WITNESS:  I don't know.

11   BY MR. BROOKS:

12       **Q.**   What, if anything, do these statements on

13   slide 28 have to do with Ligand?

14       MR. JONES:  Objection.

15       THE WITNESS:  I don't see Ligand's name mentioned

16   in any of these quotes that were taken from Lemelson

17   Capital's press releases, but Ligand may have been an

18   investment that contributed to these results.  I don't

19   know.

20   BY MR. BROOKS:

21       **Q.**   I know you testified earlier you've seen

22   Father Lemelson's -- some of Father Lemelson's annual

23   reports, correct?

24       **A.**   Yes.

MATTHEW FOEHR                                    December 5, 2019

Page 305

1         I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby certify:

3         That the foregoing proceedings were taken

4    before me at the time and place herein set forth; that

5    any witnesses in the foregoing proceedings, prior to

6    testifying, were duly sworn; that a record of the

7    proceedings was made by me using machine shorthand,

8    which was thereafter transcribed under my direction;

9    that the foregoing transcript is a true record of the

10   testimony given.

11        Further, that if the foregoing pertains to the

12   original transcript of a deposition in a federal case,

13   before completion of the proceedings, review of the

14   transcript [ X ] was [ ] was not requested.

15

16        I further certify I am neither financially

17   interested in the action nor a relative or employee of

18   any attorney or party to this action.

19        IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21   Dated: December 19, 2019

22

23   _____

     Sheri L. Somers

24   CLR, CSR No. 9734

MATTHEW FOEHR                                    December 5, 2019

Page 306

1            DECLARATION UNDER PENALTY OF PERJURY

2

3      I, MATTHEW FOEHR, hereby certify under penalty of

4   perjury under the laws of the State of California that

5   the foregoing is true and correct.

6

7      Executed this _____ day of _____, 2019

8   at _____, California.

9

10

11

12                        _____

13                             MATTHEW FOEHR

14

15

16

17

18

19

20

21

22

23

24

MATTHEW FOEHR                                    December 5, 2019

                                                      Page 307
     1                     DEPOSITION ERRATA SHEET
     2
           CASE NAME: SEC v. LEMELSON
     3     DEPOSITION DATE: December 5, 2019
           WITNESS NAME: MATTHEW FOEHR
     4
     5     Reason Codes:  1. To clarify the record.
                          2. To conform to the facts.
     6                    3. To correct transcription errors.
     7
           Page _____ Line _____ Reason Code _____
     8     From _____ to _____
     9     Page _____ Line _____ Reason Code _____
           From _____ to _____
    10
           Page _____ Line _____ Reason Code _____
    11     From _____ to _____
    12     Page _____ Line _____ Reason Code _____
           From _____ to _____
    13
           Page _____ Line _____ Reason Code _____
    14     From _____ to _____
    15     Page _____ Line _____ Reason Code _____
           From _____ to _____
    16
           Page _____ Line _____ Reason Code _____
    17     From _____ to _____
    18     Page _____ Line _____ Reason Code _____
           From _____ to _____
    19
           Page _____ Line _____ Reason Code _____
    20     From _____ to _____
    21     Page _____ Line _____ Reason Code _____
           From _____ to _____
    22
           Page _____ Line _____ Reason Code _____
    23     From _____ to _____
    24

MATTHEW FOEHR                                    December 5, 2019

                                                      Page 308

1       Page _____ Line _____ Reason Code _____

        From _____ to _____

2

        Page _____ Line _____ Reason Code _____

3       From _____ to _____

4       Page _____ Line _____ Reason Code _____

        From _____ to _____

5

6

        _____ Subject to the above changes, I certify that

7               the transcript is true and correct

8       _____ No changes have been made. I certify that the

                transcript is true and correct.

9

10

11                             _____

                                    MATTHEW FOEHR

12

13

14

15

16

17

18

19

20

21

22

23

24

# ERRATA SHEET

Case: *Securities and Exchange Commission v. Lemelson, No. 1:18-cv-11926-PBS (D. Mass)*

Date of Deposition: December 5, 2019

Deponent: Matthew Foehr

| Page | Line(s) | Change | Change To | Reason |
|------|---------|--------|-----------|--------|
| 1 | N/A | 1:18-CU-11926-PBS | 1:18-CV-11926-PBS | Clarification |
| 2 | N/A | 1:18-CU-11926-PBS | 1:18-CV-11926-PBS | Clarification |
| 4 | N/A | WITNESS: BRUCE VOSS | WITNESS: MATTHEW FOEHR | Clarification |
| 16 | 21 | Santol | Antle | Transcription Error |
| 16 | 24 | Ed | Eric | Transcription Error |
| 25 | 15 | McCartney | Macartney | Transcription Error |
| 25 | 17 | Steven | Stephen | Transcription Error |
| 51 | 21 | it was your question. | it. | Clarification |
| 52 | 10 | had | may | Transcription Error |
| 52 | 21 | 2.5 million | $2.5 million loan | Clarification from exhibit |
| 53 | 15 | 2.5 | $2.5 | Clarification |
| 54 | 14 | prefer | refer | Transcription Error |
| 56 | 23 | so had | so we | Transcription Error |
| 181 | 23 | Sovaldi | Hepatitis C | Clarification |
| 215 | 5 | Transcept primary Asset Intermezzo." | "Transcept: Primary Asset Intermezzo." | Clarification from exhibit |
| 223 | 6 | believe was | believe it was | Clarification |
| 229 | 18 | amount discussion | amount of discussion | Transcription Error |
| 254 | 24 | is not nonsensical | is a nonsensical | Transcription Error |
| 262 | 20 | misstates | misstatements | Transcription Error |

## <u>CERTIFICATE OF DEPONENT</u>

I have read the foregoing transcript of my deposition and except for any corrections or changes noted on the errata sheet, I hereby subscribe to the transcript as an accurate record of the statements made by me.

Matthew Foehr