| 03/31/2020 | 112 | Magistrate Judge Donald L. Cabell: ELECTRONIC ORDER entered denying 99 Motion for More Definite Statement.<br><br>Plaintiff Securities and Exchange Commission (Commission) moves the court pursuant to Fed. R. Civ. P. 12(e) to order the defendant to provide a more definite statement concerning his defense of selective enforcement. The court assumes familiarity with the facts of the case and the court's previous ruling (D. 55) allowing the defendant to take a Rule 30(b)(6) deposition of the Commission on certain topics. Because the defendant has made reasonably clear his argument for selective enforcement and requiring a more definite statement prior to the deposition is not warranted, the motion is DENIED.<br><br>Courts have asserted that Rule 12(e) motions should "be addressed not to a lack of detail but rather to unintelligibility which thereby prevents the movant from "determin[ing] the issues he must meet." *Hilchey v. City of Haverhill*, 233 F.R.D. 67, 69 (D. Mass. 2005) (internal citations omitted). A court "should not grant a motion for a more definite statement when the degree of detail sought exceeds federal pleading requirements and demands information that is more appropriately obtained through discovery." *Adams v. Wells Fargo Bank,* No. CV 17-12092-FDS, 2018 WL 3421859, at *1 (D. Mass. July 12, 2018) citing *Raytheon Co. v. Continental Cas. Co.,* 123 F. Supp. 2d 22, 33 (D. Mass. 2000).<br><br>To this end, the defendant has already provided the Commission with sufficient information to put it on notice of the basis of its selective enforcement defense. Briefly, the defendant has argued, among other things, that "never before has the Commission brought a short-and-distort case against an individual who publicly disclosed that he was short the stock he was discussing" (D. 45 at 2), and the reason the Commission brought the case was because of extreme pressure from Ligand, who had falsely accused the defendant of using his "religious credentials to inspire false confidence and raise money." (D. 55). Or as the defendant most recently stated, "In essence, Defendants allege that they were treated differently by the Commission than other financial analysts because of Fr. Emmanuel's religious affiliation and because Ligand improperly convinced the Commission to pursue this meritless action to suppress Fr. Emmanuel's First Amendment right to free speech." (D. 108 at 2, n. 1).<br><br>The court has already ruled that at the time the Commission moved for a protective order against a 30(b)(6) deposition, the defendant had demonstrated "enough facts, even if just barely so, to warrant discovery on his claim of selective enforcement and bias." (D.55). The Commission does not need to agree with or accept any of the defendant's assertions, but they have at least been provided with notice of what the defendant intends to argue.<br><br>To be sure, the Commission raises a fair point when it notes that discovery has closed and it will therefore not have the same opportunities as the defendant to investigate the merits of a selective enforcement defense. However, the Commission may always seek leave after the 30(b)(6) deposition to conduct additional discovery provided it can make a showing for its need. (Russo, Noreen) (Entered: 03/31/2020) |