UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE AND ARGUMENTS ABOUT
<u>REJECTED SELECTIVE ENFORCEMENT DEFENSE</u>**

This Court rejected Defendants' selective enforcement defense, granting the Commission's motion for summary judgment on that claim. Ignoring that ruling, Defendants seek to present the very same arguments they made in support of that defense, which the Court rejected for want of evidence. The Commission moves *in limine* to exclude such arguments and related "evidence," which is not relevant to any claim or defense currently part of this case.

### FACTS

Defendants asserted selective enforcement as an affirmative defense. [ECF No. 34.] The Court granted the Commission's motion for summary judgment on that affirmative defense, finding that Defendants failed to present evidence of a) similarly situated uncharged parties and b) "impermissible considerations in deciding to charge [Defendants]." [ECF No. 146 at 30.]

The Court rejected arguments that "the SEC impermissibly considered Lemelson's religion, was motivated by Ligand's undue influence, and sought to suppress Lemelson's free speech." *Id.*

Yet in pretrial discussions, Defendants have still refused to exclude evidence and arguments about the following topics related to selective prosecution:

1) How or why this case was brought, and allegations that the case was brought for an improper purpose;

2) Allegations that the SEC "leaked" this case to the media, and the Bloomberg article which was the subject of Defendant Lemelson's failed defamation suit;

3) Claims about the Commission's conduct of this litigation;

4) Claims about bias against Defendant's religious affiliation; and,

5) What Ligand told the Commission when reporting Defendants' conduct.

The evidence that Defendants seek to introduce includes:

- testimony from the Commission's Rule 30(b)(6) witness on selective enforcement topics;

- presentations to the Commission by Ligand representatives;

- the Bloomberg article about the investigation of Lemelson;

- reports to the Commission by Lemelson through the Commission's "tips, complaints, and referrals" portal;

- an article about former Congressman Duncan Hunter, seemingly pertaining to an unsubstantiated accusation by Lemelson that Hunter influenced the bringing of this case; and

- Lemelson's letters to Congress making accusations about the Commission and calling for a Congressional investigation.

Defendants should not be permitted to bring these arguments and evidence to the jury.

## ARGUMENT

The jury will be asked to answer the following question, and nothing more: Did Defendants engage in a fraudulent scheme and make a series of fraudulent misrepresentations and misleading omissions in a way that violated the Exchange Act and the Advisers Act?

Defendants want to divert the jury's attention away from this question toward accusations about how and why this case was brought. These accusations have already been rejected by this Court for lack of evidence. They are not relevant to any active claim or defense in this case, have no probative value, and constitute an improper attempt to unduly prejudice the jury and confuse the matters actually at issue. Fed. R. Evid. 401-403.

    A stark example of this is the proposed deposition excerpts of the Commission's Rule 30(b)(6) witness. The Rule 30(b)(6) deposition topics related specifically to Defendants' selective enforcement claim. In fact, the Court only permitted this Rule 30(b)(6) deposition to let Defendants "learn the facts underlying their selective enforcement defense…." [ECF No. 55 at 7] (denying the Commission's Motion for Protective Order). There were no such facts, as the Court held on summary judgment. Defendants' selective enforcement defense is therefore no longer part of the case, and the discovery about it—which bore no fruit, even drawing all reasonable inferences in favor of Defendants—is no longer relevant to any claim or defense.

    Ligand's presentations to the Commission present another clear example of improper argument and evidence, relevant only to the rejected affirmative defense of selective prosecution. In multiple depositions and in their summary judgment briefing, Defendants have pointed to these presentations to imply some impropriety in Ligand's act of reporting suspected securities fraud to the Commission. Their inclusion on Defendants' exhibit list shows that they will try again to suggest the Commission and Ligand improperly colluded. But after-the-fact communications between Ligand's counsel and Commission staff about Defendant Lemelson's conduct—publicly lying about the company to depress its stock price—does not affect the question properly before the jury, *i.e.*, whether Defendants in fact violated the securities laws in 2014.

The remaining material—the Bloomberg article, the letters to Congress, the material about Rep. Hunter—all pertain to Defendants' meritless accusations against the Commission, and not to Defendants' fraudulent scheme and fraudulent misrepresentations. For the most part, these proffered exhibits include accusations against the Commission in their text. Admitting such documents into evidence would put Defendants' rejected affirmative defense before the jury on paper, saving Defendants' the trouble of making the argument themselves. The Court should not allow Defendants to slip those accusations, already adjudicated to be unfounded, into the jury room. Besides being irrelevant, all of this material is more prejudicial than probative and will only distract the jury from its task. Fed. R. Evid. 403.

Defendants may proffer a pretext for using this material anyway. They have, for instance, suggested that they will introduce this evidence as probative of "bias" on the part of Ligand witnesses. But the Court should not accept this pretext for rehashing arguments that the Court found meritless. Indeed, it is unclear how Ligand's decision to report Defendants' conduct to the Commission is probative of bias. To be sure, Ligand personnel considered Defendants' conduct illegal and offensive, but this is neither surprising nor improper in the context of Defendants' lies about the company. It is not a valid inference that a witness would lie under oath in court because they reported Defendants' illegal conduct. Defendants should not be permitted to insinuate otherwise based on evidence the Court found insufficient to support their defense.

Neither the Commission nor Ligand is on trial. Defendants should not be permitted to suggest to the jury that Ligand did something untoward by reporting possible securities fraud to the federal securities fraud regulator.

CONCLUSION

For these reasons, the Commission asks this Court to exclude the evidence and arguments discussed above, as irrelevant to the claims and defenses currently asserted and more prejudicial than probative.

Dated: October 4, 2021

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Marc Jones*
Marc J. Jones (Mass. Bar #645910)
Alfred A. Day (Mass. Bar #654436)
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-4537 (Jones direct)
jonesmarc@sec.gov
daya@sec.gov

**CERTIFICATE OF SERVICE**

I certify that on October 4, 2021, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

*/s/ Marc Jones*