UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OR ARGUMENT ABOUT
ANY ALLEGED ADVERSE CONSQUENCES FOR DEFENDANT**

Plaintiff moves *in limine* to preclude Defendants from offering evidence or making arguments about adverse consequences he has suffered or might suffer as a result of the Commission's investigation, the pendency of this action, a finding of liability at trial, or any sanctions that the Court might impose. That evidence and argument should be excluded under FRE 402 and 403.

**BACKGROUND**

In pretrial discussions, Defendants refused to agree to exclude evidence about the adverse consequences Defendant Lemelson may experience if the jury finds him liable. Defendants have agreed, after meeting and conferring, that they will "not argue that the jury should weigh the potential consequences of Defendants being found liable in making their determination of liability . . . ." But Defendants argue that they should be able to introduce this evidence because

it is "relevant to Ligand's bias and motivations for lobbying the SEC to bring this action." That justification is merely a backdoor to bring in the same evidence as a means to try to sway the jury in their favor with improper sympathy-based arguments. And it also admits that Defendants seek to go far beyond the evidence on the elements of the violations alleged, into the very arguments that this Court rejected when it granted the Commission summary judgment on the selective enforcement claim.

## ARGUMENT

**I.      Evidence or Argument about Adverse Consequences Is Irrelevant and Would Be Unfairly Prejudicial**

The jury's role as trier of fact is to determine whether Defendants violated the federal securities laws. The Court should exclude evidence or arguments about any adverse collateral effects to Defendants allegedly arising from the Commission's investigation, the pendency of this action, or a finding of liability, for two reasons.

First, under FRE 401, such evidence would not be relevant. The Commission must prove (1) that Defendants engaged in a fraudulent scheme or made materially false and misleading statements; (2) that they acted with the requisite state of mind (scienter or recklessness for the Exchange Act Section 10(b) claim, and scienter, recklessness, or negligence for the Advisers Act claim); and, (3) that they did so in connection with the purchase or sale of securities (Exchange Act claim) or to investors or potential investors (Advisers Act claim). If the Commission prevails, the available sanctions include: (1) injunctive relief; (2) disgorgement of ill-gotten gains; and, (3) civil penalties. The Court – not the jury – will determine whether to impose each of these sanctions. *SEC v. Lipson*, 278 F.3d 656, 662 (7th Cir. 2002) ("it is for the judge to decide, consistent with the jury's finding of liability, not only what equitable relief to impose, but also the amount of the civil penalty"). Evidence about any personal suffering, reputational

2

damage, or any monetary or injunctive consequence from a finding of liability has no tendency to make more or less probable any fact going towards the merits of the Commission's claims.

In *SEC v. Moran*, No. 95-civ-4472, 1995 WL 785953, at *1 (S.D.N.Y. Oct. 31, 1995), the Court granted the Commission's motion *in limine* to preclude the defendants "from offering any evidence regarding hardship or loss which the defendants suffered as a result of these charges being lodged or that may result from the court's verdict." As the court explained:

> There is no relevant basis under which such proof could be offered. It is well settled that the trier of fact must consider only the factual issue of liability without regard to any potential consequences which may befall a defendant. *See Shannon v. United States*, 114 S.Ct. 2419, 2424 (1994) ("information regarding the consequences of a verdict are irrelevant" for the finder of fact to consider); *Rogers v. United States*, 422 U.S. 35, 40 (1975) (verdict must be reached "without regard to what sentence might be imposed"). Thus, evidence of this kind may not be admitted. *See* Fed. R. Evid. 402.

*Id*. Similarly, in *SEC v. Spencer Pharm., Inc.*, the Court found that because "[n]one of the statutory provisions under which [Defendant] is charged include an element related to either the effects of the investigations or the possible consequences of trial . . . such evidence is irrelevant to a determination of [Defendant's] liability . . . ." 58 F. Supp. 3d 165, 166 (D. Mass. 2014). This is why juries are routinely instructed not to consider any consequences to the defendant flowing from a finding of liability. *Figueroa-Torres v. Toledo- Davila*, 232 F.3d 270, 275-76 (1st Cir. 2000) (approving trial judge's instruction to jury in civil rights action that the consequences of its verdict were not jury's concern because the jury's duty was to decide the case based on the facts regardless of the verdict's repercussions); *United States v. Shannon*, 981 F.2d 759, 761 (5th Cir. 1993) (declaring that "[t]he well-established general principle is that a jury has no concern with the consequences of its verdict."), *aff'd*, 512 U.S. 573 (1994); *E. I. du Pont de Nemours & Co. v. Berkley and Co., Inc.*, 620 F.2d 1247, 1275 n.54 (8th Cir. 1980) (approving trial judge's instruction in patent infringement suit that jury should ignore

consequences of its findings).

