UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OR ARGUMENT THAT
THE STATEMENTS CHALLENGED IN THE COMPLAINT WERE OPINIONS**

Plaintiff moves in limine to preclude Defendants from offering evidence or making arguments suggesting that the four statements addressed in the Commission's complaint ("challenged statements") were merely Lemelson's opinions, and that the jury should find Lemelson not liable as a result. In pretrial discussions, Defendants stated that they were "not waiving any argument that Defendants' statements were protected by the First Amendment." But this Court has determined as a matter of law that the challenged statements are statements of fact, and that Defendants can be found liable based on those statements. Defendants should not be permitted to undo the Court's summary judgment ruling by re-arguing the fact/opinion issue to the jury.

# ARGUMENT

## I. Whether a Statement Is Fact or Opinion Is a Question of Law to Be Decided by the Court

"[C]ourts treat the issue of labeling a statement as verifiable fact or as opinion as one ordinarily decided by judges as a matter of law." *Gray v. St. Martin's Press, Inc.*, 221 F.3d 243, 248 (1st Cir. 2000) (citing *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 510-11 (1984)); *see also Riley v. Harr*, 292 F.3d 282, 291 (1st Cir. 2002); *Underwood v. Digital Equip. Corp.*, 576 F. Supp. 213, 217 (D. Mass. 1983) ("The determination as to whether a statement is one of fact or opinion is generally a question of law.") (citing *Greenbelt Cooperative Publishing Association v. Bresler,* 398 U.S. 6, 13 (1970)).  Although the question may be put to the jury in unusual circumstances, where there is ambiguity, no such ambiguity exists here.  *See Hi-Tech Pharm., Inc. v. Cohen*, 277 F. Supp. 3d 236, 244 (D. Mass. 2016.)  In fact, this Court has already found the statements to be fact rather than opinion.  *See* Order at 20, 24-26.

## II. The Court Has Already Decided the Challenged Statements are Statements of Fact

For each of the four challenged statements, this Court found on summary judgment that the statements were ones of fact, and not opinion:

| MISREPRESENTATION | COURT FINDING |
|---|---|
| A member of Ligand's investor relations firm "basically agreed" that Promacta was going away | "Lemelson's statement characterized a past 'actual happening' … and may therefore be construed to characterize a statement of fact, not an opinion."  Order at 24. |
| Viking financial statements were unaudited | "This unqualified assertion that the financial statements provided on the S1 are accordingly unaudited … cannot reasonably be construed as an opinion at this juncture."  Order at 25. |
| Viking does not intend to conduct any preclinical trials | "Although Lemelson's statement that Viking offered no value to Ligand shareholders might have been an opinion, the basis of this opinion – that Viking did not intend to conduct any preclinical studies or trials – is a fact statement that could reasonably be construed as misleading."  Order at 25. |

| | |
|---|---|
| Ligand was insolvent based on its "debt-to-tangible-equity" ratio | "the overarching problem [is] that Lemelson falsely described Ligand as 'insolvent' on the basis of his calculations." Order at 20; *see also* Order at 26 (rejecting First Amendment defense for this statement). |

### III. Defendants Seek a Second Opinion from the Jury

Defendants' primary argument on summary judgment was that "the Commission's case is based on four statements made by Fr. Emmanuel that (i) are each either demonstrably true or constitute opinion commentary protected by the First Amendment…." ECF No. 124. The Court denied that motion—and rejected this argument—in its summary judgement order. Order, ECF No. 146.

Defendants had argued the same thing in the Motion to Dismiss, claiming that certain of the challenged statements were inactionable opinions. *See* ECF No. 11 at 12-15. The Court rejected that argument in denying the Motion to Dismiss. *See* ECF No. 29.

At both stages, Defendants maintained that this Court could decide whether the challenged statements were fact or opinion. Now—having lost that argument with the Court—they would like to submit it to the jury instead. Defendants also want to reargue to the jury that the opinion disclaimer Lemelson placed on his reports converts his false and misleading statements of fact into opinions. The Court rejected this argument at the summary judgment stage, accepting the Commission's arguments to the contrary:

> Nor can generic disclaimers (either about the short position or about the reports being opinion) shield Defendants from liability. As the D.C. Circuit observed in finding that integration clauses do not bar fraud-in-the-inducement claims, "[s]uch a reading would leave swindlers free to extinguish their victims' remedies simply by sticking in a bit of boilerplate." *Whelan v. Abell*, 48 F.3d 1247, 1258 (D.C. Cir. 1995).
>
> In a similar vein, Defendants claim that labelling their reports as containing opinions insulates them from liability. [Br. at 30.] The *Omnicare* court rejected that argument: Using "magic words" such as "we believe" or "we think" does not change the statutory requirement for those statements about securities transactions not be misleading because "magic words can preface nearly

3

any conclusion, and the resulting statements . . . remain perfectly capable of misleading investors." *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund,* 575 U.S. 175, 192-93 (2015). Defendants' position, "would punch a hole in the statute for half- truths in the form of opinion statements" and create a "virtual carte blanche to assert opinions . . . free from worry" about the federal securities laws. *Id.*; *see also Gray v. St. Martin's Press, Inc.*, 221 F.2d 243, 248 (1st Cir. 2000) ("to say 'I think' is not enough to turn fact into opinion . . . where what is supposedly 'thought' is, or implies, a proposition of fact").

*See* ECF No. 131 at 8-9. The Court agreed, holding that "Lemelson's statements regarding … the status of his reports as opinion commentary are not specific enough to immunize him…." Order at 19.

## CONCLUSION

For the reasons stated above, the Commission asks the Court to preclude Defendants from offering evidence or making arguments suggesting that the four statements addressed in the Commission's complaint were merely Lemelson's opinions, and that the jury should find Lemelson not liable as a result.

Dated: October 4, 2021                               Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Marc Jones*
Marc J. Jones (Mass. Bar #645910)
Alfred A. Day (Mass. Bar #654436)
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-4537 (Jones direct)
jonesmarc@sec.gov
daya@sec.gov

## **CERTIFICATE OF SERVICE**

      I certify that on October 4, 2021, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

                                                */s/ Marc Jones*