UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>     v.<br><br>GREGORY LEMELSON and LEMELSON<br>CAPITAL MANAGEMENT, LLC,<br><br>                    Defendants,<br><br>     and<br><br>THE AMVONA FUND, LP,<br><br>                    Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE ARGUMENT THAT THE COMMISSION
MUST PROVE INVESTOR RELIANCE**

Plaintiff moves *in limine* to preclude Defendants from arguing at trial, or proposing any

jury instruction, suggesting that the Commission must prove downward stock price movement to

establish materiality.  Such an argument would improperly impose on the Commission an

element of investor reliance that is not required in SEC enforcement actions.

**BACKGROUND**

In pretrial motion practice, Defendants argued, among other things, that the

Commission's claims must fail for want of proof that Defendants' conduct caused Ligand's stock

price to fall.  [ECF No. 125 at 15-21 (Memorandum of Law In Support of Defendants' Motion

for Summary Judgment).]  Defendants faulted the Commission for not designating an affirmative

expert to present an event study.  [*Id.*]  The Court rejected Defendants' argument, holding that

(1) investor reliance is not an element of the Commission's claims and (2) the Commission need

not proffer an event study.  [ECF No. 146 at 13-18 (Memorandum and Order).]

Undersigned counsel later informed Defendants that the Commission intended to move *in limine* to exclude any argument that the Commission must show reliance and/or investor harm, including:

      i.      Argument/evidence that statements cannot be material because the stock price did not decline (enough).

      ii.     Argument/evidence that expert testimony about effect on stock price should have been entered or was required.

Defendants signaled their intention to argue exactly what had been decided against them in the Court's summary judgment order:

> We do not assert that the Commission must show reliance or harm to investors.  But, we believe [your proposed motion] mischaracterizes the argument we have pursued, which is that in cases alleging a fraud on the market, materiality is determined by the market reaction.  Therefore, while we agree with the law as stated in c, we believe the arguments and evidence in c.i and c.ii are viable and, at a minimum, we are preserving those arguments for appeal.

Defendants thus concede that the Commission need not prove investor reliance, but still seek to require the Commission to prove a change in stock price.

## ARGUMENT

In ruling on Defendants' motion for summary judgment, the Court rejected Defendants' argument that the Commission must prove a downward stock price movement in reaction to Defendants' conduct to establish materiality.  The Court held that,

> . . . requiring the SEC in the present case to show that the Ligand market price dropped after Lemelson's statements, the Court would essentially be requiring the SEC to prove the reliance element in a civil enforcement action.  Such a requirement is unsupported by the case law, and it would go against the Supreme Court's admonition that the materiality element not be 'confined to a rigid formula." *Basic*, 485 U.S. at 236.  Thus, although a change in stock price is relevant to a jury's analysis of the materiality

element, an absence of change in stock price is not dispositive.
[ECF No. 146 at 16-17.]  And the Court held that the Commission need not introduce an event study to establish materiality.  [*Id.* at 17.]

Defendants' position that "materiality is determined by the market reaction" [Ex. B] directly contradicts this Court's prior ruling and prevailing law.  *E.g.*, *Veleron Holding, B.V. v. Morgan Stanley, et al.*, 117 F. Supp. 3d 404, 433 (S.D.N.Y. 2015) (event study not required to prove materiality).  As this Court held, proof of investor reliance—whether in the form of an event study or otherwise—is not required for the Commission to prevail.  [ECF No. 146 at 17 ("[T]he materiality element does not require a showing 'that the investor would have acted differently if an accurate disclosure was made.'" (quoting *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 162 (2d Cir. 2000) (citation omitted).]  Defendants' position should therefore be rejected. *See, e.g.*, *F/V SAILOR, Inc. v. City of Rockland*, 329 F. Supp. 2d 176, 176-78 (D. Me. 2004) (summary judgment ruling was law of the case requiring grant of motion *in limine*).

To be clear, the jury may consider stock price movement as a factor relevant to materiality, "but an absence of change in stock price is not dispositive."  [ECF No. 146 at 17 (citing *United States v. Bilzerian*, 926 F.2d 1285, 1298 (2d Cir. 1991), *cert. denied*, 502 U.S. 813 (1991) ("[W]hether a public company's stock price moves up or down or stays the same . . . does not establish the materiality of the statements made, though stock movement is a factor the jury may consider relevant.").  Thus, while both parties may argue that the presence or absence of stock price movement is *probative* of materiality, neither party may argue that such evidence *determines* the materiality of Defendants' conduct.  Defendants' position to the contrary should be rejected as a matter of law, and they should be prohibited from making that argument at any time through the trial.

## REQUEST FOR INSTRUCTIONS

Because of the potential for confusion about the interplay of stock price, reliance, and materiality, the Commission asks the Court to instruct the jury on that topic during trial if evidence of a lack of stock price movement is introduced, and as a supplement to the Court's final instructions on materiality.  The Commission proposes this instruction:

> Certain evidence has just been presented to you about Ligand's stock price over a certain time.  With respect to its allegation that Defendants made false statements of material fact, the Commission must prove by a preponderance of evidence that the challenged statements were material.  In other words, that a statement contained information that a reasonable investor would consider important when deciding on whether to buy, sell, or hold a particular stock.
>
> When many investors sell their stock—for example, because they believed important bad news about a company—the price of the stock may go down.  Conversely, if new and important information causes many investors to buy a stock, the price of the stock may go up.  Here, the Commission does not need to prove that one or more investors changed his or her investment decision—that is, that they bought or sold their stock because of what Defendants' said about Ligand—for a statement to be considered material.  So, you may, but are not required to, consider a change in stock price as evidence that reasonable investors considered that fact important to his or her investment decision.  And you may, but are not required to, consider a lack in stock price change as evidence that reasonable investors did not find that statement important or believable enough to change their investment decision.  But you may not decide that a statement was not material just because the stock price didn't move following the statement.  You must instead decide whether the statement contained facts that a reasonable investor would find important based on all the evidence presented to you.

Without this charge, the jury may place undue weight on changes or lack of changes in Ligand's stock price and fall into a determination of reliance that is not part of the Commission's burden in this trial.

## CONCLUSION

For the reasons stated above, the Commission asks the Court to exclude any argument and reject any proposed jury instruction requiring the Commission to prove a change in stock price or any other indication of investor reliance on Defendants' misstatements or fraudulent scheme.

Dated: October 4, 2021        Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Alfred A. Day*
Marc J. Jones (Mass. Bar #645910)
Alfred A. Day (Mass. Bar #654436)
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-4537 (Jones direct)
jonesmarc@sec.gov
daya@sec.gov

## CERTIFICATE OF SERVICE

I certify that on October 4, 2021, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

*/s/ Alfred A. Day*

5