## UNITED STATES DISTRICT COURTTHE
## FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| GREGORY LEMELSON and LEMELSON CAPITAL | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| THE AMVONA FUND, LP, | ) |
| | ) |
| Relief Defendant | ) |

Civil Action No. 1:18-cv-11926-PBS

_____

### DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

Pursuant to this Court's Order for Pretrial Conference (ECF No. 147), Defendants Father Emmanuel Lemelson (f/k/a Gregory Lemelson), Lemelson Capital Management LLC, and the Amvona Fund LP hereby submit the following proposed jury voir dire:

This case has been brought by the United States Securities and Exchange Commission, a branch of the United States government.  I will sometimes refer to the government as the SEC.  The civil defendants in this case are Fr. Emmanuel Lemelson, Lemelson Capital Management, LLC, and the Amvona Fund, LP.  The SEC has brought claims for fraud in connection with the sales of securities in violation of Rule 10b-5 and for violations of the Rule 206(4)-8 under the Investment Advisers Act based on the alleged Rule 10b-5 claim.  The defendants deny the allegations from the SEC that they committed any fraud in violation of any securities laws or regulations.

The claims against Fr. Emmanuel Lemelson, Lemelson Capital Management, LLC, and the Amvona Fund, LP are contained in a document called a complaint.  The complaint is merely allegations and not proof that Fr. Emmanuel Lemelson, Lemelson Capital Management, LLC, or the Amvona Fund, LP is liable for any of the alleged claims.  Fr. Emmanuel Lemelson, Lemelson Capital Management, LLC, and the Amvona Fund, LP have denied committing any fraud in violation of any securities laws or regulations.  It will be up to you, the jury, to determine if the SEC has proven any of the claims by a preponderance of the evidence.

Those of you who are selected to serve on the jury will, of course, hear each side's more detailed version of the case over the course of this trial.

We are now going to begin the jury selection process.  I am going to have counsel introduce themselves and their clients to see whether any of you know them or have a connection with them.  I'll list the possible witnesses, again to see if you know them.  I will also ask everyone on the panel a series of other questions.  If your answer is "yes," or you think your answer should possibly be "yes," please raise your hand and keep it raised until the courtroom clerk, takes down your juror number and records your answer.

After I finish asking all the questions and we have kept track of all of the affirmative answers, I will call any juror who answered "yes" to any question or questions up to the sidebar so that I, along with counsel for the parties, can find out what the issues are and perhaps ask some follow-up questions.

Please don't hesitate to raise your hand if you're not sure what to do.  Don't be shy.  If you think your answer is "yes" or you aren't sure for some reason, then please raise your hand so I can address any question you may have when I have you come to sidebar.  The time to ask

questions or raise issues is now, not part way through the trial.  I won't be upset if you raise your hand because you weren't sure what to do.

When you come to sidebar, please stand sideways, facing me and the court reporter so we can hear you, but hopefully the rest of the room won't.  I'll ask for your name and juror number and then we'll talk about why you raised your hand.  We will move through this process as efficiently as possible, but please be patient.

I will now ask you a series of questions.  Again, if your answer is "yes," or you think your answer should possibly be "yes," please raise your hand.

1. The defendants in this case are Fr. Emmanuel Lemelson, Lemelson Capital Management, LLC, or the Amvona Fund, LP and the allegations concern their published analysis of investments made in a publicly traded company called Ligand Pharmaceuticals.  Do you, or any of your family members or close friends know, or know of, Fr. Emmanuel Lemelson, Lemelson Capital Management, LLC, or the Amvona Fund, LP?

2. Do you, or any of your family members or close friends know anything about Ligand Pharmaceuticals?

3. Have you, or any of your family members or close friends worked for Ligand Pharmaceuticals?

4. Have you, or any of your family members or close friends invested in Ligand Pharmaceuticals?

5. Have you, or any of your family members or close friends invested in a company called Viking Therapeutics?

6. Have you, or any of your family members or close friends worked for or invested in a pharmaceutical company?

7. Have you, or any of your family members or close friends lost a significant amount of money in an investment in the stock market?

8. Attorneys Douglas Brooks, Brian Sullivan, and Thomas Hoopes of the firm Libby Hoopes Brooks represent  Fr. Emmanuel Lemelson, Lemelson Capital Management, LLC, or the Amvona Fund, LP in this case.  Have you, or any of your family members or close friends, to the best of your knowledge, been represented by them or their firms or otherwise know any of them?

3

9.  The SEC is represented in this case by attorneys Marc Jones and Al Day of the United States Securities and Exchange Commission Office in Boston.  Do any of you, or any of your family members or close friends, to the best of your knowledge, know the SEC's attorneys that I just listed?

10. Have you, any member of your family, or any of your close friends ever been employed by the SEC or other financial regulatory bodies such as state regulators or FINRA?

11. Based upon the brief description that I have given you of this case and the parties' identities, do you have any particular knowledge of this case, including anything that you may have read, heard, or seen in the newspapers, on television, or on the internet?

12. Hardship: As I indicated, this case will probably take approximately two weeks to try. The normal trial schedule will be from 9 am to 1 pm.

