# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br><br>Plaintiff )<br><br>v. )<br><br>GREGORY LEMELSON and LEMELSON CAPITAL )<br>MANAGEMENT, LLC, )<br><br>Defendants, )<br><br>and )<br><br>THE AMVONA FUND, LP, )<br><br>Relief Defendant ) | Civil Action No. 1:18-cv-11926-PBS |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's Order for Pretrial Conference (ECF No. 147) Defendants Father Emmanuel Lemelson (f/k/a Gregory Lemelson), Lemelson Capital Management, LLC, and the Amvona Fund, LP submit the following proposed jury instructions.  Defendants reserve the opportunity to submit additional or modified instructions if necessary.

Defendants submit their proposed jury instruction in two parts:

Part I contains Defendants' proposed preliminary instructions, to be given at the beginning of trial.

Part II contains Defendants' proposed closing instructions, to be given at the close of the evidence.

## I.        PRELIMINARY INSTRUCTIONS—AT BEGINNING OF TRIAL

Defendants respectfully request that the Court give the following instructions at the beginning of trial.

### PRELIMINARY REQUEST NO. 1

### Duties of the Jury[1]

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

---

[1] Adapted from First Circuit Pattern Criminal Jury Instruction 1.01.

## PRELIMINARY REQUEST NO. 2

### Juror Oath – All Persons Equal Before the Law[2]

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial or the lack of evidence.  Our system of justice cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.  You may not consider, in deciding the facts of the case, any personal feelings you may have about the religion, occupation, race, national origin, sex, or age of any party or witness.  You must regard the parties as of equal standing in the community and of equal worth.  All parties are entitled to the same fair trial at your hands.

---

[2] Adapted from Sand, et al., *Modern Federal Jury Instructions (Crim.)*, § 72-1.

## PRELIMINARY REQUEST NO. 3

### The Parties Involved[3]

The Securities Exchange Commission ("SEC") is the plaintiff in this case.  The SEC is an independent agency of the federal government.  It has the authority to file lawsuits alleging violations of the federal securities laws.  You should not give any weight to the SEC's decision to file this lawsuit.  You should decide the case based solely on the evidence you will hear.

The defendants are one individual, Fr. Emmanuel Lemelson, and two companies Lemelson Capital Management LLC and the Amvona Fund, LP.

You should consider this case as a dispute between people of equal standing in the community, of equal worth, and holding the same or similar stations in life.  An individual is entitled to the same fair trial as a government agency, and a government agency is entitled to the same fair trial as an individual.  All persons, including individuals and government agencies, stand equal before the law, and are to be treated as equals.

---

[3] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* § 103.12; First Circuit Pattern Criminal Jury Instruction 1.02.

## PRELIMINARY REQUEST NO. 4

### Defendants Charged Only with Specific Acts[4]

You are here to decide whether the SEC has met its burden of proof that Fr. Lemelson, Lemelson Capital Management LLC, or the Amvona Fund, LP are liable under the counts alleged in the Complaint.  Fr. Lemelson, Lemelson Capital Management LLC, and the Amvona Fund, LP are not on trial for any act, or any conduct not specifically referenced in the Complaint.

---

[4] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* § 12.09.

## PRELIMINARY REQUEST NO. 5

### The Complaint[5]

The SEC alleges that Fr. Lemelson and Lemelson Capital Management committed fraud in connection with the purchase or sale of securities and violated the Investment Advisers Act.

Fr. Lemelson and  Lemelson Capital Management have denied these allegations asserted by the SEC in its Complaint.

The Complaint is not evidence of anything and you may not consider it as evidence that Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund are liable to the SEC.  Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund begin this trial with a "clean slate"—that is, with absolutely no evidence against them.

---

[5] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* §§ 13.04, 12.10.

## PRELIMINARY REQUEST NO. 6

### Burden of Proof[6]

The SEC has the burden of proving its case by what is called a preponderance of the evidence.  That means that the SEC has to produce evidence that, considered in the light of all the facts, leads you to believe that what it claims is more likely true than not.  If the SEC fails to meet this burden, the verdict must be for Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund.

This burden of proof never shifts to the Defendants.  Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund have no burden of obligation to present any evidence that they are not liable.  It is always the SEC's burden to prove each of the elements of the counts by a preponderance of the evidence.  Fr. Lemelson and  Lemelson Capital Management have the right to rely upon the failure or inability of the SEC to establish by a preponderance of the evidence any essential element of any of the claims alleged.

---

[6] Adapted from First Circuit Pattern Criminal Jury Instruction 1.02.

## PRELIMINARY REQUEST NO. 7

### Preliminary Statement of Elements of Claims[7]

In order to help you follow the evidence, I will now give you a brief summary of the elements of the alleged claims, each of which the SEC must prove by a preponderance of the evidence to make its case.

Fr. Lemelson is the Chief Investment Officer of Lemelson Capital Management, LLC. Lemelson Capital Management, LLC is the general partner to the Amvona Fund, LP.  Between June 16, 2014 and August 22, 2014, Lemelson Capital Management, LLC authored a number of reports analyzing a publicly traded company called Ligand Pharmaceuticals.  Additionally, Fr. Lemelson was interviewed on multiple occasions by an outlet named Benzinga, during which interviews the analysis of Ligand Pharmaceuticals was discussed.  The Amvona Fund held a publicly-disclosed short position in Ligand Pharmaceuticals from June 16, 2014 through October 13, 2014.  A short position is a technique used when an investor anticipates that the value of a stock will decrease.  Essentially, an investor who engages in short selling is betting that the stock price will drop.  The SEC has alleged that the Defendants made four fraudulent statements with the intent to decrease Ligand Pharmaceutical's stock price.

