# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) ) |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | ) ) ) |
| Defendants, | ) ) ) |
| and | ) ) |
| THE AMVONA FUND, LP, | ) ) ) |
| Relief Defendant | ) ) |

Civil Action No. 1:18-cv-11926-PBS

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE COMMISSION'S ATTEMPT TO USE A "SUMMARY WITNESS" FOR IMPROPER PURPOSES

Defendants Father Emmanuel Lemelson (f/k/a Gregory Lemelson), Lemelson Capital Management LLC, and the Amvona Fund LP respectfully request that this Court rule that Plaintiff, Securities and Exchange Commission (the "Commission") be precluded from offering expert evidence through its summary witness.

The Commission has stated it will offer a summary witness to "summarize voluminous materials concerning the timeline of Defendants' trading in Ligand's securities, the value of The Amvona Fund's short position in Ligand over time, and Ligand's stock price over the course of Defendants' fraudulent campaign. The Commission witness will also explain from personal knowledge certain investing terms, short selling, and certain SEC regulations." Joint Pretrial Memorandum, ECF No. 163 at 2. These issues are entirely inappropriate for a summary witness

and reflect the Commission's improper backdoor attempt to shore up its case with expert testimony.

I.  **There are Not Voluminous Materials Concerning the Timeline of Defendants' Trading in Ligand and the Value of the Amvona Fund's Short Position, and that Information has Been Included in Two Small Charts in the Parties' Agreed-Upon Facts**

The first two reasons that the Commission purports to present a summary witness-to "summarize voluminous materials concerning the timeline of Defendants' trading in Ligand's securities [and] the value of The Amvona Fund's short position in Ligand over time"—are disingenuous.  "Rule 1006 allows '[t]he contents of voluminous writings … which cannot conveniently by examined in court [to] be presented in the form of a chart, summary, or calculation.'"  *United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006) (quoting Fed. R. Evid. 1006).  Here, however, these materials are not "voluminous," and they have already been agreed-upon by the parties.  *See* Parties' Agreed-To Facts, ECF No. 163-1 at ¶¶ 8, 11.

For the relevant time period, there are only13 dates on which  Defendants took a short position in Ligand.  The dates, number of shares, base price, and total amount have all been agreed upon and are included in a ***simple*** chart in the Parties' Agreed-To Facts.  ECF No. 163-1 at ¶ 8.  Likewise, there are just five dates when Defendants covered their short position, and those dates, number of shares, base price, and total amount are also included in a chart in the Parties' Agreed-To Facts.  ECF No. 163-1 at ¶ 11.  Fewer than 20 dates is hardly "voluminous" and it is unclear what a summary witness could offer that the chart does not already include.

In contrast, the court in *Milkiewicz* affirmed the use of a summary witness for "several thousand pages of financial records."  470 F.3d at 393.  And the First Circuit recognized that while the underlying data may be admitted, "in most cases a Rule 1006 chart will be the *only* evidence the fact finder will examine concerning a voluminous set of documents."  *Id*. at

396 (emphasis in original).  Here, the parties' agreed-upon charts are more than adequate for the presentation of the timeline of Defendants' trading in Ligand's securities and the value of the Amvona Fund's short position in Ligand over time.  A summary witness is not appropriate for these topics.

**II.     The Commission's Attempt to Introduce Ligand's Stock Price Over Time is an Impermissible Effort to Introduce Expert Rebuttal Opinion Through its Affirmative Case**

Despite representing that it would do so, the Commission chose not to offer an affirmative expert in this case.  The Commission only provided a rebuttal expert, Dr. Erin Smith.  The Commission now proposes having Dr. Smith testify as a "summary witness" about Ligand's stock price over time.  And based on its summary judgment filing, Defendants anticipate that the Commission will seek to offer evidence of intra-day stock prices for Ligand.  *See, e.g.* ECF No. 141 at ¶¶ 22, 27, 34, 47, 53, 57, 61, 98, 133, 143, 144, 145, 162, 177.  The underlying intra-day stock data has never been produced by the Commission and only a selected segment of that data was presented in Dr. Smith's expert rebuttal report.  To try to present this data through a summary witness is improper.

Indeed, it is black letter law that a rebuttal expert cannot be used to support a plaintiff's case-in-chief.  *See Maraj v. Massachusetts*, 953 F. Supp. 2d 325, 328 (D. Mass. 2013) (granting summary judgment and holding plaintiff cannot rely on rebuttal expert to prove an essential element of its claim); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) ("[R]ebuttal evidence may be used to challenge the evidence or theory of an opponent— and not to establish a case-in-chief"); *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991) ("Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief").  Here, the Commission only provided information concerning intraday stock prices in connection with Dr. Smith's rebuttal report.  Moreover, the Commission did not produce the

actual *data* supporting its intraday stock price argument. On March 9, 2020, Defendants requested this data, and the Commission responded that it did not believe it had an obligation to do so. Affidavit of Brian Sullivan in Support of Motion in Limine ("Sullivan Aff.") Ex. 1. After Defendants responded that the Commission had such an obligation pursuant to Fed. R. Civ. P. 26(a)(2)(B)(i) and (ii), the Commission replied that the data is available publicly, and that it was voluminous (approximately 40 GB). *Id.* Based on these representations, and Defendants' decision not to present affirmative expert testimony in this case, Defendants accepted the Commission's position to not produce the requested documents. Further, while the data is "available publicly" it is only available through purchase. Now, despite the failure to produce the data, the Commission is presumably seeking to introduce it at trial. This should not be permitted.

