# Exhibit 2

```
 1                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MASSACHUSETTS
 2

 3   SECURITIES AND EXCHANGE            )
     COMMISSION,                        )
 4                                      )
                 Plaintiff              )
 5                                      )  CA No. 18-11926-PBS
            -VS-                        )  Pages 1 - 51
 6                                      )
     GREGORY LEMELSON, et al,           )
 7                                      )
                 Defendants             )
 8

 9
                 MOTION HEARING/SCHEDULING CONFERENCE
10
                  BEFORE THE HONORABLE PATTI B. SARIS
11                 UNITED STATES CHIEF DISTRICT JUDGE

12

13

14

15
                                    United States District Court
16                                  1 Courthouse Way, Courtroom 19
                                    Boston, Massachusetts  02210
17                                  December 6, 2018, 11:20 a.m.

18

19

20

21

22
                          LEE A. MARZILLI
23                      OFFICIAL COURT REPORTER
                      United States District Court
24                    1 Courthouse Way, Room 7200
                         Boston, MA  02210
25                         (617)345-6787
```

```
 1   A P P E A R A N C E S:

 2        ALFRED A. DAY, ESQ. and MARC J. JONES, ESQ.,
     United States Securities and Exchange Commission,
 3   33 Arch Street, 23rd Floor, Boston, Massachusetts,
     02110-1424, for the Plaintiff.
 4
          DOUGLAS S. BROOKS, ESQ., Libby Hoopes, P.C.,
 5   399 Boylston Street Suite 200, Boston, Massachusetts, 02116,
     for the Defendants.
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              THE CLERK:  Court calls Civil Action 18-11926, SEC
 3    v. Lemelson, et al.  Could counsel please identify
 4    themselves.
 5              MR. DAY:  Good morning, your Honor.  Alfred Day
 6    for plaintiff, the Securities and Exchange Commission.  With
 7    me is Marc Jones.
 8              MR. JONES:  Good morning, your Honor.
 9              THE COURT:  Good morning.
10              MR. BROOKS:  Good morning, your Honor.  Doug
11    Brooks for the defendants.
12              THE COURT:  Good morning.  So it's your motion.
13              MR. BROOKS:  Thank you, your Honor.  I want to be
14    clear, first, why we're here, and I want to take, as I
15    anticipate, what the SEC put in their opposition what
16    they're going to argue, but our arguments about why this
17    case should be dismissed on 12(b)(6), as to the four
18    statements that we now know are at issue, are based on the
19    four corners of the complaint and the documents incorporated
20    therein by reference.  I think it's important to keep in
21    mind that the SEC's entire scienter allegations, for
22    instance, are based on what they say is -- are based on the
23    documents that we have attached.  They say that the scienter
24    is obvious because Lemelson --
25              THE COURT:  Can I start off by asking the basic
```

1          THE COURT:  What about the argument, all right,
2     the stock market didn't go down?
3          MR. DAY:  Yes, your Honor, we don't believe we
4     have to show a stock movement -- that's the first response
5     to that -- to prove materiality.  Your Honor, I can certainly
6     provide additional research to the Court.  I'm not aware of
7     one as I stand here today.  I don't believe that there's a
8     requirement that we have to show a market movement to prove
9     materiality.  It's an objective standard:  What would a
10    reasonable investor consider important in altering the total
11    mix of information available in the market?
12         THE COURT:  If the market goes up, let's say,
13    significantly after the statements, is that evidence that it
14    wasn't material?
15         MR. DAY:  That could support an argument, but, no.
16    I think there are several things to keep in mind about that.
17    First of all, this is not a case like many disclosure cases
18    where there was a contemporaneous announcement by a company
19    to the market, and then you look at what happened to the
20    stock price after the announcement by the company.  This is
21    more akin to an analyst talking about what's going on with
22    the company.
23         The statements expressed by the defendants in this
24    case take time to propagate into the market.  I don't think
25    that it is necessarily the case that you would expect to see

1   a stock price reaction immediately, especially when these
2   statements were disseminated to the market over a period of
3   time to different forums, and, you know, it's just not the
4   same thing as a corporate announcement.
5           THE COURT:  Where was the statement made, the one
6   about the key drug going away?
7           MR. DAY:  It was in an interview on June 19 of
8   2014.
9           THE COURT:  What kind of an interview?
10          MR. DAY:  It was an interview with an Internet
11  radio show called PreMarket Prep, I believe was the name of
12  the show.  So it was broadcast.
13          THE COURT:  It wasn't like an investor call or --
14          MR. DAY:  No, but it was also available to people
15  to listen to later.  It was sent in emails to prospective
16  and existing investors in the Amvona Fund.  It was made
17  available through Amvona's website and LCM's website, so it
18  had a lot of capability to be propagated out into the total
19  mix of information available to the market over time.
20          THE COURT:  But you're saying it might not have
21  happened precipitously?
22          MR. DAY:  Exactly, your Honor.
23          With respect to the debt-to-tangible equity
24  ratio --
25          THE COURT:  You're ready to do Accounting 101?

C E R T I F I C A T E

```
UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS    ) ss.
CITY OF BOSTON               )
```

I, Lee A. Marzilli, Official Federal Court Reporter, do hereby certify that the foregoing transcript, Pages 1 through 51 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 18-11926-PBS, SEC v. Gregory Lemelson, et al, and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

Dated this 15th day of February, 2019.


/s/ Lee A. Marzilli
_____

LEE A. MARZILLI, CRR
OFFICIAL COURT REPORTER