UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM UNDISCLOSED WITNESSES**

Plaintiff opposes Defendants' motion *in limine* to preclude testimony from undisclosed witnesses. The Commission included on its witness list two individuals whose identities were not known at the time of its initial disclosures: Robert Fields of Cardinal Capital and Joseph Frohna of 1492 Capital Management (the "Ligand Investor Witnesses"), both investors in Ligand during the relevant timeframe (June – October 2014). But Defendants were aware of these witnesses and their role in this case since at least December 2019, obviating the need for the Commission to supplement its initial disclosures. *See* Fed. R. Civ. P. 26(e)(1)(A) (parties not required to supplement their Rule 26(a) initial disclosures where "the additional or corrective information has . . . otherwise been made known to the other parties during the discovery process or in writing."). Defendants' decision not to seek documents or testimony directly from the Ligand Investor Witnesses over the past two years cannot be blamed on lack of knowledge.

There is no basis to prevent the jury from hearing from these witnesses at trial.

## ARGUMENT

### I. Defendants Were Aware that the Commission Would Rely on Testimony from the Ligand Investor Witnesses

The identity of the Ligand Investor Witnesses and the topics for which the Commission seeks their testimony have been raised at numerous points throughout the course of this litigation, including by Defendants, dating back to at least December 2019. In addition, the Commission provided Defendants with oral and written notice of its intent to call the Ligand Investor Witnesses over a month before trial.

As stated in the Commission's summary of evidence, the Ligand Investor Witnesses will testify about their funds' respective positions in Ligand in 2014, when and how they each became aware of Defendants' false and misleading public statements about Ligand in 2014, their reaction to those statements, and communications with Ligand personnel and others about Defendants' statements. [ECF 163, Section I.A.9.] Despite Defendants' claim that they had no notice of these witnesses or topics, Defendants questioned four different deposition witnesses about their communications with the Ligand Investor Witnesses and their firms. [Foehr Depo 90:8-92:12; 283:22-286:17 (Dec. 5, 2019); Higgins Depo 186:5-187:12, 199:10-200:12 (Dec. 11, 2019); Pettingill Depo 122:24-123:12 (Dec. 12, 2019); Voss 176:21-177:22, 212:1-216:1 (Dec. 3, 2019.] And, significantly, Defendants' counsel specifically asked about Mr. Fields in deposition, without prompting, and marked an exhibit referencing communications with his firm. [Pettingill Depo 122:24-123:12 (Dec. 12, 2019); Foehr Depo 283:22-24, Ex. 136.]

Defendants acknowledge various instances when the Commission referenced evidence of Ligand or Viking investors raising concerns about Defendant's misstatements. [*See e.g.*, ECF No. 131 at 13-14, 19, 22, Exs. 65-70 (Oct. 30, 2020); ECF No. 132 at ¶ 146 (Oct. 30, 2020); ECF

2

No. 141 at ¶¶ 47, 53, 146 (Nov. 13, 2020).] While Defendants object to this evidence as inadmissible hearsay (making live testimony all the more important), they do not and cannot argue that they were not aware the Commission intended to present evidence of investor concerns. *Id.*

Defendants have known for almost two years that the Ligand Investor Witnesses might be used by the Commission to support its claims. The disclosure of this information through discovery satisfies Rule 26(e)(1)(A); the Commission was not required to formally supplement its initial disclosures.

**II.      Any Delay in Notifying Defendants was Harmless and Sanctions are not Warranted**

Precluding the Ligand Investor Witness's testimony at trial pursuant to Rule 37 is not an appropriate sanction for at least two reasons.

First, Rule 37 does not provide for sanctions for violations of Rule 26 where "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, any delay by the Commission in notifying Defendants about its intent to call the Ligand Investor Witnesses at trial was harmless because Defendants were made aware of the witnesses and the topics for which the Commission seeks their testimony no later than December 2019. Defendants had almost two years and ample opportunity to overcome any adverse effect, surprise, or prejudice. *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009). Indeed, they identify no prejudice from any alleged late-disclosure. These witnesses will, in effect, testify that they read Defendants' reports and they were worried that Defendant Lemelson's statements were true, in which case the company they invested in—Ligand—was in serious trouble. The substance of this testimony cannot possibly be a mystery to Defendants.

Second, the *Esposito* factors weigh in the Commission's favor in determining what sanctions, if any, the Court deems appropriate. *Id*. Here, the Commission has not missed any

3

pre-trial or filing deadlines and has no history of discovery violations or sanctions in this litigation.  These witnesses will provide the jury with information about actual investor reactions to the charged scheme and misrepresentations.  The Commission has justified its late disclosure by noting that it was not aware of the identity of the witnesses at the time of its initial disclosures, and did not amend because Defendants had notice of and were questioning other witnesses about these individuals.  Excluding the testimony of these witnesses would be a departure from any prior instances in which this Court has exercised its sanction authority to preclude evidence.  *See Esposito*, 590 F.3d at 79 (holding that circumstances didn't justify preclusion because, *inter alia*, sanctioned party did not ignore any pre-sanction warnings and there was no appearance of calculated gamesmanship); *Harriman v. Hancock County*, 627 F.3d 22, 30-31 (1st Cir. 2010) (Plaintiff's expert witness testimony precluded after long history of missed deadlines and unfair tactic in delaying disclosure of expert witness); *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) (Rule 37 is traditionally "invoked to bar expert testimony at trial."); *Prouty v. Thippanna*, 4:17-40126-TSH, 2021 WL 2144853, at *4 (D. Mass. May 26, 2021) (precluding portion of expert witness testimony as unprobative because expert failed to supplement expert report to recalculate damages after Court ruled certain defendants were not jointly or severally liable); *Cook, Stratton & Co., Inc. v. Universal Ins. Group, Inc.*, 05-2173-PG, 2010 WL 1508469, at *2 (D.P.R. Apr. 13, 2010) (precluding witnesses from testifying because plaintiff only disclosed witnesses when compelled by the court); *Roger Edwards, LLC v. Fiddes & Son, Ltd.*, 216 F.R.D. 18, 20 (D. Me. 2003) (precluding witnesses from testifying because defendants had no knowledge at all of the proposed witnesses).

## CONCLUSION

For the reasons stated above, the Commission asks the Court to deny Defendants' motion

*in limine* to preclude testimony from undisclosed witnesses.

Dated: October 12, 2021

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Marc Jones*
Marc J. Jones (Mass. Bar #645910)
Alfred A. Day (Mass. Bar #654436)
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-4537 (Jones direct)
jonesmarc@sec.gov
daya@sec.gov

**CERTIFICATE OF SERVICE**

I certify that on October 12, 2021 a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

*/s/ Marc Jones*