UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| Plaintiff | ) | |
| v. | ) | |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | ) | Civil Action No. 1:18-cv-11926-PBS |
| Defendants, | ) | |
| and | ) | |
| THE AMVONA FUND, LP, | ) | |
| Relief Defendant | ) | |

**DEFENDANTS' OBJECTIONS TO**
**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS (ECF No. 168)**

Defendants Father Emmanuel Lemelson (f/k/a Gregory Lemelson), Lemelson Capital

Management LLC, and the Amvona Fund LP submit these objections to Plaintiff, Securities and

Exchange Commission's (the "Commission") proposed jury instructions (ECF No. 168).

1.      **The Commission's Proposed Preliminary Instruction**

The Commission's proposed preliminary instruction includes language about the

Commission protecting the investing public, the background and policies behind the Exchange

Act and the Advisers Act, and distinctions between the Commission and a "private person" that

would typically bring a civil claim.  Defendants object to all of this language as improperly

elevating the status of the Commission as a party to this action.

The Commission's proposed preliminary jury instruction also includes language that

seems aimed at minimizing its burden.  Defendants object to this as improper and prejudicial.

The jury should be properly instructed on the Commission's burden and the instructions should not needlessly introduce other burdens not applicable in this case to emphasize that the Commission's burden is lower.

Finally, the Commission's proposed preliminary jury instruction includes language about its purported scheme liability theory. Defendants have objected to the Commission's vague and unsupported scheme liability theory in its motion *in limine* (ECF No. 181). The Commission's proposed jury instruction further highlights the concerns raised in that motion. Specifically, the Commission states "Defendants engaged in a fraudulent scheme to drive down the price of Ligand shares by publishing a series of misleading negative reports about Ligand." The Commission has repeatedly stated it alleged **four** misstatements and told the Court at the motion to dismiss stage that if the four statements were not actionable, then "there's not a lot of other conduct that we've alleged in the complaint." ECF No. 127-41 at 25:2-8. In stark contrast to that representation to the Court, the Commission now seems to indicate that the entire scope of Defendants' reports is at issue for the scheme. This will turn a case about four alleged misstatements into a case about nearly a thousand statements. And for the reasons stated in Defendants' motion *in limine,* allowing the Commission to proceed on such vague, unnoticed allegations would be fundamentally unfair and prejudicial to Defendants.

2.     **The Commission's Proposed Introductory Instruction About a Lack of Stock Price Change**

This proposed jury instruction is directly related and addressed in the Commission's motion *in limine* to exclude evidence regarding investor reliance (ECF No. 162), as well as Defendants' opposition to that motion. In short, Defendants have not and will not argue that the Commission needs to prove investor reliance. Further, based on the Court's rulings at summary judgment, Defendants do not intend to introduce any evidence of stock price, unless the

Commission opens the door to such evidence.[1]  Therefore, the Commission's proposed

introductory instruction about a lack of stock price change is improper, unnecessary, and will

only serve to confuse the jury.

### 3.    The Commission's Proposed Instruction No. 1

The third sentence of the Commission's proposed Instruction No. 1 contains irrelevant

and unnecessary information about the SEC's duties, the purpose and policy of securities laws,

and the SEC's authority.  Defendants object to this language as improperly elevating the status of

the Commission as a party to this action, not related to the specific claims and defenses in *this*

matter, and unfairly prejudicing Defendants.

### 4.    The Commission's Proposed Instruction No. 2

The third and fourth paragraphs of the Commission's proposed Instruction No. 2 likewise

includes irrelevant and unnecessary language about the history and policies underlying the

Exchange Act and the underlying rules.  Defendants object to this language as improperly

elevating the status of the Commission as a party to this action, not related to the specific claims

and defenses in *this* matter, and unfairly prejudicing Defendants.

### 5.    The Commission's Proposed Instruction No. 3

In the first paragraph of the Commission's proposed Instruction No. 3, the Commission

purports to summarize the four false and misleading statements it has alleged in this case.

However, the summaries are vague and broad categorizations of the alleged statements.  If the

four alleged misstatements are going to be listed in the instructions, they should be described

precisely.  The proposed instruction as currently drafted, creates the potential for the jury to find

---

[1] Defendants note their objection for the record to preserve the issue on appeal, as there is a Circuit split on the requirement to show a change in stock price to prove materiality.

Defendants liable for a statement that the Commission has not alleged and could create confusion in deliberations.

In the second paragraph of the Commission's proposed Instruction No. 3, the Commission includes irrelevant and unnecessary language about the history and policies underlying the Exchange Act and the underlying rules. Defendants object to this language as improperly elevating the status of the Commission as a party to this action, not related to the specific claims and defenses in *this* matter and unfairly prejudicing Defendants.

6.      **The Commission's Proposed Instruction No. 5**

The Commission's proposed Instruction No. 5 copies the and pastes the Commission's proposed introductory instruction about a lack of stock price change. Defendants object to that instruction for the same reasons as stated above. Further, the language regarding the introduction of evidence is inappropriate in this context, as these are instructions to be read to the jury at the close of the case.

