UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant | Civil Action No. 1:18-cv-11926-PBS |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE ARGUMENT THAT THE COMMISSION
<u>MUST PROVE INVESTOR RELIANCE (ECF No. 162)</u>**

Defendants Father Emmanuel Lemelson (f/k/a Gregory Lemelson), Lemelson Capital Management LLC, and the Amvona Fund LP submit this opposition to Plaintiff, Securities and Exchange Commission's (the "Commission") motion *in limine* to exclude argument that the Commission must prove investor reliance (ECF No. 162).

As an initial matter, the Commission's entire premise for this motion is a straw man. Defendants have not and do not contend that the Commission must prove investor reliance to state a Rule 10b-5 claim. Rather, as Defendants argued at summary judgment, in cases like the present where the Commission has alleged "fraud on the market," **materiality** is proven or disproven by the impact the alleged statements have on the price of the company's stock. ECF No. 125 at 15. *See In re Biogen Sec. Litig.*, 179 F.R.D. 25, 35 (D. Mass. 1997) (noting

defendants can rebut presumption of materiality if they can show "the market price was not affected by their misrepresentations") (Saris, J.) (internal quotations omitted); *Brumbaugh v. Wave Systems Corp.*, 416 F. Supp. 2d 239, 254-55 (D. Mass. 2006) ("[t]he concept of materiality translates into information that alters the price of the firm's stock); (quoting *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997)) ("In the context of an 'efficient' market, the concept of materiality translates into information that alters the price of the firm's stock. . . . This is so because efficient markets are those in which information important to reasonable investors (in effect, the market, is immediately incorporated into stock prices")) (internal citations omitted); *Oran v. Stafford*, 226 F.3d 275, 282 (3d Cir. 2000) (Materiality "may be measured post hoc by looking to the movement ... of the price of the firm's stock."); *SEC v. Berlacher*, No. 07-3800, 2010 WL 3566790, at *7 (E.D. Pa. Sept. 13, 2010) ("As opposed to guessing what a reasonable investor would find important or what could alter the total mix of information in the market, the United States Court of Appeals for the Third Circuit has adopted a concrete method of measuring the materiality of information... [i]f there is no movement in the stock price, then the disclosed information is immaterial as a matter of law").

Although simply ignored by the Commission in is motion, there is a Circuit split on this issue (as expressly discussed in Defendants' summary judgment filing).  The Third Circuit "has essentially made event studies mandatory" to prove materiality in securities fraud cases.  *SEC v. Goldstone*, CIV 12-0257 JB/LFG, 2016 WL 3135651, at *46 (citing *Burlington Coat Factory*, 114 F.3d at 1425).  On the other hand, the Second Circuit has not adopted a per se requirement as has the Third Circuit, although courts in that Circuit have noted that event study analyses are nonetheless "almost obligatory." *In Re Vivendi Universal, SA. Sec. Litig.*, 634 F. Supp. 2d 352,

364 (S.D.N.Y. 2009).  While the First Circuit has not ruled directly on the issue, it has cited *Burlington Coat Factory* with approval.  *See In Re Polymedica Corp. Sec. Litig.*, 432 F.3d 1, 13-14 (1st Cir. 2005) (adopting definition of efficient market from *Burlington Coat Factory*; *i.e.*, that the market price of a stock fully reflects all publicly available information, and noting that Third Circuit held the concept of materiality in an efficient market translates into information that alters the firm's stock).

Moreover, now Supreme Court Justice Alito authored the Third Circuit opinion establishing that materiality must be proven by the stock price movement.  Therefore, it seems likely that if and when the Supreme Court addresses the Circuit split on this issue, it will adopt the Third Circuit's approach in *Oran*, as urged by Defendants here, and find that if there is no material movement in the stock price,  the alleged misrepresentation is immaterial as a matter of law.

Nonetheless, Defendants acknowledge that in its summary judgment decision, this Court rejected their argument.  ECF No. 146 at 17-18.  Defendants are objecting to the Commission's motion *in limine* to preserve the issue for appeal.

For purposes of the trial, Defendants also object to the Commission's proposed jury instruction contained in its motion.  As noted above, Defendants have not and will not argue that the Commission has to prove investor reliance.  Defendants' counsel will argue this matter consistent with the Court's ruling on the issue.  Indeed, in light of the Court's ruling and the lack of adequate foundation for expert opinion, Defendants do not intend to introduce any evidence regarding Ligand's stock price unless the Commission introduces such evidence.  Instructing the jury as the Commission proposes about issues of investor reliance will only serve to confuse the jury, which will presumably be unfamiliar with the concept of investor reliance altogether, and

warn the jury about something the Defendants are not pursuing consistent with this Court's ruling.  *United States v. Pagan-Ferrer*, 736 F.3d 573, 586 (1st Cir. 2013) (noting curative instruction proper "[i]n the event that the jury has been exposed to improper evidence").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion *in limine* to exclude argument that the Commission must prove investor reliance (ECF No. 162).

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
Thomas M. Hoopes (BBO No. 239340)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com
thoopes@lhblaw.com

Dated:  October 13, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on October 13, 2021.

*/s/ Douglas S. Brooks*
Douglas S. Brooks