UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> GREGORY LEMELSON and LEMELSON CAPITAL ) <br> MANAGEMENT, LLC, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> THE AMVONA FUND, LP, ) <br> ) <br> Relief Defendant ) <br> ) | Civil Action No. 1:18-cv-11926-PBS |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT ANY ALLEGED ADVERSE
CONSEQUENCES FOR DEFENDANTS (ECF No. 160)**

Defendants Father Emmanuel Lemelson (f/k/a Gregory Lemelson), Lemelson Capital Management LLC, and the Amvona Fund LP submit this opposition to Plaintiff, Securities and Exchange Commission's (the "Commission") motion *in limine* to exclude evidence or argument about any alleged adverse consequences for Defendants (ECF No. 160).

As explained to the Commission during the meet and confer process, Defendants have no intent to argue to the jury that they should consider the adverse consequences that Defendants face if found liable.  Further, Defendants do not object to Plaintiff's proposed jury instruction No. 15 (ECF 168 at 29) that instructs the jury that they should not consider potential remedies or sanctions in determining liability in this case.

However, the adverse consequences of an SEC enforcement action are relevant to the *bias* of Ligand witnesses. "Bias is always relevant as discrediting the witness[es] and affecting the weight of [their] testimony." *DiBenedetto v. Hall*, 272 F.3d 1, 10 (1st Cir. 2001) (internal quotations omitted). While the Commission is seeking to exclude all evidence relating to anything Ligand representatives told the Commission before this case was filed, that evidence is highly probative of Ligand's bias.

The jury is entitled to know Ligand's extensive efforts to have the Commission bring this case against Defendants, the accusations Ligand made against Defendants (and the lack of support for those accusations), that Ligand could have pursued its own case if it believed what it was telling the Commission, and potential reasons why Ligand would prefer having the Commission bring an enforcement action instead of pursuing a claim on its own (including the potential of an industry bar).

To this end, Ligand personnel's words and conduct were expressly aimed at *silencing* Defendants as opposed to disputing their allegations about the company on the merits. Further, there are a number of emails among Ligand personnel and the company's investor relations firm (who was being directed by Ligand's CEO, John Higgins) seeking to suppress and intimidate the media from writing about Defendants' reports. One Ligand employee went so far as to tell his colleagues that Fr. Emmanuel needs to be "silenced for good."

The potential adverse consequences of a Commission enforcement action (*e.g.* an industry bar that is not in play in a private cause of action brought by Ligand) are therefore relevant to Ligand's actions, and thus relevant to the issue of bias. To provide proper context for the reasons Ligand personnel pushed the Commission so hard—and for so long—to bring an enforcement action, it is both necessary and relevant that the jury understand that, as Ligand

understood, that Defendants could face an industry bar. Therefore, Defendants request that the evidence of the potential adverse consequence of an industry bar be permitted for the limited purpose of showing Ligand's bias.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion *in limine* to exclude evidence or argument about any alleged adverse consequences for Defendants (ECF No. 160) and permit the admission of evidence of a potential industry bar for the limited purpose of showing bias from Ligand's witnesses.

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
Thomas M. Hoopes (BBO No. 239340)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com
thoopes@lhblaw.com

Dated: October 13, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on October 13, 2021.

*/s/ Douglas S. Brooks*
Douglas S. Brooks