UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant | Civil Action No. 1:18-cv-11926-PBS |

### DEFENDANTS' OBJECTIONS TO
### PLAINTIFF'S PROPOSED VOIR DIRE (ECF No. 170)

Defendants Father Emmanuel Lemelson (f/k/a Gregory Lemelson), Lemelson Capital Management LLC, and the Amvona Fund LP submit these objections to Plaintiff, Securities and Exchange Commission's (the "Commission") proposed voir dire (ECF No. 170).

In the first paragraph of the Commission's section titled "Nature of the Case," the Commission includes some additional and superfluous language about the SEC's role and responsibilities. Defendants object to this language as irrelevant and improperly promoting the SEC as a party to this matter.

In the fourth paragraph of the Commission's section titled "Nature of the Case," the Commission states that it "alleges that this scheme included multiple false and misleading public statements about Ligand, a medicine Ligand has developed, and about a related company called Viking Therapeutics." Defendants object to this language as confusing and misleading in that it

does not accurately describe the nature of the Commission's case. The Commission has repeatedly represented that Defendants made *four* misstatements, and therefore that number should be listed instead of the vague term "multiple." Further, Defendants do not believe that the voir dire requires a description of the alleged misstatements. But, if there is going to be a description, it should accurately characterize the challenged statements and not consist of vague categories, such as "about Ligand."

In that same paragraph, the Commission describes the Investment Advisers Act by including inflammatory language about the "Defendants' stock price manipulation." Defendants object to the use of this language and believe the first part of the Commission's proposed sentence ("The SEC also alleges that Defendants deceived investors and those who were seeking to become investors in The Amvona Fund by making and disseminating false statements about the Ligand investment") is more than adequate for the voir dire stage to describe the allegations.

Defendants object to the Commission's proposed question No. 34, which states: "Do you have a view on whether someone in the securities industry should lie in order to make themselves or their clients a profit?" Defendants believe this is a prejudicial question that seems to assume that Defendants lied. Further, the question is not necessary as the jury will be asked if they will follow the law as instructed.

Defendants object to the Commission's proposed question No. 38. The Commission's question includes a significant amount of language that seems aimed at minimizing its burden. Defendants object to this as improper and prejudicial. The jury will be instructed on what preponderance of the evidence is, Defendants object to language aimed at minimizing that burden.

Defendants object to the first sentence of Commission's proposed question No. 42. Defendants object to the sentence that states this is an important case to the SEC. It is unnecessary and improperly elevates the SEC's role as a party to this action.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court use Defendants' proposed voir dire (ECF No. 175) or, in the alternative, implement the redlined changes in the Exhibit attached hereto.

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON, LEMELSON CAPITAL MANAGEMENT, LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
Thomas M. Hoopes (BBO No. 239340)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com
thoopes@lhblaw.com

Dated: October 13, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on October 13, 2021.

*/s/ Douglas S. Brooks*
Douglas S. Brooks