UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**DEFENDANTS' PROPOSED REDLINES TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION  PROPOSED VOIR DIRE QUESTIONS**

Pursuant to the Court's April 14, 2021 Order for Pretrial Conference, the Securities and Exchange Commission submits the following introductory remarks and requests for the jury voir dire.

**NATURE OF THE CASE**

This is a civil action brought by the Securities and Exchange Commission, sometimes called "the SEC" or "the Commission." Because the SEC filed this lawsuit, it may also be called "the Plaintiff."  The SEC is the agency of the federal government that is responsible for enforcing the securities laws of the United States~~, which are designed to promote fair trading in securities. As part of its job, the SEC is also responsible for regulating the activities of investment advisers and enforcing the securities laws that apply to investment advisers~~.

The SEC has sued Gregory Lemelson, also known as Father Emmanuel Lemelson, alleging that he violated the antifraud provisions of the federal securities laws. The SEC has also sued Lemelson Capital Management, LLC, a company owned and controlled by Lemelson that will sometimes be called "Lemelson Capital." At times, Lemelson and Lemelson Capital will be referred to together as "the Defendants." In 2014, Lemelson and Lemelson Capital ran a hedge fund, an investment fund that invests money in the stock market on behalf of outside investors, called The Amvona Fund.

It is undisputed that, in 2014, Lemelson and Lemelson Capital caused The Amvona Fund to take what is called a "short position" in the stock of a company called Ligand Pharmaceuticals. A short position (or "selling short") is an investment technique where an investor seeks to profit when the price of a stock falls.

The SEC alleges that Lemelson and Lemelson Capital engaged in a deceptive scheme to drive down Ligand's stock price and profit from their "short position" in that stock. The SEC alleges that this scheme included ~~multiple~~ four false and misleading public statements ~~about Ligand, a medicine Ligand has developed, and about a related company called Viking Therapeutics~~. The SEC also alleges that Defendants deceived investors and those who were seeking to become investors in The Amvona Fund by making and disseminating false statements about the Ligand investment ~~and by failing to disclose that the fund's positive returns from that position resulted from Defendants' stock price manipulation~~.

The Defendants deny these allegations and deny that they violated the federal securities laws.

**VOIR DIRE QUESTIONS**

**Ability to Serve**

1. Do you have any medical or physical conditions that might make it difficult for you to see or hear the evidence in this case?

2. Are you taking any medication that might make it difficult for you to participate in this case?

3. Do you have any difficulty reading and understanding English?

4. The trial is expected to last approximately two and a half weeks. Do you have any commitments that would make it impossible for you to sit as a juror on this case?

**Parties and Witnesses**

5. The Defendants in the case are Gregory Lemelson, also known as Father Emmanuel Lemelson, and Lemelson Capital Management, LLC. Do you know either Lemelson or Lemelson Capital Management, or have you or any members of your family had any dealings with either of them?

6. Have you, or anyone you know, invested in The Amvona Fund?

7. The SEC is represented in this case by Marc Jones and Al Day. Defendants are represented by Doug Brooks, Brian Sullivan, and Tom Hoopes of the law firm of Libby Hoopes Brooks LLP. Do you know any of these attorneys, or have you or any members of your family had any dealings with them?

8. This case involves several companies, which I will list for you. Do you have any experience with, or knowledge about, any of these companies that would affect your ability to be a fair and impartial juror in this case?  The companies are:

      a.    Ligand Pharmaceuticals
      b.    Viking Therapeutics

      c.      The Amvona Fund
      d.      Benzinga
      e.      GlaxoSmithKline
      f.      Novartis
      g.      The Lantern Foundation
      h.      LHA Investor Relations
      i.      Marcum LLP
      j.      Grant Thornton LLP
      k.      BTIG

9. The following witnesses may be called to testify as witnesses at trial. Do you know, or are you otherwise familiar with, any of them?

| NAME | TOWN |
|---|---|
| Dr. Erin Smith | SALT LAKE CITY, UT |
| Catherine Hyodo | LOS ANGELES, CA |
| Sougata Banerjee | LOS ANGELES, CA |
| Matthew Foehr | BELMONT, CA |
| Michael Johns | EMMAUS, PA |
| Bruce Voss | LOS ANGELES, CA |
| Keith Marschke | SAN DIEGO, CA |
| Brian Lian | RANCHO SANTA FE, CA |
| Nicholas Jabbour | WESTBOROUGH, MA |
| Robert Fields | NEW CANAAN, CT |
| John Higgins | MINNEAPOLIS, MN |
| Joseph Frohna | WALES, WI |
| Todd Pettingill | SAN MARCOS, CA |
| David Becker | BETHESDA, MD |

**Experience with Courts, Law Enforcement, and the SEC**

10. Have you, any members of your family, or any of your close friends ever filed a lawsuit or been sued in a lawsuit?

11. Have you, any members of your family, or any of your close friends ever been a witness in any hearing, lawsuit or trial, state or federal? If so:

      a.      When was it, and what type of case was it?

      b.      What was the nature of your testimony?

      c.      Which party called you as a witness?

12. Have you ever served on a jury?

   a. If so, what court was it in?

   b. Was it a criminal or civil case?

   c. Without telling us the outcome, did the jury reach a verdict?

13. Have you, any members of your family, or any of your close friends ever been accused of fraud?

14. Have you, any members of your family, or any of your close friends ever been charged with violating any state or federal securities laws?

15. Have you, any members of your family, or any of your close friends ever been the victim of a financial or investment fraud?

