UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION
OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM**

Pursuant to the Court's April 14, 2021 Order for Pretrial Conference, the Securities and Exchange Commission objects to the Defendants' Proposed Verdict Form.

The parties agree that the jury should be asked a single question per defendant per claim.

The Commission objects to the text of the Defendants' Claim 1 questions as to each Defendant. It is not necessary to rehash the elements on the verdict form. The Defendants' proposed language does not address the language of Rule 10b-5(a) or (c). Nor does it properly address the state of mind requirement, which is not "intent to defraud." Scienter requires an intent to "deceive, defraud, or manipulate" as expressed in the Commission's proposed jury instructions. Nor does "reckless disregard for the truth" adequately capture the recklessness requirement. Also, the parties have stipulated as to #4 in the question (interstate commerce), so, even if there were cause to list the elements on the form, there would be no need for that

language.  The Commission's simply worded jury question is less likely to cause confusion with the jury, or to improperly abbreviate the Court's instructions on the elements.

Next, the Commission objects to the bolded language at the bottom of Questions 1 and 2, as incorrect as a matter of law.  It is not the case that a finding of not liable on Claim One necessitates a finding of not liable on Claim 2.  The jury could, for instance, find Defendants violated the Advisers Act provision with negligence but not find scienter or recklessness on Claim 1, resulting in a verdict of not liable on Claim 1 and liable on Claim 2.  The bolded language should be stricken.

The Commission objects to the text of the Defendants' Claim 2 questions as to each Defendant.  It is not necessary to rehash the elements on the verdict form.  The Defendants' proposed language does not address the language of Rule 206(4)-8(a)(2).  Also, the parties have stipulated as to #1 in the question (Defendants were investment advisers), so, even if there were cause to list the elements on the form, there would be no need for that language.  The Commission's simply worded jury question is less likely to cause confusion with the jury, or to improperly abbreviate the Court's instructions on the elements.

Dated: October 13, 2021  Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Marc Jones*
Marc J. Jones (Mass. Bar #645910)
Alfred A. Day (Mass. Bar #654436)
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-4537 (Jones direct)

jonesmarc@sec.gov
daya@sec.gov

**CERTIFICATE OF SERVICE**

    I certify that on October 13, 2021, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

                                                                             */s/ Marc Jones*