**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>GREGORY LEMELSON and LEMELSON CAPITAL )<br>MANAGEMENT, LLC, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>THE AMVONA FUND, LP, )<br>)<br>Relief Defendant )<br>) | Civil Action No. 1:18-cv-11926-PBS |

**COMMISSION'S OBJECTIONS TO**
**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Pursuant to this Court's Order for Pretrial Conference (ECF No. 147), the Commission enters the objections below to the proposed jury instructions submitted by defendants Lemelson and Lemelson Capital Management, LLC.  For every instruction, Plaintiff respectfully requests that its proposed instruction be given, as they are clearer and accurately represent the statutes and case law at issue.  Plaintiff reserves the right to advance other objections to these and other instructions.

**CONTENTS**

PRELIMINARY REQUEST NOS. 1-11 – General Objections .......................................... 3

PRELIMINARY REQUEST NO. 4 - Defendants Charged Only with Specific Acts ..................... 3

PRELIMINARY REQUEST NO. 5 - The Complaint ................................................. 4

PRELIMINARY REQUEST NO. 6 - Burden of Proof ............................................... 4

PRELIMINARY REQUEST NO. 7 - Preliminary Statement of Elements of Claims...................... 5

FINAL INSTRUCTIONS—AT CLOSE OF TRIAL - GENERAL OBJECTIONS ......................... 8

REQUEST NO. 3 - The Complaint................................................................. 8

REQUEST NO. 4 - Defendants Charged Only with Specific Acts...................................... 9

REQUEST NO. 6 - Burden of Proof ............................................................... 9

REQUEST NO. 12 - What Is Not Evidence ....................................................... 10

REQUEST NO. 13 - Claims and Defenses ........................................................ 10

REQUEST NO. 14 - Elements of the Claims ...................................................... 11

REQUEST NO. 16 - A Device, Scheme, or Artifice to Defraud..................................... 11

REQUEST NO. 17 - In Connection with the Purchase or Sale of Securities ................................. 15

REQUEST NO. 18 - Through the Means or Instrument of Transportation of Communication in
  Interstate Commerce or the Mails ........................................................... 16

REQUEST NO. 19 - With the Requisite Scienter ................................................. 17

REQUEST NO. 20 - Good Faith ................................................................. 18

REQUEST NO. 21 - First Amendment ........................................................... 18

REQUEST NO. 22 - Second Claim – Elements of a Section 206(4) Violation of the Investment
  Advisers Act............................................................................... 20

REQUEST NO. 23 - Investment Adviser ......................................................... 21

REQUEST NO. 24 - Untrue Statement of Material Fact............................................ 21

REQUEST NO. 25 - To an Investor or Prospective Investor ....................................... 22

REQUEST NO. 27 - Number of Witnesses and Exhibits........................................... 23

REQUEST NO. 29 - Evidence Permitting Alternative Conclusion.................................. 24

REQUEST NO. 30 - Bias and Hostility ......................................................... 24

REQUEST NO. 31 - Law Enforcement Witnesses (if applicable)................................... 24

REQUEST NO. 33 - Spoliation ................................................................. 24

REQUEST NO. 35 - Missing Witness (if applicable) ............................................. 25

## PRELIMINARY REQUEST NOS. 1-11 – General Objections

The Commission objects to Defendants' Preliminary Requests 1-11.  The Commission requests that the Court use its standard pre-trial instructions, instead of those offered by the Defendants, except as noted below.  Defendants' preliminary and post-trial jury instructions frequently rely on criminal jury instructions, without explanation or adaptation to this civil case. *See, e.g.,* fn 6, 21, 24, 25-30, 44.  Thus, they may lead the jury to follow criminal, not civil, standards.

## PRELIMINARY REQUEST NO. 4 - Defendants Charged Only with Specific Acts[4]

> You are here to decide whether the SEC has met its burden of proof that Fr. Lemelson, Lemelson Capital Management LLC, or the Amvona Fund, LP are liable under the counts alleged in the Complaint. Fr. Lemelson, Lemelson Capital Management LLC, and the Amvona Fund, LP are not on trial for any act, or any conduct not specifically referenced in the Complaint.

-------
[4] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* § 12.09.

The Commission objects to Defendants' Preliminary Instruction No. 4 to the extent that it suggests that the jury is limited or prohibited from considering acts and conduct not mentioned in the Complaint.  A complaint does not establish the outer bounds of the evidence that may be presented by the Commission in support of its claims. Fed. R. Civ. P. 8 & 9.  Particularly as the Commission has charged Defendants with a fraudulent scheme, and where scienter may be inferred from circumstantial evidence, it is not correct to instruct that the jury may only consider acts and conduct "specifically referenced in the Complaint."  Here again, the Defendants have used a model criminal jury instruction and conflated the civil and criminal practices.  Unlike in criminal cases, the jury should not receive a copy of the Complaint, as it is not evidence.  So this instruction would serve only to confuse or mislead the jury.  The Commission suggests that no instruction similar to Preliminary Instruction No. 4 is necessary.

## PRELIMINARY REQUEST NO. 5 - The Complaint[5]

The SEC alleges that Fr. Lemelson and Lemelson Capital Management committed fraud in connection with the purchase or sale of securities and violated the Investment Advisers Act.

Fr. Lemelson and Lemelson Capital Management have denied these allegations asserted by the SEC in its Complaint.

The Complaint is not evidence of anything and you may not consider it as evidence that Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund are liable to the SEC.  Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund begin this trial with a "clean slate"—that is, with absolutely no evidence against them.

The Commission objects to the third paragraph of request No. 5 because it focuses the jury on the Complaint.  The jury in a civil case does not receive the Complaint (unlike in criminal cases, which shows the danger of relying on criminal jury instructions).  Here, the Commission has objected to the introduction of the Complaint and Amended Complaint as exhibits at trial.  While the Commission does not object to the notion that each party starts with a "clean slate," no additional instruction is necessary on this point, where the jury does not receive the Complaint. The Commission suggests that no instruction similar to Preliminary Instruction No. 5 is necessary.

