UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff<br><br>    v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>    Defendants,<br><br>  and<br><br>THE AMVONA FUND, LP,<br><br>    Relief Defendant | Civil Action No. 1:18-cv-11926-PBS |

**DEFENDANTS' SUBMISSION REGARDING INAPPLICABILITY OF NEGLIGENCE STANDARD TO COMMISSION'S INVESTMENT ADVISERS ACT CLAIM**

At the request of the Court, Defendants Father Emmanuel Lemelson (f/k/a Gregory Lemelson), Lemelson Capital Management LLC, and the Amvona Fund LP submit the following additional explanation to their objection to the Plaintiff, Securities and Exchange Commission's (the "Commission") request for a negligence instruction for the Investment Advisers claim.

The Commission asserted a claim against Defendants for violation of Section 206(4) of the Investment Advisers Act ("IAA"). ECF No. 33 at ¶¶ 62-67. Generally, the Commission "must establish at least negligence to prove violations of Section[]… 206(4)." *See SEC v. Yorkville Advisors, LLC*, No. 12 Civ 7728, 2013 WL 3989054, at *3 (S.D.N.Y. Aug. 2, 2013) (citing *SEC v. Moran*, 922 F. Supp. 867, 897 (S.D.N.Y. 1996)). However, under the particular theory set forth by the Commission in the present action, the negligence instruction would be inappropriate.

The Commission's IAA claim is premised on the distribution of Defendants' analysis of Ligand to investors and prospective investors without "disclos[ing] that the profitability of their short-selling strategy depended upon Lemelson's fraudulent manipulation of Ligand stock through false statements, rather than his ability to identify a company whose stock would decrease on its own based on its inherent lack of value." ECF No. 33 at ¶¶ 55-56. The Commission alleged that this "omission also made other disclosures about Amvona's value-focused investing strategy materially false and misleading." ECF No. 33 at ¶ 56. ***In other words, the Commission's IAA claim is premised entirely on the existence of liability for violations of Rule 10b-5.***

As an initial matter, Defendants maintain that this legal theory is unsupportable as stated in both their motion to dismiss (ECF No. 11) and motion for summary judgment (ECF No. 125).

For present purposes, however, the negligence instruction is not applicable to the Commission's IAA claim theory. First, if the jury finds that Defendants did not violate Rule 10b-5, then Defendants cannot be liable for omitting to inform investors that they violated Rule 10b-5. Simply put, there is no duty to disclose something that was not true. *See In re Neurontin Marketing, Sales Practices and Products Liability Litigation*, 618 F. Supp. 2d 96, 109) (D. Mass. 2009) (Saris, J.) ("'[T]here can be no actionable claim of fraud for failure to disclose in the absence of a duty to disclose.'") (quoting *Royal Bus. Group, Inc. v. Realist, Inc.*, 933 D.2d 1056, 1064 (1st Cir. 1991)). Accordingly, Defendants have requested an instruction that a finding of no liability on the Rule 10b-5 claim requires a finding of no liability on the IAA claim.

Alternatively, if the jury finds a Rule 10b-5 violation, then the Commission has failed to allege any conduct that could plausibly be committed negligently. There is no contention that the emails containing the information regarding Defendants' Ligand analysis were sent

2

negligently. Nor does it make any sense to find that Defendants knowingly committed a fraud, but then negligently failed to admit to committing that same fraud. Where the allegations could not possibly have been committed negligently, a negligence instruction is improper. *See Williams v. City of Boston*, 10-10131-PBS, 2012 WL 5829124, at *13 (D. Mass. Sept. 21, 2012) (Saris, J.) (determining that allegations of police officers concocting false reports and lying under oath were intentional acts and "not due to any negligence," thus municipality could not be liable under statute that only permitted liability for negligence); *Milcent v. City of Boston*, No. 14-cv-13347, 2016 WL 845303, at *4 (D. Mass. Feb. 29, 2016) (dismissing claim requiring negligence and reasoning that despite allegations labeling conduct in complaint as "negligent," the allegations "simply have no force where the individual charges … eschew any suggestion of negligence and allege only intentional torts."); *Liu v. Striuli*, 36 F. Supp. 2d 452, 480 (D.R.I. 1999) (holding plaintiff "cannot maintain a cause of action based in negligence when the theory of her case and the entirety of the facts that she has marshaled in her support lead to the conclusion that if [plaintiff] is correct, [defendant] committed intentional acts").

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
Thomas M. Hoopes (BBO No. 239340)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com
thoopes@lhblaw.com

Dated:  October 31, 2021

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on October 31, 2021.

*/s/ Douglas S. Brooks*
Douglas S. Brooks
