UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND IN SUPPORT OF THE COMMISSION'S PROPOSED VERDICT FORM**

The Commission submits the following supplemental authority in support of its proposed jury instructions and proposed jury verdict form.

**I. OPINION JURY INSTRUCTION**

Defendants have proposed several jury instructions that are unnecessary and will likely confuse the jury. Specifically, Defendants' proposed instructions 20 (Good Faith) and 21 (First Amendment) should not be given. [ECF No. 176 at 40-41.]

**A.   The Court Should Not Give a Good Faith Instruction**

A good faith instruction is not necessary and risks confusing the jury. The jury will be instructed as to the requisite mental state—scienter, meaning intent to defraud or a high degree of

recklessness.[1]  That is enough.  As the First Circuit has held:

> Jury instructions are to be evaluated in the context of the charge as a whole, and a defendant has no absolute right to the use of particular language.  *United States v. Nivica*, 887 F.2d 1110, 1124 (1st Cir.1989), *cert. denied*, ––– U.S. –––, 110 S. Ct. 1300, 108 L. Ed. 2d 477 (1990).  Although good faith is an absolute defense to a charge of mail or wire fraud, the court need only convey the substance of the theory to the jury.  *New England Enterprises, Inc. v. United States*, 400 F.2d 58, 71 (1st Cir.1968), *cert. denied*, 393 U.S. 1036, 89 S. Ct. 654, 21 L. Ed. 2d 581 (1969).  "There is nothing so important about the words 'good faith' that their underlying meaning cannot otherwise be conveyed."  *Id.*  Thus, where the court properly instructs the jury on the element of intent to defraud—essentially the opposite of good faith—a separate instruction on good faith is not required.

*United States v. Dockray*, 943 F.2d 152, 154-55 (1st Cir. 1991).  Further, instructing the jury on good faith is likely to cause confusion.  What is good faith?  Can a fraudulent scheme be undertaken in good faith?  How does one who acts recklessly do so in good faith?  The risk of jury confusion outweighs any benefit of the proposed instruction.

### B. Defendants' Proposed "First Amendment" Instruction Should Be Rejected

Defendants have proposed a lengthy "First Amendment" instruction that is unnecessary, misstates the law, and poses a risk of unfair prejudice.

First, the instruction misstates the law.  Defendants write: "The SEC must prove by a preponderance of the evidence both that Fr. Lemelson or Lemelson Capital Management made a statement that he or it subjectively did not believe (that means the person who made the statement did not believe it was accurate or truthful when stated) and that the statement was objectively false (that means in reality the statement was actually inaccurate)."  [ECF No. 176 at 41.]  They also assert, without authority, that "the First Amendment even protects false opinions

---

[1] The Commission notes that there is no "good faith" defense under Section 10(b).  *Cf.* Exchange Act Section 20(a) [15 U.S.C. § 78t(a)] (providing for "control person" liability "unless the controlling person acted in good faith")).

when the bases for those opinions are disclosed." *Id.*

The Supreme Court's decision in *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015), is controlling law with respect to liability for statements of opinion. Under *Omnicare*, there are three ways a defendant may be liable for a statement of opinion: (1) That the statement falsely represented the speaker's belief at the time it was made (subjective falsity) and that it was untrue (objective falsity); (2) That a statement of fact embedded within the opinion is untrue; or (3) that the speaker omitted material facts that would make the statement not misleading to a reasonable investor. *Miller Inv. Trust v. Morgan Stanley & Co., LLC*, 308 F. Supp. 3d 411, 429 (D. Mass. 2018) (citing *Omnicare*, 135 S. Ct. at 1325-27, 1329-30); *see Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 775 (1st Cir. 2011). Defendants' proposed instruction only incorporates the first of those three bases for liability.

Defendants also propose a "disclosed basis" defense for which they offer no authority and is nowhere in *Omnicare*. It cannot be the case that footnoting a materially false and misleading statement absolves one from liability. With respect to the Viking misstatements, for example, Defendants' report references Viking's Form S-1. Defendants argue that a reader of the report could therefore go to the source to figure out that Defendants' statements—that Viking's financials were unaudited and that the company didn't intend to conduct preclinical or clinical trials—were false. These statements are not ones of opinion, but even if they were, the reference to the Form S-1 is an implicit (and false) assertion that Defendants accurately relayed information from that document. The jury could also conclude that the Viking report *omitted* the fact that Defendants' statements did not accurately reflect the source document. In either case, the statements are actionable under *Omnicare*. Not only is Defendants' argument not a defense,

3

it is in fact part of Defendants' fraudulent conduct. The jury may well conclude that intentionally or recklessly misrepresenting underlying documents was itself a fraudulent act.

An instruction on "belief sincerely held" is also unnecessary here. As with the proposed "good faith" instruction, a jury finding of scienter obviates the need to instruct the jury about whether Defendants believed their statements were true. If the jury concludes that Defendants violated Rule 10b-5(b), they will have found that Defendants acted with scienter. A finding of scienter is facially inconsistent with a belief that a statement of opinion is sincerely held. In other words, a jury finding of scienter precludes a statement being sincerely believed under *Omnicare*.

