UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) <br> ) <br> ) |
| Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) <br> ) |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | ) <br> ) <br> ) Civil Action No. 1:18-cv-11926-PBS |
| Defendants, | ) <br> ) <br> ) |
| and | ) <br> ) |
| THE AMVONA FUND, LP, | ) <br> ) |
| Relief Defendant | ) <br> ) |

## DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Fed. R. Civ. P. 50, Defendants Father Emmanuel Lemelson (identified in the Complaint as "Gregory Lemelson") and Lemelson Capital Management, LLC move this Honorable Court to grant judgment as a matter of law in their favor on the portions of the one claim brought by Plaintiff Securities and Exchange Commission's (the "Commission") for which the jury found Defendants liable.

The jury found Fr. Lemelson not liable for (1) engaging in a scheme to defraud in violation of Rule 10b-5(a) and (c); (2) violating the Investment Advisors Act intentionally or recklessly; (3) violating the Investment Advisors Act negligently; and (4) making untrue statements of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading in violation of Rule 10b-5(b) with respect to Defendants' various statements concerning Ligand's

1

insolvency.  *See* ECF No. 232 (numbers 1, 2(d), 3, and 4).  The jury found Fr. Lemelson liable for a violation of Rule 10b-5(b) based on a statement he attributed to Ligand's Investor Relations representative during a June 19, 2014 Benzinga interview, and two statements he made about a company called Viking Therapeutics in his July 3, 2014 report.  *See* ECF No. 232 (numbers 1(a), (b), and (c)).  The evidence at trial did not support those liability findings, and this Court should rule that Fr. Lemelson is not liable as a matter of law.

First, the undisputed evidence at trial established that Fr. Lemelson's statement in his July 3, 2014 report that "Viking does not intend to conduct any preclinical studies or trials …" (Trial Ex. 4 at 7) was objectively true.  Therefore, Fr. Lemelson cannot be liable for this statement as a matter of law.

Second, the Commission's claim that Fr. Lemelson's statement in his July 3, 2014 report that "Viking does not intend to conduct any preclinical studies or trials …" (Trial Ex. 4 at 7) was misleading because it omitted the fact that third parties would be conducting these studies and trials, failed to establish a violation of Rule 10b-5 as a matter of law.  Because the fact that Viking was going to hire third parties to conduct preclinical studies or trials was already available publicly (and contained in the very document that Fr. Lemelson cited in his report), the alleged omission of such information did not, as a matter of law, affect the total mix of information available to investors.  Accordingly, this statement could not be material.

Third, the undisputed evidence at trial established that neither of the Viking statements was material.  Beyond the compelling fact that Ligand itself did not identify statements in either of its presentations to the Commission as material (and indeed excluded the time period during which these statements were made in its unsupported accusations of Fr. Lemelson's impact to Ligand's stock price), Viking's CEO, Dr. Brian Lian, testified that nobody raised any concerns

about these statements, everybody understood that the company's financial statements were audited, and nobody thought that preclinical studies and trial were not being done, because that would be "legally impossible."

Fourth, the First Amendment protects Fr. Lemelson from liability as a matter of law with respect to the Viking statements. Among other things, Fr. Lemelson expressly based those statements on publicly disclosed information that Fr. Lemelson cited repeatedly in the July 3, 2014 report in which those statements were published.

Fifth, the Commission failed to present any evidence of any material impact to the stock price of Ligand for any of the three statements for which Fr. Lemelson was found liable. In fact, the undisputed trial record showed that the stock price for Ligand went up on the two days on which the statements were made. This makes all three statements immaterial as a matter of law and is fatal to the Commission's claims.

Sixth, the Commission failed to present evidence from which a reasonable juror could find that Fr. Lemelson acted with the requisite scienter as to any of the three statements.

Defendants further rely on their Memorandum of Law in Support of Their Renewed Motion for Judgment as a Matter of Law.

WHEREFORE, Defendants respectfully request that the Court grant Judgment as a Matter of Law in favor of Defendants.[1]

---

[1] Pending the Court's approval, the parties have agreed that the Commission's time to respond to this Motion be extended until January 7, 2022.

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
Thomas M. Hoopes (BBO No. 239340)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617)-338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com
thoopes@lhblaw.com

Dated:  December 3, 2021

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I hereby certify that Defendants' counsel conferred with counsel for the Securities and Exchange Commission in an attempt to resolve or narrow the issues but was unable to do so.  Counsel for all parties agreed—pending the Court's approval—that the Commission's Opposition to this Motion be filed no later than January 7, 2022.

*/s/ Douglas S. Brooks*
Douglas S. Brooks

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants request to be heard at oral argument on their Renewed Motion for Judgment as a Matter of Law.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on December 3, 2021.

*/s/ Douglas S. Brooks*
Douglas S. Brooks