```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


SECURITIES AND EXCHANGE COMMISSION,    )
                    Plaintiff,         )
                                       )
vs.                                    )
                                       )
GREGORY LEMELSON and LEMELSON          )   NO. 18CV11926-PBS
CAPITAL MANAGEMENT, LLC,               )
                    Defendants,        )
and                                    )
                                       )
THE AMVONA FUND, L.P.,                 )
                    Relief Defendant.  )
```

                BEFORE THE HONORABLE PATTI B. SARIS
                 UNITED STATES DISTRICT COURT JUDGE
                       JURY TRIAL - DAY 9




            John Joseph Moakley United States Courthouse
                          Courtroom No. 19
                         One Courthouse Way
                    Boston, Massachusetts 02210


                         November 5, 2021
                            9:00 a.m.



                Kathleen Mullen Silva, RPR, CRR
                       Lee Marzilli, CRR
                     Official Court Reporter
            John Joseph Moakley United States Courthouse
                One Courthouse Way, Room 7209
                   Boston, Massachusetts 02210
                  E-mail: kathysilva@verizon.net

            Mechanical Steno - Computer-Aided Transcript

```
 1    APPEARANCES:

 2
            United States Securities and Exchange Commission
 3          Alfred A. Day, Esq.
            Marc J. Jones, Esq.
 4          33 Arch Street, 23rd Floor
            Boston, Massachusetts 02110-1424
 5          617.573.4590
            for Plaintiff
 6

 7          Libby Hoopes, P.C.
            Douglas S. Brooks, Esq.
 8          Thomas M. Hoopes, Esq.
            Brian J. Sullivan, Esq.
 9          399 Boylston Street, Suite 200
            Boston, Massachusetts 02116
10          617.338.9911
            for Defendants Gregory Lemelson, Lemelson Capital
11          Management, LLC, The Amvona Fund, LP

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

|   |   |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | (Resumed, 9:02 a.m.) |
| 3 | THE COURT:  All right, so we've got another problem. |
| 4 | I make it a practice of telling you about every juror |
| 5 | communication.  Paraphrasing on my judicial assistant's |
| 6 | cellphone, words to the effect of -- the woman, Juror No. 1 -- |
| 7 | "I'm so sorry.  I had a stomach bug.  I was up all night.  I |
| 8 | just can't come in.  I think it will only be another few hours, |
| 9 | but I can't make it," words to that effect. |
| 10 | So what do you want?  I think we should go ahead.  I'm |
| 11 | afraid -- it's not COVID, I don't think, but, you know, she's |
| 12 | puking.  I think it's possible that someone else could get it, |
| 13 | and I could lose someone else over the weekend. |
| 14 | MR. JONES:  Right. |
| 15 | MR. HOOPES:  Your discretion, obviously.  From our |
| 16 | point of view, we have two thoughts:  One would be to suggest, |
| 17 | is she up to deliberating by Zoom? |
| 18 | THE COURT:  I don't know that I could set that up in |
| 19 | there. |
| 20 | MR. JONES:  The other problem is, how would she have |
| 21 | access to the exhibits? |
| 22 | THE COURT:  Oh, true.  I'd rather not do that. |
| 23 | MR. JONES:  It's a good thought, but she wouldn't have |
| 24 | the evidence, so -- |
| 25 | THE COURT:  I think she's also sick to her stomach. |

```
 1            MR. HOOPES:  And the second is --
 2            THE COURT:  "Sorry.  Were you looking at Exhibit
 3   No. 4?"
 4            (Laughter.)
 5            MR. HOOPES:  Which was mislabeled depending on where
 6   is the Zoom room, right?  In the alternative, we'd ask to go to
 7   Monday, knowing it's your discretion.
 8            THE COURT:  All right, we're going to go today as soon
 9   as the jury is in.  I give as a reason that this is the time of
10   COVID, and we've already lost one juror.  I'm really down.  If
11   I lose another one -- I think I can technically actually go to
12   five, but it's not as good a deliberative pool.  I would rather
13   have the maximum.  And there's a chance someone else could get
14   sick over the weekend in days of Zoom, and also my guess is
15   everybody else is in here, so we'll see what happens.
16            So I'm going to go with -- hopefully we get the rest
17   of them to come in, and we'll see how it goes.
18            THE CLERK:  I'll go check on them.
19            MR. JONES:  I would say, your Honor, if we don't have
20   six today, we should wait till Monday, but otherwise we should
21   go ahead.
22            THE COURT:  Absolutely, yes.  It's not even just -- I
23   think I can technically -- can I go to five?  Has anyone looked
24   at the law on that?
25            MR. JONES:  I don't know, your Honor.  We can research
```

```
 1    that if you'd like.
 2              THE COURT:  I technically can, but I don't want to.  I
 3    don't want to.  This has been an outstanding jury, and let them
 4    work it through.  Okay, thank you.
 5              MR. JONES:  Thank you, your Honor.
 6              MR. HOOPES:  Thank you, your Honor.
 7              (A recess was taken, 9:05 a.m.)
 8              (Resumed, 9:09 a.m.)
 9              (Jury enters the courtroom.)
10              THE COURT:  So good morning to everyone.  Did anyone
11    speak about the case, see anything in the press?
12              THE JURY:  No.
13              THE COURT:  All right.  I wanted to say that Juror
14    No. 1 called this morning early and left a message on the voice
15    mail saying that she had a stomach bug and couldn't come in
16    today.  So we've decided to go forward anyway, so we'll hear
17    from you when you want us to.  We'll order lunch for you, and
18    stay here as long as you want.  The room is yours.
19              (Jury excused.)
20              (Adjourned, 9:10 a.m.)
21              (Resumed, 10:15 a.m.)
22              (Jury enters the courtroom.)
23              THE CLERK:  Mr. Foreperson, has the jury reached a
24    unanimous verdict?
25              THE FOREPERSON:  We have.
```

