UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | Civil Action No. 1:18-cv-11926-PBS |
| Defendants, | |
| and | |
| THE AMVONA FUND, LP, | |
| Relief Defendant. | |

PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff, the United States Securities and Exchange Commission (the "Commission"), makes the following initial disclosures:

I.      Individuals Likely to Have Discoverable Information

The following individuals and entities currently known to the Commission who are likely to have discoverable information that the Commission may use to support its claims.  While the Commission may not rely on all of the listed persons, it discloses these persons to defendants as persons who may have discoverable information.  The Commission reserves the right to supplement and/or amend this list as discovery progresses.

1

1.      Gregory Lemelson
c/o Douglas S. Brooks
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116

2.      Lemelson Capital Management, LLC
c/o Douglas S. Brooks
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116

3.      The Amvona Fund, LP
c/o Douglas S. Brooks
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116

4.      Michael Johns
4341 Knollwood Drive
Emmaus, PA  18049

Communications with Defendant Lemelson, information concerning Defendants' false and misleading statements, and services provided to Defendants.

5.      Bruce Voss
c/o Bradley J. Bondi, Esq.
Cahill Gordon & Reindell LLP
1990 K Street NW, Suite 950
Washington, DC  20006

Communications with Defendant Lemelson concerning Ligand.

6.      Lippert/Heilshorn & Associates
c/o Bradley J. Bondi, Esq.
Cahill Gordon & Reindell LLP
1990 K Street NW, Suite 950
Washington, DC  20006

Communications with Defendant Lemelson concerning Ligand.

7. Dr. Nicolas Jabbour
139 Rugby Road
Longmeadow, MA  01106

Communications with Defendant Lemelson concerning The Amvona Fund and
Promacta.

8. Viking Therapeutics, Inc.
c/o Jeffrey T. Hartlin, Esq.
Paul Hastings, LLP
1117 S. California Avenue
Palo Alto, CA  94304

Viking's business and relationship with Ligand, and related SEC filings.

9. Ligand Pharmaceuticals Inc.
c/o Bradley J. Bondi, Esq.
Cahill Gordon & Reindell LLP
1990 K Street NW, Suite 950
Washington, DC  20006

Ligand's business and relationship with Viking, its 2014 financial condition and debt
financing transaction, the impact of Defendants' scheme on Ligand's business,
shareholders, and share price.

10. Goldman Sachs & Co.
c/o Ms. Joanne Cook, Vice President
200 West Street
15th Floor – Legal Department
New York, NY  10282-2198

Defendants' 2014 trading activities.

11. JP Morgan Chase & Co.
c/o Mr. Brent T. Starks, VP Assistant General Counsel
4 New York Plaza, 19th Floor
New York, NY  10004

Defendants' 2014 trading activities.

12. BTIG, LLC
c/o Mr. Austin Hamilton, Chief Compliance Officer
600 Montgomery Street, 6th Floor
San Francisco, CA  94111

Defendants' 2014 trading activities.

**II.**     **Documents That May Be Used to Support the Commission's Claims**

Pursuant to Rule 26(a)(1)(A)(ii), the Commission is producing documents marked with

Bates numbers EPROD-SEC-LIT-E-000000001 through EPROD-SEC-LIT-E-001191869.

**III.**     **Computation of Damages**

Through the conduct alleged in the Complaint, Defendants committed fraud in

connection with the purchase and sale of securities, and, while acting as investment advisers to a

pooled investment vehicle, have engaged in fraudulent, deceptive, or manipulative acts or

practices which operated as a fraud on the investors in the Amvona Fund, the pooled investment

vehicle advised by the Defendants.  By doing so, Defendants have violated Section 10(b) of the

Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and

Sections 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(4)] and Rule 206(4)-

8 thereunder [17 C.F.R. § 275.206(4)-8].  As alleged in the Complaint, Defendants profited by

approximately $1.3 million from their fraudulent scheme and should disgorge that money, along

with any additional fees received from investors and other compensation flowing from their

unlawful conduct in an amount to be determined through discovery.

The Commission does not seek "damages" in this case, as damages are not an element of

the Commission's claims.  The Commission instead seeks the following remedies, each of which

is committed to the Court's discretion upon a finding of liability:

     a.   entry of appropriate permanent injunctions, including an injunction prohibiting
        Defendants from further violations of the relevant provisions of the federal securities
        laws;

     b.   disgorgement of Defendants' ill-gotten gains, plus pre-judgment interest;

     c.   imposition of civil penalties in an amount to be determined by the Court due to the
        egregious nature of Defendants' violations; and

     d.   such other relief as the Court deems just and equitable.

Dated: December 21, 2018    Respectfully submitted,

          */s/ Alfred A. Day*
          Alfred A. Day (BBO #654436)
          Marc J. Jones (BBO #645910)
          Securities and Exchange Commission
          Boston Regional Office
          33 Arch Street, 24th Floor
          Boston, MA  02110
          617-573-4537 (Day)
          617-573-8947 (Jones)
          DayA@sec.gov
          JonesMarc@sec.gov
          Attorneys for Plaintiff

          Virginia M. Rosado Desilets
          Sonia G. Torrico
          Securities and Exchange Commission
          100 F Street, N.E.
          Washington, DC 20549

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was served on the following counsel of record

via electronic mail on December 21, 2018:

    Douglas S. Brooks
    LibbyHoopes, P.C.
    399 Boylston Street
    Boston, MA 02116
    Counsel for Defendants

          */s/ Alfred A. Day*