UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>THE AMVONA FUND, LP,<br><br>Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**PLAINTIFF'S FIRST AMENDED INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff, the United States Securities and Exchange Commission (the "Commission"), hereby amends and updates its initial disclosures as follows:

**I.       Individuals Likely to Have Discoverable Information**

The following individuals and entities currently known to the Commission who are likely to have discoverable information that the Commission may use to support its claims. While the Commission may not rely on all of the listed persons, it discloses these persons to defendants as persons who may have discoverable information. The Commission reserves the right to supplement and/or amend this list as discovery progresses.

1

1. Gregory Lemelson
   c/o Douglas S. Brooks
   LibbyHoopes, P.C.
   399 Boylston Street
   Boston, MA 02116

2. Lemelson Capital Management, LLC, including Lester Firstenberger, John Zoraian, and Brett Logan
   c/o Douglas S. Brooks
   LibbyHoopes, P.C.
   399 Boylston Street
   Boston, MA 02116

3. The Amvona Fund, LP
   c/o Douglas S. Brooks
   LibbyHoopes, P.C.
   399 Boylston Street
   Boston, MA 02116

4. Michael Johns
   4341 Knollwood Drive
   Emmaus, PA  18049

   Communications with Defendant Lemelson, information concerning Defendants' false and misleading statements, and services provided to Defendants.

5. Bruce Voss
   c/o Bradley J. Bondi, Esq.
   Cahill Gordon & Reindell LLP
   1990 K Street NW, Suite 950
   Washington, DC  20006

   Communications with Defendant Lemelson concerning Ligand.

6. Lippert/Heilshorn & Associates
   c/o Bradley J. Bondi, Esq.
   Cahill Gordon & Reindell LLP
   1990 K Street NW, Suite 950
   Washington, DC  20006

   Communications with Defendant Lemelson concerning Ligand.

7.         Dr. Nicolas Jabbour
   139 Rugby Road
   Longmeadow, MA  01106

   Communications with Defendant Lemelson concerning The Amvona Fund and Promacta.

8.         Viking Therapeutics, Inc.

   c/o Bradley J. Bondi, Esq.
   Cahill Gordon & Reindell LLP
   1990 K Street NW, Suite 950
   Washington, DC  20006

   Viking's business and relationship with Ligand, and related SEC filings.

9.         Brian Lian, PhD, CEO, Viking Therapeutics, Inc.
   c/o Bradley J. Bondi, Esq.
   Cahill Gordon & Reindell LLP
   1990 K Street NW, Suite 950
   Washington, DC  20006

   Viking's business and relationship with Ligand, Viking's intent in 2014 to conduct preclinical studies and clinical trial with respect to the five drug programs it licensed from Ligand, actual preclinical studies and clinical trials performed by Viking from 2014 to present, and Viking's SEC filings.

10.       Ligand Pharmaceuticals Inc.
    c/o Bradley J. Bondi, Esq.
    Cahill Gordon & Reindell LLP
    1990 K Street NW, Suite 950
    Washington, DC  20006

    Ligand's business and relationship with Viking, its 2014 financial condition and debt financing transaction, the impact of Defendants' scheme on Ligand's business, shareholders, and share price.

11.       John Higgins, CEO, Ligand Pharmaceuticals Inc.
    c/o Bradley J. Bondi, Esq.
    Cahill Gordon & Reindell LLP
    1990 K Street NW, Suite 950
    Washington, DC  20006

    Ligand's business and relationship with Viking, its 2014 financial condition and debt financing transaction, Ligand's revenue from Promacta from 2013 through 2019, the impact of Defendants' scheme on Ligand's business, shareholders, and share price.

12. Matthew Foehr, COO, Ligand Pharmaceuticals Inc.
    c/o Bradley J. Bondi, Esq.
    Cahill Gordon & Reindell LLP
    1990 K Street NW, Suite 950
    Washington, DC  20006

    Ligand's business and relationship with Viking, its 2014 financial condition and debt financing transaction, Ligand's revenue from Promacta from 2013 through 2019, the impact of Defendants' scheme on Ligand's business, shareholders, and share price.

13. Keith Marschke, PhD, SVP, Biology and Scientific Affairs,
     Ligand Pharmaceuticals Inc.
    c/o Bradley J. Bondi, Esq.
    Cahill Gordon & Reindell LLP
    1990 K Street NW, Suite 950
    Washington, DC  20006

    The discovery, development, and licensing of Promacta; Ligand's partnerships with GlaxoSmithKline and Novartis regarding Promacta; Promacta's FDA-approved indications; Promacta's FDA-approved indication as a secondary therapy for certain Hepatitis C patients; Solvadi; and Ligand's revenue derived from Promacta.

