Case 1:18-cv-11926-PBS Document 271-2 Filed 02/15/22 Page 1 of 3

Securities and Exchange Commission v. DFRF Enterprises LLC, 384 F.Supp.3d 129...

384 F.Supp.3d 129
United States District Court, D. Massachusetts.

SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

DFRF ENTERPRISES LLC, DFRF Enterprises, LLC, Daniel Fernandes Rojo Filho, Wanderley M. Dalman, Gaspar C. Jesus, Eduardo N. Da Silva, Heriberto C. Perez Valdes, Jeffrey A. Feldman and Romildo Da Cunha, Defendants.

Civil Action No. 15-12857-PBS
|
Filed 05/29/2019

**Synopsis**
**Background:** Securities and Exchange Commission (SEC) filed enforcement action against Massachusetts entity, Florida entity, their organizer, and their employees, claiming securities fraud violations, under § 10(b), Rule 10b-5, and Securities Act, as well as selling or offering unregistered securities in violation of Securities Act, in connection with multimillion-dollar pyramid scheme involving fake gold mining company consisting of both Massachusetts and Florida entities. The District Court, Patti B. Saris, Chief Judge, granted SEC's motion for entry of notice of default against both entities. SEC moved for default judgments.

**Holdings:** The District Court, Saris, Chief Judge, held that:

[1] SEC was entitled to default judgment against entities, and

[2] injunctive relief, disgorgement, and civil penalties were warranted.

Motion granted.

West Headnotes (2)

[1] **Federal Civil Procedure** 🔑 Defenses and objections

Securities and Exchange Commission (SEC) sufficiently alleged that fake gold mining company comprised of Massachusetts entity and Florida entity engaged in securities fraud in violation of § 10(b), Rule 10b-5, and Securities Act, and selling or offering unregistered securities in violation of Securities Act, in connection with multimillion-dollar pyramid scheme, and thus, default judgments against both entities were justified in SEC's enforcement action; SEC alleged that mining company was organized to operate as classic pyramid scheme, that membership interests in company were sold to investors primarily in Massachusetts and Florida, that investors were falsely told that company owned more than 50 gold mines and gold reserves, produced 12 to 16 metric tons of gold per month with gross profit of 100%, had credit line with private Swiss bank, donated 25% of profits to charity, would pay out 15% monthly return, and was publicly traded, and that investors' principal was fully guaranteed by top-rated insurer, and SEC further alleged that company raised more than $15 million from over 1,400 investors worldwide and paid only $1.6 million back to investors. Securities Act of 1933 §§ 5(a, c), 17(a), 15 U.S.C.A. §§ 77e(a, c), 77q(a); Securities Exchange Act of 1934, § 10(b), 15 U.S.C.A. § 78j(b); 17 C.F.R. § 240.10b–5(c).

[2] **Securities Regulation** 🔑 Relief granted in general

**Securities Regulation** 🔑 Insiders' Profits, Recovery of

**Securities Regulation** 🔑 Permanent injunction and other relief

In Securities and Exchange Commission's (SEC) enforcement action, securities fraud violations by Massachusetts entity and Florida entity, that combined to form fake gold mining company

Case 1:18-cv-11926-PBS Document 271-2 Filed 02/15/22 Page 2 of 3

Securities and Exchange Commission v. DFRF Enterprises LLC, 384 F.Supp.3d 129...

involved in multimillion-dollar pyramid scheme, in violation of antifraud provisions of § 10(b), Rule 10b-5, and Securities Act and in violation of Securities Act provision prohibiting selling or offering unregistered securities, warranted relief in form of permanent injunctions against future violations of securities laws, joint and several liability against both entities for disgorgement of $15,291,689, as total proceeds fraudulently received from investors, plus $2,636,463 in prejudgment interest, and statutory maximum civil penalties of $775,000 against each entity, rather than jointly and severally. Securities Act of 1933 §§ 5(a, c), 17(a), 15 U.S.C.A. §§ 77e(a, c), 77q(a); Securities Exchange Act of 1934, §§ 10(b), 21, 15 U.S.C.A. §§ 78j(b), 78u(d)(3)(B); 17 C.F.R. §§ 201.1001, 240.10b–5(c).

**Attorneys and Law Firms**

**\*130** Franklin C. Huntington, IV, Martin F. Healey, Securities and Exchange Commission, Boston, MA, for Plaintiff.

DFRF Enterprises LLC, pro se.

Daniel Fernandes Rojo Filho, Miami, FL, pro se.

Norman S. Zalkind, Emma M. Quinn-Judge, Zalkind Duncan & Bernstein, Jonathan Shapiro, Shapiro & Teitelbaum LLP, James W. Lawson, Jeffrey Jackson Pyle, Prince Lobel Tye LLP, Martin R. Rosenthal, Boston, MA, Robert G. Amsel, Robbins, Tunkey, Ross, Amsel, Raben and Waxman, P.A., Miami, FL, Vikas S. Dhar, Dhar Law LLP, Charlestown, MA, for Defendants.

