## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREGORY LEMELSON and LEMELSON CAPITAL | ) |
| MANAGEMENT, LLC, | )   Civil Action No. 1:18-cv-11926-PBS |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| THE AMVONA FUND, LP, | ) |
| | ) |
| Relief Defendant | ) |
| | ) |

## AFFIDAVIT OF FATHER EMMANUEL LEMELSON IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO STAY PENDING MOTION FOR NEW TRIAL AND/OR APPEAL AND FOR ORDER THAT THE "BAD ACTOR" CLAUSE OF REGULATION D <u>NOT APPLY TO THIS JUDGMENT</u>

I, Father Emmanuel Lemelson, hereby swear and declare as follows:

1.      I am a canonically ordained Greek Orthodox priest and have been identified in the Complaint to this action as Gregory Lemelson.  I also serve as the Chief Investment Officer of Lemelson Capital Management, LLC.  I am an activist investor.  Lemelson Capital Management, LLC is the general partner to the Amvona Fund, LP, a pooled investment vehicle.

2.      I understand that the Commission intends to seek an industry bar against me, even as this case remains pending in this Court and on appeal, on the basis of the five-year injunction against violation of the securities laws that this Court has entered.

3.      Even if later reversed, an industry bar would have multiple negative irreparable consequences for myself and my investors.

1

4.      For example, I would be required to return investors' capital from a fully invested

fund at an arbitrary point in time.  Investments require a significant amount of time to identify

through research and analysis, but also typically require a substantial amount of time to come to

fruition.  Requiring investors to redeem their capital from thoughtfully placed investments that

were meant to be maintained long-term would unfairly harm my investors.  For example, the

Court can see that the S&P 500 and NASDAQ have both declined considerably since the

beginning of this year, including as a result of the war in Ukraine.  Those losses might be

reversed in the coming months should the geopolitical situation stabilize.  Requiring investments

to be liquidated now, rather than waiting for a potential market rebound, would be arbitrary and

unfair to investors, unnecessarily causing losses for reasons outside of investors' control.  This

harm would not be rectified even if the lifetime bar was later reversed.

5.      In addition, the relationship between an investment manager and an investor

requires a foundation of trust.  As a fiduciary, an investment manager like myself must operate

with the highest standards of ethical and professional conduct.  It takes time (months if not years)

for new clients to allocate hard-earned capital, often representing a family legacy, to a trusted

advisor.  I have built these bonds of trust with my investors; that is why all of my investors asked

me to serve as their advisor and wrote letters in support of me during the penalty phase of this

litigation.  If the industry bar is allowed to go forward, even if reversed on appeal, I will lose

these bonds of trust with my investors, and there is no guarantee my investors—having since

moved on to other advisrors—will return.

6.      Any imposition of a lifetime bar, even if overturned, will result in headline

grabbing, permanent publications that will likely dissuade any potential new investors.  Indeed,

before the 2016 Bloomberg article that reported I was under investigation by the Securities and

Exchange Commission, I had over 100 prospective investors and forecasted raising as much as $400-$500 million by 2018.  Subsequent to that report in the media, new capital inflows virtually came to a complete halt and service providers summarily resigned, despite exceptional long-term performance by my Fund.  Any report of a lifetime bar, even if the bar is later reversed, is likely to have the same, if not more severe and irreparable, consequences.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:  04-15-2022

*Fr. Emmanuel Lemelson*

Father Emmanuel Lemelson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on April 15, 2022.

*/s/ Douglas S. Brooks*
Douglas S. Brooks
