
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | )<br>)<br>) Civil Action No. 1:18-cv-11926-PBS |
| Defendants, | )<br>)<br>) |
| and | )<br>) |
| THE AMVONA FUND, LP, | )<br>)<br>) |
| Relief Defendant | )<br>) |

## DEFENDANTS' MOTION FOR NEW TRIAL OR TO ALTER OR AMEND THE JUDGMENT

Pursuant to Fed. R. Civ. P. 59, Defendants Father Emmanuel Lemelson and Lemelson Capital Management (Fr. Lemelson) hereby respectfully move the Court for a new trial, or, in the alternative, to alter or amend the Judgment. As support for this Motion, Fr. Lemelson, relies upon and incorporates the accompanying memorandum and affidavit, and further states as follows:

1.      The jury's verdict as to the three statements for which Fr. Lemelson was found liable was against the great weight of the evidence. The jury's finding that the three statements were material was based on extraordinarily thin evidence, which was overwhelmed by the Commission's presentation of evidence concerning its debunked scheme liability claim and the five insolvency statements for which Fr. Lemelson was not found liable, and drops in the price of Ligand stock that were never tied to the three statements. In addition, the jury's finding that the

Viking statements were not protected opinions was also against the great weight of the evidence, given that Fr. Lemelson's written statements directed readers to the statements he was characterizing, and his statements concerning Viking Therapeutics did not purport to comprise any non-public information. Finally, the jury's finding as false or misleading Fr. Lemelson's statement that Viking would not be conducting preclinical studies—which its CEO admitted during his testimony—was also against the weight of the evidence.

2. Certain evidentiary rulings were erroneous and prejudicial. The Court should not have excluded evidence of the Commission's bias, which then allowed the Commission in closing argument to bolster its own case (including with respect to materiality) by asserting its supposed lack of bias. The Court also should not have allowed Robert Fields, the Ligand investor, to testify (including with respect to materiality) given the Commission's failure to disclose him as a witness; at minimum, his testimony should have been limited consistent with the Court's pre-trial ruling. In addition, the Court should not have excluded as hearsay a letter written on behalf of Ligand by former Congressman Duncan Hunter, urging the Commission to charge Fr. Lemelson, which would have demonstrated that the Commission was not pursuing Fr. Lemelson in the unbiased manner it claimed before the jury.

3. The jury should have been instructed that the Commission needed to prove the statements at issue caused the stock price of Ligand to decrease in order to prove materiality. If it had been, the jury could not have found Fr. Lemelson liable for the three challenged statements because the Commission has no evidence that the three statements moved Ligand's stock price.

4. Alternatively, this Court should amend or alter the judgment to eliminate the injunction, which is unjustified and could result in the wildly excessive penalty of Fr. Lemelson being barred from the securities industry for life.

WHEREFORE, Fr. Lemelson respectfully requests that the Court Allow this Motion.

<div style="text-align: right;">

Respectfully Submitted,

REV. FR. EMMANUEL LEMELSON,
LEMELSON CAPITAL MANAGEMENT,
LLC, and THE AMVONA FUND, LP

By: */s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Brian J. Sullivan (BBO No. 676186)
Thomas M. Hoopes (BBO No. 239340)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617) 338-9300
dbrooks@lhblaw.com
bsullivan@lhblaw.com
thoopes@lhblaw.com

</div>

Dated:  April 27, 2022

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I hereby certify that I conferred with counsel for the Securities and Exchange Commission in an attempt to resolve or narrow the issues but was unable to do so.

<div style="text-align: right;">

*/s/ Douglas S. Brooks*
Douglas S. Brooks

</div>

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants request to be heard at oral argument on this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on April 27, 2022.

<div style="text-align: right;">

*/s/ Douglas S. Brooks*
Douglas S. Brooks

</div>