UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>    v.<br><br>GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC,<br><br>                Defendants,<br><br>    and<br><br>THE AMVONA FUND, LP,<br><br>                Relief Defendant. | Civil Action No. 1:18-cv-11926-PBS |

**PLAINTIFF'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff, the United States Securities and Exchange Commission (the "Commission"), makes the following initial disclosures**:**

**I.**      **Individuals Likely to Have Discoverable Information**

The following individuals and entities currently known to the Commission who are likely to have discoverable information that the Commission may use to support its claims. While the Commission may not rely on all of the listed persons, it discloses these persons to defendants as persons who may have discoverable information. The Commission reserves the right to supplement and/or amend this list as discovery progresses.

1

1. Gregory Lemelson
c/o Douglas S. Brooks
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116

2. Lemelson Capital Management, LLC
c/o Douglas S. Brooks
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116

3. The Amvona Fund, LP
c/o Douglas S. Brooks
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116

4. Michael Johns
4341 Knollwood Drive
Emmaus, PA 18049

Communications with Defendant Lemelson, information concerning Defendants' false and misleading statements, and services provided to Defendants.

5. Bruce Voss
c/o Bradley J. Bondi, Esq.
Cahill Gordon & Reindell LLP
1990 K Street NW, Suite 950
Washington, DC 20006

Communications with Defendant Lemelson concerning Ligand.

6. Lippert/Heilshorn & Associates
c/o Bradley J. Bondi, Esq.
Cahill Gordon & Reindell LLP
1990 K Street NW, Suite 950
Washington, DC 20006

Communications with Defendant Lemelson concerning Ligand.

7.  Dr. Nicolas Jabbour
    139 Rugby Road
    Longmeadow, MA  01106

    Communications with Defendant Lemelson concerning The Amvona Fund and Promacta.

8.  Viking Therapeutics, Inc.
    c/o Jeffrey T. Hartlin, Esq.
    Paul Hastings, LLP
    1117 S. California Avenue
    Palo Alto, CA  94304

    Viking's business and relationship with Ligand, and related SEC filings.

9.  Ligand Pharmaceuticals Inc.
    c/o Bradley J. Bondi, Esq.
    Cahill Gordon & Reindell LLP
    1990 K Street NW, Suite 950
    Washington, DC  20006

    Ligand's business and relationship with Viking, its 2014 financial condition and debt financing transaction, the impact of Defendants' scheme on Ligand's business, shareholders, and share price.

10. Goldman Sachs & Co.
    c/o Ms. Joanne Cook, Vice President
    200 West Street
    15th Floor – Legal Department
    New York, NY  10282-2198

    Defendants' 2014 trading activities.

11. JP Morgan Chase & Co.
    c/o Mr. Brent T. Starks, VP Assistant General Counsel
    4 New York Plaza, 19th Floor
    New York, NY  10004

    Defendants' 2014 trading activities.

12. BTIG, LLC
    c/o Mr. Austin Hamilton, Chief Compliance Officer
    600 Montgomery Street, 6th Floor
    San Francisco, CA  94111

    Defendants' 2014 trading activities.

## II. **Documents That May Be Used to Support the Commission's Claims**

Pursuant to Rule 26(a)(1)(A)(ii), the Commission is producing documents marked with Bates numbers EPROD-SEC-LIT-E-000000001 through EPROD-SEC-LIT-E-001191869.

## III. **Computation of Damages**

Through the conduct alleged in the Complaint, Defendants committed fraud in connection with the purchase and sale of securities, and, while acting as investment advisers to a pooled investment vehicle, have engaged in fraudulent, deceptive, or manipulative acts or practices which operated as a fraud on the investors in the Amvona Fund, the pooled investment vehicle advised by the Defendants.  By doing so, Defendants have violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].  As alleged in the Complaint, Defendants profited by approximately $1.3 million from their fraudulent scheme and should disgorge that money, along with any additional fees received from investors and other compensation flowing from their unlawful conduct in an amount to be determined through discovery.

The Commission does not seek "damages" in this case, as damages are not an element of the Commission's claims.  The Commission instead seeks the following remedies, each of which is committed to the Court's discretion upon a finding of liability:

   a. entry of appropriate permanent injunctions, including an injunction prohibiting Defendants from further violations of the relevant provisions of the federal securities laws;

   b. disgorgement of Defendants' ill-gotten gains, plus pre-judgment interest;

   c. imposition of civil penalties in an amount to be determined by the Court due to the egregious nature of Defendants' violations; and

   d. such other relief as the Court deems just and equitable.

Dated: December 21, 2018

Respectfully submitted,

*/s/ Alfred A. Day*
Alfred A. Day (BBO #654436)
Marc J. Jones (BBO #645910)
Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA  02110
617-573-4537 (Day)
617-573-8947 (Jones)
DayA@sec.gov
JonesMarc@sec.gov
Attorneys for Plaintiff

Virginia M. Rosado Desilets
Sonia G. Torrico
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing document was served on the following counsel of record via electronic mail on December 21, 2018:

>Douglas S. Brooks
>LibbyHoopes, P.C.
>399 Boylston Street
>Boston, MA 02116
>Counsel for Defendants

*/s/ Alfred A. Day*