UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

INVESTMENT ADVISERS ACT OF 1940
Release No. 6000 / April 20, 2022

ADMINISTRATIVE PROCEEDING
File No. 3-20828

| | |
|---|---|
| In the Matter of<br><br>GREGORY LEMELSON,<br><br>Respondent. | ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 203(f) OF THE INVESTMENT ADVISERS ACT OF 1940 AND NOTICE OF HEARING |

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act") against Gregory Lemelson ("Respondent" or "Lemelson").

**II.**

After an investigation, the Division of Enforcement alleges that:

A.  RESPONDENT

1. **Gregory Lemelson**, 45, resides in Shelburne, Vermont. He is the Chief Investment Officer of Lemelson Capital Management LLC ("LCM"), a private investment firm. He managed The Amvona Fund LP and, subsequently in 2021, The Spruce Peak Fund LP. At all relevant times, Lemelson was and remains an "investment adviser" within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. §80b-2(a)(11)].

B.  ENTRY OF THE INJUNCTION

2. On March 30, 2022, final judgment was entered against Lemelson, enjoining him for a period of five years from future violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, in the civil action entitled <u>Securities and Exchange Commission v. Lemelson, et al.</u>, Civil Action Number 1:18-cv-11926-PBS, in the United States District Court for the District of Massachusetts. Entry of the injunction followed a jury trial in the District Court, in which, on November 5, 2021, the jury found that Lemelson

made three materially false and misleading statements about Ligand in violation of Exchange Act Section 10(b) and Rule 10b-5. The jury found that Lemelson was not liable as to a fourth statement, as well as to charges that they violated of Exchange Act Rule 10b-5(a) and (c) and Advisers Act Section 206(4) and Rule 206(4)-8 thereunder.

3. The Commission's complaint against Lemelson alleged that he, acting with LCM, made false and misleading statements to drive down the price of San Diego-based Ligand Pharmaceuticals Inc. ("Ligand"). The complaint alleged that after establishing a short position in Ligand through his hedge fund, The Amvona Fund LP, Lemelson made a series of false statements to shake investor confidence in Ligand and lower its stock price, thereby increasing the value of his fund's position. The complaint further alleged that the false statements included assertions that Ligand's investor relations firm had agreed that Ligand's most profitable drug was "going away" and that Ligand had entered into a sham transaction with an unaudited shell company in order to pad its balance sheet. The complaint also alleged that Lemelson boasted about bringing down Ligand's stock price through his "multi-month battle" against the company.

### III.

In view of the allegations made by the Division of Enforcement, the Commission deems it necessary and appropriate in the public interest that public administrative proceedings be instituted to determine:

A. Whether the allegations set forth in Section II hereof are true and, in connection therewith, to afford Respondent an opportunity to establish any defenses to such allegations; and

B. What, if any, remedial action is appropriate in the public interest against Respondent pursuant to Section 203(f) of the Advisers Act.

### IV.

IT IS ORDERED that a public hearing before the Commission for the purpose of taking evidence on the questions set forth in Section III hereof shall be convened at a time and place to be fixed by further order of the Commission, pursuant to Rule 110 of the Commission's Rules of Practice, 17 C.F.R. § 201.110.

IT IS FURTHER ORDERED that Respondent shall file an Answer to the allegations contained in this Order within twenty (20) days after service of this Order, as provided by Rule 220(b) of the Commission's Rules of Practice, 17 C.F.R. § 201.220(b).

IT IS FURTHER ORDERED that the Division of Enforcement and Respondent shall conduct a prehearing conference pursuant to Rule 221 of the Commission's Rules of Practice, 17 C.F.R. § 201.221, within fourteen (14) days of service of the Answer. The parties may meet in person or participate by telephone or other remote means; following the conference, they shall file a statement with the Office of the Secretary advising the Commission of any agreements reached at said conference. If a prehearing conference was not held, a statement shall be filed

with the Office of the Secretary advising the Commission of that fact and of the efforts made to meet and confer.

