UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| GREGORY LEMELSON and LEMELSON CAPITAL MANAGEMENT, LLC, | ) ) ) ) | Civil Action No. 1:18-cv-11926-PBS |
| Defendants, | ) ) | |
| and | ) ) | |
| THE AMVONA FUND, LP, | ) ) | |
| Relief Defendant | ) ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
TO THE SECURITIES AND EXCHANGE COMMISSION**

**GENERAL RESPONSE AND OBJECTIONS**

1. The following objections and qualifications are incorporated into the responses to specific interrogatories set forth below and are deemed continuing as to each, applying to each and every interrogatory. To the extent that the Commission responds individually to the specific interrogatories below, with the same, similar or additional objections, it does not waive these general objections nor limit them, nor concede that the information requested or provided is relevant to any claims asserted, or defenses that may be asserted, in this matter. These responses and objections are based on undersigned counsels' current knowledge and reasonable belief, and the information reasonably available to counsel at this time.

Moreover, the Commission has identified specific, relevant documents by Bates number below in responding to these Interrogatories.

The Commission does not intend to provide any further response to Interrogatory No. 1.

**Interrogatory No. 2:**

Identify all fact witnesses You intend to call as witnesses at trial in the Action and provide a summary of the anticipated testimony of each such fact witness. In Your answer, include the following information:

   a.   the name, address, and occupation of the witness; and

   b.   the subject matter on which the witness is expected to testify

**Response to Interrogatory No. 2:**

The Commission incorporates by reference its general objections to the First Interrogatories, and asserts the following specific objections. The Commission objects to Interrogatory No. 2 because it seeks, as one interrogatory, every witness regarding every factual or legal contention that makes up the Commission's case. Such a request is improperly overbroad, burdensome, and oppressive, and further constitutes an improper request for attorney work product. *See Eane Corp. v. Town of Auburn*, 176 F.R.D. 433, 437 (D. Mass. 1997) (denying motion to compel where interrogatory seeking each and every document and witness was found to be overbroad). The Commission will make disclosures of witnesses as required by the Court in accordance with the pretrial schedule to be set by the Court. The Commission further objects to Interrogatory No. 2 as seeking information that is redundant, in light of the Initial Disclosures already made by the Commission pursuant to Fed. R. Civ. P. 26. The Commission further objects to Interrogatory No. 2 to the extent it purports to require a summary of the evidence that supports the Commission's claims, as such a summary is beyond the scope of what is required under Fed. R. Civ. P. 33. Moreover, to the extent the Commission has such

obligations (which we dispute), the Commission objects to Interrogatory No. 2 as premature, as discovery has just begun, and to date, no witnesses have been deposed – nor have Defendants served any deposition subpoenas. Finally, the Commission objects to Interrogatory No. 2 as disproportionately broad in scope.

The Commission does not intend to provide a further response to Interrogatory No. 2.

**Interrogatory No. 3:**

State the basis for Your contention that Defendants' statements influenced or otherwise impacted the stock price for Ligand, including, but not limited to (i) a detailed description of all data sources and other materials You considered, and (ii) each alternative cause, influence, or reason for the decline in Ligand's stock price that You considered, analyzed, and/or reviewed with a detailed explanation for how you ruled out that alternative form of causation.

**Response to Interrogatory No. 3:**

The Commission incorporates by reference its general objections to the First Interrogatories, and asserts the following specific objections. The Commission objects to Interrogatory No. 3 as vague, in its use of "influenced or otherwise impacted the stock price." The Commission further objects to Interrogatory 3 as a premature request for matter that may be the subject of expert testimony. The Commission further objects to Interrogatory No. 3 as a premature contention interrogatory served at the commencement of fact discovery, before substantial discovery has taken place. The Commission further objects to Interrogatory No. 3 as it attributes to the Commission a contention that has not been made by the Commission in its Complaint or elsewhere. While the Commission has contended that Defendants intended to drive down the price of the stock, and that the price of the stock did fall, the Commission does not need to prove causality between Defendants' efforts and the fall of the stock price. In a civil enforcement case, as opposed to a private action, the Commission is not required to show harm (or more precisely, actual damages). While private plaintiffs are obligated to plead and prove the