EXHIBIT

A

18-cv-11926-PBS

```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3   SECURITIES AND EXCHANGE COMMISSION,      )
                            Plaintiff,        )
 4                                            )
     vs.                                      )   NO. 18CV11926-PBS
 5                                            )
     GREGORY LEMELSON,                        )
 6                                            )

 7

 8

 9

                    BEFORE THE HONORABLE PATTI B. SARIS
10               UNITED STATES DISTRICT COURT JUDGE
                            JURY CHARGE
11

12

13

              John Joseph Moakley United States Courthouse
14                         Courtroom No. 19
                          One Courthouse Way
15                    Boston, Massachusetts 02210

16
                           November 3, 2021
17

18

19

20

21
                    Kathleen Mullen Silva, RPR, CRR
22                       Official Court Reporter
              John Joseph Moakley United States Courthouse
23                   One Courthouse Way, Room 7209
                      Boston, Massachusetts 02210
24                   E-mail: kathysilva@verizon.net

25            Mechanical Steno - Computer-Aided Transcript
```

1    conduct, that is, untrue statements of material fact, you must

2    unanimously agree on which statement was untrue and find that

3    the untrue statement was material.  And as you know by now, I

4    went through all four statements in the question form.  That's

5    all in 2A, B, C and D.  Those are the alleged false and

6    misleading statements.

7           So what does "material" mean?  It must be a material

8    false statement or omission.  What does "material" mean?  A

9    fact is material if there is a substantial likelihood that a

10   reasonable investor, that a reasonable investor, would consider

11   the factor important when making a decision about whether to

12   invest his or her money in a particular security.

13          With respect to omissions of material fact, a

14   statement leaves out a material fact if there is a substantial

15   likelihood that a reasonable investor would view the absent

16   fact as significantly altering the total mix of the information

17   available.  That an investor might be interested in the

18   information is not enough.  There must be a substantial

19   likelihood that a reasonable shareholder -- that's your test --

20   a reasonable shareholder would consider the fact important to

21   the investment decision.

22          The fact that a statement is literally accurate does

23   not preclude liability.  Some statements, although literally

24   accurate, can become misleading if, in their context and manner

25   of presentation, they would mislead investors.  This includes

1   what are sometimes called half truth statements that are

2   literally true but create a materially misleading impression.

3   So now I'm going on to the third kind.  The third kind

4   of fraudulent conduct is a fraudulent act, practice or course

5   of business which operates or would operate as a fraud or a

6   deceit upon any person.  The phrase has a similar meaning to a

7   scheme to defraud that I previously mentioned.  However, "would

8   operate" -- that word "would operate" -- means the act,

9   practice or course of business has the capacity to defraud but

10  it is not necessary that anyone was actually defrauded.

11  There may be some overlap between the different kinds

12  of alleged fraudulent conduct that would make a defendant

13  liable under Section 10(b)-5, that rule I just read to you.

14  For example, misleading statements which form the basis for

15  liability in the second kind of fraudulent conduct may also

16  qualify as a scheme to defraud if the statements were made as

17  part of a broader fraudulent scheme, practice or course of

18  business.  You'll notice you are asked two separate questions.

19  One is allegations about a scheme.  One is the alleged material

20  misstatements or omissions.

21  Now I'm moving on to the second element, state of

22  mind.  The SEC must prove by a preponderance of the evidence

23  that Father Lemelson acted with the required state of mind.

24  The SEC must show an intent to deceive, manipulate, or defraud.

25  To meet this burden, the SEC must prove Father Lemelson had

1    connection with" means that there was some connection or

2    relationship between the alleged deceptive conduct and the

3    purchase or sale of securities.

4         Good faith.  A statement made with a good faith belief

5    in the accuracy does not amount to a fraudulent statement.

6    This is so even if the statement is, in fact, erroneous.  The

7    defendant does not bear the burden of establishing good faith,

8    rather the SEC bears the burden of establishing that the

9    defendant acted with the intent to defraud or with a high

10   degree of recklessness.

11        Let me talk to you about opinions.  You heard a lot

12   about opinions.  The First Amendment of the United States

13   Constitution protects the freedom of expression.  The First

14   Amendment's protection of freedom of expression applies to

15   statements of opinion.

16        Liability for untrue statements under federal law --

17   here we're talking about the Exchange Act and I'll later talk

18   to you about the Advisers Act.  Liability for untrue statements

19   under federal law is limited to untrue statements of material

20   fact.  However, a defendant is not protected by the First

21   Amendment and can still be liable under the securities laws for

22   an opinion if the opinion itself constitutes a factual

23   misstatement or the statement omits facts that render the

24   opinion misleading.

25        It is up to you to decide whether each of the

1  statements -- and you've got the four of them -- represents a

2  statement of fact or opinion.  The dictionary definition of a

3  fact is a thing done or existing or an actual happening.  An

4  opinion is a belief, a view or a sentiment which the mind forms

5  about persons or things.

6          If you determine that any of the challenged statements

7  are opinions, you should consider then if the statement of

8  opinion is false or misleading in the context in which the

9  statement was made.  You may find that a statement of opinion

10  is false or misleading -- and there are three separate ways,

11  and I'm going to read them and repeat them.  You may find that

12  a statement of opinion is false or misleading if:

13          1. Defendant did not subjectively believe the

14  statement was true and it was objectively untrue.  1. Defendant

15  did not subjectively believe the statement was true and it was

16  objectively untrue;

17          2. A statement of material fact within the opinion was

18  untrue.  A statement of material fact within the opinion was

19  untrue,

20          3. Defendant omitted material facts that made the

21  statement misleading to a reasonable investor.  3. Defendant

22  omitted material facts that made the statement misleading to a

23  reasonable investor.

24          In determining whether an opinion is misleading, you

25  should consider the statement within the context in which it

1    was made.  The statement must be misleading from the

2    perspective of the reasonable investor.  Words like "I believe"

3    or "I think" are not enough to shield a statement from

4    liability.  A statement, even if understood to be an opinion,

5    gives rise to liability if it implies the existence of false

6    facts as its basis.

7           Conversely, a statement is immunized from liability if

8    the defendant disclosed the facts that led to the challenged

9    statement and none of those facts are false nor were material

10   facts omitted.

11          Okay.  I've now gone through questions number 1 and

12   number 2, a little follow-up on something.  Now I'm moving on

13   to questions 3 and 4, the Advisers Act, the Investment Advisers

14   Act.  Okay.

15          To prove that Father Lemelson violated the Advisers

16   Act, the SEC must show by a preponderance of the evidence --

17   there's that burden of proof again, still the preponderance of

18   the evidence, more likely true than not true, the SEC must show

19   by a preponderance of the evidence that Father Lemelson:

20          1. -- once again, I'm going to read these and repeat

21   them -- made an untrue statement of a material fact or omitted

22   a statement of material fact necessary to make the statements

23   made, in the light of the circumstances under which they were

24   made, not misleading, to an investor or a prospective investor

25   in the Amvona Fund.