
that I'm judging my sister and brother judges, many of the discussions just seem to conflate the negligence and the fraud, and that's impossible. Anyway, clearest thing I found was Judge Rogers' opinion from the D.C. Circuit.

       MR. JONES:  We're talking about the jury instructions, we have a couple of points on them, your Honor.

       THE COURT:  Go ahead.

       MR. BROOKS:  Your Honor, we would request that the 1 and 2 be flipped.  We've always talked about this as a statements case, and that really without the statements there can be no scheme.  So we were thinking that the statements would be number one on even if they find -- the jury finds that there was no -- that none of the statements are fraud, that they would be instructed that they can't find a scheme, not that that's the law, but in this case there's no -- there's no scheme beyond the four statements, so we thought that those would be flipped and that would be the instruction.

       MR. JONES:  Your Honor, on that, first of all, time and time again we've said that it's not just the four statements and the scheme, we've highlighted four defendants and for the Court that there are a lot of other conduct.  But the defendants can, and we'll talk about this in the injury instructions if we need, the jury could find, for instance, that all four statements are not material, for instance, but that the defendant in the aggregate entered into a scheme to