PLAINTIFF'S
EXHIBIT
2
_____
18-cv-11926-PBS

1                     UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS
2

3     SECURITIES AND EXCHANGE COMMISSION,    )
                            Plaintiff,        )
4                                             )
      vs.                                     )   NO. 18CV11926-PBS
5                                             )
      GREGORY LEMELSON,                       )
6                                             )

7

8

9

10              BEFORE THE HONORABLE PATTI B. SARIS
                  UNITED STATES DISTRICT COURT JUDGE
11                           JURY CHARGE

12

13

14         John Joseph Moakley United States Courthouse
                        Courtroom No. 19
                       One Courthouse Way
15                 Boston, Massachusetts 02210

16

17                      November 3, 2021

18

19

20

21
                    Kathleen Mullen Silva, RPR, CRR
22                       Official Court Reporter
           John Joseph Moakley United States Courthouse
23                 One Courthouse Way, Room 7209
                      Boston, Massachusetts 02210
24                 E-mail: kathysilva@verizon.net

25         Mechanical Steno - Computer-Aided Transcript

conduct, that is, untrue statements of material fact, you must
unanimously agree on which statement was untrue and find that
the untrue statement was material.  And as you know by now, I
went through all four statements in the question form.  That's
all in 2A, B, C and D.  Those are the alleged false and
misleading statements.

So what does "material" mean?  It must be a material
false statement or omission.  What does "material" mean?  A
fact is material if there is a substantial likelihood that a
reasonable investor, that a reasonable investor, would consider
the factor important when making a decision about whether to
invest his or her money in a particular security.

With respect to omissions of material fact, a
statement leaves out a material fact if there is a substantial
likelihood that a reasonable investor would view the absent
fact as significantly altering the total mix of the information
available.  That an investor might be interested in the
information is not enough.  There must be a substantial
likelihood that a reasonable shareholder -- that's your test --
a reasonable shareholder would consider the fact important to
the investment decision.

The fact that a statement is literally accurate does
not preclude liability.  Some statements, although literally
accurate, can become misleading if, in their context and manner
of presentation, they would mislead investors.  This includes

1    what are sometimes called half truth statements that are

2    literally true but create a materially misleading impression.

3            So now I'm going on to the third kind.  The third kind

4    of fraudulent conduct is a fraudulent act, practice or course

5    of business which operates or would operate as a fraud or a

6    deceit upon any person.  The phrase has a similar meaning to a

7    scheme to defraud that I previously mentioned.  However, "would

8    operate" -- that word "would operate" -- means the act,

9    practice or course of business has the capacity to defraud but

10   it is not necessary that anyone was actually defrauded.

11           There may be some overlap between the different kinds

12   of alleged fraudulent conduct that would make a defendant

13   liable under Section 10(b)-5, that rule I just read to you.

14   For example, misleading statements which form the basis for

15   liability in the second kind of fraudulent conduct may also

16   qualify as a scheme to defraud if the statements were made as

17   part of a broader fraudulent scheme, practice or course of

18   business.  You'll notice you are asked two separate questions.

19   One is allegations about a scheme.  One is the alleged material

20   misstatements or omissions.

21           Now I'm moving on to the second element, state of

22   mind.  The SEC must prove by a preponderance of the evidence

23   that Father Lemelson acted with the required state of mind.

24   The SEC must show an intent to deceive, manipulate, or defraud.

25   To meet this burden, the SEC must prove Father Lemelson had