PLAINTIFF'S EXHIBIT 24
18-cv-11926-PBS

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


SECURITIES AND EXCHANGE COMMISSION,    )
                    Plaintiff,         )
                                       )
vs.                                    )   NO. 18CV11926-PBS
                                       )
GREGORY LEMELSON,                      )
                                       )




              BEFORE THE HONORABLE PATTI B. SARIS
               UNITED STATES DISTRICT COURT JUDGE
                          JURY CHARGE




            John Joseph Moakley United States Courthouse
                         Courtroom No. 19
                        One Courthouse Way
                   Boston, Massachusetts 02210


                        November 3, 2021






                 Kathleen Mullen Silva, RPR, CRR
                      Official Court Reporter
            John Joseph Moakley United States Courthouse
                  One Courthouse Way, Room 7209
                    Boston, Massachusetts 02210
                   E-mail: kathysilva@verizon.net

              Mechanical Steno - Computer-Aided Transcript
```

1   connection with" means that there was some connection or
2   relationship between the alleged deceptive conduct and the
3   purchase or sale of securities.
4          Good faith.  A statement made with a good faith belief
5   in the accuracy does not amount to a fraudulent statement.
6   This is so even if the statement is, in fact, erroneous.  The
7   defendant does not bear the burden of establishing good faith,
8   rather the SEC bears the burden of establishing that the
9   defendant acted with the intent to defraud or with a high
10  degree of recklessness.
11         Let me talk to you about opinions.  You heard a lot
12  about opinions.  The First Amendment of the United States
13  Constitution protects the freedom of expression.  The First
14  Amendment's protection of freedom of expression applies to
15  statements of opinion.
16         Liability for untrue statements under federal law --
17  here we're talking about the Exchange Act and I'll later talk
18  to you about the Advisers Act.  Liability for untrue statements
19  under federal law is limited to untrue statements of material
20  fact.  However, a defendant is not protected by the First
21  Amendment and can still be liable under the securities laws for
22  an opinion if the opinion itself constitutes a factual
23  misstatement or the statement omits facts that render the
24  opinion misleading.
25         It is up to you to decide whether each of the

1    statements -- and you've got the four of them -- represents a
2    statement of fact or opinion.  The dictionary definition of a
3    fact is a thing done or existing or an actual happening.  An
4    opinion is a belief, a view or a sentiment which the mind forms
5    about persons or things.
6         If you determine that any of the challenged statements
7    are opinions, you should consider then if the statement of
8    opinion is false or misleading in the context in which the
9    statement was made.  You may find that a statement of opinion
10   is false or misleading -- and there are three separate ways,
11   and I'm going to read them and repeat them.  You may find that
12   a statement of opinion is false or misleading if:
13        1. Defendant did not subjectively believe the
14   statement was true and it was objectively untrue.  1. Defendant
15   did not subjectively believe the statement was true and it was
16   objectively untrue;
17        2. A statement of material fact within the opinion was
18   untrue.  A statement of material fact within the opinion was
19   untrue,
20        3. Defendant omitted material facts that made the
21   statement misleading to a reasonable investor.  3. Defendant
22   omitted material facts that made the statement misleading to a
23   reasonable investor.
24        In determining whether an opinion is misleading, you
25   should consider the statement within the context in which it

```
 1  was made.  The statement must be misleading from the
 2  perspective of the reasonable investor.  Words like "I believe"
 3  or "I think" are not enough to shield a statement from
 4  liability.  A statement, even if understood to be an opinion,
 5  gives rise to liability if it implies the existence of false
 6  facts as its basis.
 7          Conversely, a statement is immunized from liability if
 8  the defendant disclosed the facts that led to the challenged
 9  statement and none of those facts are false nor were material
10  facts omitted.
11          Okay.  I've now gone through questions number 1 and
12  number 2, a little follow-up on something.  Now I'm moving on
13  to questions 3 and 4, the Advisers Act, the Investment Advisers
14  Act.  Okay.
15          To prove that Father Lemelson violated the Advisers
16  Act, the SEC must show by a preponderance of the evidence --
17  there's that burden of proof again, still the preponderance of
18  the evidence, more likely true than not true, the SEC must show
19  by a preponderance of the evidence that Father Lemelson:
20          1. -- once again, I'm going to read these and repeat
21  them -- made an untrue statement of a material fact or omitted
22  a statement of material fact necessary to make the statements
23  made, in the light of the circumstances under which they were
24  made, not misleading, to an investor or a prospective investor
25  in the Amvona Fund.
```