```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                    )
SECURITIES AND EXCHANGE COMMISSION, )
                                    )
              Plaintiff,            )
                                    )    Civil Action
v.                                  )    No. 18-11926-PBS
                                    )
GREGORY LEMELSON and LEMELSON       )
CAPITAL MANAGEMENT, LLC,            )
                                    )
              Defendants,           )
                                    )
     and                            )
                                    )
THE AMVONA FUND, LP,                )
                                    )
              Relief Defendant.     )
_____)
```

**MEMORANDUM AND ORDER**

August 4, 2022

Saris, D.J.

Pursuant to Fed. R. Civ. P. 59, Defendants Gregory Lemelson ("Lemelson") and Lemelson Capital Management, LP ("LCM") move for a new trial, or alternatively, to alter or amend the judgment. Because a five-year injunction was warranted, and a new trial is not, the motion is **DENIED**.

Defendants put forward several arguments, most of which the Court has addressed before in this heavily litigated case. No further discussion is necessary on those points.

Two new issues were raised: the Court's decision allowing Ligand investor Robert Fields to testify, and the Court's restriction on the defense argument about alleged Commission bias. The issue of Fields's testimony was briefed at length in a motion in limine and the Court determined there was no unfair surprise. Although he was not disclosed as a witness prior to the close of fact discovery, his name appeared in documents produced in discovery and depositions, so the defendants had fair notice of Fields as a potential witness. Moreover, the SEC gave defendants a proffer as to the subject of the testimony.

Likewise, with respect to the exclusion of evidence of the SEC's bias, the defense was able to argue before the jury that Ligand was punishing Lemelson and seeking to silence him rather than openly challenge his statements. Moreover, the Court allowed the defense to question Ligand's CEO about measures the company took to have the case taken up by the SEC, including asking a congressman to send a letter. The Court did not err in excluding the letter from Congressman Duncan Hunter to the SEC as hearsay with respect to the SEC's state of mind. The defendant was allowed to ask Ligand's CEO questions about the letter.

Alternatively, Defendants ask the Court to amend its final judgment and remove the injunction against Lemelson which it

argues could lead to the wildly excessive penalty of barring Lemelson from the securities industry for life. While the Court agrees a lifetime ban would be excessive, the Court only issued an injunction for five years, which is warranted in light of the misstatements, particularly the Benzinga statement which was central to the SEC's case. The Court declines to amend its final judgment.

## **ORDER**

The motion for a new trial or amended judgment is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS

Hon. Patti B. Saris

United States District Judge