Second, any such evidence would be unfairly prejudicial to the Commission under FRE 403.  That rule provides for the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury . . . ."  Under FRE 403, evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *United States v. Peake*, 804 F.3d 81, 96 (1st Cir. 2015) (quoting Advisory Committee Note on Rule 403).  In other words:

> Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence; relevance alone does not ensure its admissibility.  That is, evidence may be excluded if its probative value is not worth the problems that its admission may cause, *e.g.* unfair prejudice, confusion of the issues, misleading the jury . . .

*Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002).  Evidence of adverse consequences is unfairly prejudicial because "it appeals to the jury's sympathies . . . or may cause a jury to base its decision on something other than the established propositions of the case."  *Moore v. Ashland Chem., Inc.*, 126 F.3d 679, 692 (5th Cir. 1997).

In *SEC v. Berrettini*, 2015 WL 4247776 (N.D. Ill. July 14, 2015), the court granted the Commission's motion to exclude the evidence because "any probative value that such evidence theoretically may have is substantially outweighed by the risk of wasting time, confusing the issues, and evoking sympathy—none of which are valid bases for offering evidence or testimony."  *Id*. at *2.   Another court found that "evidence of adverse consequences Defendants may have suffered *because of* this trial or the related investigation . . . is generally irrelevant and to the extent it is offered merely to elicit sympathy from the jury, it is improper."   *SEC v. Arrowood*, 2014 WL 11517838, at *1 (N.D. Ga. May 15, 2014) (emphasis in original).   See also *SEC v. Nutmeg Grp. LLC*, 2017 WL 3269389, *8 (N.D. Ill. Aug. 1, 2017) (evidence about the

4

defendants' precarious financial condition "could provoke sympathy by jurors, prompting them potentially to excuse a violation of the law because [defendants] . . . already have suffered financial hardship."); *SEC v. Saul*, 1991 WL 218061, at *1 (N.D. Ill. Oct. 16, 1991) (same).

## II. Adverse Consequences to the Defendants Are Not Probative of Bias

Defendants should not be permitted to circumvent the irrelevant and prejudicial nature of adverse consequences evidence in a "witness bias" line of inquiry.

First, as argued in more detail in the Commission's Motion *in limine* about "selective enforcement" evidence, Defendants' purported line of inquiry about, in Defendants' words, "Ligand's . . . motivations for lobbying the SEC to bring this action" should be excluded. The parties went through an extensive summary judgment briefing process centered on Defendants' suggestions that this case was brought for some improper purpose and the Court dismissed the selective enforcement defense. Defendants should not be permitted to resurrect these claims at trial. Why the Commission sued Defendants and the circumstances of how and why the case was reported to the Commission are not relevant to whether Defendants' conduct and state of mind fit the elements of the offenses charged.

Second, it is unclear how the sanctions that the Court might eventually impose show a witness's bias. A witness may know that a Commission action could result in a finding that Defendants committed fraud and that sanctions may follow. But, for all the reasons set forth above, it is improper to wade further into the details of what sanctions the Court may impose and how any of those as-yet-unknown sanctions might affect the Defendants.

## CONCLUSION

For the reasons stated above, the Commission asks the Court to preclude Defendants from offering evidence or making arguments about any adverse consequences they have allegedly suffered or might suffer.

Dated: October 6, 2021                                 Respectfully submitted,

                                                                                  **SECURITIES AND EXCHANGE COMMISSION**

                                                                                  By its Attorneys,

                                                                                  */s/ Marc Jones*
                                                                                  Marc J. Jones (Mass. Bar #645910)
                                                                                  Alfred A. Day (Mass. Bar #654436)
                                                                                  Boston Regional Office
                                                                                  33 Arch Street
                                                                                  Boston, MA  02110
                                                                                  (617) 573-4537 (Jones direct)
                                                                                  jonesmarc@sec.gov
                                                                                  daya@sec.gov

## CERTIFICATE OF SERVICE

     I certify that on October 6, 2021, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

                                                                                 */s/ Marc Jones*