    Now, anyone who serves on the jury will of course be inconvenienced to some extent. Having explained the schedule, will this schedule or the length of the trial pose a SERIOUS, by which I mean really SERIOUS or EXTRAORDINARY hardship for anyone?

13. Disability: Do any of you have any disability, physical or otherwise, that would make serving as a member of the jury difficult or impossible, or might interfere with your service as a juror?

14. Do you have any difficulty reading or understanding English?

15. Prior jury service: Some of you may have previously served as a juror in a criminal or civil case in state or federal court or served as a member of grand jury in federal or state court.  If you have previously served as a juror, is there anything about the prior service that could affect your ability to serve as an impartial juror in this case?

16. Have you, any member of your family, or any close friends, been the subject of a criminal investigation or been arrested, charged or convicted for any crime, felony or misdemeanor, other than minor traffic violations?

17. Have you, any member of your family, or any of your close friends ever been a witness in a criminal or civil case?

18. Willingness to Follow Law:  As I said before, this is a civil case brought by the SEC. The SEC will have the burden of proving the claims by a preponderance of the evidence.

    a.  Is there anyone who does not accept or understand this basic principle regarding the SEC's burden of proof?

4

    b.   Does anyone have any feelings about the United States Government that might affect your ability to be a fair and impartial juror in this case?

    c.   You must decide this case solely on the evidence presented in this courtroom. Is there anyone who does not understand or accept that principle, and might decide the case based on something other than the evidence?

    d.   You must also follow the law, as I will provide it to you, in deciding this case. You must put aside any notions about what you thought the law requires or what you think the law should require and follow only my instructions to you about the law**.** Is there anyone who is not willing and able to apply the law as I will give it to you?

    e.   Do you have any strong feelings about the justice system, or lawsuits, or lawyers that might interfere with or affect your ability to serve as an impartial juror in this case?

19. If you are selected to sit on this case, you must be able to render a verdict solely on the evidence presented at trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict.

    a.   If you believe that you would be unable to do so, please raise your hand.

    b.   Do you have any personal beliefs that might interfere with or affect your ability to serve as a neutral and impartial juror in this case?

20. The following individuals have been identified as possible witnesses in this case.

Once I finish reading the list, please raise your hand if you know any of these people.

- Erin Smith
- Fr. Emmanuel Lemelson
- Catherine Hyodo
- Sougata Banerjee
- Michael Johns
- Bruce Voss
- Keith Marschke
- Brian Lian
- Nicholas Jabbour
- Robert Fields
- John Higgins
- Joseph Frohna
- Matthew Foehr

21. Have you, any member of your family, or any of your close friends ever been a party to a civil lawsuit?

22. Have you, any member of your family, or any of your close friends ever worked for the federal government?

23. Have you, any member of your family, or any of your close friends ever worked for a state government?

24. Have you, any member of your family, or any of your close friends ever worked for the SEC?

25. Have you or any member of your family worked for any other financial regulatory bodies such as state regulators or FINRA?

26. Do you have any positive or negative opinions regarding federal government personnel that might affect your ability to be a fair and impartial juror in this case?

27. Do you have any positive or negative opinions regarding defense attorneys that might affect your ability to be a fair and impartial juror in this case?

28. Do you believe that Fr. Emmanuel Lemelson, Lemelson Capital Management LLC, or the Amvona Fund must have done something wrong simply if the SEC decided to bring a claim against them?

29. Do you have any doubt whatsoever that you could not decide fairly and impartially a case involving claims brought by the government against an individual?

30. Have you, any member of your family, or any of your close friends ever worked for a hedge fund?

31. Does anyone have any positive or negative opinions about hedge funds?

32. Have you, any member of your family, or any of your close friends ever taken a short position in a stock (that is an investment in which you would make money if the stock price decreased) to your knowledge?

33. Does anyone have any positive or negative opinions about taking short positions in stocks?

34. Does anyone have any positive or negative opinions about short sellers in general?

35. Have you, any member of your family, or any of your close friends ever invested in a hedge fund?

36. Are you, any member of your family, or any of your close friends familiar with the tenets of the Eastern Orthodox religion?

37. Does anyone have any positive or negative opinions about the Eastern Orthodox Church or other Christian churches?

38. Does anyone have any positive or negative opinions about priests or other religious?

39. Does anyone have any positive or negative opinions about priests who also have a lay or everyday job in addition to their religious ministry?

40. Does anyone have any positive or negative opinions about priests who are also engaged in finance with the aim of making money a profit both personally and on behalf of investors?

41. Does anyone have any positive or negative opinions about activist investors?

42. This case will require a unanimous verdict, that is a verdict that requires all jurors to agree on a verdict.  If you feel differently about an issue than the other jurors, would you feel comfortable expressing your opinion to the other jurors?

43. Is there anything else, beyond the topics we have already discussed, that might prevent you from serving as a neutral juror on this case?

44. Is there anything you would like to tell the Court and the lawyers about your ability to serve fairly on this jury?

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
Thomas M. Hoopes (BBO No. 239340)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com
thoopes@lhblaw.com

Dated:  October 6, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on October 6, 2021.

*/s/ Douglas S. Brooks*
Douglas S. Brooks