It is permissible for an individual or firm to publish analysis of why they have taken a short position in a company.  Indeed, it is a common practice for individuals and firms to share and publish their analysis about their investments, including short positions.  It is also permissible for individuals and firms to publish analysis about their positions with the intent that other investors agree with their analysis and make similar investments that result in an individual or firm making more money on their own investment.  It is only illegal when such analysis is

---

[7] First Circuit Pattern Instruction 1.04.

published with information that the author knows is false.  In fact, the SEC has repeatedly stated that short sellers provide important benefits to the financial markets.

The first claim is for fraud in the purchase or sale of securities in violation of 15 U.S.C. § 77q(a) and 17 C.F.R. § 240.10b-5 (commonly referred to as Rule 10b-5).  To prevail on its Rule 10b–5 claim, the SEC must prove by a preponderance of the evidence that Fr. Lemelson or Lemelson Capital Management, LLC: (1) engaged in fraudulent conduct; (2) in connection with the purchase or sale of securities; (3) through the means or instruments of transportation or communication in interstate commerce or the mails; (4) with the intent to defraud or with reckless disregard for the truth.[8]

In addition, to carry its burden to prove its Rule 10b-5 claim, the Commission must establish that each of the four challenged statements was material.[9]  A statement "is material if there is a substantial likelihood that a reasonable investor would consider it important in deciding whether or not to invest his money in a particular security."[10]  A statement is only material if it "significantly altered the 'total mix' of information."[11]  The fact that "an investor might find information interesting or desirable is not sufficient to satisfy the materiality requirement."[12]

The second claim is for violation of Rule 206 of the Investment Advisers Act in violation of 15 U.S.C. § 80b-6(4) and 17 C.F.R. § 275.206(4)-1.  To prevail on its Investment Advisers Act claim, the SEC must prove by a preponderance of the evidence that Fr. Lemelson or

---

[8] *SEC v. Tambone*, 417 F. Supp. 2d 127, 131 (D. Mass. 2006); 15 U.S.C. § 77q(a); 17 C.F.R. § 240.10b–5.

[9] *Gross v. Summa Four, Inc*., 93 F.3d 987, 992 (1st Cir. 1996) (superseded by statute on other grounds).

[10] *SEC v. Fife*, 311 F.3d 1, 9 (1st Cir. 2002) (citing *Basic v. Levinson*, 485 U.S. 224, 231-32 (1988)).

[11] *Basic v. Levinson*, 485 U.S. 224, 232 (1988).

[12] *Milton v. Van Dorn*, 961 F.2d 965, 969 (1st Cir. 1992).

Lemelson Capital Management, LLC was an investment adviser and made an untrue statement of a material fact to an investor or prospective investor.

You should understand that what I have just given you is only a preliminary outline of the elements of the charges.  At the end of the trial I will give you a final instruction on these matters in more detail.  If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

## PRELIMINARY REQUEST NO. 8

### Evidence; Objections; Rulings; Bench Conferences[13]

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[14]

Certain things are not evidence. I will list those things for you now:

(1)      Statements, arguments, questions and comments by lawyers representing the
         parties in the case are not evidence.

---

[13] Adapted from First Circuit Pattern Crim. Jury Instr. 1.05.

[14] This paragraph is from Sand, et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 2-8.

(2)     Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3)     Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4)      Anything you see or hear about this case outside the courtroom is not evidence.

(5)     The Complaint is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## PRELIMINARY REQUEST NO. 9

### Conduct of the Jury[15]

To insure fairness, you as jurors must obey the following rules:

First, until this case is submitted to you after my final instructions, you must not discuss it with your fellow jurors.  Discussion can lead to conclusions being drawn or positions being taken prematurely.  Fairness requires you to keep an open mind about everything until your deliberations;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  Do not discuss the case with anyone else in person, in writing, by phone or by any electronic means, such as via text messaging, e-mail, Facebook, Snapchat, LinkedIn, Twitter, blogging, any internet chat room, or any other electronic social media.[16]  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it, including by any electronic or social media.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the case sees you talking to a person from the other side—

---

[15] Adapted from First Circuit Pattern Criminal Jury Instr. 1.07, with added references to social media.

[16] This sentence, dealing with social media, is adapted from 1 L. Sand, et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 2-21.

even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it, or read any information or postings about this case on the internet or social media;

Sixth, do not do any research on the internet about anything or anybody in the case, or consult any blogs, websites, dictionaries or other reference materials.  Do not make any investigation about the case on your own.  And do not look up anyone involved with the case on the internet or any social media.  You may only consider evidence presented to you in the courtroom.  You may not conduct any investigation on your own; nor may you engage in any research on the law that might apply in this case.  You have been chosen precisely because you are impartial.  As soon as you take on the role of investigator or lawyer, you become an advocate and lose your ability to be impartial.  You may not use outside electronic devices such as cell phones or computers nor the internet, social media, news reports, maps, legal texts, or dictionaries to learn things outside of what is presented here;

Seventh, if you need to communicate with me simply give a signed note to the [court security officer] to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.[17]

---

[17] Defendants would request that this instruction (in substance) be repeated each day when the jury is excused so they are reminded that they cannot talk about the case prematurely and cannot do outside research.  Defendants also request that the Court verify at the beginning of each trial day that the jurors have complied with this instruction.

## PRELMINARY REQUEST NO. 10

### Note Taking[18]

If you want to take notes during the course of the trial, you may do so.  If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence.  Also, if you take notes, do not discuss them with anyone before or during your deliberations.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.  If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

---

[18] Adapted from 1 L. Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 1-3.

## PRELIMINARY REQUEST NO. 11

### Outline of the Trial[19]

The first step in the trial will be the opening statements.  The SEC in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the SEC's case is going to be.

Just as the Complaint is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the SEC will try to prove.

After the SEC's opening statement, the Defendants' attorneys may make opening statements.  At this point in the trial, no evidence has been offered by either side.

Next the SEC will offer evidence that it says will support the claims against the Defendants.  The SEC's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.

After the SEC's evidence, the Defendants' lawyers may present evidence on the Defendants' behalf, but they are not required to do so. I remind you that the Defendants never have the burden of proof, and the SEC must prove the liability of each Defendant by a preponderance of the evidence.