Moreover, the Commission's intent to introduce this data is unfair and contradictory to its own positions in this case. First, at the motion to dismiss hearing, the Commission represented to this Court that, "[t]he statements expressed by the defendants in this case **take time to propagate into the market**. I don't think that it is necessarily the case that you would expect to see a stock price reaction immediately, especially when these statements were disseminated to the market over a period of time to different forums, and, you know, it's just not the same thing as a corporate announcement." Sullivan Aff. Ex. 2 (emphasis added). The Commission now takes ***the exact opposite position***, as it seeks to introduce evidence (that it has not produced in this case) of the stock price movement ***within mere minutes*** of the alleged statements.

Second, to argue that immediate stock price reactions are the result of a certain statement or statements requires expert testimony that the stock traded in an efficient market and that other market forces were not the cause of the change in price. *See SEC v. Ustian*, No. 16 C 3885, 2019

WL 7486835, at *27 (N.D. Ill. Dec. 13, 2019) (expert retained by SEC opined that stock at issue traded in efficient market meaning any news would be reflected in stock within one day and considered whether announcement at issue had material impact); *SEC v. Aly*, No. 16 Civ 3853 (PGG), 2018 WL 1581986, at *15-16 (S.D.N.Y March 27, 2018) (SEC permitted to present evidence of expert's event study to prove materiality); *SEC v. Mangan*, 598 F. Supp. 2d 731, 735-36 (W.D.N.C. 2008) (granting defendant's motion for summary judgment where SEC failed to present sufficient evidence regarding materiality where expert's analysis did not distinguish cause of drop in market price from leakage of information at issue and other market forces). The Commission is trying to effectuate an impermissible end-run around the expert requirement here through a "summary witness" (who just happens to be the Commission's rebuttal expert) through whom the Commission wants to present intraday stock prices (the very same subject of her rebuttal report).

Finally, Defendants repeatedly requested in discovery any evidence that the Commission had regarding whether Defendants' statements caused Ligand's stock price to drop. *See* ECF No. 127-42 (Defendants' June 13, 2019 Interrogatories to the Commission seeking, *inter alia*, the basis for the Commission's contention that "Defendants' statements influenced or otherwise impacted the stock price for Ligand"); ECF No. 127-43 (Defendants' June 13, 2019 Requests for Production of Documents seeking, *inter alia*, documents relating to or supporting the Commission's position that "Fr. Lemelson's statements … caused any changes in the price of Ligand's stock"). The Commission objected to this discovery stating, *inter alia*, that it was "a premature request for matter that may be the subject of expert testimony." *See* ECF No. 127-44 (Commission's July 24, 2019 Responses to Defendants' Interrogatories); ECF No. 127-45 (Commission's July 24, 2018 Responses to Defendants' Requests for Production of Documents).

**III.    The Commission's Attempt to Offer the Summary Witness to Testify Regarding "Personal Knowledge" of Investing Terms, Short Selling, and Certain SEC Regulations is Likewise an Impermissible Attempt to Present Improper Expert Testimony**

The last category of evidence the Commission intends to present through a "summary witness" is "personal knowledge [of] certain investing terms, short selling, and certain SEC regulations."  This is not appropriate for a summary witness.  The First Circuit "appl[ies] Fed. R. Evid. 1006 to a summary witness." *United States v. Silva,* 794 F.3d 173, 179 (1st Cir. 2015).  Rule 1006 allows "[t]he contents of *voluminous writings* ... which cannot conveniently be examined in court [to] be presented in the form of a chart, summary, or calculation." *Milkiewicz*, 470 F.3d at 396.  "The key to admissibility is that the summary witness's testimony does no more than analyze facts already introduced into evidence…" *United States v. Stierhoff*, 549 F.3d 19, 28 (1st Cir. 2008).  "Regardless of whether such evidence is offered by an expert or a lay witness, Rule 1006 is not a backdoor for admitting otherwise impermissible opinions." *See Alifax Holding Spa v. Alcor Sci. Inc*., 404 F. Supp. 3d 552, 581 (D.R.I. 2019).

As an initial matter, this description is unclear as to which "investing terms" and "SEC regulations" the summary witness plans to testify.  The explanation of terms and regulations not known to jurors clearly falls within the ambit of "scientific, technical, or other specialized knowledge" under Fed. R. Evid. 702.  *See Adams v. New England Scaffolding, Inc.*, No. 13-12629-FDS, 2015 WL 9412518, at *5 (D. Mass. Dec. 22, 2015) (noting "a regulatory environment often needs to be explained to lay persons, and therefore expert testimony may be helpful to the jury to understand the issues in the case").  Further, as noted above, this falls outside the scope of permissible "summary witness" testimony.  This is just another attempt to present expert testimony under the guise of a summary witness and should not be countenanced.

6

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court exclude the Commission's summary witness.

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
Thomas M. Hoopes (BBO No. 239340)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com
thoopes@lhblaw.com

Dated: October 6, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on October 6, 2021.

*/s/ Douglas S. Brooks*
Douglas S. Brooks