Additionally, the second to last paragraph in the Commission's proposed Instruction No. 5 states only, "You may find the Defendants liable if the SEC proves just *one* material misstatement or omission." This is misleading and inaccurate as it ignores the other elements of the claim and is confusing. Thus, this sentence should be stricken.

7.      **The Commission's Proposed Instruction No. 6**

The Commission's proposed Instruction No. 6 starts with the language "[o]nce you have decided that the Defendants engaged in fraudulent conduct by a preponderance of the evidence…" Defendants object to this language as it presupposes such a finding by the jury. The instruction should include language that properly instructs the jury that if it does not find the Defendants engaged in fraudulent conduct, then it must find Defendants not liable, but if they do

find the Commission adequately proved fraudulent conduct, then, and only then, it must consider the next element.

### 8.    The Commission's Proposed Instruction No. 7

Similar to the Commission's proposed Instruction No. 6, the language in proposed Instruction No. 7 does not properly instruct the jury that if it does not find the Defendants acted with the requisite state of mind, then it must find Defendants not liable, but if they do find the Commission adequately proved Defendants acted with the requisite state of mind, then it must consider the next element.

### 9.    The Commission's Proposed Instruction No. 8

The Commission's proposed Instruction No. 8 contains irrelevant and potentially prejudicial information about the statutory purpose of the Advisers Act.  Defendants object to this language as improperly elevating the status of the Commission as a party to this action, not related to the specific claims and defenses in *this* matter, and unfairly prejudicing Defendants. This entire instruction should be removed.

### 10.    The Commission's Proposed Instruction No. 9

The Commission's Advisers Act claim is premised on a finding that Defendants violated Rule 10b-5.  The Commission's proposed Instruction No. 9 does not make that clear.  In addition, the second sentence of the first paragraph uses the passive voice of "Defendants allegedly misled …" which is confusing and potentially misleading.  The third sentence of the first paragraph drops all language about allegations and asserts that "Defendants also misled investors and potential investors …" which is totally inappropriate for jury instructions.  These are fundamental problems with this proposed instruction, and it must be rewritten in its entirety. Defendants refer the Court to their proposed instructions.

11.     **The Commission's Proposed Instruction No. 11**

As stated above, the Commission's Advisers Act claim is premised on a finding that

Defendants violated Rule 10b-5.  The instruction of negligence is thus inappropriate here.  And

its inclusion here is just a clear example that the Commission included this novel and

unsupportable Advisers Act claim in an effort to avoid Rule 10b-5's scienter requirement and try

to apply a negligence standard.  This should not be permitted and the entire instruction on

negligence should be stricken.  The Final Rule concerning 206(4)-8 provides five examples the

SEC intended the rule to prohibit: (1) "the experience and credentials of the adviser (or its

associated persons)"; (2) "the risks associated with an investment in the pool"; (3) "the

performance of the pool or other funds advised by the adviser"; (4) "the valuation of the pool or

investor accounts in it"; and (5) "practices the adviser follows in the operation of its advisory

business such as how the adviser allocates investment opportunities."  72 Fed. Reg. 44756,

44759 (Aug. 9, 2007).  While not exhaustive, these examples nonetheless make clear that 206(4)-

8 was intended to target misleading statements that fund managers make about the fund or the

manager himself—and not to punish a fund manager's statements concerning a publicly traded

stock.  The SEC's proposed use of Rule 206(4)-8 (and its lower negligence standard) here is

nothing more than an impermissible end run around Rule 10b-5's scienter requirement.  Thus,

the negligence instruction should be stricken.

12.     **The Commission's Proposed Instruction Nos. 10 and 12**

For the same reasons stated above in Defendants' objections to Commission's proposed

Instruction No. 11, Defendants object to any reference to negligence in Commission's proposed

Instruction Nos. 10 and 12.

**13.     The Commission's Proposed Instruction No. 13**

This proposed jury instruction is directly related and addressed in the Commission's

motion *in limine* to exclude evidence regarding investor reliance (ECF No. 162), as well as

Defendants' opposition to that motion.  In short, Defendants have not and will not argue that the

Commission needs to prove investor reliance.  Further, based on the Court's rulings at summary

judgment, Defendants do not intend to introduce any evidence of stock price, unless the

Commission opens the door to such evidence.[2]  Therefore, the Commission's proposed

Instruction No. 13 is improper, unnecessary, and will only serve to confuse the jury.

**14.     The Use of the Term "Defendants"**

Throughout the jury instructions the Commission refers to itself as either the SEC or the

Commission, but refers to Defendants as "Defendants."  Defendants object to this difference in

labeling the parties and believe that all references to "Defendants" should be changed to Fr.

Lemelson and/or Lemelson Capital Management where possible.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court use

Defendants' proposed jury instructions (ECF No. 176) or, in the alternative, implement the

redlined changes in the Exhibit attached hereto.

---

[2] Defendants note their objection for the record to preserve the issue on appeal, as there is a Circuit split on the requirement to show a change in stock price to prove materiality.

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
Thomas M. Hoopes (BBO No. 239340)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com
thoopes@lhblaw.com

Dated:  October 13, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on October 13, 2021.

*/s/ Douglas S. Brooks*
Douglas S. Brooks