16. Have you, any members of your family, or any of your close friends ever been the victim of a crime?

17. Have you, any members of your family, or any of your close friends ever worked for the SEC?

18. Have you or any members of your family ever had direct experience with the SEC?

19. Do you have any belief, feeling, or attitude about the SEC that might cause you to treat it differently from the Defendants in a lawsuit like this?

20. Have you, any members of your family, or any of your close friends ever referred a complaint or other matter to the SEC for investigation? If so:

   a. What was the nature of the complaint?

   b. Does this have any effect on your ability to be impartial?

21. Have you read books or articles or seen any television programs about SEC cases? If so, did you form an opinion about either the cases or the SEC that might affect your ability to be a fair and impartial juror in this case?

22. What are your feelings about federal regulations? Do you believe there is either too much or too little federal regulation?

23. Do you have an opinion that government regulation of the financial industry is too much or too little?

24. Have you, any members of your family, or any of your close friends ever been employed by a state, local or federal government agency, including any law enforcement agency?

**Securities and Investment Background**

25. Have you, any members of your family, or any of your close friends ever worked for a securities brokerage firm or investment advisory firm? If so:

   a. What was the name of the firm?

   b. What was your (or your family member's or your friend's) position?

   c. How long was the employment?

26. Have you, any members of your family, or any of your close friends ever worked for a mutual fund company, investment manager, securities trader, investment analyst, investment banker, stock promoter, or any member of the securities industry? If so:

   a. What was the name of the firm?

   b. What was your (or your family member's or your friend's) position?

   c. How long was the employment?

27. Do you have any training or experience in securities brokerage activities, securities law, or investment banking? If so, what is it?

28. Are you experienced in investing in the stock, bond, mutual fund, or exchange-traded mutual fund markets?

29. Do you watch television or internet programs about the financial markets or financial news? If so, which ones?

30. Do you use the internet to obtain investment information or participate in online investment-related activity such as an investment chat room, investment bulletin board, or investment club?

31. Are you familiar with a website called Seeking Alpha or an internet radio show called "Benzinga Pre-Market Prep"?

32. Do you read any financial publications on a regular basis, such as the *Wall Street Journal*, *Barrons*, *Investors' Daily*, *Forbes*, *Fortune*, or *Money*?

33. Do you rely on the advice of a professional financial industry person to make or manage your investments?

34. ~~Do you have a view on whether someone in the securities industry should lie in order to make themselves or their clients a profit?~~

~~35.~~ 34. Do you have any view one way or another about short-selling—an investment technique where the investor profits on a decline in a company's stock price?

**Fairness and Impartiality**

~~36.~~ 35. The function of the jury is to decide questions of fact. You are the sole judges of the facts entrusted to you. However, when it comes to the law, you must take your instructions from me and you are bound by my instructions. You may not substitute your notions of what the

law is or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the Defendants are liable for violations of the federal securities laws. If you have any concern about following those instructions, please let me know.

~~37.~~36.  In this case, you are to decide the liability of the Defendants.  Curiosity being what it is, you may be tempted to speculate about the potential liability of others mentioned during this lawsuit, or to question someone's absence. There are a variety of reasons why someone may not be present at trial, or not named as a defendant. You are to decide only the issues before you, based on the evidence presented. If that raises any concerns for you, please let me know.

~~38.~~37.  ~~Those of you who have sat on criminal cases or watch television will have heard of proof beyond a reasonable doubt. That is the standard of proof that is used in criminal cases. That is not the standard of proof that is to be used here, because this is a civil case.~~ Here, the SEC is required to prove its case by a preponderance of the evidence~~, which is a lesser standard of proof than proof beyond a reasonable doubt~~. What that means is that the SEC is required to produce evidence that, considered in light of all the facts, leads you to believe that what the SEC claims is more likely true than not true. ~~To put it differently, if you were to put the SEC's and the Defendants' evidence on different sides of a scale, the SEC would have to make the scale tip slightly in its favor.~~ If the SEC meets this burden, your verdict must be for the SEC; if it fails, the verdict must be for the Defendants. Do you understand this burden of proof as I have explained it to you? With that understanding of the law, is there anyone on the jury panel who would have difficulty holding the SEC to that burden of proof?

~~39.~~38.  Does any juror have any religious, philosophical, or other belief which would make you unable to find each defendant liable for reasons unrelated to the law and the evidence?

40.39.  Do any of you have such strong feelings about the federal government or a government agency, including the SEC, either positive or negative, that you would be unable to fully or fairly evaluate the evidence in this case on the merits, without bias for or against any of the parties?

41.40.  Do any of you have such strong feelings about members of the clergy or religious institutions, including ordained clergy of the Eastern Orthodox Church, either positive or negative, that you would be unable to fully or fairly evaluate the evidence in this case on the merits, without bias for or against Defendant Lemelson?

42.41.  ~~This case is important to the SEC and the Defendants alike.  If you are selected to serve on this case you are expected to be fair and impartial.~~ Is there anything else about this case, you, your background, or your personal circumstances that you believe the Court and the lawyers should be aware of when selecting a jury for this case?

Dated: October 6, 2021                                   Respectfully submitted,

                                         **SECURITIES AND EXCHANGE COMMISSION**

                                         By its Attorneys,

                                         */s/ Marc Jones*
                                         Marc J. Jones (Mass. Bar #645910)
                                         Alfred A. Day (Mass. Bar #654436)
                                         Boston Regional Office
                                         33 Arch Street
                                         Boston, MA  02110
                                         (617) 573-4537 (Jones direct)
                                         jonesmarc@sec.gov
                                         daya@sec.gov

**CERTIFICATE OF SERVICE**

    I certify that on October 6, 2021, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

                                                */s/ Marc Jones*