## PRELIMINARY REQUEST NO. 6 - Burden of Proof[6]

The SEC has the burden of proving its case by what is called a preponderance of the evidence. That means that the SEC has to produce evidence that, considered in the light of all the facts, leads you to believe that what it claims is more likely true than not. If the SEC fails to meet this burden, the verdict must be for Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund.

This burden of proof never shifts to the Defendants. Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund have no burden of obligation to present any evidence that they are not liable. It is always the SEC's burden to prove each of the elements of the counts by a preponderance of the evidence. Fr. Lemelson and Lemelson Capital Management have the right to rely upon the failure or inability of the SEC to establish by a preponderance of the evidence any essential element of any of the claims alleged.

The Commission objects to this Instruction as "adapted from" a criminal jury instruction. There is no need to adapt criminal jury instructions here.  The Court should use its customary burden of proof instruction.  The Commission also objects to the part of the instruction that states that Defendants have no "burden of obligation to present any evidence that they are not liable" as

an improper and incorrect modification of a criminal standard.  Under a preponderance of the evidence standard, the jury should be instructed to weigh the evidence favorable to each party and determine whether the claim or fact is more likely so than not.

**PRELIMINARY REQUEST NO. 7 - Preliminary Statement of Elements of Claims**[7]

In order to help you follow the evidence, I will now give you a brief summary of the elements of the alleged claims, each of which the SEC must prove by a preponderance of the evidence to make its case.

Fr. Lemelson is the Chief Investment Officer of Lemelson Capital Management, LLC. Lemelson Capital Management, LLC is the general partner to the Amvona Fund, LP. Between June 16, 2014 and August 22, 2014, Lemelson Capital Management, LLC authored a number of reports analyzing a publicly traded company called Ligand Pharmaceuticals. Additionally, Fr. Lemelson was interviewed on multiple occasions by an outlet named Benzinga, during which interviews the analysis of Ligand Pharmaceuticals was discussed. The Amvona Fund held a ~~publicly disclosed~~ short position in Ligand Pharmaceuticals from June 16, 2014 through October13, 2014. A short position is a technique used when an investor anticipates that the value of a stock will decrease. Essentially, an investor who engages in short selling is betting that the stock price will drop. The SEC has alleged that the Defendants engaged in a fraudulent scheme to drive down the price of Ligand stock, and made four fraudulent statements with the intent to decrease Ligand Pharmaceutical's stock price.

~~It is permissible for an individual or firm to publish analysis of why they have taken a short position in a company. Indeed, it is a common practice for individuals and firms to share and publish their analysis about their investments, including short positions.  It is also permissible for individuals and firms to publish analysis about their investments with the intent thatother investors agree with their analysis and make similar investments that result in an individualor firm making more money ontheir own investment.  It is only illegal when such analysis is published with information that the author knows is false. In fact, the SEC has repeatedly statedthat short sellers provide important benefits to the financial markets.~~

The first claim is for fraud in the purchase or sale of securities ~~in violation of 15 U.S.C. § 77q(a) and 17 C.F.R. § 240.10b-5 (commonly referred to as Rule 10b-5)~~. To prevail on its ~~Rule 10b-5~~ claim, the SEC must prove by a preponderance of the evidence that Fr. Lemelson or Lemelson Capital Management, LLC: (1) in fraudulent conduct; (2) in connection with the purchase or sale of securities; ~~(3) through the means or instruments of transportation or communication in interstate commerce or the mails~~; (4) with the intent to defraud or with reckless disregard for the truth.[8]

~~In addition, to carry its burden to prove its Rule 10b-5 claim, the Commission must establish that each of the four challenged statements was material.[9] A statement "is material if there is a substantial likelihood that a reasonable investor would consider it important in decidingwhether or not to invest his money in a particular security."[10] A statement is only material if it "significantly altered the 'total mix' of information."[11] The fact that "an investor might find information interesting or desirable is not sufficient to satisfy the materiality requirement."[12]~~

The second claim is for violation ~~of Rule 206~~ of the Investment Advisers Act ~~in violationof 15 U.S.C. § 80b-6(4) and 17 C.F.R. § 275.206(4)-1~~.  To prevail on its Investment Advisers Act claim, the SEC must prove by a preponderance of the evidence that Fr. Lemelson or Lemelson Capital Management, LLC was an investment adviser and made an untrue statement of a material fact to an investor or prospective investor.

You should understand that what I have just given you is only a preliminary outline of the elements of the charges. At the end of the trial I will give you a final instruction on these matters in more detail. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

[7] First Circuit Pattern Instruction 1.04.

[8] *SEC v. Tambone*, 417 F. Supp. 2d 127, 131 (D. Mass. 2006); 15 U.S.C. § 77q(a); 17 C.F.R. § 240.10b–5.

[9] *Gross v.* Summa *Four, Inc.*, 93 F.3d 987, 992 (1st Cir. 1996) (superseded by statute on other grounds).

[10] *SEC v. Fife*, 311 F.3d 1, 9 (1st Cir. 2002) (citing *Basic v. Levinson*, 485 U.S. 224, 231-32 (1988)).

[11] *Basic v. Levinson*, 485 U.S. 224, 232 (1988).

[12] *Milton v. Van Dorn*, 961 F.2d 965, 969 (1st Cir. 1992).

The Commission does not object generally to giving the jury an overview of the case during the preliminary instructions or to having the Court generally describe the short selling of stock. The Commission suggests edits to the text shown above. The Commission also objects to this instruction for the following reasons:

The Commission objects to the Defendants' initial general description of the claims against them in paragraph 2 because it omits the fraudulent scheme they are charged with under the Exchange Act.

The Commission objects to the Defendants' paragraph concerning the acceptability of publishing stock analysis. While the Commission does not assert that there are factual errors in that paragraph, two problems would be created with this paragraph. First, Defendants are asking this Court to establish facts on which the jury should receive evidence. At the time of this charge, the jury has not received evidence of those facts and the Court should not consider them established. Second, the paragraph serves to elevate certain facts over others, and risks the jury prioritizing those facts over others because they have come from the Court or believing the Court is expressing its opinion on a particular fact or facts. The Court need not run that risk, as the objected-to sections of this instruction are not necessary for the jury to understand their task.