There is another problem with Defendants' proposed instruction: potential prejudice. The issue is whether Defendants' misstatements are actionable under *Omnicare*. *Omnicare*, in turn, nowhere mentions the United States Constitution or the First Amendment. The issue was whether an opinion—a statement that does not "express certainty about a thing"—can be characterized as a statement of fact—"a thing done or existing." *Omnicare*, 575 U.S. at 183. Wrapping their arguments in the Constitution serves no purpose other than to elevate a technical distinction (fact versus opinion) to a matter of supposed Constitutional significance.

If the Court instructs the jury as to fact versus opinion, it should do so in a manner that hews closely to the holdings in *Omnicare*:

> **Jury Instruction \_\_\_\_**
>
> The SEC has alleged that the Defendants here made a number of misrepresentations or omissions of material fact. The Defendants have argued that certain of those statements express opinions. It is up to you to determine whether each statement is one of opinion or one of fact. Either may be actionable, but the assessment you must perform to determine whether a statement is a violation of the securities laws will be different depending on whether you decide the statement is one of fact or opinion.

To determine whether a statement is one of fact or opinion, you should apply the following definitions:

- A fact is a thing done or existing or an actual happening.

- An opinion is a belief, a view, or a sentiment which the mind forms of persons or things.

If you determine that any of the challenged statements are opinions, that does not end your inquiry. You may determine that a statement of opinion is false or misleading if:

(1) Defendants did not believe the statement to be true;

(2) A statement of fact embedded within Defendants' statement was untrue; or

(3) Defendants omitted material facts that would make the statement not misleading to a reasonable investor.

If you find that any of these apply, you may conclude that the statement of opinion was false or misleading.

## II. VERDICT FORM

The Commission proposed a verdict form that puts a single question to the jury as to Count 1:

### **VERDICT FORM**

For each question, please place a check mark beside the appropriate response.

We, the jury, unanimously respond to the following questions:

**FIRST CLAIM:    Fraud in the Purchase or Sale of Securities**
(Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder)

1. Did Defendant Lemelson violate Section 10(b) of the Securities Exchange Act and Rule 10b-5?

    _____ YES _____ NO

2. Did Defendant Lemelson Capital Management, LLC violate Section 10(b) of the Securities Exchange Act and Rule 10b-5?
    _____ YES _____ NO

[ECF No. 169 (copy attached as Exhibit A).]

The Court requested that the parties consider whether there should be separate jury questions for (1) scheme liability pursuant to Rule 10b05(a) and (c) and (2) fraudulent statement liability pursuant to Rule 10b-5(b). The Commission understands that the Court's question is whether there can be scheme liability if the jury is not unanimous as to one or more of the charged misstatements. The Commission respectfully submits that this question boils down to what the jury must be unanimous about when, as here, there is a single count alleging violations of Section 10(b) of the Exchange Act.

As the Supreme Court held in *Lorenzo v. SEC*, the three sections of Rule 10b-5 are not mutually exclusive—the same conduct may violate one or more provisions. 139 S. Ct. 1094, 1102 (2019). Here, the jury may find that Defendants' conduct violated Section 10(b) in at least two ways: First, the jury may conclude that Defendants' made one or more false statements of material fact in violation of Rule 10b-5(b). Second, and in the alternative, the jury may conclude that Defendants employed a "device, scheme, or artifice to defraud" or engaged in a fraudulent "act, practice, or course of business[.]" 17 C.F.R. § 240.10b-5. The question is thus whether the jury must be unanimous as to a violation of Rule 10b-5(b) in order to find that Defendants violated Rules 10b-5(a) and/or (c). Respectfully, the answer is no.

The jury may hold Defendants liable if they are unanimous as to the *existence* of a scheme to defraud. *United States v. Ackell*, 907 F.3d 67, 79 (1st Cir 2018) (jury must be unanimous as to "existence of course of conduct," not the "acts comprising that course of conduct").[2] The jury need not be unanimous as to the conduct underlying the scheme. Here, predicating scheme liability on unanimity as to one or more false statements under Rule 10b-5(b)

---

[2] The statute at issue in *Ackell*, 18 U.S.C. § 2261A(2)(B), like Section 10(b), prohibits among other things, a "course of conduct."

6

would render the other provisions of Rule 10b-5 a nullity—if the jury *must* find a violation of Rule 10b-5(b) to impose liability, then the rest of the Rule adds nothing and *Lorenzo* means nothing.  *See, e.g., Lorenzo*, 139 S. Ct. 1094, 1102 (2019) (disseminating false statements violates Rule 10b-5(a) and (c) irrespective of whether the statements are actionable under Rule 10b-5(b)).