```
 1                THE CLERK:  May I take the slip.
 2                THE COURT:  You may be seated.
 3                THE CLERK:  Verdict slip, Question 1:  Did the
 4   Securities and Exchange Commission prove that Father Gregory
 5   Lemelson violated Rule 10-b-5 (a) and (c) by intentionally or
 6   recklessly engaging in a scheme to defraud, or act, practice,
 7   or course of business which operates or would operate as a
 8   fraud or a deceit?  Answer:  No.
 9                Question 2:  Did the Securities and Exchange
10   Commission prove that defendant intentionally or recklessly
11   made untrue statements of a material fact or omitted to state a
12   material fact necessary in order to make the statements made,
13   in light of the circumstances under which they were made, not
14   misleading with respect to the following statements:
15                (a) The Benzinga interview?  Answer:  Yes.
16                (b) The Viking audit statement?  Answer:  Yes.
17                (c) The Viking preclinical trial statement?
18   answer:  Yes.
19                (d) The insolvency statements?  Answer:  No.
20                3:  Did the Securities and Exchange Commission prove
21   that defendant intentionally or recklessly violated the
22   Advisors Act?  Answer:  No.
23                Question 4:  Did the Securities and Exchange
24   Commission prove that defendant negligently violated the
25   Advisors Act?  Answer:  No.
```

```
 1                  So say you, Mr. Foreman?
 2                  THE FOREPERSON:  Yes.
 3                  THE CLERK:  So say you, members of the jury?
 4                  THE JURY:  Yes.
 5                  THE COURT:  All right, thank you very much.  You've
 6       really been a terrific jury.
 7                  I want to make sure you can hear me when I'm praising
 8       you.
 9                  You've been a fabulous jury.  You've asked good
10       questions.  You've taken notes.  You've worked for now three
11       full days -- well, almost three days, and you have been great
12       coming in on time.  This was also a harder-than-usual case in
13       the sense it was tough law, and you obviously took it very
14       seriously.  So I thank you for that.
15                  You can now talk about the case with anyone you want
16       to talk about the case with.  You can talk about it at home,
17       you can talk about it with the press, you can talk about it
18       with whomever you want.  The only thing I would ask you is to
19       respect the views of your fellow and sister jurors because I
20       think sometimes people say things in deliberations, that
21       they're saying it in the confidentiality of the deliberation
22       room.
23                  This is your jury duty.  We can't catch you again for
24       another three years here in Federal Court.
25                  I make it a practice of going back into the jury room
```

```
 1   and answering any questions that you might have about the
 2   process or, you know, basically your role as a juror; but I
 3   won't tell you what I thought should happen one way or another,
 4   and I'm not going to ask you for your internal deliberations.
 5            So there it is.  I will see you.  If you're sick of
 6   Federal Court, I get it, disappear, but I'll bring my law
 7   clerks back, and it's a joy for them to be also able to see
 8   real jurors and how they think.  I'm going to speak to the
 9   attorneys for one second, and then I will see anyone who wants
10   to stick around.
11            Tear up your notes, I don't want to see them.  I don't
12   want to see the big poster boards.  I've got this, I think.
13   Yes, the one official verdict form is right here which I'm
14   going to hand to you.
15            THE CLERK:  And the exhibit binders I'll come back and
16   take.  I have to give everything back to counsel.
17            THE COURT:  Okay, thank you very much, and we'll stand
18   in recess.  Thank you.
19            THE CLERK:  All rise.
20            (Jury excused.)
21            THE COURT:  So basically they found three false
22   statements, no scheme, no Investment Advisers Act.  I don't
23   know what the ramifications are for that for the next stage of
24   this proceeding.  I don't know how you would like to proceed.
25   I'll maybe have a status conference.
```

1           MR. BROOKS:  Yes.
2           THE COURT:  Maybe you could resolve it.  I don't know.
3  Why don't you talk.  If you can't resolve it, then -- I've
4  never been in Part B before, so --
5           MR. JONES:  Your Honor, generally the way it goes is,
6  your Honor will set a date for briefing on remedies.  The
7  remedies are potential disgorgement penalty and injunction.
8  Usually we just do that on the papers, but your Honor obviously
9  can have an evidentiary hearing.
10          THE COURT:  I'll have a hearing.  I'll have oral
11 argument on it.
12          MR. JONES:  Most of the time it's not an evidentiary
13 hearing, but if your Honor wants further evidence, there's that
14 whole set of factors.
15          THE COURT:  Why don't you confer.  I'm happy to take a
16 briefing schedule and then set a full hearing.  If there's a
17 disagreement about how to go about it, since I'm the novice, I
18 am happy to have a status first on Zoom, if you want, or
19 however you choose to do it.
20          MR. JONES:  Thank you, your Honor.
21          THE COURT:  Again, a very well-tried case.
22          MR. JONES:  Thank you, your Honor.
23          MR. HOOPES:  Thank you, your Honor.
24          THE COURT:  Thank you, a pleasure.
25          (Adjourned, 10:23 a.m.)

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS    ) ss.
CITY OF BOSTON               )

I, Lee A. Marzilli, Official Federal Court Reporter, do hereby certify that the foregoing transcript, Pages 1 through 9 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 18-11926-PBS, Securities and Exchange Commission v. Gregory Lemelson, and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

Dated this 7th day of January, 2022.


/s/ Lee A. Marzilli
_____
LEE A. MARZILLI, CRR
OFFICIAL COURT REPORTER