14. Matthew Korenberg, CFO, Ligand Pharmaceuticals Inc.
    c/o Bradley J. Bondi, Esq.
    Cahill Gordon & Reindell LLP
    1990 K Street NW, Suite 950
    Washington, DC  20006

    Mr. Korenberg's knowledge of Ligand's operations and finances since joining the company in August 2015, including Ligand's business relationship with Viking, Ligand's 2014 debt financing transaction, and Ligand's sale of its rights in Promacta in 2019.

15. Goldman Sachs & Co.
    c/o Ms. Joanne Cook, Vice President
    200 West Street
    15th Floor – Legal Department
    New York, NY  10282-2198

    Defendants' 2014 trading activities.

16. JP Morgan Chase & Co.
    c/o Mr. Brent T. Starks, VP Assistant General Counsel
    4 New York Plaza, 19th Floor
    New York, NY  10004

    Defendants' 2014 trading activities.

17. BTIG, LLC
    c/o Mr. Austin Hamilton, Chief Compliance Officer
    600 Montgomery Street, 6th Floor
    San Francisco, CA  94111

    Defendants' 2014 trading activities.

18. Benzinga.com/Joel Elconin
    One Campus Martius
    Suite 200
    Detroit, MI 48226

    Lemelson's 2013-15 interviews; statements made by Lemelson.

19. Marcum LLP
    750 3rd Avenue
    11th Floor
    NY,NY 10017

    Audits of Viking Therapeutics.

20. Grant Thornton LLP
    171 N. Clark Street, Suite 200
    Chicago, IL 60601

    Ligand Pharmaceuticals audit work.

21. GlaxoSmithKline plc
    5 Crescent Drive
    Philadelphia, PA 19112

    Promacta related information, including agreements with Ligand Pharmaceuticals, and Promacta sales.

22. Novartis AG
    Lichtstrasse 35
    4056 Basel
    Switzerland

    Promacta-related information, including agreements with Ligand Pharmaceuticals, and Promacta sales.

## II.  Documents That May Be Used to Support the Commission's Claims

Pursuant to Rule 26(a)(1)(A)(ii), the Commission is producing documents marked with Bates numbers EPROD-SEC-LIT-E-000000001 through EPROD-SEC-LIT-E-001191869. The Commission may also rely on certain publicly-available documents, such as Ligand's and Viking's public SEC filings, records of historical stock price, and other materials produced in the course of discovery in this matter.

## III.  Computation of Damages

Through the conduct alleged in the Complaint, Defendants committed fraud in connection with the purchase and sale of securities, and, while acting as investment advisers to a pooled investment vehicle, have engaged in fraudulent, deceptive, or manipulative acts or practices which operated as a fraud on the investors in the Amvona Fund, the pooled investment vehicle advised by the Defendants. By doing so, Defendants have violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8]. As alleged in the Complaint, Defendants profited by approximately $1.3 million from their fraudulent scheme and should disgorge that money, along with any additional fees received from investors and other compensation flowing from their unlawful conduct in an amount to be determined through discovery.

The Commission does not seek "damages" in this case, as damages are not an element of the Commission's claims. The Commission instead seeks the following remedies, each of which is committed to the Court's discretion upon a finding of liability:

a. entry of appropriate permanent injunctions, including an injunction prohibiting Defendants from further violations of the relevant provisions of the federal securities laws;

b. disgorgement of Defendants' ill-gotten gains, plus pre-judgment interest;

c. imposition of civil penalties in an amount to be determined by the Court due to the egregious nature of Defendants' violations; and

d. such other relief as the Court deems just and equitable.

Dated: July 24, 2019                    Respectfully submitted,

*/s/ Alfred A. Day*
Alfred A. Day (BBO #654436)
Marc J. Jones (BBO #645910)
Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA  02110
617-573-4537 (Day)
617-573-8947 (Jones)
DayA@sec.gov
JonesMarc@sec.gov
Attorneys for Plaintiff

Virginia M. Rosado Desilets
Sonia G. Torrico
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing document was served on the following counsel of record via electronic mail on July 24, 2019:

>Douglas S. Brooks
>LibbyHoopes, P.C.
>399 Boylston Street
>Boston, MA 02116
>Counsel for Defendants

/s/ Alfred A. Day