**ORDER**

Saris, C.J.

This is an enforcement action brought by the Securities and Exchange Commission ("SEC") in connection with a multimillion-dollar pyramid scheme involving a fake gold mining company, DFRF Enterprises. The case was stayed from October 2015 to November 2018 while a parallel criminal prosecution of one of the Defendants was pending. Prior to the stay, the SEC moved for the entry of a notice of default against the two entity defendants, DFRF Enterprises LLC, a Massachusetts company ("DFRF Massachusetts"), and DFRF Enterprises, LLC, a Florida company ("DFRF Florida" and, collectively with DFRF Massachusetts, "DFRF Enterprises"). The only appearance by either entity in this case was in the form of a pro se answer filed by DFRF Florida in October 2015. After the stay was lifted, on April 5, 2019, the Court entered a notice of default as to DFRF Massachusetts and struck the pro se answer of DFRF Florida for violating Local Rule 83.5.5(c). The Court then entered a notice of default as to DFRF Florida on May 14, 2019. The SEC now moves for default judgments against both entities, which the Court allows.

[1] According to the complaint, DFRF Enterprises was organized by Daniel Fernandes Rojo Filho ("Filho") to operate as a classic pyramid scheme. From at least June 2014 through June 2015, Filho and the other Defendants, sold membership interests in DFRF Enterprises to investors located primarily in Massachusetts and Florida. Defendants told investors that DFRF owned more than 50 gold mines **\*131** and gold reserves, and it produced 12 to 16 metric tons of gold per month with a gross profit of 100%. Defendants also told investors that the company had a credit line with a private Swiss bank, that it donated 25% of its profits to charity, that it would pay out a 15% monthly return, that it was registered with the SEC and its stock was about to become publicly traded, and that investors' principal was fully guaranteed by a top-rated insurance company. These statements were all false. Nevertheless, DFRF Enterprises raised more than $ 15 million from more than 1,400 investors worldwide, paying only $ 1.6 million back to investors. Taken as true, these allegations, as well as others detailed in the complaint, establish that DFRF Enterprises violated (1) Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, (2) Section 17(a) of the Securities Act of 1933 ("Securities Act"), and (3) Sections 5(a) and 5(c) of the Securities Act. See SEC v. Tropikgadget FZE, 146 F. Supp. 3d 270, 278-80 (D. Mass. 2015). Thus, the Court finds that the SEC is entitled to a default judgment against DFRF Enterprises. See Fed. R. Civ. P. 55.

[2] As judgment against DFRF Enterprises, the SEC seeks three forms of relief: (1) permanent injunctions against future violations of the securities laws, (2) disgorgement of profits including prejudgment interest, and (3) civil penalties. The Court finds that all three types of relief are appropriate here. See SEC v. Esposito, 260 F. Supp. 3d 79, 92-94 (D. Mass. 2017). The SEC seeks disgorgement of DFRF Enterprises

Securities and Exchange Commission v. DFRF Enterprises LLC, 384 F.Supp.3d 129...

Case 1:18-cv-11926-PBS   Document 271-2   Filed 02/15/22   Page 3 of 3

gross pecuniary gain of $ 15,291,689, which reflects the total proceeds received from investors. The Court orders DFRF Massachusetts and DFRF Florida joint and severally liable for disgorgement of this amount plus prejudgment interest of $ 2,636,463. In terms of civil penalties, the Court finds that, considering the scope of the alleged fraud, DFRF Massachusetts and DFRF Florida each shall pay a penalty of $ 775,000.[1] See 15 U.S.C. § 78u(d)(3)(B) (capping "third tier" penalties at the greater of a statutory amount or the defendant's "gross pecuniary gain"); 17 C.F.R. § 201.1001 tbl.I (setting maximum statutory penalty for corporate entities at $ 775,000).

Given the delay in the case and the availability of frozen assets to compensate the victims, the Court finds that it is in the interest of justice not to delay entry of judgment until the claims against the remaining Defendants are resolved. Accordingly, the Court **ALLOWS** the SEC's motion for default judgment against DFRF Massachusetts and DFRF Florida (Dkt. No. 220). The SEC shall submit a revised proposed order of judgment consistent with this order.

SO ORDERED.

**All Citations**

384 F.Supp.3d 129

## Footnotes

1     The SEC requests that the two entities be held joint and severally liable for a single civil penalty. At least two circuit courts, however, have cast doubt on whether parties can be held joint and severally liable for SEC civil penalties. See S.E.C. v. Milan Grp., Inc., 595 F. App'x 2, 4 (D.C. Cir. 2015) (per curiam) (remanding with instructions to reconsider joint and several liability for civil penalty); S.E.C. v. Pentagon Capital Mgmt. PLC, 725 F.3d 279, 288 (2d Cir. 2013) (holding parties could not be held joint and severally liable for civil penalty). The First Circuit has not addressed the issue. Therefore, the Court will impose separate penalties on each entity.

---

**End of Document**         © 2022 Thomson Reuters. No claim to original U.S. Government Works.