If Respondent fails to file the directed Answer, or fails to appear at a hearing or conference after being duly notified, the Respondent may be deemed in default and the proceedings may be determined against him upon consideration of this Order, the allegations of which may be deemed to be true as provided by Rules 155(a), 220(f), 221(f) and 310 of the Commission's Rules of Practice, 17 C.F.R. §§ 201.155(a), 201.220(f), 201.221(f), and 201.310.

This Order shall be served forthwith upon Respondent by any means permitted by the Commission's Rules of Practice.

The Commission finds that it would serve the interests of justice and not result in prejudice to any party to provide, pursuant to Rule 100(c) of the Commission's Rules of Practice, 17 C.F.R. § 201.100(c), that notwithstanding any contrary reference in the Rules of Practice to service of paper copies, service to the Division of Enforcement of all opinions, orders, and decisions described in Rule 141, 17 C.F.R. § 201.141, and all papers described in Rule 150(a), 17 C.F.R. § 201.150(a), in these proceedings shall be by email to the attorneys who enter an appearance on behalf of the Division, and not by paper service.

Attention is called to Rule 151(a), (b), and (c) of the Commission's Rules of Practice, 17 C.F.R. § 201.151(a), (b), and (c), providing that when, as here, a proceeding is set before the Commission, all papers (including those listed in the following paragraph) shall be filed electronically in administrative proceedings using the Commission's Electronic Filings in Administrative Proceedings (eFAP) system access through the Commission's website, www.sec.gov, at http://www.sec.gov/eFAP.  Respondent also must serve and accept service of documents electronically.  All motions, objections, or applications will be decided by the Commission.

The Commission finds that it would serve the interests of justice and not result in prejudice to any party to provide, pursuant to Rule 100(c) of the Commission's Rules of Practice, 17 C.F.R. § 201.100(c), that notwithstanding any contrary reference in the Rules of Practice to filing with or disposition by a hearing officer, all filings, including those under Rules 210, 221, 222, 230, 231, 232, 233, and 250 of the Commission's Rules of Practice, 17 C.F.R. §§ 201.210, 221, 222, 230, 231, 232, 233, and 250, shall be directed to and, as appropriate, decided by the Commission.  This proceeding shall be deemed to be one under the 75-day timeframe specified in Rule of Practice 360(a)(2)(i), 17 C.F.R. § 201.360(a)(2)(i), for the purposes of applying Rules of Practice 233 and 250, 17 C.F.R. §§ 201.233 and 250.

The Commission finds that it would serve the interests of justice and not result in prejudice to any party to provide, pursuant to Rule 100(c) of the Commission's Rules of Practice, 17 C.F.R. § 201.100(c), that the Commission shall issue a decision on the basis of the record in this proceeding, which shall consist of the items listed at Rule 350(a) of the Commission's Rules of Practice, 17 C.F.R. § 201.350(a), and any other document or item filed with the Office of the Secretary and accepted into the record by the Commission.  The provisions of Rule 351 of the Commission's Rules of Practice, 17 C.F.R. § 201.351, relating to preparation and certification of

a record index by the Office of the Secretary or the hearing officer are not applicable to this proceeding.

The Commission will issue a final order resolving the proceeding after one of the following: (A) The completion of post-hearing briefing in a proceeding where the public hearing has been completed; (B) The completion of briefing on a motion for a ruling on the pleadings or a motion for summary disposition pursuant to Rule 250 of the Commission's Rules of Practice, 17 C.F.R. § 201.250, where the Commission has determined that no public hearing is necessary; or (C) The determination that a party is deemed to be in default under Rule 155 of the Commission's Rules of Practice, 17 C.F.R. § 201.155, and no public hearing is necessary.

In the absence of an appropriate waiver, no officer or employee of the Commission engaged in the performance of investigative or prosecuting functions in this or any factually related proceeding will be permitted to participate or advise in the decision of this matter, except as witness or counsel in proceedings held pursuant to notice. Since this proceeding is not "rule making" within the meaning of Section 551 of the Administrative Procedure Act, it is not deemed subject to the provisions of Section 553 delaying the effective date of any final Commission action.

For the Commission, by its Secretary, pursuant to delegated authority.

Vanessa A. Countryman
Secretary

By: Jill M. Peterson
Assistant Secretary