After you have heard all the evidence on both sides, the SEC and the Defendants will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence

---

[19] Adapted from First Circuit Pattern Criminal Jury Instr. 1.09.  (Reference to additional instruction on the nature of evidence is omitted).

either.  In their closing arguments the lawyers for the SEC and Defendants will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

## II.        FINAL INSTRUCTIONS—AT CLOSE OF TRIAL

Defendants respectfully submit the following proposed instructions to be given at the close of trial.

### REQUEST NO. 1

### Duty of the Jury to Find Facts and Follow Law[20]

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return— that is a matter entirely for you to decide.

---

[20] First Circuit Pattern Criminal Jury Instruction 3.01.

## REQUEST NO. 2

### Juror Oath – All Persons Equal Before the Law[21]

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial or the lack of evidence.  Our system of justice cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.  You may not consider, in deciding the facts of the case, any personal feelings you may have about the religion, occupation, race, national origin, sex, or age of any party or witness.  You must regard the parties as of equal standing in the community and of equal worth.  All parties are entitled to the same fair trial at your hands.

---

[21] Adapted from 1 L. Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 72-1.

## REQUEST NO. 3

### The Complaint[22]

The SEC alleges that Fr. Lemelson and Lemelson Capital Management committed fraud in connection with the purchase or sale of securities and violated the Investment Advisers Act. The SEC also alleges that because of the alleged fraud in connection with the purchase or sale of securities and violations of the Investment Advisers Act, the Amvona Fund was unjustly enriched.

Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund have denied these allegations asserted by the SEC in its Complaint.

The Complaint is not evidence of anything and you may not consider it as evidence that Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund are liable to the SEC.

---

[22] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* §§ 13.04, 12.10.

## REQUEST NO. 4

### Defendants Charged Only with Specific Acts[23]

You are here to decide whether the SEC has met its burden of proof that Fr. Lemelson, Lemelson Capital Management LLC, or the Amvona Fund, LP are liable under the counts alleged in the Complaint.  Fr. Lemelson, Lemelson Capital Management LLC, and the Amvona Fund, LP are not on trial for any act, or any conduct not specifically referenced in the Complaint.

---

[23] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* § 12.09.

## REQUEST NO. 5

### The Government as a Party[24]

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the plaintiff in this case is the United States Securities and Exchange Commission, an independent agency of the federal government, entitles the SEC to no greater consideration than that accorded to any other party to a litigation. By that same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

You should not give any weight to the SEC's decision to file this lawsuit. You should decide this case based solely on the evidence you will hear.

You should consider this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. An individual, including a corporation, is entitled to the same fair trial as a government agency, and a government agency is entitled to the same fair trial as an individual. All persons, including individuals and government agencies, stand equal before the law, and are to be treated as equals.

---

[24] Adapted from 1 L. Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 2-5; O'Malley, et al., *Federal Jury Practice and Instructions* § 103.12.

## REQUEST NO. 6

### Burden of Proof[25]

The SEC has the burden of proving its case by what is called a preponderance of the evidence.  That means that the SEC has to produce evidence that, considered in the light of all the facts, leads you to believe that what it claims is more likely true than not.  If the SEC fails to meet this burden, the verdict must be for Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund.

This burden of proof never shifts to the Defendants.  Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund have no burden of obligation to present any evidence that they are not liable.  It is always the SEC's burden to prove each of the elements of the counts by a preponderance of the evidence.  Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund have the right to rely upon the failure or inability of the SEC to establish by a preponderance of the evidence any essential element of any of the claims alleged.

---

[25] Adapted from First Circuit Pattern Criminal Jury Instruction 1.02.

## REQUEST NO. 7

### Conduct of Counsel[26]

Attorneys for both sides are officers of the Court.  They each have important professional roles, and they both adhere to the same standards of honesty and professional conduct.

In this trial, you should consider only the evidence.  You should not consider the performance of the attorneys, or hold the performance of the attorneys for or against either party.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law were decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

---

[26] Adapted from 1 L. Sand, et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 2-8.

**REQUEST NO. 8**

**What is Evidence; Inferences[27]**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; **[if applicable:** and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the SEC and the Defendants accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.**]**

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to just the words in the  statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

---

[27] First Circuit Pattern Criminal Jury Instruction 3.04.

## REQUEST NO. 9

### Kinds of Evidence: Direct and Circumstantial[28]

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat.  Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or nonexistence of some other fact.  Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

You are entitled to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

---

[28] Adapted from First Circuit Pattern Criminal Jury Instruction 3.05; 1 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 5-2.

**REQUEST NO. 10**

**Number of Witnesses and Uncontradicted Testimony**[29]

The fact that one party calls more witnesses or introduces more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his or her testimony or for other proper reasons sufficient to you, that such testimony is not worthy of belief.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing on your own common sense and personal experience.

Later on, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the SEC and a Defendant is not required to call any witnesses or offer any evidence, and can rely solely on the SEC's failure to carry its burden of proof.

---

[29] Adapted from 1 L. Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 4-3.

**REQUEST NO. 11**

**Cautionary and Limiting Instructions as to Particular Kinds of Evidence[30]**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

---

[30] First Circuit Pattern Criminal Jury Instruction 3.07.

## REQUEST NO. 12

## What Is Not Evidence[31]

Certain things are not evidence. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

3.     Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5.     The Complaint is not evidence.  I caution you, as I have before, that the fact that the SEC has filed a complaint against Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund is no evidence whatsoever that any of them acted improperly or are liable in any way.  The Complaint is simply allegations.  It is the means by which the allegations and claims of the government are brought before this court.  The Complaint proves nothing.

---

[31] First Circuit Pattern Criminal Jury Instruction 3.08.

## REQUEST NO. 13

### Claims and Defenses

I will now begin instructing you on each of the SEC's three claims.  I will explain them one at a time.