The Commission objects to the part of the instruction concerning materiality. While materiality is an element of certain parts of a Rule 10b-5 claim (10b-5(b), specifically) and a Rule

206(4)-8 claim (206(4)-8(a)(1), specifically), it is not an element for other parts of that claim.  To ensure accuracy, the Court would need to give the full instructions about the parts of each claim and which elements go with which parts that the Commission has submitted in its Proposed Jury Instructions.  To do so would overwhelm the jury at this early stage of the trial.

The Commission also objects to the description of the Advisers Act claim as not adequately describing the ways in which the Defendants could have violated that Rule.  Defendants leave out the "act, practice, or course of business that is fraudulent, deceptive, or manipulative…." sections of that Rule.  Rule 206(4)-8(1)(b) [17 C.F.R. § 206(4)-8(1)(b)].  Any instruction concerning the Advisers Act claim must include both the "act, practice" language and the "untrue statement" parts of the Rule.

**FINAL INSTRUCTIONS—AT CLOSE OF TRIAL - GENERAL OBJECTIONS**

The Commission objects to Defendants' Final Requests 1-47.  Except as noted below, the Commission requests that the Court use its standard instructions for those instructions not specific to the charges and evidence in this case, instead of those offered by the Defendants.  Defendants' post-trial jury instructions frequently rely on criminal jury instructions, without explanation or adaptation to civil case standards or this case specifically.  *See, e.g.,* fn 6, 21, 24, 25-30, 44.  Thus, they may lead the jury to follow criminal, not civil, standards.  For instructions specific to the charges and evidence in this case, the Commission requests its proposed instruction be given, as they are clearer and accurately represent the statutes and case law at issue.

**REQUEST NO. 3 - The Complaint[22]**

The SEC alleges that Fr. Lemelson and Lemelson Capital Management committed fraud in connection with the purchase or sale of securities and violated the Investment Advisers Act. The SEC also alleges that because of the alleged fraud in connection with the purchase or sale of securities and violations of the Investment Advisers Act, the Amvona Fund was unjustly enriched.

Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund have denied these allegations asserted by the SEC in its Complaint.

The Complaint is not evidence of anything and you may not consider it as evidence that Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund are liable to the SEC

[22] Adapted from O'Malley, et al., *Federal Jury* Practice *and Instructions* §§ 13.04, 12.10.

As above, the Commission objects to the third paragraph of Request No. 3 because it focuses the jury on the Complaint.  The jury in a civil case does not receive the Complaint (unlike in criminal cases, which shows the danger of relying on criminal jury instructions).  Here, the Commission has objected to the introduction of the Complaint and Amended Complaint as exhibits at trial.  No additional instruction is necessary on this point, where the jury does not receive the Complaint.  The Commission suggests that no instruction similar to Request No. 3 is necessary.

## REQUEST NO. 4 - Defendants Charged Only with Specific Acts[23]

You are here to decide whether the SEC has met its burden of proof that Fr. Lemelson, Lemelson Capital Management LLC, or the Amvona Fund, LP are liable under the counts alleged in the Complaint. Fr. Lemelson, Lemelson Capital Management LLC, and the Amvona Fund, LP are not on trial for any act, or any conduct not specifically referenced in the Complaint.

[23] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* § 12.09.

As above, the Commission objects to Defendants' Request No. 4 to the extent that it

suggests that the jury is limited or prohibited from considering acts and conduct not mentioned in

the Complaint.  A complaint does not establish the outer bounds of the evidence that may be

presented by the Commission in support of its claims.  Fed. R. Civ. P. 8&9.  Particularly as the

Commission has charged Defendants with a fraudulent scheme, and where scienter may be inferred

from circumstantial evidence, it is not correct to instruct that the jury may only consider acts and

conduct "specifically referenced in the Complaint."  In addition, unlike in criminal cases, the jury

should not receive a copy of the Complaint, as it is not evidence.  So this instruction would serve

only to confuse or mislead the jury.  The Commission suggests that no instruction similar to

Request No. 4 is necessary.

## REQUEST NO. 6 - Burden of Proof[25]

The SEC has the burden of proving its case by what is called a preponderance of the evidence. That means that the SEC has to produce evidence that, considered in the light of all the facts, leads you to believe that what it claims is more likely true than not. If the SEC fails to meet this burden, the verdict must be for Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund.

This burden of proof never shifts to the Defendants. Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund have no burden of obligation to present any evidence that they are not liable. It is always the SEC's burden to prove each of the elements of the counts by a preponderance of the evidence. Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund have the right to rely upon the failure or inability of the SEC to establish by a preponderance of the evidence any essential element of any of the claims alleged.

[25] Adapted from First Circuit Pattern Criminal Jury Instruction 1.02.

The Commission objects to this Instruction as "adapted from" a criminal jury instruction.

There is no need to adapt criminal jury instructions here.  The Court should use its customary

burden of proof instruction.  The Commission also objects to the part of the instruction that states

that Defendants have no "burden of obligation to present any evidence that they are not liable" as

an improper and incorrect modification of a criminal standard.  Under a preponderance of the

evidence standard, the jury should be instructed to weigh the evidence favorable to each party and

determine whether the claim or fact is more likely so than not.

### REQUEST  NO.  12 - What Is Not Evidence[31]

Certain things are not evidence. I will list them for you:

.…
5.   The Complaint is not evidence.  I caution you, as I have before, that the fact that the SEC has
      filed a complaint against Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund is
      no evidence whatsoever that any of them acted improperly or are liable in anyway. The
      Complaint is simply allegations. It is the means by which the allegations and claims of the
      government are brought before this court.  The Complaint proves nothing.

The Commission objects to #5 of this instruction as unnecessary.  The Complaint and the

Amended Complaint are not evidence and should not be introduced as exhibits.  Nor should the

jury be given a copy of either in the jury room.  So, no instruction similar to Request No. 12, #5

should be given.

### REQUEST NO. 13 - Claims and Defenses

I will now begin instructing you on each of the SEC's three claims.  I will explain them one
at a time.

The First Claim is based on an allegation that Fr. Lemelson and Lemelson Capital
Management violated Section 10(b) of the Securities Exchange Act of 1934, which I will refer to as
the Exchange Act, and SEC Rule 10b-5.