A specific unanimity instruction as to the scheme provisions of Rule 10b-5—*i.e.*, an instruction that the jury must be unanimous as to the means by which a fraudulent scheme was carried out—is contrary to *Lorenzo* and analogous cases in this Circuit.  In rejecting an appeal from a wire fraud conviction involving underlying false statements, the First Circuit held:

> The court was not required to give that unanimity instruction because the jury is not required to agree on the means—the specific false statement—[the defendant] used to carry out her fraudulent scheme.  The requirement that a jury must come to a unanimous agreement "on the principal facts underlying its verdict—what courts have tended to call the elements of the offense . . . does not extend to subsidiary facts—what [the Supreme Court] has called 'brute facts.'"  *United States v. Lee*, 317 F.3d 26, 36 (1st Cir. 2003); *see also United States v. Reeder*, 170 F.3d 93, 105 (1st Cir. 1999) (following *Schad v. Arizona*, 501 U.S. 624, 631 (1991)) (noting a jury must agree unanimously that the government has proven all the elements of the offense, but it "need not agree on the means by which all the elements were accomplished").  "[T]he Supreme Court has 'never suggested that in returning general verdicts in such cases the jurors should be required to agree on a single means of commission, any more than the indictments were required to specify one alone.'"  *United States v. Hernandez–Albino*, 177 F.3d 33, 40 (1st Cir. 1999) (quoting *Schad*, 501 U.S. at 631) (finding no error in failure to give unanimity instruction on which gun the defendant carried in case involving a conviction for carrying a firearm during and in relation to a drug crime).  A jury, faced with "divergent factual theories in support of the same ultimate issue," may decide unanimously, as is the case here, that the government has proven a scheme to defraud even if they may not be unanimous as to the precise manner in which it occurred.  *Lee*, 317 F.3d at 36.  On this we are not alone.  *See, e.g., United States v. Rice*, 699 F.3d 1043, 1048 (8th Cir. 2012) (holding a jury is not required to agree unanimously on the

>particular means the defendant used in each fraudulent wire transfer); *United States v. Lyons*, 472 F.3d 1055, 1068-69 & n.11 (9th Cir. 2007) (no plain error in failing to instruct jury that it must be unanimous regarding theory of fraud).

*United States v. LaPlante*, 714 F.3d 641, 647 (1st Cir. 2013).  The court thus concluded that there was "no error, much less plain error, in the district court's failure to provide a unanimity instruction on which particular statement was false." *LaPlante*, 714 F.3d at 647.  *See also United States v. Yeaman*, 194 F.3d 442, 454-455 (3d Cir. 1999) (when statute specifies alternative means for committing offense, specific unanimity as to brute facts is not required).  The jury need not be unanimous as to the brute facts underlying the scheme, as long as each juror finds that the Defendant engaged in the conduct specified in the statute.

Nor is it necessary for the jury to be asked separately about the different ways that Defendant may have violated Section 10(b).  A specific false statement is one (Rule 10b-5(b)), but the statute also provides broadly for "scheme liability" under Rules 10b-5(a) and (c) (making it unlawful "(a) To employ any device, scheme, or artifice to defraud, … or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.").  As to a claim under Rule 10b-5(b), the jury must be unanimous as to the elements—that a particular statement was (1) made in connection with the purchase or sale of a security, (2) false or misleading, (3) material, and (4) made with scienter.  As to a scheme to defraud under Rules 10b-5(a) and (c), the jury must be unanimous as to whether Defendants employed "any [fraudulent] device, scheme, or artifice to defraud" or engaged in "any" fraudulent "act, practice, or course of business."

In another case in the district, *SEC v. Johnston*, D. Mass. Case No. 1:16-cv-10607-NMG ("*Johnston*"), the Commission brought a single count of securities fraud under Section 10(b)

based on misstatements of fact contained in corporate filings.[3] Judge Gorton approved the following verdict question:

> **DO YOU, THE JURY, UNANIMOUSLY FIND THAT:**
>
> 1. **AS TO CLAIM 1**: The plaintiff, **the Securities and Exchange Commission**, has proven that the defendant, **David Johnston**, engaged in fraudulent conduct (a deceptive scheme, untrue statement of material fact or material omission, and/or fraudulent act, practice or course of business) with either actual intent to defraud or a high degree of recklessness in violation of Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5?
>
>    **Yes** ____    **No** ____

*Johnston*, ECF No. 213 (attached as Exhibit B). This is precisely what the Commission proposes here, consistent with the law discussed above and prior practice in this district.

For the foregoing reasons, the Commission respectfully requests that the Court adopt the verdict form attached as Exhibit A.

Dated: October 31, 2021            Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Alfred A. Day*
Marc J. Jones (Mass. Bar #645910)
Alfred A. Day (Mass. Bar #654436)
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-4537 (Day direct)
jonesmarc@sec.gov
daya@sec.gov

---

[3] As in this case, the Commission alleged and argued that Defendant Johnston engaged in a scheme to defraud *and* made misstatements of fact actionable individually and as a part of the scheme. *Johnston*, ECF No. 1 (Complaint), ¶¶83-85.

## **CERTIFICATE OF SERVICE**

I certify that on October 31, 2021, a copy of the foregoing was electronically filed - the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

*/s/ Alfred A. Day*