The First Claim is based on an allegation that Fr. Lemelson and Lemelson Capital Management violated Section 10(b) of the Securities Exchange Act of 1934, which I will refer to as the Exchange Act, and SEC Rule 10b-5.

The Second Claim is based on an allegation that Fr. Lemelson and Lemelson Capital Management violated Section 206(4) of the Investment Advisers Act.

Fr. Lemelson and Lemelson Capital Management deny all of the allegations against each of them.

**REQUEST NO. 14**

**Elements of the Claims[32]**

I am going to explain the elements of each of the SEC's claims.  An element is a precondition that the SEC has to prove in order to prevail on a claim.  This means that the SEC has to prove each and every element of each claim by a preponderance of the evidence.  You are going to be given a jury verdict form.  On that form, you are to state your verdict separately as to each defendant as to each of the claims.  On each claim, if you have found that the SEC has proven each of the elements of that claim against a particular defendant, then you are to find in favor of the SEC on that claim.  If you find that the SEC has not proven any one of the elements of that claim by a preponderance of the evidence, then you are to find for the defendant on that claim.

Because the SEC has to prove each of the elements of each claim by a preponderance of the evidence, the failure to prove any one element of a claim against a particular defendant by a preponderance of the evidence means that the SEC has not carried its burden of proof.

---

[32] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* § 104.01.

## REQUEST NO. 15

**First Claim – Elements of a Section 10(b) of the Exchange Act and Rule 10b-5 Claim**

The SEC's first claim is asserted against Fr. Lemelson and Lemelson Capital

Management under Section 10(b) of the Exchange Act and Rule 10b-5.

In order to meet its burden of proving that Fr. Lemelson and Lemelson Capital

Management violated Section 10(b) of the Exchange Act and Rule 10b-5, the SEC must establish

by a preponderance of the evidence that Fr. Lemelson or Lemelson Capital Management:

(1) Employed a device, scheme, or artifice to defraud; or made an untrue statement of
material fact or omitted to state a material fact that made what was said, under the
circumstances, misleading; or engaged in an act, practice or course of business which
operated as a fraud or deceit upon any person.

(2) In connection with the purchase or sale of securities;

(3) Through the means or instruments of transportation or communication in interstate
commerce or the mails;

(4) With the requisite scienter (also known as "state of mind").[33]

I will now discuss each of these four elements.

---

[33] *SEC v. Tambone*, 417 F. Supp. 2d 127, 131 (D. Mass. 2006); 15 U.S.C. § 77q(a); 17 C.F.R. § 240.10b–5.

## REQUEST NO. 16

### A Device, Scheme, or Artifice to Defraud[34]

As to the first element, a "device, scheme or artifice to defraud," as used in these instructions, means the forming of some invention, contrivance, plan, or design to defraud, either by a deliberate misstatement of a material fact or a deliberate omission of a material fact by one with a legal duty to disclose that fact.

To defraud means to act intentionally for the purpose of cheating someone out of money or something of value.  A scheme to defraud need not succeed, but it must be one that contemplated causing economic harm to another.

Therefore, to satisfy the first element of its Rule 10b-5 claim against Fr. Lemelson and Lemelson Capital Management, the SEC must prove by a preponderance of the evidence that Fr. Lemelson or Lemelson Capital Management (1) made a false or misleading statement, or omitted to state a fact which made what was said, under the circumstances, misleading; and (2) the misstatement or omission involved a "material" fact, which I will define in a moment.

### Misstatement or Omission

A misstatement is a statement that was false or misleading when it was made.  An omission is a failure to disclose a fact that needed to be disclosed to keep the statements that were actually made from being misleading.

---

[34] *SEC v. Tambone*, 417 F. Supp. 2d 127, 131-34 (D. Mass. 2006); *Gross v. Summa Four*, Inc., 93 F.3d 987, 992 (1st Cir. 1996) (superseded by statute on other grounds); *Goldberg v. Meridor*, 567 F.2d 209, 220 (2d Cir. 1977); *SEC v. Fife*, 311 F.3d 1, 9 (1st Cir. 2002); *Basic v. Levinson*, 485 U.S. 224, 231-32 (1988); *Milton v. Van Dorn*, 961 F.2d 965, 969 (1st Cir. 1992); *In Re Xcelera.com Securities Litig.*, 430 F.3d 503, 507 (1st Cir. 2005); *Emerson v. Genocea Biosciences, Inc.*, 353 F. Supp. 3d 28, 41 (D. Mass. 2018) (Saris, J.); *In re Biogen Sec. Litig.*, 179 F.R.D. 25, 35 (D. Mass. 1997) ((Saris, J.); *Brumbaugh v. Wave Systems Corp.*, 416 F. Supp. 2d 239, 254-55 (D. Mass. 2006); *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997)); *Oran v. Stafford*, 226 F.3d 275, 282 (3d Cir. 2000) *SEC v. Berlacher*, No. 07-3800, 2010 WL 3566790, at *7 (E.D. Pa. Sept. 13, 2010); *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 97 (1st Cir. 2002); *In re The First Marblehead Corp. Sec. Litig.*, 639 F. Supp. 2d 145, 160 (D. Mass. 2009).

Allegations that Fr. Lemelson or Lemelson Capital Management should have anticipated future events and made certain disclosures earlier than they actually did do not suffice to make out a claim of securities fraud.  Lack of clairvoyance does not constitute securities fraud.

Under the law, Fr. Lemelson and Lemelson Capital Management were not required to disclose every piece of information they possessed.  But Fr. Lemelson and Lemelson Capital Management would have had a duty to disclose a material fact if a prior or contemporaneous statement he or it made about the same subject would be misleading if the fact were not disclosed.

If you find that the SEC failed to prove by a preponderance of the evidence that Fr. Lemelson or Lemelson Capital Management made a fraudulent statement, then you must find Fr. Lemelson and Lemelson Capital Management not liable.