The Second Claim is based on an allegation that Fr. Lemelson and Lemelson Capital
Management violated Section 206(4) of the Investment Advisers Act.

Fr. Lemelson and Lemelson Capital Management deny all of the allegations against eachof
them.

The Commission object to this request's reference to three claims.  Only two of the

Commission's claims will be submitted to the jury, as the Commission's Third Claim is to be

decided by the Court in the event the jury finds liability.  The Commission believes its summary of

the claims and defenses are clearer for the jury than the ones provided by the Defendants.

## REQUEST NO. 14 - Elements of the Claims[32]

I am going to explain the elements of each of the SEC's claims. An element is a precondition that the SEC has to prove in order to prevail on a claim. This means that the SEC has to prove each and every element of each claim by a preponderance of the evidence. You are going to be given a jury verdict form. On that form, you are to state your verdict separately as to each defendant as to each of the claims. On each claim, if you have found that the SEC has proven each of the elements of that claim against a particular defendant, then you are to find in favor of the SEC on that claim. If you find that the SEC has not proven any one of the elements of that claim by a preponderance of the evidence, then you are to find for the defendant on that claim.

Because the SEC has to prove each of the elements of each claim by a preponderance of the evidence, the failure to prove any one element of a claim against a particular defendant by a preponderance of the evidence means that the SEC has not carried its burden of proof.

---

[32] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* § 104.01.

The Commission objects to this requested instruction as confusing and misleading. The requested instruction refers to the elements of a claim as "preconditions." This description is confusing as a "precondition" is something that must be fulfilled before other things can happen, and the instruction does not describe what later things happen if the precondition is fulfilled. The Commission further objects to this requested instruction insofar as the last sentence of the instruction erroneously suggests that a failure of an element on one claim would mean the Commission had not carried its burden on the other claim – a mistake that is repeated in the Defendants' proposed verdict form.

## REQUEST NO. 16 - A Device, Scheme, or Artifice to Defraud[34]

As to the first element, a "device, scheme or artifice to defraud," as used in these instructions, means the forming of some invention, contrivance, plan, or design to defraud, either by a deliberate misstatement of a material fact or a deliberate omission of a material fact by one with a legal duty to disclose that fact.

To defraud means to act intentionally for the purpose of cheating someone out of money or something of value. A scheme to defraud need not succeed, but it must be one that contemplated causing economic harm to another.

Therefore, to satisfy the first element of its Rule 10b-5 claim against Fr. Lemelson and Lemelson Capital Management, the SEC must prove by a preponderance of the evidence that Fr. Lemelson or Lemelson Capital Management (1) made a false or misleading statement, or omitted to state a fact which made what was said, under the circumstances, misleading; and (2) the misstatement or omission involved a "material" fact, which I will define in a moment.

<u>Misstatement or Omission</u>

A misstatement is a statement that was false or misleading when it was made. An omission is a failure to disclose a fact that needed to be disclosed to keep the statements that were actually made from being misleading.

The Commission objects to these parts of Request No. 16 because they do not sufficiently describe or explain the meaning of the terms used in the statute, and is likely to leave the jury confused.  The Commission believes its explanation of these terms is superior.  The Defendants' requested instruction does not explain the differences between scheme (in its various forms in (a) and (c) of Rule 10b-5), material misstatement, and fraudulent omission.  Defendants' instruction improperly instructs the jury that they need to find an intent to "cheat[] someone out of money or something of value."  That construction contradicts the case law of scienter, under which the Defendants must have intended to "deceive, manipulate or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976); 3B Federal Jury Practice and Instructions, §161:157 (6th ed. 2014). There is no requirement that the Defendants intended to cheat someone else out of money or something of value, and no case law to support this requested instruction.  In a case such as this, where Defendants lied to investors and potential investors in Ligand stock, Defendants need not have intended those people to be cheated out of something of value.  Rather, they need only have intended to mislead Ligand investors and potential investors about the value of their stock.

Allegations that Fr. Lemelson or Lemelson Capital Management should have anticipated future events and made certain disclosures earlier than they actually did do not suffice to make out a claim of securities fraud.  Lack of clairvoyance does not constitute securities fraud.

Under the law, Fr. Lemelson and Lemelson Capital Management were not required to disclose every piece of information they possessed. But Fr. Lemelson and Lemelson Capital Management would have had a duty to disclose a material fact if a prior or contemporaneous statement he or it made about the same subject would be misleading if the fact were not disclosed.

If you find that the SEC failed to prove by a preponderance of the evidence that Fr. Lemelson or

Lemelson Capital Management made a fraudulent statement, then you must find Fr. Lemelson and Lemelson Capital Management not liable.

The Commission objects to this instruction as not supported by law and confusing to the jury. First, under certain circumstances, failure to make disclosures at a certain time can violate the securities laws. The most obvious example is the misleading omission, where the failure to disclose a fact makes the remainder of what is said misleading in a way that can violate either Rule 10b-5 or Rule 206(4)-8 or both. The Commission further objects to a reference to "clairvoyance" here as confusing to the jury and not applicable to the evidence likely to be presented at trial. The Commission has not alleged that Defendants failed to disclose some future event. Rather, the Commission has alleged that Defendants lied about facts in existence at the time Defendants misrepresented them. Finally, the Commission objects to this instruction as inadequately referencing or explaining that part of both Claim 1 and Claim 2 that encompasses more than fraudulent statements, that is, the scheme/act/practice/course of business parts of those Claims. Defendants' requested jury instruction improperly limits the Commission's claims in a way that contradicts both the Commission's Amended Complaint and the statutes and rules charged therein.

Publication of Financial Analysis

It is permissible for an individual or firm to publish analysis of why they have taken a short position in a company. Indeed, it is a common practice for individuals and firms to share and publish their analysis about their investments, including short positions. It is also permissible for individuals and firms to publish analysis about their positions with the intent that other investors agree with their analysis and make similar investments that result in an individual or firm making more money on their own investment. It is only illegal when such analysis is published with information that the author knows is false. In fact, the SEC has repeatedly stated that short sellers provide important benefits to the financial markets.