<u>Publication of Financial Analysis</u>

It is permissible for an individual or firm to publish analysis of why they have taken a short position in a company.  Indeed, it is a common practice for individuals and firms to share and publish their analysis about their investments, including short positions.  It is also permissible for individuals and firms to publish analysis about their positions with the intent that other investors agree with their analysis and make similar investments that result in an individual or firm making more money on their own investment.  It is only illegal when such analysis is published with information that the author knows is false.  In fact, the SEC has repeatedly stated that short sellers provide important benefits to the financial markets.

<u>Materiality</u>

If you find that the SEC has established by a preponderance of the evidence that a misstatement or omission was made by Fr. Lemelson or Lemelson Capital Management, you

must next determine whether the misstatement or omission was "material" under the circumstances.  A material fact is one that would have been significant to a reasonable investor's investment decisions.  Material information is not any and all additional information that a particular investor might have liked to have had.  It is not sufficient that a particular investor might have considered the misrepresentation or omission important, or something that he or she would have preferred to have known.  Insignificant or trivial misstatements are not material.  Stated another way, the mere fact that an investor might find information interesting or desirable is not sufficient to make it material.

Rather, in considering whether an allegedly untrue statement was material, you must determine whether such statement would have significantly altered the total mix of information available to a reasonable investor.  There is no bright line test for materiality.  Whether or not an alleged untrue statement or misleading omission is material depends on all of the relevant circumstances existing at the time the statements were made.

Relevant circumstances include disclosures made about any potential bias from the maker of the statement, citation to publicly available information that form the basis of the statement, the context in which the statement is made, and the impact on the stock price or lack thereof.  Specifically, with regard to stock price, in a case like the present where the SEC has alleged fraud on the market in connection with a public company, the SEC is obligated to produce evidence to show by a preponderance of the evidence that the alleged false statements caused a decrease in the stock price.[35]

---

[35] *In Re Xcelera.com Securities Litig.*, 430 F.3d 503, 507 (1st Cir. 2005); *Emerson v. Genocea Biosciences, Inc.*, 353 F. Supp. 3d 28, 41 (D. Mass. 2018) (Saris, J.); *In re Biogen Sec. Litig.*, 179 F.R.D. 25, 35 (D. Mass. 1997); *Brumbaugh v. Wave Systems Corp.,* 416 F. Supp. 2d 239, 254-55 (D. Mass. 2006); *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997); *Oran v. Stafford*, 226 F.3d 275, 282 (3d Cir. 2000); *SEC v. Berlacher*, No. 07-3800, 2010 WL 3566790, at *7 (E.D. Pa. Sept. 13, 2010).

**REQUEST NO. 17**

**In Connection with the Purchase or Sale of Securities[36]**

If you find that the SEC failed to prove the first element (that Fr. Lemelson or Lemelson Capital Management made a fraudulent statement that was material) by a preponderance of the evidence, then you must find Fr. Lemelson and Lemelson Capital Management not liable.

If you find that the SEC proved by a preponderance of the evidence that Fr. Lemelson or Lemelson Capital Management made a fraudulent statement that was material, then you must next determine if the statement was made in connection with the purchase or sale of securities.

To show that conduct is "in connection with the purchase or sale of securities," the SEC does not have to show that an investor actually relied upon any misrepresentation by Fr. Lemelson or Lemelson Capital Management, but it does have to show that there was something upon which the investor could have relied.  In other words, statements made after a purchase had already occurred or which were never communicated to an investor cannot satisfy the "in connection with" element of Section 10(b) and Rule 10b-5.

---

[36] *Basic v. Levinson*, 485 U.S. 224, 261 (1988); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 736 n.8 (1975).

## REQUEST NO. 18

### Through the Means or Instrument of Transportation or Communication in Interstate Commerce or the Mails[37]

The third element (that the misstatement was through the means or instrument of transportation or communication in interstate commerce or the mails) has been stipulated to by the parties and you should move on to the fourth element - scienter.

---

[37] 15 U.S.C. § 78c(a)(17); *SEC v. Spinosa*, 31 F. Supp. 3d 1371 (S.D. Fla. 2014); *SEC v. Reynolds,* 1:06-CV1801-RWS, 2010 WL 3943729 (N.D. Ga. Oct. 5, 2010); *Gower v. Cohn*, 643 F.2d 1146 (5th Cir. 1981); *Carran v. Morgan*, 510 F. Supp. 2d 1053 (S.D. Fla. 2007); *SEC v. GMC Holding Corp.*, 608-CV-275-ORL-28KRS, 2009 WL 506872 (M.D. Fla. Feb. 27, 2009).

## REQUEST NO. 19

## With the Requisite Scienter[38]

Scienter is simply a Latin word for state of mind. To prove a claim for violation of Rule 10b-5, the SEC must prove that Fr. Lemelson or Lemelson Capital Management made an allegedly fraudulent statement knowingly or with reckless disregard for the truth.

A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Reckless disregard for the truth must be a highly unreasonable omission or misrepresentation. It involves not merely simple or even inexcusable negligence, but is closer to being a lesser form of intentional conduct. It requires an extreme departure from the standards of ordinary care, and presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious the defendants must have been aware of it.

All of the facts and circumstances surrounding the case include things such as disclosures made accompanying the statements, the timing of any purchase or sale of the securities by the individual or entity making the statements, and publishing statements in one's own name as opposed to anonymously or using a fake name.

---

[38] Adapted from 1 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 3A-1; American Bar Association, Model Jury Instructions: Securities Litigation; *Fire and Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 240 (1st Cir. 2015); *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 188 (1st Cir. 1999); *Novak v. Kasaks*, 216 F.3d 300, 312 (2d Cir. 2000); *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 910 F. Supp. 2d 561, 577 (S.D.N.Y. 2012); *Aurelius v. Bofl Fed. Bank*, No. MC 16–71 DSF (FFM), 2016 WL 8925145, at *3 (C.D. Cal. Sept. 20, 2016); *Mehta v. Ocular Therapeutix, Inc.*, 955 F.3d 194, 208 (1st Cir. 2020); *Abiomed, Inc.*, 778 F.3d at 243-44; *City of Dearborn Heights Act 345 Police & Fire Retirement Sys. v. Waters Corp.*, 632 F.3d 751, 760 (1st Cir. 2011).