As above, the Commission objects to this part of Request No. 16 as it describes potential evidence in the case, rather than being an instruction on the law. The Commission objects to the Defendants' paragraph concerning the acceptability of publishing stock analysis. While the Commission does not assert that there are factual errors in that paragraph, two problems would be created with this paragraph. First, Defendants are asking this Court to establish facts on which the

jury should be receiving evidence, rather than have the Court give those facts.  In other words, at the time of this charge, the jury has not received evidence of those facts and the Court should not consider them established.  Second, the paragraph serves to elevate certain facts over others, and risks the jury prioritizing those facts over others because they have come from the Court or believing the Court is expressing its opinion on a particular fact or facts.  The Court need not run that risk, as the objected-to sections of this instruction are not necessary for the jury to understand their task.

<u>Materiality</u>

If you find that the SEC has established by a preponderance of the evidence that a misstatement or omission was made by Fr. Lemelson or Lemelson Capital Management, you must next determine whether the misstatement or omission was "material" under the circumstances. A material fact is one that would have been significant to a reasonable investor's investment decisions. Material information is not any and all additional information that a particular investor might have liked to have had. It is not sufficient that a particular investor might have considered the misrepresentation or omission important, or something that he or she would have preferred to have known.   Insignificant or trivial misstatements are not material.  Stated another way, the mere fact that an investor might find information interesting or desirable is not sufficient to make it material.

Rather, in considering whether an allegedly untrue statement was material, you must determine whether such statement would have significantly altered the total mix of information available to a reasonable investor. There is no bright line test for materiality. Whether or not an alleged untrue statement or misleading omission is material depends on all of the relevant circumstances existing at the time the statements were made.

Relevant circumstances include disclosures made about any potential bias from the maker of the statement, citation to publicly available information that form the basis of the statement, the context in which the statement is made, and the impact on the stock price or lack thereof.

Specifically, with regard to stock price, in a case like the present where the SEC has alleged fraud on the market in connection with a public company, the SEC is obligated to produce evidence to show by a preponderance of the evidence that the alleged false statements caused a decrease in the stock price.[35]

---

[35] *In Re Xcelera.com Securities Litig.*, 430 F.3d 503, 507 (1st Cir. 2005); *Emerson v. Genocea Biosciences, Inc.*, 353F. Supp. 3d 28, 41 (D. Mass. 2018) (Saris, J.); *In re Biogen Sec. Litig.*, 179 F.R.D. 25, 35 (D. Mass. 1997); *Brumbaugh v. Wave Systems Corp.,* 416 F. Supp. 2d 239, 254-55 (D. Mass. 2006); *In re Burlington Coat FactorySecurities Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997); *Oran v. Stafford*, 226 F.3d 275, 282 (3d Cir. 2000); *SEC v. Berlacher*, No. 07-3800, 2010 WL 3566790, at *7 (E.D. Pa. Sept. 13, 2010).

The Commission objects to the part of the instruction concerning materiality.  While

materiality is an element of certain parts of a Rule 10b-5 claim (10b-5(b), specifically) and a Rule

206(4)-8 claim (206(4)-8(a)(1), specifically), it is not an element for other parts of that claim.  To

ensure accuracy, the Court would need to give the full instructions about the parts of each claims

and which elements go with which parts that the Commission has submitted in its Proposed Jury

Instructions.  To do so would overwhelm the jury at this early stage of the trial.

The Commission objects to the portion of the requested instruction that discusses particular

circumstances for the jury to consider.  A materiality instruction is sufficient if it instructs the jury

to consider all the circumstances.  The paragraph suggested by the Defendants is nothing more than

a request for the Court to repeat their arguments.  Nor is this part of the requested instruction

accurate legally.  It is not clear that reference to "potential bias from the maker of the statement,

citation to publicly available information that form the basis of the statement, the context in which

the statement is made, and the impact on the stock price or lack thereof" can render an otherwise

material statement immaterial.  The cases cited by the Defendants provide no support for this part

of the instruction.

Finally, the Commission objects to the last paragraph of the requested instruction

concerning the need to show a stock price movement to establish materiality.  This instruction

directly contradicts this Court's Order on Summary Judgment, which held that the Commission did

<u>not</u> need to establish a change in stock price to establish materiality, because such a requirement

would improperly force the Commission to prove reliance.  [ECF No. 146 at 16-17].

### REQUEST NO. 17 - In Connection with the Purchase or Sale of Securities[36]

If you find that the SEC failed to prove the first element (that Fr. Lemelson or Lemelson
Capital Management made a fraudulent statement that was material) by a preponderance of the
evidence, then you must find Fr. Lemelson and Lemelson Capital Management not liable.

If you find that the SEC proved by a preponderance of the evidence that Fr. Lemelson or
Lemelson Capital Management made a fraudulent statement that was material, then you must next

determine if the statement was made in connection with the purchase or sale of securities.

> To show that conduct is "in connection with the purchase or sale of securities," the SEC does not have to show that an investor actually relied upon any misrepresentation by Fr. Lemelson or Lemelson Capital Management, but it does have to show that there was something upon which the investor could have relied. In other words, statements made after a purchase had already occurred or which were never communicated to an investor cannot satisfy the "in connection with" element of Section 10(b) and Rule 10b-5.

---

[36] *Basic v. Levinson*, 485 U.S. 224, 261 (1988); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 736 n.8 (1975).

The Commission objects to the first paragraph of this request because it misleadingly omits any discussion of sections (a) and (c) of Rule 10b-5.

The Commission further objects to this instruction because it confusingly juxtaposes reliance (which is not a required element of this claim) with the "in connection with" requirement. Neither of the cases cited by the Defendants creates the requirement that the Commission has "to show that there was something upon which the investor could have relied."  Nor is there any specific requirement that fraudulent statements be communicated to an investor.  Nor does it make any sense that people who had already purchased Ligand stock could not be defrauded, as the Rule specifically references both purchasers and sellers.  As the Supreme Court affirmed twenty years ago, the "in connection with" requirement should be "construed not technically and restrictively, but flexibly to effectuate its remedial purpose."  *SEC v. Zandford*, 535 U.S. 813, 819-20 (2002) (granting deference to the Commission's "broad reading" of that provision).

The Commission urges the Court to reject all of Request No. 17 as contrary to law and confusing to the jury.  The Commission's "in connection with" instruction is the correct expression of the law of this element.