If, and only if, you find that the SEC has proven all four elements by a preponderance of evidence can you find that Fr. Lemelson or Lemelson Capital Management violated Rule 10b-5.

If you find that the SEC has failed to prove any of the four elements by a preponderance of evidence, then you must fund Fr. Lemelson and Lemelson Capital Management not liable.

## REQUEST NO. 20

### Good Faith[39]

Good faith is a complete defense to the Rule 10b-5 claim in this case.  A statement made with good faith belief in its accuracy does not amount to a false statement and does not give rise to liability.  This is so even if the statement is, in fact, erroneous.

---

[39] Adapted from 1 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 8-1.

# REQUEST NO. 21

## First Amendment[40]

The First Amendment protects the freedom of expression.  The First Amendment's protection of free expression applies to statements analyzing securities.  A defendant can only be liable to the extent a statement was both objectively false and not believed by the defendant at the time it was expressed.  Therefore, the SEC must prove by a preponderance of the evidence both that Fr. Lemelson or Lemelson Capital Management made a statement that he or it *subjectively* did not believe (that means the person who made the statement did not believe t was accurate or truthful when stated) and that the statement was *objectively* false (that means in reality the statement was actually inaccurate).

Further, the First Amendment even protects false opinions when the bases for those opinions are disclosed.

Therefore, for Fr. Lemelson or Lemelson Capital Management to be liable for the Rule 10b-5 claims here, the SEC must prove by a preponderance of the evidence that (1) Fr. Lemelson or Lemelson Capital Management did not subjectively believe in the truth of their statements when they were made; (2) that the statements were false; and (3) that the bases for the allegedly false statements were not disclosed.  If the SEC failed to prove any of those items by a preponderance of the evidence, then the statements were protected by the First Amendment, and you must find Fr. Lemelson and Lemelson Capital Management not liable.

---

[40] U.S. Const. Amend. I; *Lowe v. SEC*, 472 U.S. 181, 210 n.58 (1985); *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011); *Virginia Bankshares v. Sandberg*, 501 U.S. 1083, 1095-96 (1991); *MHC Mut. Conversion Fund v. Sandler O'Neill Partners, L.P.*, 761 F.3d 1109, 1113 (10th Cir. 2014); *Mayer v. Mylod*, 988 F.2d 635, 639 (6th Cir. 1993); *Partington v. Bugliosi*, 56 F.3d 1147, 1156 (9th Cir. 1995); *Silvercorp Metals Inc. v. Anthion Mgmt., LLC*, 959 N.Y.S.2d 92, *9 (Sup. Ct. 2012); *Agora, Inc. v. Axxess, Inc.*, 90 F. Supp. 2d 697, 704 (D. Md. 2000); *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993); *Moldea v. New York Times Co.*, 15 F.3d 1137, 1144–45 (D.C. Cir.1994); *Phantom Touring*, *Inc. v. Affiliated Publications*, 953 F.2d 724, 731 n.13 (1st Cir. 1992).

## REQUEST NO. 22

**Second Claim – Elements of a Section 206(4) Violation of the Investment Advisers Act[41]**

The SEC's second claim is asserted against Fr. Lemelson and Lemelson Capital Management under Section 206(4) of the Investment Advisers Act and Rule 206(4)-8.

The premise of the SEC's Investment Advisers Act claim is based on the alleged failure of Fr. Lemelson and Lemelson Capital Management to disclose its violations of Rule 10b-5. Therefore, if you find Fr. Lemelson and Lemelson Capital Management not liable for the first claim (Rule 10b-5), then you must find Fr. Lemelson and Lemelson Capital Management not liable for the second claim (Investment Advisers Act) as well.

In order to meet its burden of proving that Fr. Lemelson and Lemelson Capital Management violated Section 206(4) of the Investment Advisers Act and Rule 206(4)-8, the SEC must establish by a preponderance of the evidence that Fr. Lemelson or Lemelson Capital Management:

(1) Was an investment adviser;

(2) Made an untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading;

(3) To an investor or prospective investor in the pooled investment vehicle.

I will now discuss each of these three elements.

---

[41] 15 U.S.C. § 80b-6(4); 17 C.F.R. § 275.206(4)-8.

**REQUEST NO. 23**

**Investment Adviser[42]**

"Investment Adviser" means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities.

---

[42] 15 U.S.C. § 80b-2.

## REQUEST NO. 24

### Untrue Statement of Material Fact[43]

If you find that the SEC failed to prove the first element (that Fr. Lemelson or Lemelson Capital Management was an investment adviser) by a preponderance of the evidence, then you must find Fr. Lemelson and Lemelson Capital Management not liable.

If you find that the SEC has proven the first element (that Fr. Lemelson or Lemelson Capital Management was an investment adviser) by a preponderance of the evidence then, you must next determine whether there was an untrue statement of a material fact.

An untrue statement of material fact is any false statement regarding something that would have been significant to a reasonable investor's investment decisions. The same standard for determining materiality in the context of Rule 10b-5 (discussed earlier) applies to determining materiality for Investment Adviser Act claims. Material information is not any and all additional information that a particular investor might have liked to have had. It is not sufficient that a particular investor might have considered the misrepresentation or omission important, or something that he or she would have preferred to have known. Insignificant or trivial misstatements are not material. Stated another way, the mere fact that an investor might find information interesting or desirable is not sufficient to make it material.

Rather, in considering whether an allegedly untrue statement was material, you must determine whether such statement would have significantly altered the total mix of information available to a reasonable investor. There is no bright line test for materiality. Whether or not an alleged untrue statement or misleading omission is material depends on all of the relevant circumstances existing at the time the statements were made.