### REQUEST NO. 18 - Through the Means or Instrument of Transportation of Communication in Interstate Commerce or the Mails[37]

The third element (that the misstatement was through the means or instrument of transportation or communication in interstate commerce or the mails) has been stipulated to by the parties and you should move on to the fourth element - scienter.

The Commission objects to this requested instruction.  As the parties have stipulated to this element, there is no need to charge the jury on it.  The instruction should be omitted.

## REQUEST NO. 19 - With the Requisite Scienter[38]

Scienter is simply a Latin word for state of mind. To prove a claim for violation of Rule 10b-5, the SEC must prove that Fr. Lemelson or Lemelson Capital Management made an allegedly fraudulent statement knowingly or with reckless disregard for the truth.

A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Reckless disregard for the truth must be a highly unreasonable omission or misrepresentation. It involves not merely simple or even inexcusable negligence, but is closer to being a lesser form of intentional conduct. It requires an extreme departure from the standards of ordinary care, and presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious the defendants must have been aware of it.

All of the facts and circumstances surrounding the case include things such as disclosures made accompanying the statements, the timing of any purchase or sale of the securities by the individual or entity making the statements, and publishing statements in one's own name as opposed to anonymously or using a fake name.

If, and only if, you find that the SEC has proven all four elements by a preponderance of evidence can you find that Fr. Lemelson or Lemelson Capital Management violated Rule 10b-5.

If you find that the SEC has failed to prove any of the four elements by a preponderance of evidence, then you must fund Fr. Lemelson and Lemelson Capital Management not liable.

---

[38] Adapted from 1 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 3A-1; American Bar Association, Model Jury Instructions: Securities Litigation; *Fire and Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 240 (1st Cir. 2015); *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 188 (1st Cir. 1999); *Novak v. Kasaks*, 216 F.3d 300, 312 (2d Cir. 2000); *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 910 F. Supp. 2d 561, 577 (S.D.N.Y. 2012); *Aurelius v.BofI Fed. Bank*, No. MC 16–71 DSF (FFM), 2016 WL 8925145, at *3 (C.D. Cal. Sept. 20, 2016); *Mehta v. Ocular Therapeutix, Inc.*, 955 F.3d 194, 208 (1st Cir. 2020); *Abiomed, Inc.*, 778 F.3d at 243-44; *City of Dearborn Heights Act 345 Police & Fire Retirement Sys. v. Waters Corp.*, 632 F.3d 751, 760 (1st Cir. 2011).

The Commission objects to this instruction's limitation to a "reckless disregard for the truth."  While this is one expression of recklessness, it is not the only one.  To provide only one limits the concept of recklessness in a way that is contrary to the case law on recklessness.  In some cases, such as insider trading cases, the timing of buys and sells of the securities can be evidence of scienter or a lack thereof.  Here, that connection is not clear.  To highlight this evidence is to

suggest that the jury should attach significance to these facts, in a way that clearly is not lost on the Defendants.

The Commission further objects to the portion of the requested instruction (paragraph 4) as it seeks to highlight particular evidence or arguments the Defendants wish to make in a way, instead of being an expression of the law of intent.  In fact, at least some of the evidence the Defendants seek to highlight does not undermine a finding of scienter under the circumstances here.  For instance, Defendant Lemelson's publication of reports under his own name and not anonymously, bolstered his ability to mislead Ligand investors and potential investors in a way that an anonymous report would not have.

### REQUEST NO. 20 - Good Faith[39]

Good faith is a complete defense to the Rule 10b-5 claim in this case. A statement made with good faith belief in its accuracy does not amount to a false statement and does not give rise to liability.  This is so even if the statement is, in fact, erroneous.

_____

[39] Adapted from 1 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 8-1.

The Commission objects to Request No. 20 as an incorrect expression of the law, and an incorrect adaptation of the jury instruction cited.  Request No. 20 ignores the possibility that Defendants violated Rule 10b-5 with recklessness.  Nor does it explain to the jury what "good faith" means under the law.  The Commission's requested instructions on scienter and recklessness adequately cover the different states of mind that a defendant can have while violating Rule 10b-5.

### REQUEST NO. 21 - First Amendment[40]

The First Amendment protects the freedom of expression. The First Amendment's protection of free expression applies to statements analyzing securities. A defendant can only be liable to the extent a statement was both objectively false and not believed by the defendant at the time it was expressed. Therefore, the SEC must prove by a preponderance of the evidence both that Fr. Lemelson or Lemelson Capital Management made a statement that he or it *subjectively* did not believe (that means the person who made the statement did not believe it was accurate or truthful when stated) and that the statement was *objectively* false (that means in reality the statement was actually inaccurate).

Further, the First Amendment even protects false opinions when the bases for those opinions are disclosed.

Therefore, for Fr. Lemelson or Lemelson Capital Management to be liable for the Rule 10b-5 claims here, the SEC must prove by a preponderance of the evidence that (1) Fr. Lemelson or Lemelson Capital Management did not subjectively believe in the truth of their statements when they were made; (2) that the statements were false; and (3) that the bases for the allegedly false statements were not disclosed. If the SEC failed to prove any of those items by a preponderance of the evidence, then the statements were protected by the First Amendment, and you must find Fr. Lemelson and Lemelson Capital Management not liable.

---

[40] U.S. Const. Amend. I; *Lowe v. SEC*, 472 U.S. 181, 210 n.58 (1985); *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110(2d Cir. 2011); *Virginia Bankshares v. Sandberg*, 501 U.S. 1083, 1095-96 (1991); *MHC Mut. Conversion Fund v.Sandler O'Neill Partners, L.P.*, 761 F.3d 1109, 1113 (10th Cir. 2014); *Mayer v. Mylod*, 988 F.2d 635, 639 (6th Cir.1993); *Partington v. Bugliosi*, 56 F.3d 1147, 1156 (9th Cir. 1995); *Silvercorp Metals Inc. v. Anthion Mgmt., LLC*, 959 N.Y.S.2d 92, *9 (Sup. Ct. 2012); *Agora, Inc. v. Axxess, Inc.*, 90 F. Supp. 2d 697, 704 (D. Md. 2000); *Chapin v.Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993); *Moldea v. New York Times Co.*, 15 F.3d 1137, 1144–45(D.C. Cir.1994); *Phantom Touring, Inc. v. Affiliated Publications*, 953 F.2d 724, 731 n.13 (1st Cir. 1992).