---

[43] *Basic v. Levinson*, 485 U.S. 224, 231-32 (1988); *Milton v. Van Dorn*, 961 F.2d 965, 969 (1st Cir. 1992).

**REQUEST NO. 25**

**To an Investor or Prospective Investor**

If you find that the SEC failed to prove the second element (that Fr. Lemelson or

Lemelson Capital Management made an untrue statement of a material fact) by a preponderance

of the evidence, then you must find Fr. Lemelson and Lemelson Capital Management not liable.

If you find that the SEC has proven the first element (that Fr. Lemelson or Lemelson

Capital Management made an untrue statement of a material fact) by a preponderance of the

evidence then, you must next determine whether the statement was made to an investor or

prospective investor of a pooled investment vehicle.

A pooled investment vehicle is an investment company that is or holds itself out as being

engaged primarily, or proposed to engage primarily, in the business of investing, reinvesting, or

trading in securities

If, and only if, you find that the SEC has proven all three elements by a preponderance of

evidence can you find that Fr. Lemelson or Lemelson Capital Management violated Rule 206(4).

If you find that the SEC has failed to prove any of the three elements by a preponderance

of evidence, then you must fund Fr. Lemelson and Lemelson Capital Management not liable.

And, as stated before, as the SEC's Investment Advisers Act is based on the alleged failure of Fr.

Lemelson or Lemelson Capital Management to disclose its Rule 10b-5 violations, if you find Fr.

Lemelson and Lemelson Capital Management not liable for the first claim, then you must find

them not liable for the second claim (Investment Advisers Act).

## REQUEST NO. 26

### Credibility of Witnesses[44]

Whether the SEC has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says, part of it, or none of it.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; the quality of the witness' memory or whether, given the passage of time or other factors, that it is unlikely that the witness remembers a fact or facts as well as they claim to remember them; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events; and how reasonable the witness' testimony is when considered in light of other evidence which you believe.

---

[44] Adapted from First Circuit Pattern Criminal Jury Instruction 3.06.

## REQUEST NO. 27

### Number of Witnesses and Exhibits[45]

Sometimes jurors wonder if the number of witnesses who testified or number of exhibits admitted makes any difference.  Do not make any decisions based on the number of witnesses who testified or the number of exhibits admitted.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find the testimony of a smaller number of witnesses on an issue is more credible than the testimony of a greater number of witnesses on the same issue.  Remember that Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund have no obligation to present any witnesses or evidence.  The testimony of even a single witness may undermine the SEC's case.

The burden of proof by preponderance of the evidence remains on the SEC at all times. Indeed, you may find that the government has not met its burden of proof even if the defendants have called no witnesses.

---

[45] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* § 104.54.

**REQUEST NO. 28**

**Conflicting Evidence**

You have seen the witnesses and have heard them testify.  It is your duty to reconcile all the testimony of all the witnesses, both on direct and on cross-examination, with all of the facts, if you are able to.  If, after weighing the matter carefully, viewing it in light of your best judgment as reasonable men and women, you find that you are unable to reconcile a conflict in the testimony, then it is for you to say who has been mistaken, who has told the truth, who has testified falsely, and whom you will believe.  In other words, it is for you to determine which testimony is most worthy of belief, and you may disregard any testimony which cannot be reasonably and fairly reconciled therewith.

**REQUEST NO. 29**

**Evidence Permitting Alternative Conclusion[46]**

A Defendant is never to be found liable on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund are liable, the other that they are not liable—you must fund Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund not liable because the SEC has not met its burden of proof.

---

[46] *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

**REQUEST NO. 30**

**Bias and Hostility**[47]

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some SEC witnesses may have toward one or more of the Defendants.

Evidence that a witness is biased, prejudiced, or hostile toward any Defendant requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

---

[47] Adapted from 1 L. Sand, *et al.*, *Modern Federal Jury Instructions,* Instr. 7-2.

## REQUEST NO. 31

### Law Enforcement Witnesses (if applicable)[48]

You have heard the testimony of [insert names of law enforcement witnesses]. The fact that a witness may be employed by the federal government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

[48] Adapted from 1 L. Sand, et al., *Modern Federal Jury Instructions,* Instr. 7-16.

## REQUEST NO. 32

### Impeachment by Prior Inconsistent Statement[49]

The law treats prior inconsistent statements by witnesses differently depending on the nature of the statements and the circumstances in which they were made.  I will now explain how you should evaluate those statements.

You have heard evidence that some witnesses made a statement on an earlier occasion and that this statement may be inconsistent with their testimony here at trial.  It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.  If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

You have also heard evidence that some witnesses made an earlier statement under oath, subject to the penalty of perjury at a prior proceeding, and that this statement may be inconsistent with his or her testimony here at trial.  If you find that the earlier statement is inconsistent with a witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness.  You may also consider this earlier statement as evidence that what was said in the earlier statement was true.

---

[49] Adapted from Criminal Jury Instructions for the District of Columbia, Instr. 2.216, Parts A and B; *see United States v. Slough*, No. 08-CR-360-RCL, ECF No. 625, at 9-10 (D.D.C. Sept. 2, 2014).

## REQUEST NO. 33

### Spoliation[50]

If you find that Ligand destroyed or obliterated a document that it knew would be relevant to a contested issue in this case and knew at the time it did so that there was a potential for litigation, then you may infer (but you are not required to infer) that the contents of the destroyed evidence were unfavorable to Ligand.

---

[50] Adapted from United States District of Maine 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction 2.13, (updated Jun. 24, 2019) https://www.med.uscourts.gov/pdf/crpjilinks.pdf.

**REQUEST NO. 34**

**Hearsay Testimony (if applicable)[51]**

You have heard about a number of statements made outside of court by witnesses who did not testify here in court.  When a witness's out-of-court statement has been admitted, that witness's credibility may be attacked, and if attacked may be supported, in the same manner as if the witness had testified in court.

---

[51] *See* Fed. R. Evid. 806; *Carver v. United States*, 164 U.S. 694, 697 (1897).