The Commission objects to Request No. 21 as an incorrect expression of the law surrounding opinions. As a threshold matter, the Court has ruled that the statements challenged in this case are statements of fact, as a matter of law. The Commission has moved in limine to prevent the Defendants from re-litigating this issue, which has been decided in the Court's summary judgment opinion. [ECF No. 146]. Further, Defendants have improperly applied part of the law of opinion (that an expression of opinion not sincerely held can be an actionable misrepresentation) to *all* statements that may be actionable.

It is not an accurate expression of the law to say that the disclosure of the basis of opinions is a defense to misrepresentation. Defendants unsuccessfully argued this in their failed summary judgment motion as well. But if Defendants' assertion were true, would-be fraudsters could save themselves from liability merely by dropping a footnote. *Partington*, cited by Defendants, does not stand for the proposition that statements of opinion are protected if the underlying factual basis is disclosed. Indeed, that position is inconsistent with *Omnicare*, which holds opinions based on false "embedded" facts are actionable. *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund,* 575 U.S. 175, 185 (2015).

As the statements at issue in this case are fact, not opinion, it is both incorrect and confusing to the jury to instruct them about the subjective belief of the Defendant.  The Commission's requested instruction on state of mind accurately represents the law of scienter, and would properly instruct the jury on the required state of mind.

### REQUEST NO. 22 - Second Claim – Elements of a Section 206(4) Violation of the Investment Advisers Act[41]

The SEC's second claim is asserted against Fr. Lemelson and Lemelson Capital Management under Section 206(4) of the Investment Advisers Act and Rule 206(4)-8.

The premise of the SEC's Investment Advisers Act claim is based on the alleged failure of Fr. Lemelson and Lemelson Capital Management to disclose its violations of Rule 10b-5.

Therefore, if you find Fr. Lemelson and Lemelson Capital Management not liable for the first claim (Rule 10b-5), then you must find Fr. Lemelson and Lemelson Capital Management not liable for the second claim (Investment Advisers Act) as well.

In order to meet its burden of proving that Fr. Lemelson and Lemelson Capital Management violated Section 206(4) of the Investment Advisers Act and Rule 206(4)-8, the SEC must establish by a preponderance of the evidence that Fr. Lemelson or Lemelson Capital Management:

(1) Was an investment adviser;

(2) Made an untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading;

(3) To an investor or prospective investor in the pooled investment vehicle.

I will now discuss each of these three elements.

---

[41] 15 U.S.C. § 80b-6(4); 17 C.F.R. § 275.206(4)-8.

The Commission objects to this Request as an incorrect and incomplete instruction on Rule 206(4)-8.  This Request omits subsection (a)(2) of the Rule, which prohibits "otherwise engag[ing] in any act, practice, or course of business that is fraudulent, deceptive, or manipulative."  Defendants' limitation to statements and omissions incorrectly narrows the conduct prohibited by the Rule.

The Commission further objects to Request No. 22 because it incorrectly states that a not liable finding on Count 1 necessitates a not liable finding on Count 2.  Not so.  The jury could find

Defendants liable on Count 2 and not Count 1 because, for instance,  Rule 206(4)-8 requires only a finding of negligence on the part of the Defendants, unlike the scienter of recklessness required by Section 10(b).  Thus, the Defendants' requested instruction is incorrect.

The Commission further objects to the Defendants' description of the "premise" of the Commission's Advisers Act claim.  The Commission has not limited the Advisers Act claim in the way described by the Defendants, and maintains the better expression of that claim is contained in the Commission's requested instructions.

Finally, because the parties have stipulated that the Defendants are investment advisers, it is not necessary to instruct the jury on this element.  The Commission objects to this requested instruction for that reason as well.

### REQUEST NO. 23 - Investment Adviser[42]

"Investment Adviser" means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities.

The Commission objects to this instruction as unnecessary, as the parties have stipulated the Defendants are investment advisers.  Thus, there is no need to instruct the jury on the definition of investment adviser.

### REQUEST NO. 24 - Untrue Statement of Material Fact[43]

If you find that the SEC failed to prove the first element (that Fr. Lemelson or Lemelson Capital Management was an investment adviser) by a preponderance of the evidence, then you must find Fr. Lemelson and Lemelson Capital Management not liable.

If you find that the SEC has proven the first element (that Fr. Lemelson or Lemelson Capital Management was an investment adviser) by a preponderance of the evidence then, you must next determine whether there was an untrue statement of a material fact.

An untrue statement of material fact is any false statement regarding something that would have been significant to a reasonable investor's investment decisions. The same standard for determining materiality in the context of Rule 10b-5 (discussed earlier) applies to determining materiality for Investment Adviser Act claims. Material information is not any and all additional information that a particular investor might have liked to have had. It is not sufficient that a particular investor might have considered the misrepresentation or omission important, or something that he or she would have preferred to have known. Insignificant or trivial misstatements are not material.

Stated another way, the mere fact that an investor might find information interesting or desirable is not sufficient to make it material.

Rather, in considering whether an allegedly untrue statement was material, you must determine whether such a statement would have significantly altered the total mix of information available to a reasonable investor. There is no bright line test for materiality. Whether or not an alleged untrue statement or misleading omission is material depends on all of the relevant circumstances existing at the time the statements were made.

[43] *Basic v. Levinson*, 485 U.S. 224, 231-32 (1988); *Milton v. Van Dorn*, 961 F.2d 965, 969 (1st Cir. 1992).

The Commission objects to Request No. 24.

First, as stated above, the parties have stipulated to the "investment adviser" element, so it is not necessary to raise this element with the jury.  Second, while materiality is an element of certain parts of a Rule 206(4)-8 claim (206(4)-8(a)(1), specifically), it is not an element for other parts of that claim, such as subsection (a)(2).  Third, it is not correct that the materiality analysis by the jury is the same for Claims 1 and 2.  While the definition of materiality does not change, the requested jury instruction improperly suggests that the jury's Claim 1 materiality determination determines that element for Claim 2.  Not so, as the frame of reference for the materiality inquiry shifts from material to a reasonable Ligand investor or prospective investor, to the reasonable investor or potential investor in the Amvona Fund.