## REQUEST NO. 35

### Missing Witness (if applicable)[52]

If it is peculiarly within the power of the SEC to produce a witness who could give material testimony, or if the witness would seemingly be favorably disposed to the SEC, failure to call that witness may justify an inference that his/her testimony would be unfavorable to the SEC. No such inference is justified if the witness is equally available or favorably disposed to both parties or if the testimony would merely repeat other evidence.

---

[52] First Circuit Pattern Criminal Jury Instruction 2.12.

**REQUEST NO. 36**

**Opinion as to Character of Witness to Impeach Witness's Credibility (if applicable)[53]**

You have heard [name of witness] testify that in his opinion [name of other witness], one of the other witnesses who testified, is an untruthful person.  Since you are the sole judges of the facts and the credibility of witnesses, you may consider such evidence in deciding whether or not to believe the witness whose character for truthfulness has been questioned, giving such character evidence whatever weight you deem appropriate.

---

[53] Adapted from 1 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 5-18.

**REQUEST NO. 37**

**Stipulations[54] (if applicable)**

The evidence in this case includes the following facts to which the lawyers have agreed or stipulated.

**[Describe stipulation(s).]**

A stipulation means simply that the SEC and the Defendants accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

---

[54] Adapted from First Circuit Pattern Criminal Jury Instruction 2.01.

## REQUEST NO. 38

### Transcripts of Tape Recordings (if applicable)[55]

The SEC has been permitted to hand out a typed document that it prepared containing the SEC's interpretation of what appears on the tape recordings which have been received as evidence.  Those were given to you as an aid or guide to assist you in listening to the tapes.  However, they are not in and of themselves evidence.  Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves.  You alone should make your own interpretation of what appears on the tapes based on what you heard.  If you think you heard something differently than appeared on the transcript then what you heard is controlling.

Let me say again, you, the jury are the sole judges of the facts.

---

[55] 1 L. Sand, *et al.*, *Modern Federal Jury Instructions,* Instr. 5-9.

**REQUEST NO. 39**

**Charts and Summaries (Admitted as Evidence) (if applicable)[56]**

The SEC (or defense) has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

---

[56] Adapted from 1 L. Sand et al., *Modern Federal Jury Instructions (Crim.),* Instr. 5-12; *see United States v. Milkiewicz*, 470 F.3d 390, 395-98 (1st Cir. 2006).

**REQUEST NO. 40**

**Charts and Summaries (Not Admitted as Evidence) (if applicable)[57]**

The SEC (or defense) has presented exhibits in the form of charts and summaries.  These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

---

[57] Adapted from 1 L. Sand et al., *Modern Federal Jury Instructions (Crim.),* Instr. 5-13; *see United States v. Milkiewicz*, 470 F.3d 390, 395-98 (1st Cir. 2006).

**REQUEST NO. 41**

**Markings on Exhibits**

Some of the exhibits in this case were stamped "confidential" or "redacted" or with identification numbers and/or letters before being provided to the parties as part of the litigation process.  It is routine to stamp documents confidential or with identification numbers and/or letters in the litigation process.  You are to draw no inference from the fact that a document was stamped confidential or with identification numbers and/or letters before being provided.[58]

---

[58] Adapted from *United States v. Forbes*, No. 3:02 CR 264, at 65 (D. Conn. 2007).

**REQUEST NO. 42**

**Foreperson's Role; Unanimity[59]**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous as to each Defendant and as to each claim.

---

[59] First Circuit Pattern Criminal Jury Instruction 6.01.

**REQUEST NO. 43**

**Consideration of Evidence**[60]

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be.  That is entirely for you to decide.

---

[60] First Circuit Pattern Criminal Jury Instruction 6.02.

**REQUEST NO. 44**

**Conduct of the Jury**[61]

I remind you, as I have throughout the trial, that to insure fairness, you as jurors must

obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it,

until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything

to do with it, until the trial has ended and you have been discharged as jurors.  Do not discuss the

case with anyone else in person, in writing, by phone or by any electronic means, such as via text

messaging, e-mail, Facebook, LinkedIn, Twitter, blogging or any internet chat room, or any

other electronic social media.[62]  "Anyone else" includes members of your family and your

friends.  You may tell them that you are a juror, but do not tell them anything about the case until

after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to

do with it, including by any electronic or social media.  If someone should try to talk to you,

please report it to me immediately;

Fourth, do not talk with or speak to any of the parties, lawyers or witnesses involved in

this case—you should not even pass the time of day with any of them.  It is important not only

that you do justice in this case, but that you also give the appearance of doing justice.  If a person

from one side of the case sees you talking to a person from the other side—even if it is simply to

pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be

---

[61] Adapted from First Circuit Pattern Criminal Jury Instr. 1.07.

[62] Adapted from 1 L. Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 2-21.

aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it, or read any information or postings about this case on the internet or social media;

Sixth, do not do any research on the internet about anything or anybody in the case, or consult any blogs, websites, books, dictionaries or other reference materials.  Do not make any investigation about the case on your own.  And do not look up anyone involved with the case on the internet or any social media;

Seventh, if you need to communicate with me simply give a signed note to the [court security officer] to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

## REQUEST NO. 45

### Reaching Agreement[63]

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

If it looks at some point as if you may have difficulty in reaching a unanimous verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but, of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

---

[63] Adapted from First Circuit Pattern Criminal Jury Instruction 6.03.

**REQUEST NO. 46**

**Return of Verdict Form**[64]

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form].

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

---

[64] First Circuit Pattern Criminal Jury Instruction 6.04.

**REQUEST NO. 47**

**Communication with the Court**[65]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
Thomas M. Hoopes (BBO No. 239340)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com
thoopes@lhblaw.com

Dated:  October 6, 2021

---

[65] First Circuit Pattern Criminal Jury Instruction 6.05.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on October 6, 2021.

*/s/ Douglas S. Brooks*
Douglas S. Brooks