## REQUEST NO. 25 - To an Investor or Prospective Investor

If you find that the SEC failed to prove the second element (that Fr. Lemelson or Lemelson Capital Management made an untrue statement of a material fact) by a preponderance of the evidence, then you must find Fr. Lemelson and Lemelson Capital Management not liable.

If you find that the SEC has proven the first element (that Fr. Lemelson or Lemelson Capital Management made an untrue statement of a material fact) by a preponderance of the evidence then, you must next determine whether the statement was made to an investor or prospective investor of a pooled investment vehicle.

A pooled investment vehicle is an investment company that is or holds itself out as being engaged primarily, or proposed to engage primarily, in the business of investing, reinvesting, or trading in securities

If, and only if, you find that the SEC has proven all three elements by a preponderance of evidence can you find that Fr. Lemelson or Lemelson Capital Management violated Rule 206(4).

If you find that the SEC has failed to prove any of the three elements by a preponderance of evidence, then you must fund Fr. Lemelson and Lemelson Capital Management not liable.

And, as stated before, as the SEC's Investment Advisers Act is based on the alleged failure of Fr. Lemelson or Lemelson Capital Management to disclose its Rule 10b-5 violations, if you find Fr. Lemelson and Lemelson Capital Management not liable for the first claim, then you must find them not liable for the second claim (Investment Advisers Act).

The Commission objects to Request No. 25.  First, the requested instruction talks about the Commission failing to prove its claims three times.  There is no need to repeat language about the Commission failing to prove its claims, and the repetition suggests the Court has a position on whether the Commission has.  Second, the parties have stipulated that The Amvona Fund is a pooled investment vehicle, so there is no need to instruct the jury on that element.  It is sufficient to reference "investors or prospective investors in The Amvoan Fund."  Third, the requested instruction incorrectly ignores the "act, practice, course of business" language of Rule 206(4)-8(a)(2), by requiring that a statement be made to investors and not mentioning the additional language of the Rule.

### REQUEST NO. 27 - Number of Witnesses and Exhibits[45]

Sometimes jurors wonder if the number of witnesses who testified or number of exhibits admitted makes any difference. Do not make any decisions based on the number of witnesses who testified or the number of exhibits admitted. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find the testimony of a smaller number of witnesses on an issue is more credible than the testimony of a greater number of witnesses on the same issue. Remember that Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund have no obligation to present any witnesses or evidence. The testimony of even a single witness may undermine the SEC's case.

The burden of proof by preponderance of the evidence remains on the SEC at all times. Indeed, you may find that the government has not met its burden of proof even if the defendants have called no witnesses.

---

[45] Adapted from O'Malley, et al., *Federal Jury Practice and Instructions* § 104.54.

The Commission objects to Request No. 27's language concerning "no obligation to present any witnesses or evidence."  This language does not appear in the cited model jury instruction, and it is not the correct expression of the standards in a civil case.  Defendants appear to have imported this language from criminal jury instructions.

### REQUEST NO. 29 - Evidence Permitting Alternative Conclusion[46]

A Defendant is never to be found liable on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund are liable, the other that they are not liable—you must fund Fr. Lemelson, Lemelson Capital Management, and the Amvona Fund not liable because the SEC has not met its burden of proof.

[46] *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

The Commission objects to this instruction as an incorrect expression of the law.

Defendants have used the instructions from a criminal case (*United States v. Cleveland*) and the

reasonable doubt standard to suggest a standard not applicable to this civil case.  Even if two

conclusions are possible from the evidence, if the jury finds that the Commission has proven the

elements by a preponderance of the evidence, the jury should find the Defendants liable.

### REQUEST NO. 30 - Bias and Hostility[47]

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some SEC witnesses may have toward one or more of the Defendants.

Evidence that a witness is biased, prejudiced, or hostile toward any Defendant requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

The Commission objects to Request No. 30 as unnecessary.  There is no need for a

particularized instruction on witness bias, as it is encompassed in the Court's standard instructions.

With this instruction, the Defendants seek to have the Court emphasize evidence of bias that

Defendants seek to introduce.  No such emphasis is appropriate here.

### REQUEST NO. 31 - Law Enforcement Witnesses (if applicable)[48]

No law enforcement witnesses will be offered by either party, making this instruction

unnecessary.

### REQUEST NO. 33 - Spoliation[50]

If you find that Ligand destroyed or obliterated a document that it knew would be relevant to a contested issue in this case and knew at the time it did so that there was a potential for litigation, then you may infer (but you are not required to infer) that the contents of the destroyed evidence were

unfavorable to Ligand.

The Commission objects to this Request as unsupported by evidence and based on conjecture. Defendants have not and cannot lay the evidentiary foundation required to obtain a spoliation instruction, including that "the target knew of (a) the claim (that is, the litigation or the potential for litigation), and (b) the document's potential relevance to that claim." *Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir. 1998). Furthermore, such an instruction is discretionary even when the predicates are met. *Id.* Here, Defendants seek a spoliation instruction presumably based on a writing referenced by another email which was not found during the course of discovery. Defendants have no basis to allege spoliation, and the instruction is thus improper.

### REQUEST NO. 35 - Missing Witness (if applicable)[52]

If it is peculiarly within the power of the SEC to produce a witness who could give material testimony, or if the witness would seemingly be favorably disposed to the SEC, failure to call that witness may justify an inference that his/her testimony would be unfavorable to the SEC. No such inference is justified if the witness is equally available or favorably disposed to both parties or if the testimony would merely repeat other evidence.

There is no reason to give a missing witness instruction in this case. Defendants have an equal power to subpoena witnesses, and thus can call any witness they believe will help their case.

Dated: October 13, 2021

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Marc Jones*
Marc J. Jones (Mass. Bar #645910)
Alfred A. Day (Mass. Bar #654436)
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-4537 (Jones direct)
jonesmarc@sec.gov
daya@sec.gov

25

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 13, 2021, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

*/s/ Marc Jones*